**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KEVIN BURBIGE and ZIYANG NIE, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> ATI PHYSICAL THERAPY, INC. f/k/a FORTRESS VALUE ACQUISITION CORP. II, LABEED DIAB, JOSEPH JORDAN, ANDREW A. MCKNIGHT, JOSHUA A. PACK, MARC FURSTEIN, LESLEE COWEN, AARON F. HOOD, CARMEN A. POLICY, RAKEFET RUSSAK-AMINOACH, and SUNIL GULATI, <br><br> Defendants. | Civil Action No. 1:21-cv-04349 <br><br> CLASS ACTION <br><br> Honorable Edmond E. Chang |
| CITY OF MELBOURNE FIREFIGHTERS' RETIREMENT SYSTEM, on behalf of itself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> ATI PHYSICAL THERAPY, INC. f/k/a FORTRESS VALUE ACQUISITION CORP. II, LABEED DIAB, JOSEPH JORDAN, ANDREW A. MCKNIGHT, JOSHUA A. PACK, MARC FURSTEIN, LESLEE COWEN, AARON F. HOOD, CARMEN A. POLICY, RAKEFET RUSSAK-AMINOACH, and SUNIL GULATI, <br><br> Defendants. | Civil Action No. 1:21-cv-05345 <br><br> CLASS ACTION <br><br> Honorable Edmond E. Chang |

**MEMORANDUM OF LAW IN SUPPORT OF THE**
**GOLDSTEIN GROUP'S MOTION FOR CONSOLIDATION,**
**APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL**
**OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

Phillip Goldstein, an investment professional with over 30 years of experience, and The Freedom and Justice Foundation, Inc., a private charitable foundation for which Mr. Goldstein serves as president (the "Foundation," and together with Mr. Goldstein the "Goldstein Group"), respectfully submit the following in support of their motion for consolidation, appointment as lead plaintiff and for approval of their selection of lead counsel.[1]

## I.      **INTRODUCTION**

ATI Physical Therapy, Inc. ("ATI" or the "Company") is a physical therapy company that went public through a special purpose acquisition company ("SPAC") named Fortress Value Acquisition Corp. II ("FVAC") on June 17, 2021 (the "SPAC Transaction). In connection with the SPAC transaction, ATI made a range of projections regarding revenue as well as its ability to obtain sufficient staffing to fuel its projected growth.

Hardly a month after the deal, however—despite its representations in connection with the SPAC transaction and thereafter—ATI revealed to the market that it was slashing its full-year revenue guidance because of, among other things, "attrition among [its] therapists . . . combined with the intensifying competition for clinicians in the labor market," which purportedly "prevented [the Company] from being able to meet the demand we have and increased our labor costs." On this news, the Company's share price fell precipitously, and it now trades at less than $4 per share, despite having been offered to the public at $10.

This case is a class securities action on behalf of persons and entities that: (i) purchased or otherwise acquired ATI securities between February 22, 2021 and July 23, 2021, inclusive (the "Class Period"); and/or (ii) held FVAC Class A common stock as of May 24, 2021 and were

---

[1]      Mr. Goldstein and the Foundation may properly join in this motion and aggregate their losses because Mr. Goldstein controls the Foundation, and thus there is ample evidence that "the group will act collectively and separately from their lawyers." *See, e.g., Sokolow v. LJM Funds Mgmt., Ltd.*, No. 18-CV-01039, 2018 WL 3141814, at *3 (N.D. Ill. June 26, 2018).

eligible to vote at FVAC's June 15, 2021 special meeting (the "Class").

The Goldstein Group now seeks an order (i) consolidating the two above-captioned class actions against ATI under the *Burbige* docket, the lowest-numbered docket; (ii) appointing the Goldstein Group as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B)(ii), which dictates that the Court "shall appoint the most adequate plaintiff as lead plaintiff"; and (iii) approving the Goldstein Group's selection of Block & Leviton LLP and Morris Kandinov LLP as lead counsel and Carlson Lynch LLP as local counsel.

Mr. Goldstein is the co-founder of Bulldog Investors, which manages registered investment companies as well as private accounts. He is the firm's lead investment strategist and has over 30 years of asset management experience and over 45 years of investment experience. Mr. Goldstein is widely regarded as an expert in closed-end funds as well as SPACs, and has invested in hundreds of SPACs over the course of his career. Through his experience in asset management, he has developed a professional expertise in the marketing and offering of securities, the application of federal securities laws, and the mechanisms of private litigation, including serving as a representative plaintiff and directing and overseeing counsel.

Given Mr. Goldstein's expertise and substantial losses at issue, the Goldstein Group should be appointed lead plaintiff. It has filed a timely motion, has the largest financial interest in the outcome of this litigation, and is typical of the class and will adequately represent the class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). If appointed lead, the Goldstein Group has selected Block & Leviton LLP and Morris Kandinov LLP as lead counsel, and Carlson Lynch LLP as local counsel. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

3

II.     **FACTUAL BACKGROUND**

FVAC was a SPAC formed for the purpose of effecting a merger with one or more businesses. It completed its IPO on August 14, 2020, selling 34.5 million units at $10 per unit.

ATI is an outpatient physical therapy company. It owns and operates nearly 900 physical therapy clinics across 25 states.

On February 22, 2021, ATI and FVAC announced that they had entered into a definitive merger agreement for the SPAC Transaction. The transaction closed on June 17, 2021, at which point the combined company began to operate as "ATI Physical Therapy, Inc." and remained listed on the NYSE under a new ticker symbol.

In advance of the closing of the SPAC Transaction and thereafter, ATI made a number of false and misleading statements regarding its business prospects and projected revenue, including without limitation:

- The Company had made "improvements in clinical labor management model to allow providers to practice at the top of their respective licenses";

- The Company had "[a]ccelerated [its] staffing strategy";

- The Company is the "Employer of Choice for PT Clinicians";

- The Company is "focused on accelerating hiring to serve outsized demand in specific markets";

- The Company had a "Clear Path to $200+ million of [Adjusted] EBITDA and Beyond"; and

- The Company would achieve "significant labor savings through more productive staffing model."

Only a month after the transaction closed, however, the Company walked back its

4

representations about its success in obtaining staffing and slashed its full-year projections. On July 26, 2021, the Company stated, among other things, that "the acceleration of attrition among our therapists in the second quarter and continuing into the third quarter, combined with the intensifying competition for clinicians in the labor market, prevented us from being able to meet the demand we have and increased our expectations for labor costs," and "ATI is now projecting revenue to be in the range of $640 million to $670 million and Adjusted EBITDA to be in the range of $60 million to $70 million, down from $731 million and $119 million, respectively."

On this news, the Company's share price fell $3.62, or 43%, to close at $4.72 per share on July 26, 2021, on unusually heavy trading volume. It continued to fall the following trading day, and investors who purchased ATI stock before the corrective disclosures, as well as FVAC investors who could have voted against the merger but held the stock, have incurred significant losses.

III.    **ARGUMENT**

A.      **The Above-Captioned Actions Should Be Consolidated**

The PSLRA provides that, "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Consolidation is appropriate where the actions are pending in the same court and involve common questions of fact or law. *See* Fed. R. Civ. P. 42(a).  Further, cases should be consolidated where there is "more than one action on behalf of a class asserting substantially the same claim or claims." 15 U.S.C. § 78u-(b)(ii).

There are currently two related securities class actions against ATI pending in this District: *Burbige v. ATI Physical Therapy, Inc.*, No. 1:21-cv-04349; and *City of Melbourne Firefighters'*

5

*Retirement System v. ATI Physical Therapy, Inc.*, No. 1:21-cv-05345.[2] Both assert the same claims based on the same or similar legal and factual allegations against the same defendants for the same Class Period. Additionally, the interests of judicial economy weigh heavily in favor of consolidation given the substantial overlap of common questions of law and fact.

In light of the above, the Court should consolidate the above-captioned actions and any subsequently filed or transferred shareholder actions that relate to this matter.

**B.      The Goldstein Group Should Be Appointed Lead Plaintiff**

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Securities Exchange Act of 1934] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1).

First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice in this case was published on August 16, 2021 via Business Wire (Morris Dec., Ex. A).

Second, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that: (aa) has either filed the complaint or made a motion in response to a notice . . . ; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal

---

[2]      Defendants in both actions are ATI and Labeed Diab, Joseph Jordan, Andrew A. McKnight, Joshua A. Pack, Marc Furstein, Leslee Cowen, Aaron F. Hood, Carmen A. Policy, and Rakefet Russak-Aminoach, and Sunil Gulati.

Rules of Civil Procedure. 15 U.S.C. §78u-4(a)(3)(B)(iii). The Goldstein Group meets these requirements and should therefore be appointed lead plaintiff.

### 1. The Motion Is Timely

The August 16, 2021 statutory notice published in this case (Morris Dec., Ex. A) advised purported class members of the pendency of the action, the claims asserted, the proposed class period, and the right to move the Court to be appointed as lead plaintiff within 60 days, or by October 15, 2021. *See* U.S.C. §78u-4(a)(3)(A). Because the Goldstein Group's motion was timely filed by the statutory deadline, it is eligible for appointment as lead plaintiff.

### 2. The Goldstein Group Has the Largest Financial Interest And Satisfies Rule 23's Adequacy And Typicality Requirements

As evidenced by the attached Certification and accompanying loss chart, Mr. Goldstein personally and on behalf of the Foundation purchased 15,000 shares of ATI stock during the Class Period and suffered $88,500 in losses as a result of defendants' alleged misconduct. (Morris Dec., Exs. B & C.) Counsel is not currently aware of other plaintiffs with a larger financial interest in this matter. Therefore, the Goldstein Group satisfies the PSLRA's prerequisite of having the largest financial interest.

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4). Only two of the Rule 23 requirements pertain to a lead plaintiff motion: typicality and adequacy. *Mortimer v. Diplomat Pharmacy Inc.*, 2019 WL 3252221, at *4 (N.D. Ill. July 19, 2019). "A plaintiff's claims are typical if they arise from the same event or practice or course of conduct that

gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Id.* (internal quotation marks and alterations omitted). "A lead plaintiff meets the adequacy requirement if (1) its claims are not antagonistic or in conflict with those of the class; (2) it has sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) it is represented by competent, experienced counsel who be able to prosecute the litigation vigorously." *Id.* (internal quotation marks omitted).

The Goldstein Group satisfies both requirements. Their claims are typical of—if not identical to—the claims of the class as a whole. Like the purported class members, the Goldstein Group sustained losses from defendants' misrepresentations and wrongful inflation of the value of ATI stock, and these claims arise under the same theory that defendants' course of conduct violated federal securities laws. Mr. Goldstein is a sophisticated investment professional with prior experience in private litigation—including serving as a class representative in investment-related litigation—and is aware of and willing to undertake the obligations and responsibilities of serving as a lead plaintiff in this securities class action. Morris Dec., Ex. D; *see also Mortimer*, 2019 WL 3252221, at *2 ("The largest financial interest provision [of the PSLRA] seeks to increase the likelihood that institutional investors will serve as lead plaintiffs."). In addition, the Goldstein Group has suffered significant losses on his investment in ATI securities during the Class Period and will therefore be motivated to diligently pursue the class's claims. (Morris Dec., Ex. C & D.) The Goldstein Group has no conflict of interest between his claims and those of the Class, and his claims are not subject to any unique defenses.

Because the Goldstein Group has filed a timely motion, appears to have the largest financial interest in the relief sought by the Class, and has demonstrated typicality and adequacy, the Court should adopt the presumption that the Goldstein Group is the most adequate plaintiff to serve as

8

lead in this matter.

### C.     The Court Should Approve The Goldstein Group's Selection Of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class. *In re Cohen*, 586 F.3d 703, 711-12 (9th Cir. 2009); *In re Cavanaugh*, 306 F.3d 726, 732-35 (9th Cir. 2002).

The Goldstein Group has selected Block & Leviton LLP and Morris Kandinov LLP as lead counsel in this case, and Carlson Lynch as local counsel. The firms possess the experience and resources necessary to successfully prosecute this large and complex action for the benefit of the class. For example, Block & Leviton has successfully handled numerous complex securities, derivative, antitrust and ERISA class actions in courts across the country (Morris Dec., Ex. E),[3] and its attorneys are currently and have previously been involved in class cases in this District.[4] The undersigned counsel for Morris Kandinov LLP and Carlson Lynch LLP likewise have decades of combined experience defending and prosecuting class securities actions, and will bring that experience to bear in diligently prosecuting this matter on behalf of the class. (Morris Dec., Exs. F & G.)

For the reasons above, the interests of the Class would be well represented by the Goldstein

---

[3]     *See, e.g., In re BP Securities Litig.*, Case No. 4:10-MD-02185 (S.D. Tex.) (settled for $175 million); *In re Google Class C Shareholder Litig.*, Case No. 7469-CS (Del. Ch.) (settled for $522 million); *Snap Inc. Securities Cases*, Case No. JCCP 4960 (Cal. Superior Ct.) ($32.8 million settlement preliminarily approved); *In re Tezos Securities Litig.*, Case No. 3:17-cv-07095 (N.D.Cal.) ($25 million preliminarily approved); *Plains Exploration & Prod. Co. Stockholder Litig.*, Case No. 8090-VCN (Del. Ch.) ($400 million); *In re Pilgrim's Pride Corporation Derivate Litigation*, case no. 2018-0058-JTL (Del. Ch.) ($42.5 million settlement); *In re Swisher Hygiene, Inc. Securities and Derivative Litig.*, Case No. 3:12-md-2384 (N.D.Cal.) (recovering 30% of the class's recoverable damages).

[4]     *See Ong v. Sears Roebuck & Co.,* Case No. 03 C 4142 (N.D. Ill.) ($15.5 million settlement); *In re Broiler Chicken Antitrust Litig.*, 16- cv-08637 (N.D. Ill.).

Group, and the Court should grant this motion, appointing the Goldstein Group as lead plaintiff and approving its selection of Block & Leviton LLP and Morris Kandinov LLP as lead counsel, and Carlson Lynch LLP as local counsel.

Dated: October 15, 2021

Respectfully Submitted,

/s/ Katrina Carroll
Katrina Carroll
**CARLSON LYNCH LLP**
111 W. Washington Street, Suite 1240
Chicago, IL 60602
T: (312) 750-1265
kcarroll@carlsonlynch.com

Jacob A. Walker
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
T: (617) 398-5600 | F: (617) 507-6020
jake@blockesq.com

Aaron T. Morris
Leo Kandinov
Andrew W. Robertson
**MORRIS KANDINOV LLP**
550 West B Street, 4th Floor
San Diego, CA 92101
T: (877) 216-1552
aaron@moka.law
leo@moka.law
andrew@moka.law

*Counsel for Phillip Goldstein and The Freedom and Justice Foundation*