**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KEVIN BURBIGE and ZIYANG NIE, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>      v.<br><br>ATI PHYSICAL THERAPY, INC. f/k/a FORTRESS VALUE ACQUISITION CORP. II, LABEED DIAB, JOSEPH JORDAN, ANDREW A. MCKNIGHT, JOSHUA A. PACK, MARC FURSTEIN, LESLEE COWEN, AARON F. HOOD, CARMEN A. POLICY, RAKEFET RUSSAK-AMINOACH, and SUNIL GULATI,<br><br>      Defendants. | Case No: 1:21-cv-04349-EEC |
| CITY OF MELBOURNE FIREFIGHTERS' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>      v.<br><br>ATI PHYSICAL THERAPY, INC. f/k/a FORTRESS VALUE ACQUISITION CORP. II, LABEED DIAB, JOSEPH JORDAN, ANDREW A. MCKNIGHT, JOSHUA A. PACK, MARC FURSTEIN, LESLEE COWEN, AARON F. HOOD, CARMEN A. POLICY, RAKEFET RUSSAK-AMINOACH, and SUNIL GULATI,<br><br>      Defendants. | Case No: 1:21-cv-05345-EEC |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DAVID TURK FOR:**
**(1) CONSOLIDATION OF RELATED ACTIONS;**
**(2) APPOINTMENT AS LEAD PLAINTIFF; AND**
**(3) APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL**

David Turk ("Movant") respectfully submits this memorandum of law in support of his motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)     consolidating the related actions;

(b)     appointing the Movant as Lead Plaintiff for the Class of all persons and entities that: (a) purchased or otherwise acquired ATI Physical Therapy, Inc. ("ATI" or the "Company") f/k/a Fortress Value Acquisition Corp. II ("FVAC") securities between February 22, 2021 and July 23, 2021,[1] inclusive (the "Class Period"); and/or (b) held FVAC Class A common stock as of May 24, 2021 and were eligible to vote at FVAC's June 15, 2021 special meeting; and

(c)     approving Movant's selection of The Rosen Law Firm P.A. as Lead Counsel for the Class and the law firm of Wolf Haldenstein Adler Freeman & Herz LLC as Liaison Counsel for the Class.

**INTRODUCTION AND BACKGROUND**

On August 16, 2021, the first securities fraud class action, styled as *Burbige v. ATI Physical Therapy, Inc. f/k/a Fortress Value Acquisition Corp. II, et al.*, Case No. 1:21-cv-04349, was

---

[1] The Action captioned *Burbige v. ATI Physical Therapy, Inc. f/k/a Fortress Value Acquisition Corp. II, et al.*, Case No. 1:21-cv-04349 has a class period of April 1, 2021 through July 23, 2021, inclusive. The action captioned *City of Melbourne Firefighters' Retirement System v. ATI Physical Therapy, Inc. f/k/a Fortress Value Acquisition Corp. II, et al.*, Case No. 1:21-cv-05345, has a class period of February 22, 2021 through July 23, 2021, inclusive. A more inclusive class period is favored at the lead plaintiff stage. *Deering v. Galena Biopharma, Inc.*, 2014 WL 4954398, at *10 (D. Or. Oct. 3, 2014) (recognizing that courts commonly select "most inclusive class period" at lead plaintiff stage); *In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 113- 114 (E.D.N.Y. 2012) (court favoring a broader class which "encompasses more potential class members" early in the litigation at the lead plaintiff stage).

1

commenced against Defendants asserting violations of Sections 10(b), 14(a), and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), and Rules 10b-5 and 14a-9 promulgated thereunder. That same day, a PSLRA early notice was issued advising class members of the pendency of the action and the deadline for class members to seek lead plaintiff status. *See* Declaration of Carl V. Malmstrom, filed herewith ("Malmstrom Decl."), Ex. 1.

The above-captioned related action, styled as *City of Melbourne Firefighters' Retirement System v. ATI Physical Therapy, Inc. f/k/a Fortress Value Acquisition Corp. II, et al.*, Case No. 1:21-cv-05345, was subsequently filed with this Court against the same defendants and asserting substantially similar facts and claims.

ATI is an outpatient physical therapy provider with nearly 900 physical therapy clinics across 25 states. FVAC was a special purpose acquisition company formed for the purpose of effecting a merger, capital stock exchange, asset acquisition, stock purchase, reorganization, or similar business combination with one or more businesses. On February 22, 2021, ATI and FVAC announced a proposed merger that would take ATI public. In connection with that announcement, FVAC filed proxy solicitation materials with the SEC, which included slides prepared by ATI and used during a presentation to investors. In the slides, ATI touted its "Investment in Clinical Optimization" in 2020, which led to "[c]ontinued improvements in [its] clinical labor management model to allow providers to practice at the top of their respective licenses" and "[p]ositioned the company for long-term growth and scale economics." That same day, during a presentation to investors discussing the proposed Merger, a transcript of which FVAC filed with the SEC as proxy solicitation material, ATI's then-CEO, Defendant Diab, touted the Company's "very high retention" and "low turnover" of its physical therapists.

On May 14, 2021, FVAC filed its definitive proxy statement with the SEC on Schedule 14A, soliciting votes in favor of the Merger. The Proxy Statement touted ATI's ability to recruit and retain physical therapists, emphasizing its robust infrastructure and human resources organization that is "built to attract, develop, and retain future leaders in physical therapy." The Proxy Statement also touted the Company's "competitive compensation model" and stated that ATI has "historically been able to realize high retention rates across [its] organization." In addition, among the material factors that FVAC's Board of Directors considered as supporting approval of the Merger, the Proxy Statement listed ATI's "Attractive Recruiting and Retention Capabilities" as compared to other companies in the industry, "which allows the Company to recruit and retain talent."

The complaints allege that throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that ATI was experiencing attrition among its physical therapists; (2) that ATI faced increasing competition for clinicians in the labor market; (3) that, as a result of the foregoing, the Company faced difficulties retaining therapists and incurred increased labor costs; (4) that, as a result of the labor shortage, the Company would open fewer new clinics; and (5) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

On July 26, 2021, before the market opened, ATI reported its financial results for second quarter 2021, the period in which the Business Combination was completed. Among other things, ATI reported that "the acceleration of attrition among [its] therapists in the second quarter and continuing into the third quarter, combined with the intensifying competition for clinicians in the

3

labor market, prevented us from being able to meet the demand we have and increased our labor costs." Though ATI was implementing certain remedial actions, the Company reduced its fiscal 2021 forecast due to the foregoing factors.

On this news, the Company's share price fell by over 43%, from $8.34 per share on July 23, 2021 to close at $4.72 per share on July 26, 2021, on unusually heavy trading volume. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## ARGUMENT

### I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. § 77z-1(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

The above-captioned related actions have been filed in this District alleging substantially similar factual and legal grounds to support allegations of violations of the Exchange Act by the defendants arising from the public dissemination of false and misleading information to investors.

Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II.      MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. *See* 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the class and, therefore, should be appointed Lead Plaintiff.

### A.      Movant's Motion is Timely

Movant timely filed the instant motion in response to a PSLRA early notice. *See* Malmstrom Decl., Ex. 1. Additionally, as set forth in his PSLRA certification, Movant attests that he has have reviewed the complaint, adopts the allegations therein, and is willing to serve as representatives of the class. *See* Malmstrom Decl., Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiffs for the class.

### B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax/Olsten*-styled[2] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period". *In re Bally Total Fitness, Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant lost approximately $457,278.91 in connection with his purchases of ATI securities. *See* Malmstrom Decl., Ex. 3. Movant is not aware of any other individual or group that has suffered greater losses in ATI securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are

---

[2] *Lax v. First Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Secs. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification—a *prima facie* showing that the Movant satisfies the requirements of Rule 23 is sufficient. At the lead plaintiff stage, "[a] wide-ranging analysis under Rule 23 is not appropriate and should be left for consideration of a motion for class certification. This inquiry, therefore, focuses on the qualities of the class representatives enumerated in [Rule] 23(a)(3) and 23(a)(4), that is, typicality and adequacy." *Mayo v. Apropos Tech., Inc.,* 2002 WL 193393, at *3 (N.D. Ill. Feb. 7, 2002) (citing *Lax.*, 1997 WL 461036, at *6).

### 1.  Movant's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Mayo,* 2002 WL 193393 at *4; *In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002) (citations omitted). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Mayo,* 2002 WL 193393 at *4.

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the federal securities laws by disseminating false and misleading statements concerning the business, operations, and financial prospects of ATI. Movant, like all members of the Class, purchased ATI securities at prices artificially inflated by Defendants' misrepresentations and omissions, and was damaged thereby. Movant's interests

7

are closely aligned with other Class members', and Movant's interests are, therefore, typical of the other members of the Class.

### 2. Movant Is Adequate

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a movant's claims and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d 201, 265 (3d Cir. 2001).

Movant resides in Arkansas and has over 20 years of investing experience. He has a bachelor's and master's degree in Finance, Real Estate, and Insurance, and currently works in the healthcare industry.

Movant has communicated with competent, experienced counsel concerning this case and has made this motion to be appointed lead plaintiff. Movant is not aware that any conflict exists between Movant's claims and those asserted on behalf of the Class. Thus, Movant is adequate.

### D. Movant Is Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movant as lead plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa)    will not fairly and adequately protect the interest of the class; or

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §78 u-4(a)(3)(b)(iii)(I).

The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against him that would render Movant inadequate to represent the Class.

8

The presumption that Movant is the most adequate lead plaintiff is not, therefore, subject to rebuttal. Movant has suffered substantial financial losses and believes he has the largest financial interest in this case of any timely lead plaintiff movant. Accordingly, Movant is presumptively the most adequate plaintiff and should be appointed lead plaintiff for the Class. *See In re Cendant Corp.*, 264 F.3d at 268.

## III.     MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected The Rosen Law Firm, P.A. as Lead Counsel and Wolf Haldenstein Adler Freeman & Herz LLC as Liaison Counsel. Both firms are experienced in the area of securities litigation and class actions and have successfully prosecuted securities litigations and securities fraud class actions on behalf of investors. *See* Malmstrom Decl., Exs. 4 & 5. As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movant's counsel have the skill and knowledge that will enable these two law firms to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the Movant's selection of Lead Counsel and Liaison Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, the Movant respectfully requests the Court issue an Order: (1) consolidating the related actions; (2) appointing the Movant as Lead Plaintiff of the Class; (3) approving The Rosen Law Firm P.A. as Lead Counsel and Wolf Haldenstein Adler Freeman &

9

Herz LLC as Liaison Counsel for the Class; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: October 15, 2021          Respectfully submitted,

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC**

/s/*Carl V. Malmstrom*
Carl V. Malmstrom
70 W. Madison St., Suite 1400
Chicago, IL 60602
Tel: (312) 984-0000
Fax: (312) 214-3110
Email: malmstrom@whafh.com

*[Proposed] Liaison Counsel for Plaintiff
And the Class*

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim
Laurence M. Rosen
275 Madison Avenue, 40th Floor
New York, New York 10118
Tel: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Plaintiff
And the Class*

**THE SCHALL LAW FIRM**
Brian Schall, Esq.
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (424) 303-1964
Fac: (877) 590-0482
Email: brian@schallfirm.com

*Additional Counsel for Plaintiff*

10

## CERTIFICATE OF SERVICE BY ELECTRONIC MEANS

I, Carl V. Malmstrom, one of the attorneys for Movant, hereby certify that on October 15, 2021, service of the foregoing *Memorandum of Law in Support of Motion of David Turk for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Counsel* was accomplished pursuant to ECF as to Filing Users and I shall comply with LR 5.5 as to any party who is not a Filing User or represented by a Filing User.


/s/ *Carl V. Malmstrom*
Carl V. Malmstrom

11