# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| KEVIN BURBIGE and ZIYANG NIE, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> ATI PHYSICAL THERAPY, INC. f/k/a FORTRESS VALUE ACQUISITION CORP. II, LABEED DIAB, JOSEPH JORDAN, ANDREW A. MCKNIGHT, JOSHUA A. PACK, MARC FURSTEIN, LESLEE COWEN, AARON F. HOOD, CARMEN A. POLICY, RAKEFET RUSSAK-AMINOACH, and SUNIL GULATI, <br><br> Defendants. | Case No. 1:21-cv-04349 <br><br> <u>CLASS ACTION</u> |

[additional caption on following page]

**BRENT GATACRE'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR: (1) CONSOLIDATION; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF LEAD COUNSEL AND LIAISON COUNSEL**

| | |
|---|---|
| CITY OF MELBOURNE FIREFIGHTERS' RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>ATI PHYSICAL THERAPY, INC. f/k/a FORTRESS VALUE ACQUISITION CORP. II, LABEED DIAB, JOSEPH JORDAN, ANDREW A. MCKNIGHT, JOSHUA A. PACK, MARC FURSTEIN, LESLEE COWEN, AARON F. HOOD, CARMEN A. POLICY, RAKEFET RUSSAK-AMINOACH, and SUNIL GULATI,<br><br>        Defendants. | Case No. 1:21-cv-05345<br><br>CLASS ACTION |

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL BACKGROUND.................................................................................................. 3

ARGUMENT........................................................................................................................ 5

I.      THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES..................... 5

II.     GATACRE IS ENTITLED TO BE APPOINTED LEAD PLAINTIFF FOR THE
CLASS ....................................................................................................................... 7

        A.      The PSLRA Standard For Appointing Lead Plaintiff............................................ 7

        B.      Under the PSLRA, Gatacre Should be Appointed Lead Plaintiff.......................... 8

               1.     Gatacre Filed a Timely Motion.................................................................... 8

               2.     Gatacre Has the Largest Financial Interest in the Relief Sought by the
Class........................................................................................................... 9

               3.     Gatacre Meets Rule 23's Typicality and Adequacy Requirements .......... 10

III.    GATACRE'S SELECTION OF COUNSEL SHOULD BE APPROVED ...................... 12

CONCLUSION.................................................................................................................... 15

i

# TABLE OF AUTHORITIES

**Cases**          **Page(s)**

*Baughman v. Pall Corp.*,
250 F.R.D. 121 (E.D.N.Y. 2008) ........................................................................7, 9

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
252 F.R.D. 188 (S.D.N.Y. 2008) ....................................................................6, 10, 11

*Blair v. Equifax Check Servs. Inc.*,
181 F.3d 832 (7th Cir. 1999) .................................................................................6

*Foley v. Transocean Ltd.*,
272 F.R.D. 126 (S.D.N.Y. 2011) ...........................................................................7

*In re Fuwei Films Sec. Litig.*,
247 F.R.D. 432 (S.D.N.Y. 2008) ....................................................................8, 9, 10

*In re GE Sec. Litig.*,
No. 09 Civ. 1951(DC), 2009 WL 2259502 (S.D.N.Y. July 29, 2009) ...........................6, 9, 11

*In re Gentiva Sec. Litig.*,
281 F.R.D. 108 (E.D.N.Y. 2012) ...........................................................................2

*Hedick v. Kraft Heinz Co.*,
No. 19-cv-1339, 2019 WL 4958238 (N.D. Ill. Oct. 8, 2019) .......................................2

*Kaplan v. Gelfond*,
240 F.R.D. 88 (S.D.N.Y. 2007) .............................................................................6

*Kokkinis v. Aegean Marine Petroleum Network Inc.*,
No. 11 Civ. 0917(BSJ)(JCF), 2011 WL 2078010 (S.D.N.Y. May 19, 2011)........................11

*Levine v. AtriCure, Inc.*,
508 F. Supp. 2d 268 (S.D.N.Y. 2007)......................................................................7

*Malcolm v. Nat'l Gypsum Co.*,
995 F.2d 346 (2d Cir. 1993)..................................................................................6

*In re Olsten Corp. Sec. Litig.*,
3 F. Supp. 2d 286 (E.D.N.Y. 1998) .........................................................................9

*Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*,
275 F.R.D. 187 (S.D.N.Y. 2011) ...........................................................................11

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*,
229 F.R.D. 395 (S.D.N.Y. 2004) ...........................................................................8

*Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecomms. Corp.*,
No. CV-09-3007 (SJF)(AKT), 2010 WL 3909331 (E.D.N.Y. Sept. 29, 2010)......................10

*Quan v. Advanced Battery Techs., Inc.*,
No. 11 Civ. 2279(CM), 2011 WL 4343802 (S.D.N.Y. Sept. 9, 2011) ....................................10

*Reitan v. China Mobile Games & Entm't Grp.*,
68 F. Supp. 3d 390 (S.D.N.Y. 2014)........................................................................................12

*Sokolow v. LJM Funds Mgmt., Ltd.*,
No. 18-cv-01039, 2018 WL 3141814 (N.D. Ill. June 26, 2018).....................................8, 9, 10

*Taubenfeld v. Career Educ. Corp.*,
No. 03 C 8884, 2004 WL 554810 (N.D. Ill. Mar. 19, 2004) ......................................................6

*Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*,
95 F. Supp. 3d 607 (S.D.N.Y. 2015).....................................................................................9, 10

*In re Tronox, Inc. Sec. Litig.*,
262 F.R.D. 338 (S.D.N.Y. 2009) ................................................................................................6

*Zak v. Chelsea Therapeutics Int'l, Ltd.*,
780 F.3d 597 (4th Cir. 2015) ....................................................................................................13

**Statutes**

15 U.S.C. § 78u-4(a) ........................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 42(a) ..............................................................................................................2, 6

Fed. R. Civ. P. 23(a)(4)..............................................................................................................11

Anne Cullen, More Judges Are Demanding Diversity Among Class Counsel,
Law360 (July 16, 2020) ............................................................................................................15

Ralph Chapoco, Calls for Lawyer Diversity Spread to Complex Class Litigation,
Bloomberg Law (July 30, 2020) ...............................................................................................15

iii

Brent Gatacre ("Gatacre") respectfully submits this memorandum of law pursuant to § 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by Private Securities Litigation Reform Act of 1995 ("PSLRA"), in support of his motion for the entry of an order: (1) consolidating the above-captioned actions ("Actions");[1] (2) appointing Gatacre as Lead Plaintiff; and (3) approving Gatacre's selection of the law firm of Faruqi & Faruqi, LLP (the "Faruqi Firm"), in conjunction with local liaison counsel, Miller Law LLC (the "Miller Firm"), as Lead Counsel.[2]

## PRELIMINARY STATEMENT

The Actions presently pending before this Court are brought on behalf of those who purchased or otherwise acquired ATI Physical Therapy, Inc. ("ATI" or the "Company") f/k/a Fortress Value Acquisition Corp. II ("FVAC") securities between February 22, 2021 and July 23, 2021, both dates inclusive (the "Class Period"), and/or held shares of FVAC Class A common

---

[1] The following two Actions are pending before this Court: (1) *Burbige, et al. v. ATI Physical Therapy, Inc. f/k/a Fortress Value Acquisition Corp. II, et al.*, No. 1:21-cv-04349 ("*Burbige*"), which was filed on August 16, 2021; and (2) *City of Melbourne Firefighters' Retirement System v. ATI Physical Therapy, Inc. f/k/a Fortress Value Acquisition Corp. II, et al.*, No. 1:21-cv-005345 ("*Melbourne*"), which was filed on October 7, 2021. The *Burbige* Action is brought "on behalf of all persons and entities that: (a) purchased or otherwise acquired ATI securities between April 1, 2021 and July 23, 2021, inclusive . . . and/or (b) held FVAC Class A common stock as of May 24, 2021 and were eligible to vote at FVAC's June 15, 2021 special meeting . . . . [for] claims against the Defendants under the Securities Exchange Act of 1934[.]" *Burbige*, Class Action Complaint for Violations of the Federal Securities Laws ¶ 1, ECF No. 1 ("*Burbige* Compl."). The *Melbourne* Action is brought "on behalf of all investors that purchased or otherwise acquired ATI securities between February 22, 2021 and July 23, 2021, inclusive . . . and/or held shares of FVAC Class A common stock as of May 24, 2021, and were eligible to vote at FVAC's June 15, 2021 special meeting . . . . [for] claims . . . aris[ing] under . . . the Securities Exchange Act of 1934[.]" *Melbourne*, Class Action Complaint for Violations of the Federal Securities Laws ¶ 1, ECF No. 1 ("*Melbourne* Compl.").

[2] Unless stated otherwise, the following conventions apply: (1) all citations, internal quotation marks and footnotes are omitted; (2) all emphases are added; and (3) all "Ex. _" references are to the exhibits attached to the Declaration of Lori A. Fanning in Support of Motion of Brent Gatacre for: (1) Consolidation; (2) Appointment as Lead Plaintiff; and (3) Approval of Lead Counsel and Liaison Counsel filed herewith.

1

stock as of May 24, 2021, and were eligible to vote at FVAC's June 15, 2021 special meeting which seek to recover damages caused by defendants' violations of the Exchange Act.[3]

As an initial matter, the Court must decide whether to consolidate the Actions. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii). Pursuant to Rule 42(a)(2) of the Federal Rules of Civil Procedure, the Court may consolidate the actions before it that involve a common question of law or fact. Fed. R. Civ. P. 42(a)(2). The Actions may be consolidated as they allege violations of §§ 10(b), 14(a), and 20(a) of the Exchange Act and Securities and Exchange Commission ("SEC") Rules 10b-5 and 14a-4, promulgated thereunder. The Actions also allege claims involving substantially similar facts. As the Actions raise common issues of fact and law, and consolidation will be more efficient for the Court and the parties, the Actions should be consolidated.

With respect to the appointment of a lead plaintiff to oversee the Action, Congress established a presumption in the PSLRA that requires the Court to appoint the "most adequate plaintiff" as the lead plaintiff for the Action. 15 U.S.C. § 78u-4(a)(3)(B)(i). The "most adequate plaintiff" is the person who has the "largest financial interest in the relief" and who also satisfies Rule 23's typicality and adequacy requirements for class representatives. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

With losses of $83,881.77, Gatacre, to the best of counsel's knowledge, has the largest financial interest in the litigation of any movant. Gatacre also satisfies Rule 23's typicality and adequacy requirements. Gatacre's claims are typical of the Class's claims because he suffered

---

[3]  For the purposes of "determining a lead plaintiff . . . the longer, most inclusive class period . . . is proper[.]" *In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 113 (E.D.N.Y. 2012); *see Hedick v. Kraft Heinz Co.*, No. 19-cv-1339, 2019 WL 4958238, at *5 (N.D. Ill. Oct. 8, 2019) ("For the purpose of calculating losses in determining the proper lead plaintiff in securities class actions, courts use the most inclusive class period."). Accordingly, the class period in the *Melbourne* complaint governs the appointment of a Lead Plaintiff for determining which movant possesses the largest financial interest.

losses on his ATI investment as a result of the defendants' false and misleading statements. Further, Gatacre has no conflict with the Class and will adequately protect the Class's interests given his significant stake in the litigation and his conduct to date in prosecuting the litigation, including his submission of the requisite certification and selection of experienced class counsel. Accordingly, Gatacre is the presumptive Lead Plaintiff.

Lastly, if appointed Lead Plaintiff, Gatacre is entitled to select, subject to the Court's approval, lead counsel to represent the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Gatacre has engaged the Faruqi Firm, in conjunction with local liaison counsel the Miller Firm, for this purpose. The Faruqi Firm is an appropriate selection to serve as Lead Counsel because it is a highly experienced firm with substantial securities class action experience.

For the reasons summarized above and those explained more fully below, Gatacre's motion should be granted in its entirety.

## FACTUAL BACKGROUND[4]

FVAC was incorporated in Delaware in June 2020 as a special purpose acquisition company ("SPAC") formed for the purpose of effecting a business combination with one or more businesses. *Melbourne* Complaint at ¶ 23. FVAC completed an IPO on August 14, 2020. *Id*. The offering sold 34.5 million units at $10.00 per unit. *Id*. Each unit consisted of one share of FVAC Class A Stock and one-fifth of one redeemable public warrant of FVAC. *Id*. Each public warrant entitled the holder to purchase one share of FVAC Class A Common stock at an exercise price of $11.50 per share. *Id*. FVAC's Class A common stock and warrants began trading on the New

---

[4]  This information comes from the *Melbourne* complaint, but the *Burbige* complaint contains substantially similar information.

3

York Stock Exchange under the ticker symbols "FAII" and "FAII WS," respectively, on October 2, 2020. *Id.*

ATI provides outpatient rehabilitation services and operates nearly 900 physical therapy clinics across 24 states. *Id.* at ¶ 22. ATI is a Delaware corporation with its headquarters at 790 Remington Boulevard, Bolingbrook, Illinois. *Id.* at ¶ 9. ATI became a publicly traded company upon the completion of a merger with FVAC on June 17, 2021. *Id.* at ¶ 26. ATI's securities are traded on the NYSE under the ticker symbol "ATIP." *Id.*

On February 22, 2021, ATI and FVAC announced a proposed merger that would make ATI a publicly traded company. *Id.* at ¶ 24. In conjunction with the announcement of the proposed merger, FVAC filed proxy solicitation materials with the SEC, including slides prepared by ATI and used in an investor presentation. *Id.* at ¶ 27. The slides touted ATI's "Investments in Clinical Optimization" in 2020, to which ATI attributed its purported long-term growth. *Id.* The company provided financial guidance indicating that it would achieve $731 million in revenue and $119 million in adjusted EBITDA for 2021. *Id.* The same day, ATI's then-CEO Defendant Labeed Diab, touted the high retention and low turnover of ATI's physical therapists. *Id.* at ¶ 28.

FVAC filed additional proxy solicitation materials on April 1, 2021. *Id.* at ¶ 29. Again, these materials contained slides touting ATI's "Investment in Clinical Optimization" in 2020, and its ability to recruit and retain labor. *Id.* On May 14, 2021, FVAC filed its definitive proxy statement with the SEC, soliciting votes in favor of the merger. *Id.* at ¶ 30. These materials made substantially similar representations as previously filed proxy materials regarding the projected financial health of the company. *Id.*

4

Record holders of FVAC common stock at the close of business on May 24, 2021 (the "Record Date") were entitled to vote on the merger at a special meeting of FVAC stockholders to be held on June 15, 2021. *Id.* at ¶ 25. Pursuant to the merger, FVAC shareholders had the option of retaining their shares, which would then be converted to shares of ATI Class A common stock on completion of the merger, or redeem their shares for $10.00 per share in cash, regardless of their position on the merger. *Id.* The merger was completed on June 17, 2021. *Id.* at ¶ 26.

Prior to the opening of the market on July 26, 2021, and less than two months after becoming a publicly traded company, ATI reported its financial results for the second quarter of 2021. *Id.* at ¶ 35. The company revealed that during the second quarter, the same quarter the merger was completed, attrition among physical therapists had accelerated and was expected to continue to accelerate into the third quarter of 2021. *Id.* Due to these newly disclosed trends, ATI reduced its full-year 2021 revenue guidance substantially from the figures reported in prior proxy solicitation materials. *Id.* As a result of these disclosures, ATI's stock price declined over 43%, from $8.43 per share on July 23, 2021 to $4.72 per share on July 26, 2021, damaging investors. *Id*.

Through the Actions, Gatacre seeks to recover for himself and absent class members the substantial losses that were suffered as a result of the defendants' fraud.

## ARGUMENT

### I. THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

The PSLRA provides that, "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not determine the most adequate plaintiff "until after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii) (the PSLRA advises courts to make the decision

regarding the appointment of the lead plaintiff for the consolidated action "[a]s soon as practicable after [the consolidation] decision is rendered[.]" *Id.*).

"By far the best means of avoiding wasteful overlap when related suits are pending in the same court is to consolidate all before a single judge." *Blair v. Equifax Check Servs. Inc.*, 181 F.3d 832, 839 (7th Cir. 1999). Consolidation is particularly appropriate when the actions before the court involve a common question of law or fact. *See* Fed. R. Civ. P. 42(a); *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (consolidating securities class actions); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (same). Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact or law, and the differences do not outweigh the interest of judicial economy served by consolidation. *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007); *see In re GE Sec. Litig.*, No. 09 Civ. 1951(DC), 2009 WL 2259502, at *2-3 (S.D.N.Y. July 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods).

The Actions at issue here clearly involve common questions of fact and law. The Actions assert claims under the Exchange Act on behalf of investors who were defrauded by the defendants. The Actions allege substantially the same wrongdoing, namely that the defendants issued materially false and misleading statements that artificially inflated the price of ATI securities and subsequently damaged the Class when the Company's stock price crashed as the truth emerged. Consolidation of the Actions is therefore appropriate. *See Taubenfeld v. Career Educ. Corp.*, No. 03 C 8884, 2004 WL 554810, at *1 (N.D. Ill. Mar. 19, 2004) ("The court

6

agrees that consolidation is appropriate for the six related cases insofar as each involves class action claims on behalf of purchasers of CEC stock and each asserts similar if not overlapping claims for relief.").

## II.     GATACRE IS ENTITLED TO BE APPOINTED LEAD PLAINTIFF FOR THE CLASS

### A.     The PSLRA Standard For Appointing Lead Plaintiff

The PSLRA governs the appointment of a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B). It provides that within 20 days of the filing of the action, the plaintiff is required to publish notice in a widely circulated business-oriented publication or wire service, informing class members of their right to move the Court, within 60 days of the publication, for appointment as lead plaintiff. *See Foley v. Transocean Ltd.*, 272 F.R.D. 126, 127 (S.D.N.Y. 2011) (citing 15 U.S.C. § 78u-4(a)(3)(A)).

Under the PSLRA, the Court is then to consider any motion made by class members and is to appoint as lead plaintiff the movant that the Court determines to be "most capable of adequately representing the interests of class members . . . ." 15 U.S.C. § 78u-4(a)(3)(B)(i). Further, the PSLRA establishes a rebuttable presumption that the "most adequate plaintiff" is the person that:

> (aa) has either filed the complaint or made a motion in response to a notice [published by a complainant]; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Levine v. AtriCure, Inc.*, 508 F. Supp. 2d 268, 276-77 (S.D.N.Y. 2007) (same); *Baughman v. Pall Corp.*, 250 F.R.D. 121, 125 (E.D.N.Y. 2008)

7

(describing the PSLRA's process for determining the "most adequate plaintiff"); *Sokolow v. LJM Funds Mgmt., Ltd.*, No. 18-cv-01039, 2018 WL 3141814, at *2 (N.D. Ill. June 26, 2018) (same).

Once it is determined who among the movants seeking appointment as lead plaintiff is the presumptive lead plaintiff, the presumption can be rebutted only upon proof by a class member that the presumptive lead plaintiff: "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 436 (S.D.N.Y. 2008); *LJM*, 2018 WL 3141814, at *2.

## B. Under the PSLRA, Gatacre Should be Appointed Lead Plaintiff

As discussed below, Gatacre should be appointed Lead Plaintiff because all of the PSLRA's procedural hurdles have been satisfied, Gatacre holds the largest financial interest of any movant, and Gatacre otherwise satisfies Rule 23's typicality and adequacy requirements.

### 1. Gatacre Filed a Timely Motion

Pursuant to the PSLRA, the first plaintiff to file a complaint in the action was required to publish notice within twenty (20) days of its filing. 15 U.S.C. § 78u-4(a)(3)(A)(i). Counsel for first-filed plaintiffs Kevin Burbage and Ziyang Nie published notice of the lead plaintiff deadline via *Business Wire* on August 16, 2021. *See* Ex. A; *see Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 403 (S.D.N.Y. 2004) ("*Business Wire* is a suitable vehicle for meeting the statutory requirement that notice be published . . . ."). Consequently, any member of the proposed Class was required to seek to be appointed lead plaintiff within 60 days after publication of the notice, *i.e.*, on or before October 15, 2021. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Thus, Gatacre's motion is timely filed.

Additionally, pursuant to Section 21D(a)(2) of the Exchange Act, Gatacre timely signed and submitted the requisite certification, identifying all of his relevant ATI trades during the

8

Class Period, and detailing Gatacre's suitability to serve as Lead Plaintiff in this case. *See* Ex. B. The PSLRA's procedural requirements have therefore been met**.**

> **2.** **Gatacre Has the Largest Financial Interest in the Relief Sought by the Class**

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the person with the largest financial interest in the relief sought by the class. *See* 15 U.S.C. § 78u-4 (a)(3)(B)(iii)(I)(bb).

Although the PSLRA is silent as to any definitive methodology courts are to use in determining which movant has the largest financial interest in the relief sought, courts have typically looked to the following four factors in the inquiry: (1) the number of shares purchased by the movant during the Class Period; (2) the number of net shares purchased by the movant during the Class Period; (3) the total net funds expended by the movant during the Class Period; and (4) the approximate losses suffered by the movant. *See Fuwei*, 247 F.R.D. at 437; *Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*, 95 F. Supp. 3d 607, 616 (S.D.N.Y. 2015); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *Baughman*, 250 F.R.D. at 125; *In re GE*, 2009 WL 2259502, at *4; *LJM*, 2018 WL 3141814, at *2. Courts have placed the most emphasis on the last of the four factors: the approximate loss suffered by the movant. *See, e.g.*, *Baughman*, 250 F.R.D. at 125; *In re GE*, 2009 WL 2259502, at *4; *Fuwei*, 247 F.R.D. at 437; *Topping*, 95 F. Supp. 3d at 616; *LJM*, 2018 WL 3141814, at *2.

Overall, during the Class Period, Gatacre purchased 19,850 net and 19,850 total ATI shares, expended $161,832.38 in net funds and suffered losses of $83,881.77 attributable to the fraud. *See* Ex. B. Gatacre is presently unaware of any other movant with a larger financial interest in the outcome of this litigation.

9

### 3. Gatacre Meets Rule 23's Typicality and Adequacy Requirements

The PSLRA also requires that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *LJM*, 2018 WL 3141814, at *6. When assessing a potential lead plaintiff, only Rule 23(a)'s typicality and adequacy requirements are relevant. *See, e.g.*, *Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecomms. Corp.*, No. CV-09-3007 (SJF)(AKT), 2010 WL 3909331, at *2 (E.D.N.Y. Sept. 29, 2010); *Fuwei*, 247 F.R.D. at 436; *see also Blackmoss*, 252 F.R.D. at 191 ("At this stage of the litigation, the moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.").

Typicality is established where each class member's claim "arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Blackmoss*, 252 F.R.D. at 191 (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). "However, a lead plaintiff's claims need not be identical to the claims of the class in order to satisfy the preliminary showing of typicality." *Topping*, 95 F. Supp. 3d at 623; *Fuwei*, 247 F.R.D. at 436.

Gatacre's claims are clearly typical of the Class's claims. Gatacre purchased ATI securities during the Class Period, held them on the Record Date, suffered damages as a result of the Company's false and misleading statements, and therefore can assert the Class's claims against ATI and certain of its officers under the federal securities laws. Because the factual and legal bases of Gatacre's claims are similar to those of the Class's claims, Gatacre necessarily satisfies the typicality requirement. *See Quan v. Advanced Battery Techs., Inc.*, No. 11 Civ. 2279(CM), 2011 WL 4343802, at *3 (S.D.N.Y. Sept. 9, 2011) (finding movant typical where "he suffered losses as a result of [the company's] false and misleading statements during the same

10

period as the other movants, plaintiffs, and potential class members, and [] he is alleging violations of the same provisions of the [Exchange Act], against the same defendants as the other parties").

With respect to adequacy, Rule 23(a)(4) requires that the representative party will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Adequate representation will be found if able and experienced counsel represent the proposed representative, and the proposed representative has no fundamental conflicts of interest with the interests of the class as a whole. *See Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*, 275 F.R.D. 187, 190 (S.D.N.Y. 2011) ("In considering the adequacy of a proposed lead plaintiff, a court must consider: (1) whether the lead plaintiff's claims conflict with those of the class; and (2) whether class counsel is qualified, experienced, and generally able to conduct the litigation."); *In re GE*, 2009 WL 2259502, at *5 (Plaintiff "satisfies the adequacy requirement because its interests are aligned with those of the putative class, and it has retained competent and experienced counsel").

As evidenced by the representations in his certification, *see* Ex. B, Gatacre's interests are perfectly aligned with—and by no means antagonistic to—the Class. *See Kokkinis v. Aegean Marine Petroleum Network Inc.*, No. 11 Civ. 0917(BSJ)(JCF), 2011 WL 2078010, at *2 (S.D.N.Y. May 19, 2011) (movant's certification evidenced adequacy to serve as lead plaintiff); *see also Blackmoss*, 252 F.R.D. at 191 (same).

Gatacre has also selected and retained highly competent counsel to litigate the claims on behalf of himself and the Class. As explained below in Section III, the Faruqi Firm is highly regarded for its experience, knowledge, and ability to conduct complex securities class action

11

litigation. *See* Ex. C. Consequently, Gatacre is more than adequate to represent the Class and has every incentive to maximize the Class's recovery.

In light of the foregoing, Gatacre respectfully submits that he is the presumptive Lead Plaintiff and should be appointed Lead Plaintiff for the Action.

## III. GATACRE'S SELECTION OF COUNSEL SHOULD BE APPROVED

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the Lead Plaintiff is entitled to select and retain Lead Counsel for the Class, subject to the Court's approval. Gatacre has selected the Faruqi Firm to act Lead Counsel and the Miller Firm to act as liaison counsel for the Class. The Faruqi Firm is a minority-owned and woman-owned law firm, and, as reflected in the firm's resume, possesses extensive experience successfully litigating complex class actions on behalf of plaintiffs, including securities class actions. *See* Ex. C; *see also Reitan v. China Mobile Games & Entm't Grp.*, 68 F. Supp. 3d 390, 401 (S.D.N.Y. 2014) (appointing the Faruqi Firm as sole lead counsel and noting: "Faruqi & Faruqi has extensive experience in the area of securities litigation and class actions. The firm's resume indicates that it has litigated more than ten prominent securities class actions since its founding in 1995. Faruqi & Faruqi achieved successful outcomes in many of these cases.") (citation omitted). For example, the Faruqi Firm has previously obtained significant recoveries for injured investors. *See, e.g., Sterrett v. Sonim Techs., Inc.*, No. 3:19-cv-06416-MMC (N.D. Cal.) (where, as sole lead counsel, the firm obtained final approval of $2 million settlement); *Larkin v. GoPro, Inc.*, No. 4:16-cv-06654-CW (N.D. Cal. 2019) (where, as sole lead counsel, the firm obtained final approval of $6.75 million settlement); *In re Avalanche Biotechnologies Sec. Litig.*, No. 3:15-cv-03185-JD (N.D. Cal. 2018) (appointed as sole lead counsel in the federal action, and together with lead counsel in a parallel state action, obtained final approval of a $13 million global settlement); *Rihn v. Acadia Pharm., Inc.*, No. 3:15-cv-00575-BTM-DHB (S.D. Cal. 2018) (where, as sole lead counsel, the Faruqi Firm

12

obtained final approval of a $2.925 million settlement); *In re Geron Corp., Sec. Litig.*, No. 3:14-CV-01224-CRB (N.D. Cal. 2017) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $6.25 million settlement); *In re Dynavax Techs. Corp. Sec. Litig.*, No. 3:13-CV-02796 (CRB) (N.D. Cal. 2016) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $4.5 million settlement); *McIntyre v. Chelsea Therapeutics Int'l, LTD*, No. 3:12-cv-00213-MOC-DCK (W.D.N.C. 2016) (where, as sole lead counsel, the Faruqi Firm secured the reversal of the district court's dismissal of the action at the Fourth Circuit, *see Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597 (4th Cir. 2015), and obtained final approval of a $5.5 million settlement); *In re L&L Energy, Inc. Sec. Litig.*, No. 1:13-CV-06704 (AJP) (S.D.N.Y. 2015) (where the Faruqi Firm, as co-lead counsel, secured a $3.5 million settlement); *In re Ebix, Inc. Sec. Litig.*, No. 1:11-CV-02400-RWS (N.D. Ga. 2014) (where the Faruqi Firm, as sole lead counsel for the class, secured a $6.5 million settlement); *Shapiro v. Matrixx Initiatives, Inc.*, No. CV-09-1479-PHX-ROS (D. Ariz. 2013) (where the Faruqi Firm, as co-lead counsel for the class, secured a $4.5 million settlement); *In re United Health Grp. Inc. Deriv. Litig.*, No. 27 CV 06-8085 (Minn. 4th Jud. Dist. 2009) (where the Faruqi Firm, as co-lead counsel, obtained a recovery of more than $930 million for the benefit of United Health Group Inc. and negotiated important corporate governance reforms designed to make the nominal defendant corporation a model of responsibility and transparency); *In re Tellium Inc. Sec. Litig.*, No. 3:02-cv-5878-FLW-JJH (D.N.J. 2006) (where the Faruqi Firm, as co-lead counsel, recovered a $5.5 million settlement); *In re Olsten Corp. Sec. Litig.*, No. 0:97-CV-5056-DRH-ETB (E.D.N.Y. 2001) (where the Faruqi Firm, as co-lead counsel, recovered $24.1 million for class members); *Ruskin v. TIG Holdings, Inc.*, No. 1:98-cv-01068-LLS (S.D.N.Y. 2002) (where the Faruqi Firm, as co-lead counsel, recovered $3 million for the class); and *In re Purchase Pro Inc. Sec. Litig.*, No. 2:01-cv-0483-

13

JLQ-PAL (D. Nev. 2006) (where the Faruqi Firm, as co-lead counsel for the class, secured a $24.2 million settlement).

The Faruqi Firm is also currently litigating several prominent securities class actions. *See, e.g., Halman Aldubi Provident and Pension Funds Ltd. v. Teva Pharms. Indus. Ltd.*, No. 20-4660-KSM (E.D. Pa.) (appointed sole lead counsel for the class); *In re Allergan PLC Sec. Litig.*, No. 18 Civ. 12089 (CM) (GWG) (S.D.N.Y.) (appointed sole lead counsel for the class); *Lowthorp v. Mesa Air Group, Inc.*, No. 2:20-cv-00648-MTL (D. Ariz.) (appointed as sole lead counsel for the class); *In re Tahoe Res., Inc. Sec. Litig.*, No. 2:17-cv-01868-RFB-NJK (D. Nev.) (appointed as sole lead counsel for the class); *Liu v. Intercept Pharms. Inc.,* No. 1:17-cv-07371-LAK (S.D.N.Y.) (appointed as sole lead counsel for the class); *Lehmann v. Ohr Pharm. Inc.*, No. 1:18-cv-01284-LAP (S.D.N.Y.) (appointed as sole lead counsel for the class); *In re Synergy Pharm., Inc. Sec. Litig.*, No. 1:18-cv-00873-AMD-VMS (E.D.N.Y.) (appointed as co-lead counsel for the class); *In re CV Scis., Inc. Sec. Litig.*, No. 2:18-cv-01602-JAD-BNM (D. Nev.) (appointed as sole lead counsel for the class); *In re Amarin Corp. PLC Sec. Litig.*, No. 3:19-cv-06601-BRM-TJB (D.N.J.) (appointed as co-lead counsel for the class); *Rudani v. Ideanomics, Inc.*, No. 1:19-cv-06741-GBD (S.D.N.Y.) (appointed as sole lead counsel for the class).

The Faruqi Firm is a minority-owned and woman-owned[5] law firm, and, as reflected in the firm's resume, possesses extensive experience successfully litigating complex class actions on behalf of plaintiffs, including securities class actions. The Faruqi Firm has a proven track record of successfully representing its clients in these matters and is nationally recognized for its excellence. Not only does the firm have the experience and expertise necessary to obtain

---

[5]     *See* Ex. D (certificate from Women's Business Enterprise National Council certifying the Faruqi Firm as a woman-owned business).

significant successes for its clients, it has a demonstrated commitment to diversity and inclusion that clients and judges increasingly seek from the bar.[6] Class members in securities class actions have diverse backgrounds, and that diversity should be reflected in class counsel. Currently, approximately 40% of the firm's partnership positions are held by women and minorities, and the firm is committed to growing this figure in the coming years. *See* https://www.faruqilaw.com /our-attorneys. The Faruqi Firm is proud to be made up of such a diverse group of legal professionals and strongly believes that its clients are better served because of it.

The Miller Firm, liaison counsel, is similarly experienced in complex civil litigation, and securities class actions in particular. *See* Ex. E. The firm has a demonstrated track record of involvement in high-profile class actions. The Miller Firm has been repeatedly recognized by their peers and the courts and has served in a variety of counsel roles. The firm's knowledge of the Court will benefit Gatacre and the Class in a positive way.

## CONCLUSION

For the foregoing reasons, Gatacre respectfully requests that the Court: (1) consolidate the above-captioned actions; (2) appoint him as Lead Plaintiff; (3) approve his selection of Lead Counsel for the putative Class; and (4) grant such other relief as the Court may deem just and proper.

Dated: October 15, 2021

Respectfully submitted,

**MILLER LAW LLC**

By:     */s/ Lori A. Fanning*
     Lori A. Fanning

---

[6]     *See* Anne Cullen, More Judges Are Demanding Diversity Among Class Counsel, Law360 (July 16, 2020), https://www.law360.com/articles/1292926/more-judges-are-demanding-diversity-among-class-counsel; Ralph Chapoco, Calls for Lawyer Diversity Spread to Complex Class Litigation, Bloomberg Law (July 30, 2020), https://www.bloomberglaw.com/document/ XA1TPNEG000000?bna_news_filter=social-justice&jcsearch=BNA.

15

Marvin A. Miller
Lori A. Fanning
115 S. LaSalle Street, Suite 2910
Chicago, IL 60603
Telephone: 312-332-3400
Facsimile: 312-676-2676
Email: mmiller@millerlawllc.com
      lfanning@millerlawllc.com

James M. Wilson, Jr. (*pro hac vice forthcoming*)
Robert W. Killorin (*pro hac vice forthcoming*)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email:  jwilson@faruqilaw.com
       rkillorin@faruqilaw.com

*Attorneys for [Proposed] Lead Plaintiff and [Proposed] Lead Counsel for the putative Class*

16

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed on October 15, 2021 with the Clerk of the Court using the CM/ECF system, which will effect electronic service on all parties and attorneys registered to receive notifications via the CM/ECF system.

By:     */s/ Lori A. Fanning*
Lori A. Fanning

17