UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN BURBIGE and ZIYANG NIE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ATI PHYSICAL THERAPY, INC. f/k/a FORTRESS VALUE ACQUISITION CORP. II, LABEED DIAB, JOSEPH JORDAN, ANDREW A. MCKNIGHT, JOSHUA A. PACK, MARC FURSTEIN, LESLEE COWEN, AARON F. HOOD, CARMEN A. POLICY, RAKEFET RUSSAK-AMINOACH, and SUNIL GULATI,<br><br>Defendants. | Civil Action No. 1:21-cv-04349<br><br><br>CLASS ACTION<br><br><br>Hon. Edmond E. Chang |
| CITY OF MELBOURNE FIREFIGHTERS' RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ATI PHYSICAL THERAPY, INC. f/k/a FORTRESS VALUE ACQUISITION CORP. II, LABEED DIAB, JOSEPH JORDAN, ANDREW A. MCKNIGHT, JOSHUA A. PACK, MARC FURSTEIN, LESLEE COWEN, AARON F. HOOD, CARMEN A. POLICY, RAKEFET RUSSAK-AMINOACH, and SUNIL GULATI,<br><br>Defendants. | Civil Action No. 1:21-cv-05345<br><br><br>CLASS ACTION<br><br><br>Hon. Edmond E. Chang |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF
THE PHOENIX INSURANCE COMPANY LTD. AND THE PHOENIX PENSION &
PROVIDENT FUNDS FOR CONSOLIDATION, APPOINTMENT
AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................... 1
STATEMENT OF FACTS ...................................................................................................... 4
ARGUMENT ........................................................................................................................... 5
I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED ....................................... 5
II.   PHOENIX SHOULD BE APPOINTED LEAD PLAINTIFF............................................ 6
     A.    Phoenix is Willing to Serve as a Class Representative............................................ 7
     B.    Phoenix Has the "Largest Financial Interest" in the Action .................................... 8
     C.    Phoenix Otherwise Satisfies the Requirements of Rule 23 ..................................... 8
III.  LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ......... 11
CONCLUSION ....................................................................................................................... 13

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Arreola v. Godinez*,
 546 F.3d 788 (7th Cir. 2008) ..........................................................................................9

*Bassin v. Decode Genetics, Inc.*,
 230 F.R.D. 313 (S.D.N.Y. 2005) .....................................................................................6

*Bristol County Ret. Sys. v. Allscripts Healthcare Solutions, Inc.*, No. 12 C 3297,
 2012 U.S. Dist. LEXIS 161441 (N.D. Ill. Nov. 9, 2012) .................................................9

*Chandler v. Ulta Beauty, Inc.*, No. 18-cv-1577,
 2018 U.S. Dist. LEXIS 107340 (N.D. Ill. June 26, 2018) ..........................................9, 10

*City of Sterling Heights Gen. Emples. Ret. Sys. v. Hospira, Inc.*, No. 11 C 8332,
 2012 U.S. Dist. LEXIS 54081 (N.D. Ill. Apr. 18, 2012) ...............................................10

*Greebel v. FTP Software, Inc.*,
 939 F. Supp. 57 (D. Mass. 1996) ................................................................................3, 11

*Gumm v. Molinaroli*, No. 16-CV-1093-PP,
 2016 U.S. Dist. LEXIS 157155 (E.D. Wis. Nov. 14, 2016) ............................................9

*In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC),
 2009 U.S. Dist. LEXIS 69133 (S.D.N.Y. July 29, 2009) ................................................6

*In re Molson Coors Brewing Co. Sec. Litig.*,
 233 F.R.D. 147 (D. Del. 2005) ......................................................................................12

*In re Oxford Health Plans, Inc. Sec. Litig.*,
 182 F.R.D. 42 (S.D.N.Y. 1998) .......................................................................................9

*Johnson v. Celotex Corp.*,
 899 F.2d 1281 (2d Cir. 1990)...........................................................................................6

*Kaplan v. Gelfond*,
 240 F.R.D. 88 (S.D.N.Y. 2007) .......................................................................................9

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
 311 F.R.D. 373 (S.D.N.Y. 2015) ...................................................................................11

*Lax v. First Merchants Acceptance Corp.*, Nos. 97 C 2715 *et al.*,
 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997)...............................................8, 9

*Maiden v. Merge Techs., Inc.*, Nos. 06-C-349 *et al.*,
 2006 U.S. Dist. LEXIS 85635 (E.D. Wis. Nov. 21, 2006) ......................................................3

*Maiden v. Merge Techs., Inc.*, Nos. 06-C-349 *et al.*,
 2006 U.S. Dist. LEXIS 85635 (E.D. Wis. Nov. 21, 2006) ....................................................11

*Malcolm v. Nat'l Gypsum Co.*,
 995 F.2d 346 (2d Cir. 1993)..................................................................................................6

*Sokolow v. LJM Funds Mgmt.*, Nos. 18-cv-01039 *et al.*,
 2018 U.S. Dist. LEXIS 107339 (N.D. Ill. June 26, 2018) ................................................3, 11

*Takara Trust v. Molex Inc.*,
 229 F.R.D. 577 (N.D. Ill. 2005)...........................................................................................10

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
 589 F. Supp. 2d 388 (S.D.N.Y. 2008)..................................................................................12

## Statutes

15 U.S.C. § 78u-4 ............................................................................................................ *passim*

Private Securities Litigation Reform Act of 1995 ..........................................................2, 3, 8, 11

## Rules

Fed. R. Civ. P. 23.............................................................................................................. *passim*

Fed. R. Civ. P. 42.....................................................................................................................1, 6

The Phoenix Insurance Company Ltd. ("Phoenix Insurance") and The Phoenix Pension & Provident Funds ("Phoenix Pension") (together, "Phoenix") respectfully submit this Memorandum of Law in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and Fed. R. Civ. P. 42, for an Order: (1) consolidating the above-captioned actions (the "Related Actions"); (2) appointing Phoenix as Lead Plaintiff on behalf of all persons who purchased or otherwise acquired the securities of ATI Physical Therapy, Inc. ("ATI" or the "Company") f/k/a Fortress Value Acquisition Corp. II ("FVAC") between February 22, 2021 and July 23, 2021, both dates inclusive (the "Class Period"), and/or held shares of FVAC Class A common stock as of May 24, 2021 and were eligible to vote at FVAC's June 15, 2021 special meeting (the "Class"); and (3) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.[1]

**PRELIMINARY STATEMENT**

It is critically important that a sophisticated institutional investor oversee the litigation of the Related Actions by experienced legal counsel. The initial complaints in the Related Actions allege a very significant fraud perpetrated on the investors in ATI during the Class Period. Specifically, it is alleged that during the Class Period, ATI and certain of its officers

---

[1] The complaint in the first-filed of the Related Actions, styled *Burbige et al v. ATI Physical Therapy, Inc. f/k/a Fortress Value Acquisition Corp. II et al*, No. 1:21-cv-04349 (the "*Burbige* Action"), filed in this Court on August 16, 2021, alleges a class period that only includes persons and entities that purchased or otherwise acquired ATI securities between April 1, 2021 and July 23, 2021, inclusive. On October 7, 2021, the second-filed of the Related Actions, styled *City of Melbourne Firefighters Retirement System v. ATI Physical Therapy, Inc. f/k/a Fortress Value Acquisition Corp. II et al*, No. 1:21-cv-05345 (the "*City of Melbourne* Action") was filed in this Court, alleging substantially the same wrongdoing against the same defendants, and with a larger class period including all persons and entities that purchased or otherwise acquired ATI securities between February 22, 2021 and July 23, 2021, inclusive. Therefore, to avoid excluding any potential class members, this motion has adopted the larger class period alleged in the *City of Melbourne* Action.

1

(collectively, "Defendants") defrauded investors, in violation of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b), 78t(a)), and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5), by misrepresenting ATI's business and operations, specifically regarding the attrition ATI was experiencing among its physical therapists and the increased competition for clinicians in the labor market. *See generally Burbige* Action, Dkt. No. 1; *City of Melbourne* Action, Dkt. No. 1 (collectively, the "Complaints"). ATI investors, including Phoenix, incurred significant losses resulting from the revelation of the foregoing misconduct when ATI drastically reduced its 2021 full-year earnings guidance and revealed that it would open far fewer new clinics in 2021 than it had previously promised investors.

Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the movant that possesses the largest financial interest in the outcome of the action and that satisfies the requirements of Fed. R. Civ. P. 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Phoenix, an institutional investor with losses of approximately $21,205,359 in connection with its Class Period purchases of ATI securities, believes that it has the largest financial interest in the relief sought in this action. *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Ex. A.

Beyond its considerable financial interest, Phoenix also meets the applicable requirements of Rule 23 because its claims are typical of absent class members and because it will fairly and adequately represent the interests of the Class. Phoenix Insurance and Phoenix Pension are both wholly owned by Phoenix Holdings Ltd. ("Phoenix Holdings"). Phoenix Insurance has over $10 billion in assets under management and Phoenix Pension manages NIS 55 billion in assets for more than 800,000 customers. As a sophisticated institutional investor, Phoenix is a paradigmatic lead plaintiff under the PSLRA, and its appointment would thus

2

advance the legislative purpose of "increasing the role of institutional investors in class actions" in order to "benefit shareholders and assist courts by improving the quality of representation in securities class actions." H.R. Conf. Rep. No. 104-369, at *34 (1995), *reprinted in* U.S.C.C.A.N. 730, 733. For this reason, courts in this Judicial District and the Seventh Circuit strongly prefer appointment of institutional investors to lead complex securities class actions. *See, e.g.*, *Sokolow v. LJM Funds Mgmt.*, Nos. 18-cv-01039 *et al.*, 2018 U.S. Dist. LEXIS 107339, at *16 (N.D. Ill. June 26, 2018) ("The PSLRA reflects a 'presumption that institutional investors be appointed lead plaintiff.'") (quoting *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 63 (D. Mass. 1996)); *Maiden v. Merge Techs., Inc.*, Nos. 06-C-349 *et al.*, 2006 U.S. Dist. LEXIS 85635, at *11 (E.D. Wis. Nov. 21, 2006) (finding institutional investor to be "entitled to preferential status under the PSLRA").

From Phoenix Insurance's prior experience serving as Lead Plaintiff in *In re Mylan N.V. Securities Litigation*, 1:16-cv-07926 (S.D.N.Y.) (the "*Mylan* Action"), one of the most high-profile securities litigations in the country, wherein Phoenix Insurance was successful in obtaining class certification, and *Costas v. Ormat Technologies Inc. et al*, No. 3:18-cv-00271 (D. Nev.) (the "*Ormat* Action"), wherein Phoenix Insurance was successful in obtaining a $3.75 million settlement on behalf of investors, Phoenix fully understands the obligations of a Lead Plaintiff under the PSLRA, and is willing and able to undertake those responsibilities. In order to fulfill its responsibilities as lead plaintiff and vigorously prosecute this action on behalf of the Class, Phoenix has selected Pomerantz as Lead Counsel for the Class. Pomerantz is a nationally-recognized securities class action firm that has recovered billions of dollars on behalf of defrauded investors, and recently secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the fifth largest class action settlement ever achieved in the United States.

Based in New York, Pomerantz has offices in Chicago, Los Angeles, Paris, France, and Tel Aviv, Israel.

Accordingly, based on its very significant financial interest and its commitment as a sophisticated institutional investor to overseeing this litigation, Phoenix respectfully requests that the Court enter an order appointing it as Lead Plaintiff and approving its selection of Pomerantz as Lead Counsel.

## STATEMENT OF FACTS

As alleged in the Complaint in the *Burbige* Action, FVAC was a special purpose acquisition company formed for the purpose of effecting a merger, capital stock exchange, asset acquisition, stock purchase, reorganization, or similar business combination with one or more businesses.

ATI is an outpatient physical therapy company. It owns and operates nearly 900 physical therapy clinics across 25 states.

On June 17, 2021, ATI became public via a business combination with FVAC ("Business Combination").

On July 26, 2021, before the market opened, ATI reported its financial results for second quarter 2021, the period in which the Business Combination was completed. Among other things, ATI reported that "the acceleration of attrition among [its] therapists in the second quarter and continuing into the third quarter, combined with the intensifying competition for clinicians in the labor market, prevented us from being able to meet the demand we have and increased our labor costs." Though ATI was implementing certain remedial actions, the Company reduced its fiscal 2021 forecast due to the foregoing factors.

On this news, the Company's share price fell $3.62, or 43%, to close at $4.72 per share on July 26, 2021, on unusually heavy trading volume. The share price continued to decline the next trading session by as much as 19%.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that ATI was experiencing attrition among its physical therapists; (2) that ATI faced increasing competition for clinicians in the labor market; (3) that, as a result of the foregoing, the Company faced difficulties retaining therapists and incurred increased labor costs; (4) that, as a result of the labor shortage, the Company would open fewer new clinics; and (5) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Phoenix and other Class members have suffered significant losses and damages.

**ARGUMENT**

**I. THE RELATED ACTIONS SHOULD BE CONSOLIDATED**

Consolidation of related cases is especially appropriate where, as here, the actions involve common questions of law and fact, and would avoid unnecessary cost, delay and overlap in adjudication:

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a); *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)); *see also* Manual for Complex Litigation (Third), § 20.123 (1995).

The Related Actions involve common questions of law ***and*** fact. Each action was brought against ATI, as well as certain of its top officers, in connection with violations of the federal securities laws. They allege substantially the same wrongdoing—namely that the Defendants issued materially false and misleading statements and omissions that artificially inflated the price of the ATI's securities and subsequently damaged the Class Members when ATI's stock price plunged as the truth emerged. Consolidation of the Related Actions is therefore appropriate. *See Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 315 (S.D.N.Y. 2005) (consolidation of securities class actions is particularly appropriate in the context of securities class actions where the complaints are based on the same statements and the defendants will not be prejudiced); *In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 U.S. Dist. LEXIS 69133, at *5 (S.D.N.Y. July 29, 2009) ("Consolidation promotes judicial convenience and avoids unnecessary costs to the parties.").

## II. PHOENIX SHOULD BE APPOINTED LEAD PLAINTIFF

Phoenix should be appointed Lead Plaintiff because, to its knowledge, Phoenix has the largest financial interest in the Action and otherwise strongly satisfies the requirements of Rule 23. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action and to do so by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any

such notice. Specifically, the Court "shall" appoint the presumptively "most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Phoenix satisfies all three of these criteria and thus is entitled to the presumption that it is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### A. Phoenix is Willing to Serve as a Class Representative

On August 16, 2021, the first of the Related Actions was filed. That same day, counsel for the plaintiff in the action caused a notice to be published over *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA (the "Notice"), which announced that litigation had been filed against Defendants and which advised investors in ATI securities that they had 60 days—*i.e.*, until October 15, 2021—to file a motion to be appointed as lead plaintiff in the securities litigation against ATI and the other Defendants. *See* Lieberman Decl., Ex. B. Phoenix has filed the instant motion pursuant to the Notice, and it has attached a Certification executed by Menachem Neeman and Haggai Schreiber, Chief Legal Counsel and Chief Investment Officer of Phoenix Holdings, respectively, who have authority to bind Phoenix and enter into litigation on its behalf, attesting that it is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary. *See id.*, Ex. C. Accordingly, Phoenix satisfies the first requirement to serve as Lead Plaintiff of the Class.

### B.     Phoenix Has the "Largest Financial Interest" in the Action

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). To the best of its knowledge, Phoenix has the largest financial interest of any ATI investor seeking to serve as Lead Plaintiff. For the purposes of lead plaintiff appointment pursuant to the PSLRA, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. Nos. 97 C 2715 *et al.*, 1997 U.S. Dist. LEXIS 11866, at *17 (N.D. Ill. Aug. 6, 1997).

During the Class Period, Phoenix Insurance and Phoenix Pension jointly: (1) purchased 3,435,596 shares of ATI stock; (2) expended $34,696,589 on purchases of ATI stock; (3) retained all shares of ATI stock at the end of the Class Period; and (4) incurred losses of approximately $21,205,359 in connection with its transactions in ATI securities during the Class Period. *See* Lieberman Decl., Ex. A. To the extent that Phoenix possesses the largest financial interest in the outcome of this litigation, it is the presumptive "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### C.     Phoenix Otherwise Satisfies the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, at this stage of the litigation, only a preliminary showing of typicality and adequacy is required. *See*, *e.g.*, *Chandler v. Ulta Beauty, Inc.*, No. 18-cv-1577, 2018 U.S. Dist. LEXIS 107340, at *13 (N.D. Ill. June 26, 2018) (finding movant "has satisfied its burden by making a preliminary showing that it satisfies the requirements of Rule 23."); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) ("[A]t this stage of the litigation, only a preliminary showing of typicality and adequacy is required."). Moreover, "in the context of motions for lead plaintiff inquiries, courts . . . do not engage in a 'wide-ranging analysis under Rule 23,' and generally focus on only typicality and adequacy." *Gumm v. Molinaroli*, No. 16-CV-1093-PP, 2016 U.S. Dist. LEXIS 157155, at *14 (E.D. Wis. Nov. 14, 2016) (quoting *Lax*, U.S. Dist. LEXIS 11866, at *6); *see also In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) ("Typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA.").

The typicality requirement of Fed. R. Civ. P. 23(a)(3) requires that "'[a] claim . . arises from the same event or practice or course of conduct that gives rise to the claims of other class members' and is 'based on the same legal theory." *Bristol County Ret. Sys. v. Allscripts Healthcare Solutions, Inc.*, No. 12 C 3297, 2012 U.S. Dist. LEXIS 161441, at *15-*16 (N.D. Ill. Nov. 9, 2012) (quoting *Arreola v. Godinez*, 546 F.3d 788, 798 (7th Cir. 2008)). "A lead plaintiff meets the typicality requirements if its claims or defenses are typical of the claims or defenses of

the class." *Takara Trust v. Molex Inc.*, 229 F.R.D. 577, 580 (N.D. Ill. 2005) (quoting Fed. R. Civ. P. 23(a)(3)).

Phoenix's claims are typical of those of the Class. Phoenix alleges, as do all Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts and/or omitting to disclose material facts concerning ATI. Phoenix, as did all members of the Class, purchased ATI securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations and/or omissions that drove ATI's stock price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

"A lead plaintiff meets the adequacy requirement [of Rule 23(a)(4)] if (1) its claims are not antagonistic or in conflict with those of the class; (2) it has sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) it is represented by competent, experienced counsel who be able to prosecute the litigation vigorously." *Chandler*, 2018 U.S. Dist. LEXIS 107340, at *14 (quoting *City of Sterling Heights Gen. Emples. Ret. Sys. v. Hospira, Inc.*, No. 11 C 8332, 2012 U.S. Dist. LEXIS 54081, at *25 (N.D. Ill. Apr. 18, 2012)).

As set forth in greater detail below, in Pomerantz, Phoenix has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as these actions, and submits its choice of Pomerantz to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). There is no evidence of antagonism or conflict between Phoenix's interests and the interests of the Class. Phoenix has submitted a signed Certification executed by Menachem Neeman and Haggai Schreiber declaring its commitment to protecting the interests of

10

the Class (*see* Lieberman Decl., Ex. C), as well as a Declaration attesting to, *inter alia*, its background, its investing experience, its understanding of the responsibilities of a Lead Plaintiff, and its readiness to supervise counsel to prosecute these actions on behalf of the Class. Lieberman Decl., Ex. D. In addition, the significant losses incurred by Phoenix demonstrate that it has a sufficient interest in the outcome of this litigation to ensure vigorous adequacy.

As noted above, Phoenix is a sophisticated institutional investor with significant assets under management. As such, its appointment would be consistent with the PSLRA's preference for the appointment of institutional investors as class representatives in securities class actions. *See* H.R. Conf. Rep. No. 104-369, at 34 ("increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"). Indeed, courts in this Judicial District and the Seventh Circuit prefer appointment of institutional investors to lead complex securities class actions. *See, e.g.*, *Sokolow*, 2018 U.S. Dist. LEXIS 107339, at *16 ("The PSLRA reflects a 'presumption that institutional investors be appointed lead plaintiff.'") (quoting *Greebel*, 939 F. Supp. at 63); *Maiden*, 2006 U.S. Dist. LEXIS 85635, at *11 (finding institutional investor to be "entitled to preferential status under the PSLRA"). Moreover, Phoenix Insurance has had prior experience serving as Lead Plaintiff in the *Mylan* Action, wherein Phoenix Insurance serves as a class representative, and the *Ormat* Action, wherein Phoenix Insurance was successful in obtaining a $3.75 million settlement on behalf of investors.

### III. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with lead plaintiff's choice if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). *See also Maiden*, 2006 U.S. Dist. LEXIS 85635, at *14; *Kaplan v. S.A.C.*

*Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.") (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008)); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005).

Here, Phoenix has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume. Pomerantz is a premiere firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, and Tel Aviv, Israel. For more than 75 years, Pomerantz has represented defrauded investors. In 2018 alone, Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the fifth largest class action settlement ever achieved in the United States, as well as an $80 million recovery on behalf of investors in Yahoo! securities. *See* Lieberman Decl., Ex. E. More recently, Pomerantz announced as Co-Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it had achieved a $110 million settlement on behalf of the class in that action. *See* THE WALL STREET JOURNAL, *Fiat Chrysler to Settle Lawsuit for $110 Million*, April 8, 2019 (available at https://www.wsj.com/articles/fiat-chrysler-to-settle-lawsuit-for-110-million-11554746066). The foregoing achievements are part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement *in In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010. *See* Lieberman Decl., Ex. E.

As a result of Pomerantz's extensive experience in litigation involving issues similar to those raised in the instant actions, Phoenix's chosen counsel have the skill, knowledge, expertise, and experience that will enable them to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Phoenix's selection of Pomerantz as Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Phoenix respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Phoenix as Lead Plaintiff for the Class; and (3) approving its selection of Pomerantz as Lead Counsel for the Class.

Dated: October 15, 2021

Respectfully submitted,

POMERANTZ LLP

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com

POMERANTZ LLP
Patrick V. Dahlstrom
Louis C. Ludwig
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
pdahlstrom@pomlaw.com
lcludwig@pomlaw.com

POMERANTZ LLP
Orly Guy
Eitan Lavie

HaShahar Tower
Ariel Sharon 4, 34th Floor
Givatayim, Israel 5320047
Telephone: +972 (0) 3 624 0240
Facsimile: +972 (0) 3 624 0111
oguy@pomlaw.com
eitan@pomlaw.com

*Counsel for Lead Plaintiff Movant Phoenix*