**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KEVIN BURBIGE and ZIYANG NIE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ATI PHYSICAL THERAPY, INC. f/k/a FORTRESS VALUE ACQUISITION CORP. II, LABEED DIAB, JOSEPH JORDAN, ANDREW A. MCKNIGHT, JOSHUA A. PACK, MARC FURSTEIN, LESLEE COWEN, AARON F. HOOD, CARMEN A. POLICY, RAKEFET RUSSAK-AMINOACH, and SUNIL GULATI,<br><br>Defendants. | Case No. 1:21-cv-04349<br><br>Honorable Edmond E. Chang |

*Caption continued on next page.*

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF ITS SELECTION OF LEAD COUNSEL, AND CONSOLIDATION OF RELATED ACTIONS**

| | |
|---|---|
| CITY OF MELBOURNE FIREFIGHTERS' RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br><br>          Plaintiff,<br><br>      v.<br><br>ATI PHYSICAL THERAPY, INC. f/k/a FORTRESS VALUE ACQUISITION CORP. II, LABEED DIAB, JOSEPH JORDAN, ANDREW A. MCKNIGHT, JOSHUA A. PACK, MARC FURSTEIN, LESLEE COWEN, AARON F. HOOD, CARMEN A. POLICY, RAKEFET RUSSAK-AMINOACH, and SUNIL GULATI,<br><br>          Defendants. | Case No. 1:21-cv-05345<br><br>Honorable Edmond E. Chang |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

FACTUAL BACKGROUND ................................................................................................ 3

ARGUMENT ......................................................................................................................... 5

    I.   NYC CARPENTERS SHOULD BE APPOINTED LEAD PLAINTIFF .......................... 5

        A.  The PSLRA's Lead Plaintiff Procedural Prerequisites Have Been Met ........................ 6

        B.  NYC Carpenters Has the Largest Financial Interest in the Relief Sought by the Class ................................................................................................................................ 6

        C.  NYC Carpenters Satisfies the Applicable Requirements of Rule 23 ............................ 7

    II.  THE COURT SHOULD APPROVE NYC CARPENTERS' SELECTION OF LEAD COUNSEL ............................................................................................................ 9

    III. THE RELATED ACTIONS SHOULD BE CONSOLIDATED ....................................... 11

CONCLUSION ..................................................................................................................... 12

i

## TABLE OF AUTHORITIES

CASES                                                                                                    PAGE(S)

*In re Boeing Co. Aircraft Sec. Litig.*,
   2019 WL 6052399 (N.D. Ill. Nov. 15, 2019) ...................................................................2, 10

*In re Braskem S.A. Sec. Litig.*,
   2015 WL 5244735 (S.D.N.Y. Sept. 8, 2015)...........................................................................12

*Johnson v. Tellabs, Inc.*,
   214 F.R.D. 225 (N.D. Ill. 2002)........................................................................................7, 8

*In re Mattel, Inc. Securities Litigation*,
   2021 WL 4704578 (C.D. Cal. Oct. 6, 2021)...........................................................................11

*In re Motorola Sec. Litig.*,
   2003 WL 21673928 (N.D. Ill. July 16, 2003)...........................................................................9

*Plumbers & Pipefitters Loc. 562 Pension Fund v. MGIC Inv. Corp.*,
   256 F.R.D. 620 (E.D. Wis. 2009) ...........................................................................................6

*SEB Inv. Mgmt. AB v. Symantec Corp.*,
   2021 WL 1540996 (N.D. Cal. Apr. 20, 2021) ...................................................................10, 11

*Taubenfeld v. Career Educ. Corp.*,
   2004 WL 554810 (N.D. Ill. Mar. 19, 2004)...........................................................................12

*Yoshikawa v. Exxon Mobil Corp.*,
   No. 3:21-cv-00194-N, ECF No. 43 (N.D. Tex. June 10, 2021)...............................................11

STATUTES

15 U.S.C. § 78u-4 *et seq.* ................................................................................................ *passim*

OTHER AUTHORITIES

Fed. R. Civ. P. 23(a)(4)...................................................................................................................8

Fed. R. Civ. P. 42(a) .....................................................................................................................11

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 (1995).......................8

New York City District Council of Carpenters Pension Fund ("NYC Carpenters") respectfully submits this memorandum of law in support of its motion, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for entry of an order: (1) appointing NYC Carpenters as Lead Plaintiff in the above-captioned related securities class actions (the "Actions"); (2) approving NYC Carpenters' selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") as Lead Counsel for the Class; (3) consolidating the Actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure ("Rule 42(a)"); and (4) granting any further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

On October 7, 2021, City of Melbourne Firefighters' Retirement System ("Melbourne"), represented by Bernstein Litowitz, filed one of two related securities class action complaints alleging violations of Sections 10(b), 14(a), and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78n(a) and 78t(a)), and U.S. Securities and Exchange Commission ("SEC") Rules 10b-5 and 14a-9 promulgated thereunder (17 C.F.R. § 240.10b-5 and 17 C.F.R. § 240.14a-9), against ATI Physical Therapy, Inc. ("ATI" or the "Company") f/k/a Fortress Value Acquisition Corp. II ("FVAC") and certain of the Company's current and former senior executives and the former directors of FVAC (collectively, "Defendants"), on behalf of all investors that purchased or otherwise acquired ATI securities between February 22, 2021 and July 23, 2021, inclusive (the "Class Period") and/or held shares of FVAC Class A common stock as of May 24, 2021 and were eligible to vote at FVAC's June 15, 2021 special meeting.[1]     The Actions arise from

---

[1] Two related securities class actions are currently pending before this Court. *See Burbige v. ATI Physical Therapy, Inc. f/k/a Fortress Value Acquisition Corp. II*, No. 1:21-cv-04349 (N.D. Ill. filed Aug. 16, 2021) ("*Burbige*"); *City of Melbourne Firefighters' Retirement System v. ATI Physical Therapy, Inc. f/k/a Fortress Value Acquisition Corp. II*, No. 1:21-cv-05345 (N.D. Ill. filed Oct. 7,

misrepresentations made by Defendants regarding the extent to which employee attrition was impacting ATI's business. ATI investors, including NYC Carpenters, incurred significant losses following the Company's disclosures that it had drastically reduced its full-year earnings guidance and would open far fewer new clinics during 2021 than previously represented, which ATI attributed to significant attrition among its physical therapists and a competitive hiring market that significantly increased its labor costs.

Pursuant to the PSLRA, the Court is to appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the Class in this litigation and whether that movant has made a *prima facie* showing that it is a typical and adequate Class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Here, NYC Carpenters respectfully submits that it is the "most adequate plaintiff" under the PSLRA's analysis and should be appointed Lead Plaintiff. NYC Carpenters is the "most adequate plaintiff" by virtue of, among other things, the approximately $800,000 in losses that it incurred on its purchases of 130,768 shares of FVAC Class A common stock during the Class Period, all of which were held on May 24, 2021 (the "Record Date") and eligible to vote at FVAC's June 15, 2021 special meeting of stockholders and were exchanged for shares of ATI common stock upon completion of the merger of ATI and FVAC. NYC Carpenters' substantial

---

2021) ("*City of Melbourne*"). The allegations in the Actions are substantially similar, but *Burbige* asserts a class period of April 1, 2021 through July 23, 2021, while *City of Melbourne* asserts a class period of February 22, 2021 through July 23, 2021. For purposes of appointing a lead plaintiff, courts generally apply the longest class period. *See, e.g., In re Boeing Co. Aircraft Sec. Litig.*, 2019 WL 6052399, at *3 (N.D. Ill. Nov. 15, 2019). As such, the class period asserted in *City of Melbourne* is relied upon for this motion.

financial interest will ensure the vigorous prosecution of investors' claims.[2]

In addition to asserting the largest financial interest, NYC Carpenters readily satisfies the relevant requirements of Rule 23 because its claims are typical of all members of the Class and it will fairly and adequately represent the Class. Indeed, NYC Carpenters is a paradigmatic Lead Plaintiff under the PSLRA because it is a sophisticated institutional investor with a significant financial interest in the litigation, and it has experience serving as a lead plaintiff in other securities class action litigation and supervising the work of outside counsel. Further, NYC Carpenters fully understands the Lead Plaintiff's obligations to the Class under the PSLRA and it is willing and able to undertake those responsibilities to ensure the vigorous prosecution of this action. Accordingly, NYC Carpenters has both the incentive and ability to supervise and monitor counsel.

NYC Carpenters has further demonstrated its adequacy by selecting Bernstein Litowitz to serve as Lead Counsel for the Class. Bernstein Litowitz is a nationally recognized securities class action litigation firm that has recovered billions of dollars for the benefit of defrauded investors, and is eminently qualified to prosecute this case. Based on NYC Carpenters' financial interest in the outcome of this action, and its ability to oversee counsel, NYC Carpenters respectfully requests that the Court appoint it as Lead Plaintiff and otherwise grant its motion.

## FACTUAL BACKGROUND

Headquartered in Bolingbrook, Illinois, ATI is a physical therapy provider, specializing in outpatient rehabilitation and adjacent healthcare services, and operates nearly 900 physical therapy

---

[2] NYC Carpenters' PSLRA-required Certification is attached as Exhibit A to the Declaration of Avi Josefson in Support of the Motion of New York City District Council of Carpenters Pension Fund for Appointment as Lead Plaintiff, Approval of Its Selection of Lead Counsel, and Consolidation of Related Actions ("Josefson Decl."). In addition, a chart providing calculations of NYC Carpenters' losses is provided as Exhibit B to the Josefson Decl. All citations and internal quotations are omitted unless noted.

3

clinics across 24 states. As a provider of rehabilitation services, the Company's ability to recruit and retain a sufficient number of physical therapists to meet patient demand is vital to the success and growth of ATI's business.

ATI became a publicly traded company through a merger with FVAC, which was incorporated in June 2020 as a special purpose acquisition company, or "SPAC." A SPAC is a shell or "blank check" company formed for the sole purpose of raising money through a public offering to eventually acquire one or more companies. On February 22, 2021, ATI and FVAC announced a proposed merger, through which ATI would become a publicly traded company (the "Merger"). On May 14, 2021, FVAC filed its definitive proxy statement with the SEC, soliciting votes in favor of the Merger. Only holders of FVAC common stock at the close of business on the Record Date were entitled to vote on the Merger at FVAC's special meeting of stockholders on June 15, 2021. In connection with the Merger, FVAC shareholders had the option to either retain their shares, which would convert to shares of ATI Class A common stock upon completion of the Merger, or redeem their shares for $10.00 per share in cash, whether those shareholders voted for or against the Merger, or abstained from voting. On June 17, 2021, ATI completed the Merger with FVAC, and shares of ATI's common stock began publicly trading on the New York Stock Exchange.

Throughout the Class Period and in connection with soliciting shareholder approval of the Merger, ATI falsely touted the Company's high rate of retention of its physical therapists and adequate clinical staffing levels, and repeatedly affirmed its full-year earnings guidance for 2021. ATI also assured investors that it was poised for growth and expected to open at least 90 new clinics in 2021. The Company also represented that it faced purported risks regarding increased competition for clinicians in the labor market and its ability to attract and retain physical therapists.

4

In reality, however, prior to the Merger ATI was experiencing severe attrition among its physical therapists and facing increasing competition in the labor market. As a result, ATI could not retain enough physical therapists to serve patient demand and incurred increased labor costs, which negatively impacted its business and limited its ability to open new clinics. As a result of these misrepresentations, ATI securities traded at artificially inflated prices throughout the Class Period.

The truth was disclosed on July 26, 2021, less than two months after the Merger closed, when ATI drastically reduced its full-year earnings guidance and revealed that it would only open between 55 and 65 new clinics in 2021—far short of the 90 clinics it had told investors it would open. The Company attributed its guidance cut to significant attrition among its physical therapists, which prevented it from meeting patient demand, and a competitive hiring market, which significantly increased its labor costs. As a result of these disclosures, the price of ATI stock declined over 43%, from $8.34 per share to $4.72 per share.

## ARGUMENT

## I. NYC CARPENTERS SHOULD BE APPOINTED LEAD PLAINTIFF

NYC Carpenters should be appointed Lead Plaintiff because it is the plaintiff "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B). When selecting a Lead Plaintiff, the PSLRA establishes a presumption that the "most adequate plaintiff" is the movant with the "largest financial interest" in the relief sought by the Class, and has made a *prima facie* showing that it meets the typicality and adequacy requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). As set forth below, NYC Carpenters believes it is the "most adequate plaintiff" because it has the largest financial interest of any qualified movant, satisfies the typicality and adequacy requirements of Rule 23, and is a sophisticated institutional investor with the skills and resources to oversee and vigorously prosecute this action.

5

**A.      The PSLRA's Lead Plaintiff Procedural Prerequisites Have Been Met**

The PSLRA establishes a procedure that governs the appointment of a Lead Plaintiff in securities class actions. *See* 15 U.S.C. § 78u-4(a)(1). Under the PSLRA, any Class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II), B(iii)(I)(aa). On August 16, 2021, Kevin Burbige and Ziyang Nie filed the first of the Actions, asserting a class period of April 1, 2021 through July 23, 2021. *See Burbige*, ECF No. 1 ¶1. That same day, counsel for Burbige and Nie published a notice on *Business Wire* alerting investors to the pendency of the action, which triggered the October 15, 2021 deadline to seek Lead Plaintiff appointment. *See* Josefson Decl., Ex. C. Then, on October 7, 2021, Melbourne filed a substantially similar action asserting an expanded Class Period of February 22, 2021 through July 23, 2021. *See City of Melbourne*, ECF No. 1 ¶1. That same day, Melbourne's counsel, Bernstein Litowitz, published a notice on *PR Newswire* alerting investors to the expanded Class Period and reiterating the October 15, 2021 deadline.[3] *See* Josefson Decl., Ex. D. Accordingly, NYC Carpenters' motion is timely under the PSLRA's 60-day motion requirement.

**B.      NYC Carpenters Has the Largest Financial Interest in the Relief Sought by the Class**

NYC Carpenters should be appointed Lead Plaintiff because it has the largest financial interest in the relief sought by the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). NYC Carpenters incurred substantial losses of approximately $800,000 on its Class Period purchases of

---

[3] The filing of subsequent actions alleging different class periods does not alter the 60-day deadline for the filing of motions to appoint lead plaintiff. *See Plumbers & Pipefitters Loc. 562 Pension Fund v. MGIC Inv. Corp.*, 256 F.R.D. 620, 622-23 (E.D. Wis. 2009) (noting that where "more than one action on behalf of a class asserting substantially the same claim or claims has been filed, only the plaintiff in the first-filed action need file a notice" and "[o]nce notice has been filed, potential lead plaintiffs have sixty days to file a motion to serve as lead plaintiff of the purported class").

6

130,768 shares of FVAC Class A common stock, all of which were held on the Record Date and were exchanged for shares of ATI common stock upon completion of the Merger during the Class Period. *See* Josefson Decl., Exs. A-B. NYC Carpenters is unaware of any other movant seeking Lead Plaintiff appointment that has a larger financial interest in the outcome of the litigation. Accordingly, as a qualified movant with the largest financial interest, NYC Carpenters is the presumptive "most adequate plaintiff" and should be appointed Lead Plaintiff to represent the Class in this litigation. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

**C.      NYC Carpenters Satisfies the Applicable Requirements of Rule 23**

In addition to possessing the largest financial interest, NYC Carpenters satisfies the requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). On a motion to serve as lead plaintiff, the movant need only make a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements. *See Johnson v. Tellabs, Inc.*, 214 F.R.D. 225, 228 (N.D. Ill. 2002). Here, NYC Carpenters unquestionably satisfies both requirements.

NYC Carpenters' claims are typical of the claims of other Class members. Typicality exists where the lead plaintiff's claims "arise from the same event or practice or course of conduct that gives rise to the claims of class members and his or her claims are based on the same legal theory." *Id*. Here, NYC Carpenters' and all other Class members' claims arise from the same course of events, and their legal arguments to prove Defendants' liability are virtually identical. Like other Class members, NYC Carpenters purchased ATI securities during the Class Period at prices artificially inflated as a result of Defendants' materially false and misleading statements and suffered damages thereby. *See id*. Moreover, NYC Carpenters also held more than 130,000 shares of FVAC Class A common stock as of the Record Date and was eligible to vote on the Merger. Therefore, NYC Carpenters also has standing to assert claims under Section 14(a) of the Exchange Act on behalf of similarly situated Class members against Defendants for their misrepresentations

7

made in connection with soliciting shareholder approval of the Merger.

NYC Carpenters similarly satisfies the adequacy requirement of Rule 23. Under Rule 23(a)(4), a representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Adequacy is established where the proposed lead plaintiff demonstrates that: "(1) [its] claims are not antagonistic or in conflict with those of the class; (2) [it] has sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) [it] is represented by competent, experienced counsel who [is] able to prosecute the litigation vigorously." *Tellabs*, 214 F.R.D. at 228-29; *see also* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). NYC Carpenters satisfies these elements because its substantial financial stake in the litigation provides NYC Carpenters with the incentive to vigorously represent the Class' interests. NYC Carpenters' interests are perfectly aligned with those of other Class members and there are no facts to suggest any actual or potential conflict of interest or other antagonism between NYC Carpenters and other members of the Class.

Further, NYC Carpenters has experience serving as a lead plaintiff and supervising the work of outside counsel. Based on its experience serving as a lead plaintiff, NYC Carpenters fully understands the Lead Plaintiff's obligations to the Class under the PSLRA to oversee and supervise the litigation separate and apart from counsel, and has submitted a sworn Certification as to its willingness and ability to fulfill these responsibilities here. *See* Josefson Decl., Ex. A. Indeed, NYC Carpenters currently serves as lead plaintiff, with Bernstein Litowitz as lead counsel, in *In re SolarWinds Corp. Sec. Litig.*, No. 21-cv-138 (W.D. Tex.).

In addition, NYC Carpenters—a large, sophisticated institutional investor experienced in acting as a fiduciary—is exactly the type of investor Congress sought to empower, through the enactment of the PSLRA, to lead securities class actions. *See* H.R. Conf. Rep. No. 104-369, at *34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995) (explaining that "increasing the role

8

of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"); *see also In re Motorola Sec. Litig.*, 2003 WL 21673928, at *3 (N.D. Ill. July 16, 2003) (same).

Finally, NYC Carpenters has demonstrated its adequacy through its selection of Bernstein Litowitz—a highly qualified and experienced securities class action law firm—to serve as Lead Counsel. As discussed more fully below, Bernstein Litowitz has repeatedly demonstrated its ability to conduct complex securities class action litigation effectively. Accordingly, NYC Carpenters satisfies Rule 23's typicality and adequacy requirements.

## II. THE COURT SHOULD APPROVE NYC CARPENTERS' SELECTION OF LEAD COUNSEL

The PSLRA expressly provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should not disturb a proposed lead plaintiff's choice of counsel unless "necessary to protect the interests of the plaintiff class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

The Court should approve NYC Carpenters' selection of Bernstein Litowitz to serve as Lead Counsel for the Class. As detailed in its firm résumé, Bernstein Litowitz is among the preeminent securities class action law firms in the country and has extensive experience serving as lead counsel in securities class actions. *See* Josefson Decl., Ex. E (Bernstein Litowitz Firm Résumé). For example, Bernstein Litowitz served as lead counsel in *In re WorldCom, Inc. Securities Litigation*, No. 02-cv-03288 (S.D.N.Y.), in which settlements totaling in excess of $6 billion—the second largest recovery in securities class action history—were obtained for the class. Bernstein Litowitz also secured a resolution of $2.43 billion in *In re Bank of America Corp. Securities, Derivative & ERISA Litigation*, No. 09-md-2058 (S.D.N.Y.). More recently, Bernstein Litowitz obtained a $1.06 billion recovery (inclusive of attorneys' fees) in *In re Merck & Co., Inc.*

*Securities, Derivative & "ERISA" Litigation*, No. 05-cv-1151 (D.N.J.).

Other significant examples in which courts in this District have recognized Bernstein Litowitz as adequate and qualified class counsel in securities class actions include: *Hughes v. Huron Consulting Grp., Inc.*, No. 09-cv-4734 (N.D. Ill.) ($38 million recovery); *La. Firefighters' Ret. Sys. v. N. Trust Invs., N.A.*, No. 09-cv-7203 (N.D. Ill.) ($28.25 million recovery); *In re Akorn, Inc. Data Integrity Sec. Litig.*, No. 18-cv-1713 (N.D. Ill.) ($27.5 million recovery); and *In re Navigant Consulting, Inc. Sec. Litig.*, No. 99-cv-7617 (N.D. Ill.) ($23 million recovery). Moreover, Bernstein Litowitz currently serves as lead counsel in *In re Kraft Heinz Securities Litigation*, No. 19-cv-1339 (N.D. Ill.) and *In re The Boeing Company Aircraft Securities Litigation*, No. 19-cv-2394 (N.D. Ill.). *See Boeing*, 2019 WL 6052399, at *9 n.12 (noting Bernstein Litowitz's "extensive experience and record of success on behalf of investors in many substantial securities fraud class actions").

Separately, NYC Carpenters brings to the Court's attention an order issued by the United States District Court for the Northern District of California in an unrelated action where Bernstein Litowitz has been serving as lead counsel for lead plaintiff SEB Investment Management AB, and class counsel for the certified class. *See SEB Inv. Mgmt. AB v. Symantec Corp.*, 2021 WL 1540996, at *1 (N.D. Cal. Apr. 20, 2021) (Josefson Decl., Ex. F). As reflected in the order, counsel for an unsuccessful lead plaintiff movant raised questions about Bernstein Litowitz's hiring of a former employee of the lead plaintiff. Following discovery and extensive briefing, the court found that the evidence did not establish a *quid pro quo*, and allowed Bernstein Litowitz to continue as class counsel. *See id.* at *1-2. The court nevertheless ordered Bernstein Litowitz to bring the order to the attention of any court in which Bernstein Litowitz seeks appointment as class counsel, and also to the decision maker for the proposed lead plaintiff who is selecting class counsel. *See id.* at *2.

10

Bernstein Litowitz has provided the order to NYC Carpenters and discussed its content and circumstances with NYC Carpenters. NYC Carpenters has considered the order and affirms its selection of Bernstein Litowitz to represent it as Lead Plaintiff. Importantly, courts have repeatedly approved Bernstein Litowitz as lead counsel in securities class actions after being apprised of the *Symantec* order. *See* Order, *Yoshikawa v. Exxon Mobil Corp.*, No. 3:21-cv-00194-N, ECF No. 43 at 3 (N.D. Tex. June 10, 2021) (finding that "the requirements of Rule 23" were "satisf[ied]") (Josefson Decl., Ex. G); *see also* Order, *Emps.' Ret. Sys. of the City of Fort Worth v. James River Grp. Holdings, Ltd.*, No. 3:21-cv-00444-MHL, ECF No. 20 (E.D. Va. Sept. 22, 2021) (Josefson Decl., Ex. H). Bernstein Litowitz was also recently appointed class counsel in *In re Mattel, Inc. Securities Litigation,* 2021 WL 4704578 (C.D. Cal. Oct. 6, 2021), after the court was informed of the *Symantec* order. *See id.* at *7.

Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve NYC Carpenters' selection of Bernstein Litowitz as Lead Counsel for the Class.

## III. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

There are at least two related securities class actions currently pending in this District:

| Case Number | Abbreviated Case Name | Date Filed |
|---|---|---|
| 1:21-cv-04349 | *Burbige v. ATI Physical Therapy, Inc. f/k/a Fortress Value Acquisition Corp. II* | 08/16/2021 |
| 1:21-cv-05345 | *City of Melbourne Firefighters' Retirement System v. ATI Physical Therapy, Inc. f/k/a Fortress Value Acquisition Corp. II* | 10/07/2021 |

Under Rule 42(a), consolidation is appropriate when the actions involve common questions of fact or law. *See* Fed. R. Civ. P. 42(a). Here, the Actions present virtually identical factual and legal issues because they both allege claims under Sections 10(b), 14(a), and 20(a) of the Exchange Act and arise out of substantially similar alleged misstatements and omissions by the same

11

Defendants. *See Taubenfeld v. Career Educ. Corp.*, 2004 WL 554810, at *1 (N.D. Ill. Mar. 19, 2004) (consolidating six related securities class actions because "each asserts similar if not overlapping claims for relief"). While the *Burbige* action asserts a shorter class period than the *City of Melbourne* action, these minor differences do not render consolidation inappropriate because the Actions present sufficiently common questions of fact and law. *See In re Braskem S.A. Sec. Litig.*, 2015 WL 5244735, at *3 n.5 (S.D.N.Y. Sept. 8, 2015) (noting that "courts routinely consolidate securities class actions despite minor differences in class periods where, as here, it is clear that there are common questions of law and fact"). In addition, the interests of judicial economy weigh heavily in favor of consolidating the Actions given the substantial overlap of common factual and legal issues between them. *See Career Educ. Corp.*, 2004 WL 554810, at *1 ("[G]iven the similarity of the claims, the court believes that consolidation of these cases will result in substantial savings of judicial time and effort."). Accordingly, the Court should consolidate the Actions and any other subsequently filed or transferred actions that are related to the claims in this matter.

## CONCLUSION

For the reasons discussed above, NYC Carpenters respectfully requests that the Court: (1) appoint NYC Carpenters as Lead Plaintiff; (2) approve its selection of Bernstein Litowitz as Lead Counsel for the Class; (3) consolidate the Actions; and (4) grant any further relief as the Court may deem just and proper.

Dated: October 15, 2021

Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

*/s/ Avi Josefson*
Avi Josefson
875 North Michigan Avenue, Suite 3100
Chicago, Illinois 60611

12

Telephone: (312) 373-3880
Facsimile: (312) 794-7801
avi@blbglaw.com

-and-

Hannah Ross, *pro hac vice* forthcoming
Scott R. Foglietta, *pro hac vice* forthcoming
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
hannah@blbglaw.com
scott.foglietta@blbglaw.com

*Counsel for Proposed Lead Plaintiff New
York City District Council of Carpenters
Pension Fund and Proposed Lead Counsel for
the Class*

13