UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN BURBIGE and ZIYANG NIE, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | Case No. 1:21-cv-04349 <u>CLASS ACTION</u> |
| Plaintiffs, | ) ) ) | Judge Edmond E. Chang |
| vs. | ) ) ) | |
| ATI PHYSICAL THERAPY, INC. f/k/a FORTRESS VALUE ACQUISITION CORP. II, et al., | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

4853-1926-3999.v1

## I.  INTRODUCTION

This securities class action lawsuit was filed on August 16, 2021 on behalf of persons and entities that: (a) purchased or acquired ATI Physical Therapy, Inc. ("ATI" or the "Company") securities between April 1, 2021 and July 23, 2021, both dates inclusive (the "Class Period"); and/or (b) held Fortress Value Acquisition Corp. II ("FVAC") Class A common stock as of May 24, 2021 and were eligible to vote at FVAC's June 15, 2021 special meeting.  This action was brought pursuant to §§10(b), 14(a), and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§78j(b), 78n(a), and 78t(a), and Securities and Exchange Commission ("SEC") Rules 10b-5 and 14a-4 (17 C.F.R. §240.10b-5 and 17 C.F.R. §240.14a-4).

The Private Securities Litigation Reform Act of 1995 ("PSLRA") dictates that, in securities actions, the Court "shall appoint the most adequate plaintiff as lead plaintiff."  15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the member "of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i).

Construction Industry Laborers Pension Fund, Local 353, I.B.E.W. Pension Fund, and Local 295 IBT Employer Group Pension Trust and Welfare Funds (collectively, the "Union Funds"), should be appointed lead plaintiff because they filed a timely motion, have a significant financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, the Union Funds' selection of Robbins Geller Rudman & Dowd LLP to serve as lead counsel is reasonable and should be approved.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.  FACTUAL BACKGROUND

FVAC was launched as a special purpose acquisition company or "SPAC."  By way of background, SPACs, like FVAC, are often referred to as "blank check companies" because they

- 1 -

4853-1926-3999.v1

have no business or operations at the time of formation. Instead, SPAC sponsors use proceeds from public offerings for the purpose of effecting a merger, capital stock exchange, asset acquisition, stock purchase, reorganization, or similar business combination with one or more businesses. FVAC completed its initial public offering on August 14, 2020, selling 34.5 million units at $10.00 per unit. Each unit consists of one share of FVAC Class A common stock and one-fifth of one redeemable public warrant of FVAC, whereby each public warrant entitles the holder to purchase one share of FVAC Class A common stock at an exercise price of $11.50 per share.

Headquartered in Bolingbrook, Illinois, ATI is an outpatient physical therapy company that owns and operates nearly 900 physical therapy clinics across 25 states. On June 17, 2021, ATI became a publicly traded company following a merger with FVAC. ATI's Class A common stock trades on the New York Stock Exchange under the ticker ATIP and its redeemable warrants under the symbol ATIP WS.

The complaint alleges that, throughout the Class Period, defendants made false and misleading statements and failed to disclose that: (i) ATI was experiencing attrition among its physical therapists; (ii) ATI faced increasing competition for clinicians in the labor market; (iii) as a result, ATI faced difficulties retaining therapists and incurred increased labor costs; (iv) given the labor shortage, ATI would open fewer new clinics; and (v) consequently, defendants' positive statements about ATI business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

On July 26, 2021, ATI reported its financial results for the second quarter of 2021, the period in which the business combination was completed. Among other things, ATI reported that "the acceleration of attrition among [its] therapists in the second quarter and continuing into the third quarter, combined with the intensifying competition for clinicians in the labor market, prevented us from being able to meet the demand we have and increased our expectations for labor costs." ECF

- 2 -

4853-1926-3999.v1

No. 1 at ¶41. Though ATI was implementing certain remedial actions, the Company reduced its fiscal 2021 forecast due to the foregoing factors.

The complaint alleges that on this news, ATI Class A common stock suffered a single-session decline of over 40%, and continued to decline the next trading session by nearly 20%. FVAC investors who could have voted against FVAC's merger with ATI and redeemed their shares at $10.00 per share suffered a loss of $5.28 per share.

As a result of defendants' wrongful acts and omissions, and the decline in the market value of ATI's securities, the Union Funds and other class members have suffered significant losses and damages.

## III. ARGUMENT

### A. The Union Funds Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice in this case was published on August 16, 2021 via *Business Wire*. Motion, Ex. A.

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

- 3 -

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). The Union Funds meet these requirements and should therefore be appointed Lead Plaintiff.

### 1. The Motion Is Timely

The August 16, 2021 statutory notice published in this case advised purported class members of the pendency of the action, the claims asserted, the proposed class period, and the right to move the Court to be appointed as lead plaintiff within 60 days, or by October 15, 2021. *See* Motion, Ex. A; 15 U.S.C. §78u-4(a)(3)(A). Because the Union Funds' motion was timely filed by the statutory deadline, they are eligible for appointment as lead plaintiff.

### 2. The Union Funds Have the Largest Financial Interest in the Relief Sought by the Class

As evidenced by their Certifications and the accompanying loss chart, the Union Funds purchased 210,513 shares of ATI Class A common stock during the Class Period and suffered approximately $1.175 million in losses as a result of defendants' alleged misconduct. *See* Motion, Exs. B, C.[1] With respect to the §14(a) claims alleged in the action, as of May 24, 2021, the Construction Industry Laborers Pension Fund of the Union Funds held 101,205 shares of FVAC Class A common stock, were eligible to vote at FVAC's June 15, 2021 special meeting, and suffered damages due to defendants' alleged misconduct. *See* Motion, Ex. B.

---

[1] A follow-on complaint was filed on October 7, 2021 with nearly identical allegations to the complaint in the instant case but with a class period start date of February 22, 2021. *See City of Melbourne Firefighters' Ret. Sys. v. ATI Physical Therapy, Inc. f/k/a Fortress Value Acquisition Corp. II*, No. 1:21-cv-05345 (N.D. Ill.). The Union Funds do not have any additional transactions in the expanded portion of the *Melbourne Firefighters* complaint and the Union Funds' financial interest is therefore not affected.

- 4 -

To the best of their counsel's knowledge, there are no other plaintiffs with a larger financial interest. Therefore, the Union Funds satisfy the PSLRA's prerequisite of having the largest financial interest.

### 3. The Union Funds Satisfy the Rule 23 Typicality and Adequacy Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4). Only two of the Rule 23 requirements pertain to the lead plaintiff motion: typicality and adequacy. *Mortimer v. Diplomat Pharmacy Inc.*, 2019 WL 3252221, at \*4 (N.D. Ill. July 19, 2019). "'[A] plaintiff's claims are typical if they "arise[ ] from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory."'" *Id.* (citation omitted). "'A lead plaintiff meets the adequacy requirement if (1) its claims are not antagonistic or in conflict with those of the class; (2) it has sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) it is represented by competent, experienced counsel who be able to prosecute the litigation vigorously.'" *Id.* (citation omitted).

The Union Funds satisfy both requirements. Indeed, their claims are typical the claims of the class as a whole. Like the purported class members, the Union Funds claim to have sustained losses from defendants' misrepresentations and inflations of stock value, and these claims arise under the same theory that defendants' course of conduct violated federal securities laws. Just like other class members, the Union Funds: (1) purchased ATI securities during the Class Period and/or held FVAC Class A common stock on May 24, 2021; (2) were adversely affected by defendants' false and

- 5 -

misleading statements; and (3) suffered damages thereby.  Consistent with the PSLRA, the Union Funds' Certifications set forth their transactions in ATI securities during the Class Period.  The Union Funds have not conflated their own financial interest with the ATI transactions of any third-party entities in which the Union Funds may have invested.  As such, the Union Funds have a significant direct interest in the outcome of this action, ensuring they will vigorously represent the class.

The Union Funds are adequate because their interests are fully aligned with those of the putative class and there is no evidence of any antagonism between the Union Funds' interests and the class's interests.  The Union Funds are sophisticated fiduciaries and experienced lead plaintiff movants, who are aware of the requirements and responsibilities of being a lead plaintiff in a securities class action and are willing to undertake these responsibilities on behalf of the class.  *See* Motion, Ex. D.  The Union Funds' substantial losses provide the requisite interest to ensure vigorous advocacy.  In addition, as shown below, the Union Funds have retained competent and experienced counsel to prosecute these claims.

The Union Funds are precisely the type of institutional investors whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA: "Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members." *In re Cendant Corp. Litig*., 264 F.3d 201, 273 (3d Cir. 2001); *Mortimer*, 2019 WL 3252221, at *2 ("'[t]he largest financial interest provision [of the PSLRA] seeks to increase the likelihood that institutional investors will serve as lead plaintiffs'") (citation omitted).

- 6 -

4853-1926-3999.v1

Because the Union Funds filed a timely motion, have a large financial interest in the relief sought by the class, and demonstrated their typicality and adequacy, the Court should adopt the presumption that they are the "most adequate plaintiff."

**B.      The Court Should Approve the Union Funds' Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Here, the Union Funds have selected Robbins Geller to serve as lead counsel for the proposed class.

Robbins Geller possesses the experience and resources necessary to successfully prosecute this large and complex action for the benefit of the class. With more than 200 attorneys in offices nationwide, including within this District, Robbins Geller possesses substantial experience in complex securities litigation.[2] Courts in this District and throughout the nation have noted Robbins Geller's reputation for excellence, resulting in the appointment of Robbins Geller to lead roles in hundreds of securities class actions and other complex litigations. *See, e.g.*, *Mortimer*, 2019 WL 3252221, at *2; *Flynn v. Exelon Corp.*, No. 1:19-cv-08209, ECF No. 64 (N.D. Ill. July 21, 2020).

For example, in *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, No. 1:02-cv-05893 (N.D. Ill.), Robbins Geller, as sole lead counsel, obtained a record-breaking settlement of $1.575 billion after 14 years of litigation, including a 6-week jury trial in 2009 that resulted in a securities fraud verdict in favor of the class. The settlement is the largest ever following a securities fraud class action trial, the largest securities fraud settlement in the Seventh Circuit, and the seventh-largest settlement ever in a post-PSLRA securities fraud case. Judge Alonso, who presided over the action, stated that "[Robbins Geller] performed a very high-quality legal work in

---

[2]      For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com. A hard copy of the Firm's resume is available upon the Court's request, if preferred.

- 7 -

the context of a thorny case in which the state of the law has been and is in flux. They achieved an exceptionally significant recovery for the class. And the Court agrees . . . that it was, in fact, a spectacular result for the class." *Household*, No. 1:02-cv-05893, ECF No. 2261 at 65 (N.D. Ill. Oct. 20, 2016). Likewise, in *Silverman v. Motorola, Inc.*, 2012 WL 1597388, at *3 (N.D. Ill. May 7, 2012), *aff'd*, 739 F.3d 956 (7th Cir. 2013), Judge Amy J. St. Eve noted "[t]he representation that [Robbins Geller] provided to the class was significant, both in terms of quality and quantity." *Id.* Additionally, Robbins Geller has obtained the largest securities fraud class action recovery in the Fifth, Sixth, Eighth, Tenth, and Eleventh Circuits.[3]

If the Union Funds' selection of counsel is approved, James E. Barz, the managing partner of Robbins Geller's Chicago office, will serve as lead trial counsel. Mr. Barz is a registered CPA, a former federal prosecutor, and an adjunct professor at Northwestern University School of Law from 2008 to 2021. Earlier this year, Mr. Barz obtained final approval of a ***$1.2 billion*** settlement in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658 (D.N.J.), a case that *Vanity Fair* reported as "the corporate scandal of its era" that had raised "fundamental questions about the functioning of our healthcare system, the nature of modern markets, and the slippery slope of ethical rationalizations." *Valeant* is the largest securities class action settlement against a pharmaceutical manufacturer and the ninth largest securities class action settlement ever. Most recently, Mr. Barz was honored in

---

[3]     *See In re Enron Corp. Sec.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

- 8 -

September 2021 by the Judges of this District with an Award for Excellence in Pro Bono Service for his work for the rights of the incarcerated.[4]

As a result, the putative class's interests in this case will be well represented if the Court approves the Union Funds' selection of Robbins Geller as Lead Counsel.

## IV.     CONCLUSION

The Union Funds have satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, the Union Funds respectfully request that the Court appoint them as Lead Plaintiff and approve their selection of Lead Counsel.

DATED: October 15, 2021                          Respectfully submitted,

                                                 s/ Danielle S. Myers
                                                 DANIELLE S. MYERS

                                                 ROBBINS GELLER RUDMAN
                                                   & DOWD LLP
                                                 DANIELLE S. MYERS (ILND-GB-5711)
                                                 JENNIFER N. CARINGAL (ILND-GB-286197)
                                                 MICHAEL ALBERT
                                                 JUAN CARLOS SANCHEZ
                                                 655 West Broadway, Suite 1900
                                                 San Diego, CA  92101
                                                 Telephone:  619/231-1058
                                                 619/231-7423 (fax)
                                                 dmyers@rgrdlaw.com
                                                 jcaringal@rgrdlaw.com
                                                 malbert@rgrdlaw.com
                                                 jsanchez@rgrdlaw.com

---

[4]     *See*   https://www.rgrdlaw.com/news-awards-Federal-Court-Honors-Partner-Jim-Barzs-Fight-for-Constitutional-Rights-of-the-Incarcerated.html.

- 9 -

4853-1926-3999.v1

ROBBINS GELLER RUDMAN
  & DOWD LLP
JAMES E. BARZ (IL Bar # 6255605)
FRANK A. RICHTER (IL Bar # 6310011)
200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  312/674-4674
312/674-4676 (fax)
jbarz@rgrdlaw.com
frichter@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

KOSKIE MINSKY LLP
MICHAEL MAZZUCA
20 Queen Street West
Suite 900, Box 52
Toronto, Ontario M5H 3R3
Telephone:  416/977-8353
416/977-3316 (fax)
mmazzuca@kmlaw.ca

Additional Counsel for [Proposed] Lead Plaintiff

- 10 -

4853-1926-3999.v1

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on October 15, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Danielle S. Myers
DANIELLE S. MYERS

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: dmyers@rgrdlaw.com

4853-1926-3999.v1

# Mailing Information for a Case 1:21-cv-04349 Burbige et al v. ATI Physical Therapy, Inc. f/k/a Fortress Value Acquisition Corp. II et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **J. Alexander Hood , II**
  ahood@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,tcrockett@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com

- **Louis Carey Ludwig**
  lcludwig@pomlaw.com,kgutierrez@labaton.com

- **Carl V. Malmstrom**
  malmstrom@whafh.com

- **Charles F. Smith , Jr**
  cfsmith@skadden.com,chdocket@skadden.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)