# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KEVIN BURBIGE and ZIYANG NIE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ATI PHYSICAL THERAPY, INC. f/k/a FORTRESS VALUE ACQUISITION CORP. II, LABEED DIAB, JOSEPH JORDAN, ANDREW A. MCKNIGHT, JOSHUA A. PACK, MARC FURSTEIN, LESLEE COWEN, AARON F. HOOD, CARMEN A. POLICY, RAKEFET RUSSAK-AMINOACH, and SUNIL GULATI,<br><br>Defendants. | Case No. 1:21-cv-04349<br><br>Honorable Edmond E. Chang |

*Caption continued on next page.*

## NOTICE OF NON-OPPOSITION OF NEW YORK CITY
## DISTRICT COUNCIL OF CARPENTERS PENSION FUND

| | |
|---|---|
| CITY OF MELBOURNE FIREFIGHTERS' RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br><br>                Plaintiff,<br><br>                v.<br><br>ATI PHYSICAL THERAPY, INC. f/k/a FORTRESS VALUE ACQUISITION CORP. II, LABEED DIAB, JOSEPH JORDAN, ANDREW A. MCKNIGHT, JOSHUA A. PACK, MARC FURSTEIN, LESLEE COWEN, AARON F. HOOD, CARMEN A. POLICY, RAKEFET RUSSAK-AMINOACH, and SUNIL GULATI,<br><br>                Defendants. | Case No. 1:21-cv-05345<br><br>Honorable Edmond E. Chang |

NYC Carpenters respectfully submits this notice with respect to the pending motions for appointment as Lead Plaintiff and approval of selection of Lead Counsel.[1]

On October 15, 2021, NYC Carpenters filed a motion to be appointed Lead Plaintiff in the Actions, citing its loss of approximately $800,000 on its Class Period purchases of 130,768 shares of FVAC Class A common stock, all of which were held on the Record Date and eligible to be voted on the Merger, and were exchanged for shares of ATI common stock upon completion of the Merger. *See* ECF No. 24. In addition to NYC Carpenters' motion, five other lead plaintiff motions were filed by the statutory deadline: (1) The Phoenix Insurance Company Ltd. and The Phoenix Pension & Provident Funds (collectively, "Phoenix"), which incurred losses of approximately $21.2 million (*see* ECF Nos. 22; 23 at 2); (2) Construction Industry Laborers Pension Fund, Local 353, I.B.E.W. Pension Fund, Local 295 IBT Employer Group Pension Trust Fund, and Local 295 IBT Employer Group Welfare Fund, which incurred combined losses of approximately $1.17 million (*see* ECF Nos. 28; 29 at 4); (3) David Turk, who incurred a loss of approximately $457,000 (*see* ECF Nos. 12; 13 at 6); (4) Phillip Goldstein and The Freedom and Justice Foundation, Inc., which incurred combined losses of $88,500 (*see* ECF Nos. 10; 11 at 7); and (5) Brent Gatacre, who incurred a loss of approximately $84,000 (*see* ECF Nos. 17; 18 at 2).

Based upon a review of all filed motions, NYC Carpenters believes that Phoenix has the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Further, based upon a review of the motion filed by Phoenix as well as public information, it is clear that Phoenix—a sophisticated institutional investor with experience serving as a Lead Plaintiff in securities class actions—satisfies the adequacy and typicality requirements of Rule 23.

---

[1] All capitalized terms are defined in NYC Carpenters' opening brief unless otherwise noted. *See* ECF No. 26. All ECF references are to the *Burbige* action.

*See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Accordingly, NYC Carpenters is adhering to the PSLRA's clear dictate that the movant with "the largest financial interest" that "otherwise meets the requirements of Rule 23" be appointed as Lead Plaintiff by supporting Phoenix's motion to lead this action. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) and (cc).

While it is well established that a Lead Plaintiff need not have standing to sue on every possible cause of action, given NYC Carpenters' standing to assert claims under Section 14(a)—and Phoenix's lack thereof—NYC Carpenters stands ready, willing and able to assist Phoenix, if necessary, with the prosecution of this case, in general, and the Section 14(a) claims, in particular. *See Hevesi v. Citigroup, Inc.*, 366 F.3d 70, 82 (2d Cir. 2004) (recognizing that because "the PSLRA mandates that courts must choose a party who has, among other things, the largest financial stake in the outcome of the case, it is inevitable that, in some cases, the lead plaintiff will not have standing to sue on every claim").

Accordingly, for the reasons set forth above, NYC Carpenters does not oppose Phoenix's motion to be appointed as Lead Plaintiff. In the event the Court declines to appoint Phoenix, however, NYC Carpenters—as the movant with the second largest individual loss and the movant with the largest holdings of shares eligible to vote on the Merger—stands ready, willing, and able to serve as Lead Plaintiff in the Actions.

Dated: October 29, 2021            Respectfully submitted,

                                              **BERNSTEIN LITOWITZ BERGER**
                                                  **& GROSSMANN LLP**

                                              */s/ Avi Josefson*
                                              Avi Josefson
                                              875 North Michigan Avenue, Suite 3100
                                              Chicago, Illinois 60611
                                              Telephone: (312) 373-3880
                                              Facsimile: (312) 794-7801
                                              avi@blbglaw.com

-and-

Hannah Ross
Scott R. Foglietta
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
hannah@blbglaw.com
scott.foglietta@blbglaw.com

*Counsel for New York City District Council of Carpenters Pension Fund*

3