UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN BURBIGE and ZIYANG NIE, Individually and On Behalf of All Others Similarly Situated, | Civil Action No. 1:21-cv-04349 |
| Plaintiffs, | |
| v. | CLASS ACTION |
| ATI PHYSICAL THERAPY, INC. f/k/a FORTRESS VALUE ACQUISITION CORP. II, LABEED DIAB, JOSEPH JORDAN, ANDREW A. MCKNIGHT, JOSHUA A. PACK, MARC FURSTEIN, LESLEE COWEN, AARON F. HOOD, CARMEN A. POLICY, RAKEFET RUSSAK-AMINOACH, and SUNIL GULATI, | Hon. Edmond E. Chang |
| Defendants. | |
| CITY OF MELBOURNE FIREFIGHTERS' RETIREMENT SYSTEM, on behalf of itself and all others similarly situated, | Civil Action No. 1:21-cv-05345 |
| Plaintiff, | |
| v. | CLASS ACTION |
| ATI PHYSICAL THERAPY, INC. f/k/a FORTRESS VALUE ACQUISITION CORP. II, LABEED DIAB, JOSEPH JORDAN, ANDREW A. MCKNIGHT, JOSHUA A. PACK, MARC FURSTEIN, LESLEE COWEN, AARON F. HOOD, CARMEN A. POLICY, RAKEFET RUSSAK-AMINOACH, and SUNIL GULATI, | Hon. Edmond E. Chang |
| Defendants. | |

**MEMORANDUM OF LAW:**
**(1) IN FURTHER SUPPORT OF MOTION OF THE PHOENIX INSURANCE COMPANY LTD. AND THE PHOENIX PENSION & PROVIDENT FUNDS FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFFS, AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTION**

1

Movant Phoenix[1] respectfully submits this Memorandum of Law in further support of its motion for consolidation of the Related Actions, appointment as Lead Plaintiff and approval of its selection of Pomerantz as Lead Counsel (Dkt. No. 22); and in opposition to the competing motion of Brent Gatacre ("Gatacre") (Dkt. No. 17).[2]

## PRELIMINARY STATEMENT

The Related Actions are putative class action securities fraud lawsuits on behalf of investors in ATI securities. As with all federal class action securities fraud lawsuits, a lead plaintiff must be appointed. The PSLRA governs that process and, pursuant to the PSLRA, the Court must appoint as Lead Plaintiff the movant with the greatest financial interest in the outcome of the action; and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, that movant is Phoenix, having suffered approximately *$21.21 million* in losses in connection with its Class Period purchases of ATI securities as a result of the Defendants' alleged fraud. The chart below sets forth Phoenix's losses compared to those of the only competing movant:

---

[1] All capitalized terms herein are defined in Phoenix's moving brief, unless otherwise indicated. *See* Dkt. No. 23.

[2] Initially, four other putative class members or groups thereof filed similar competing motions: (i) a group consisting of Phillip Goldstein and the Freedom and Justice Foundation, Inc. (the "Goldstein Group") (Dkt. No. 10); (ii) David Turk ("Turk") (Dkt. No. 12); (iii) a group consisting of Construction Industry Laborers Pension Fund, Local 295 IBT Employer Group Pension Trust and Welfare Funds, and Local 353 I.B.E.W. Pension Fund (collectively, the "Institutional Investor Group") (Dkt. No. 28); and (iv) New York City District Council of Carpenters Pension Fund ("NYC Carpenters") (Dkt. No. 24). On October 26, 2021, the Goldstein Group filed a notice stating their non-opposition to the competing motions, acknowledging that "the Goldstein Group does not appear to have the 'largest financial interest in the relief sought by the class[.]'". Dkt. No. 33. On October 29, 2021, Turk and NYC Carpenters likewise filed notices of non-opposition acknowledging that they both lacked the largest financial interest in the litigation (Dkt. Nos. 34, 36), while the Institutional Investor Group filed a substantively similar response acknowledging that "it did not suffer the greatest loss" among the competing movants. Dkt. No. 35.

2



As the chart reflects, Phoenix's $21.21 million loss dwarves the $83,185 loss incurred by Gatacre, the only competing movant. It is thus beyond dispute that Phoenix possesses the largest financial interest of any movant within the meaning of the PSLRA. *See, e.g., City of Sterling Heights Gen. Emps. Rets. Sys. v. Hospira, Inc.*, No. 11 C 8332, 2012 U.S. Dist. LEXIS 54081, at *11-*12 (N.D. Ill. Apr. 18, 2012) (assessing financial interest with reference monetary loss); *In re Bally Total Fitness Sec. Litig.*, No. 04 C 3530, 2005 U.S. Dist. LEXIS 6243, at *14 (N.D. Ill. Mar. 15, 2005) (same).

In addition to its significant financial interest, Phoenix also readily satisfies the adequacy and typicality requirements of Rule 23. Phoenix is aware of no conflict between its interests and those of the Class, its significant losses incurred as a result of the alleged fraud give it a sufficient stake in the outcome of this litigation to ensure vigorous advocacy, and in Pomerantz, Phoenix has retained qualified and experienced counsel. *See, e.g., Chandler v. Ulta Beauty, Inc.*, No. 18-cv-1577, 2018 U.S. Dist. LEXIS 107340, at *14 (N.D. Ill. June 26, 2018). Moreover, the Phoenix entities—Phoenix Insurance and Phoenix Pension, both wholly owned by Phoenix Holdings—are sophisticated institutional investors, and thus paradigmatic lead plaintiffs of precisely the type that

Congress intended to serve as class representatives when it enacted the PSLRA. *See* H.R. Conf. Rep. No. 104-369, at 34 ("increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"). One of the entities, Phoenix Insurance, also possesses valuable prior experience directing securities class action litigation, gained from its experience serving as a Lead Plaintiff in the *Mylan* and *Ormat* Actions, which will benefit the Class if Phoenix is appointed as Lead Plaintiff. Phoenix's adequacy cannot reasonably be questioned.

With respect to typicality, Phoenix, like all members of the Class, purchased ATI securities at prices artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon disclosure of those misrepresentations or omissions. *See*, *e.g.*, *Bristol County Ret. Sys. v. Allscripts Healthcare Solutions, Inc.*, No. 12 C 3297, 2012 U.S. Dist. LEXIS 161441, at *15-*16 (N.D. Ill. Nov. 9, 2012); *Takara Trust v. Molex Inc.*, 229 F.R.D. 577, 580 (N.D. Ill. 2005). Its claims are thus typical of those of absent Class members.

For the reasons set forth herein, Phoenix respectfully requests that the Court grant its motion in all respect and deny the competing motions.

## ARGUMENT

### I. Phoenix Should Be Appointed Lead Plaintiff

The PSLRA creates a strong presumption that the Lead Plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The movant that has the largest financial interest must make only a *prima facie* showing of adequacy and typicality. *See*, *e.g.*, *Chandler v. Ulta Beauty, Inc.*, No. 18-cv-1577, 2018 U.S. Dist. LEXIS 107340, at *13 (N.D. Ill. June 26, 2018) (finding movant "has satisfied its burden by making a preliminary

4

showing that it satisfies the requirements of Rule 23."); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) ("[A]t this stage of the litigation, only a preliminary showing of typicality and adequacy is required."). Once this presumption is triggered, it may be rebutted only upon proof that the presumptive Lead Plaintiff will not fairly represent the interests of the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Here, the most adequate plaintiff is Phoenix.

### A. Phoenix Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). While the PSLRA itself does not provide any guidance concerning the method of calculating which plaintiff has the "largest financial interest," courts recognize that the amount of financial loss is the most significant factor to be considered. *See*, *e.g.*, *Hospira*, 2012 U.S. Dist. LEXIS 54081, at \*11-\*12; *Bally Total Fitness*, 2005 U.S. Dist. LEXIS 6243, at \*14; *Chandler*, 2018 U.S. Dist. LEXIS 107340, at \*8.

Under the foregoing analysis, no movant has alleged a larger financial interest in this litigation than Phoenix. As the chart at p. 2 reflects, Phoenix's loss of $21,205,359 is more than $21.1 million larger than that of Gatacre, the only competing movant. Phoenix thus plainly possesses the largest financial interest in this litigation by an overwhelming margin.

### B. Phoenix Satisfies the Requirements of Rule 23

Phoenix has also made the requisite *prima facie* showings of typicality and adequacy within the meaning of Rule 23. First, Phoenix satisfies the typicality requirement of Fed. R. Civ. P. 23(a)(3) because its claims in this litigation "arise[] from the same event or practice or course of conduct that gives rise to the claims of other class members' and is 'based on the same legal theory." *Allscripts*, 2012 U.S. Dist. LEXIS 161441, at \*15-\*16 (quoting *Arreola v. Godinez*, 546

F.3d 788, 798 (7th Cir. 2008)). Like all members of the Class, Phoenix purchased ATI securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions that drove ATI's stock price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

Second, Phoenix satisfies the adequacy requirement of Rule 23(a)(4) because "its claims are not antagonistic or in conflict with those of the class; (2) it has sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) it is represented by competent, experienced counsel who be able to prosecute the litigation vigorously." *Chandler*, 2018 U.S. Dist. LEXIS 107340, at \*14 (quoting *Hospira*, 2012 U.S. Dist. LEXIS 54081, at \*25). Here, there is no evidence of antagonism between Phoenix's claims and those of the Class; Phoenix's $21.21 million in losses ensure that Phoenix will vigorously pursue recovery on behalf of all Class members; and in Pomerantz, Phoenix has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions. Moreover, the Phoenix entities are both sophisticated institutional investors wholly owned by the same corporate parent, and Phoenix Insurance has valuable prior experience serving as Lead Plaintiff in the *Mylan* Action, a high-profile securities litigation wherein Phoenix Insurance successfully obtained class certification, as well as the *Ormat* Action, in which Phoenix Insurance succeeded in obtaining a $3.75 million settlement on behalf of damaged investors. There is simply no basis to question Phoenix's adequacy to serve as Lead Plaintiff in this litigation.

\*\*\*\*\*

Because Phoenix has the largest financial interest in the relief sought by the Class and otherwise satisfies the requirements of Rule 23, it is the presumptive "most adequate plaintiff" of the Class within the meaning of the PSLRA. To overcome the strong presumption entitling Phoenix to appointment as Lead Plaintiff, the PSLRA requires "***proof***" that the presumptive Lead Plaintiff is inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added). No such proof exists in this case and any speculative arguments to the contrary should be flatly rejected.

## II.     Gatacre's Competing Motion Should Be Denied

### A.     Gatacre Does Not Possess the Largest Financial Interest

Gatacre may not be appointed as Lead Plaintiff in this litigation because he lacks the "largest financial interest" as required by the PSLRA (15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(bb)), and thus does not satisfy the first of the statutory criteria to be entitled to the "most adequate plaintiff" presumption. Here, as discussed above, Phoenix clearly possesses the largest financial interest in this litigation, and it is thus self-evident that Gatacre does not possess the largest financial interest. This fact alone mandates denial of Gatacre's motion.

## III.    Phoenix's Selection of Lead Counsel Should Be Approved

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's choice if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Maiden v. Merge Techs., Inc.*, Nos. 06-C-349 *et al.*, 2006 U.S. Dist. LEXIS 85635, at *14 (E.D. Wis. Nov. 21, 2006); *Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015).

Here, Phoenix has selected Pomerantz as Lead Counsel for the Class. As its resume reflects, Pomerantz is highly experienced in the area of securities litigation and class actions and

7

has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors. In 2018 alone, Pomerantz secured a settlement of nearly $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A.–Petrobras—the largest securities class action settlement in a decade—and an $80 million settlement on behalf of Yahoo Inc. investors. *See* Dkt. No. 25-5. More recently, Pomerantz, as Co-Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors, reached a $110 million settlement with the company. *Id.* Thus, the Court may be assured that by approving Phoenix's selection of counsel, the members of the class will receive the best legal representation available.

**CONCLUSION**

For the foregoing reasons, and for the reasons stated in its motion brief (Dkt. No. 23), Phoenix respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Phoenix as Lead Plaintiff; and (3) approving Phoenix's selection of Pomerantz as Lead Counsel for the Class.

Dated: October 29, 2021

Respectfully submitted,

POMERANTZ LLP

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com

POMERANTZ LLP
Patrick V. Dahlstrom
Louis C. Ludwig
Ten South LaSalle Street, Suite 3505

Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
pdahlstrom@pomlaw.com
lcludwig@pomlaw.com

POMERANTZ LLP
Orly Guy
Eitan Lavie
HaShahar Tower
Ariel Sharon 4, 34th Floor
Givatayim, Israel 5320047
Telephone: +972 (0) 3 624 0240
Facsimile: +972 (0) 3 624 0111
oguy@pomlaw.com
eitan@pomlaw.com

*Counsel for Lead Plaintiff Movants Phoenix
Insurance Company Ltd. and the Phoenix Pension
& Provident Funds and Proposed Lead Counsel for
the Class*