UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| KEVIN BURBIGE and ZIYANG NIE, Individually and On Behalf of All Others Similarly Situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>ATI PHYSICAL THERAPY, INC. f/k/a FORTRESS VALUE ACQUISITION CORP. II, LABEED DIAB, JOSEPH JORDAN, ANDREW A. MCKNIGHT, JOSHUA A. PACK, MARC FURSTEIN, LESLEE COWEN, AARON F. HOOD, CARMEN A. POLICY, RAKEFET RUSSAK-AMINOACH, and SUNIL GULATI,<br><br>          Defendants. | Case No. 1:21-cv-04349<br><br><u>CLASS ACTION</u><br><br><br>**LEAD PLAINTIFFS' OPPOSITION TO JOINT MOTION TO REASSIGN CASE PURSUANT TO LOCAL RULE 40.4** |

Lead Plaintiffs in the above-captioned action (the "Action"), The Phoenix Insurance Company Ltd. and The Phoenix Pension & Provident Funds ("Lead Plaintiffs"), oppose the Joint Motion to Reassign Case Pursuant to Local Rule 40.4 (ECF No. 50) (the "Motion" or "Mot."), filed by the parties in *Ghaith v. Diab*, Case No. 1:21-cv-06415 (SLE) (SEC) (the "Movants"). Although they titled the Motion "joint," Movants did not confer with Lead Plaintiffs or obtain the consent of Lead Plaintiffs to this Motion. The Motion should be denied. As Movants themselves concede in their Motion, they have failed to satisfy each of the necessary requirements of Local Rule 40.4, so under the unambiguous language of that Rule, their Motion fails. Movants' motion is also premature under Local Rule 40.4(c).

1

## I.     LEGAL STANDARD

Local Rule 40.4 sets forth the requirements to relate cases.  *See* L. Civ. R. 40.4.  Under L. Civ. R. 40.4, "A case may be reassigned to the calendar of another judge" only if "*each* of the following criteria is met:"

> (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding.

L. Civ. R. 40.4(b)(1)-(4)) (emphasis added); *see Saleh v. Merchant*, No. 14-cv-09186, 2017 WL 2424229, at *3 (N.D. Ill. June 5, 2017) ("in order to grant reassignment, the Court must find *all* the 40.4(b) factors are present"); *Donahue v. Elgin Riverboat*, No. 04-cv-816, 2004 WL 2495642, at *2 (N.D. Ill. Sept. 28, 2004) (describing each criterion as a "necessary condition").

Additionally, Rule 40.4(c) requires Movants "to identify specifically why each of the four conditions for reassignment under LR 40.4(b) is met."  *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, No. 02-cv-5893, 2003 WL 21011757, at *3 (N.D. Ill. May 5, 2003).

## II.     ARGUMENT

### A.     Movants Concede that Rule 40.4(b)(4) Is Not Satisfied

Movants concede that the fourth criterion under Rule 40.4(b) has not been satisfied. *See* Mot. ¶ 4 ("Nearly all of the conditions for reassignment are satisfied.  [. . .]  However, the cases are not susceptible to disposition in a single proceeding because they allege different legal claims:  the Securities Class Action alleges direct claims on behalf of purchasers of ATI securities, whereas the Derivative Action alleges derivative claims on behalf of ATI.").

Movants fail to recognize that because Local Rule 40.4(b)(4) is not satisfied, their Motion must be denied:  as explained above, the unambiguous language of Local Rule 40.4(b) requires that "*each* of the following criteria is met," including the criterion in Local Rule 40.4(b)(4) that

"the cases are susceptible of disposition in a single proceeding." *See, e.g.*, *Household Int'l*, 2003 WL 21011757, at *3. That the cases at issue fail to satisfy this criterion is fatal to the Motion.

Indeed, Movants are correct to concede that Local Rule 40.4(b)(4) is not satisfied. Where, as here, "the underlying causes of action in [the two actions] are fundamentally distinct," it is "extremely unlikely that the Court could dispose of both cases in a single proceeding." *Household Int'l*, 2003 WL 21011757, at *3. *Household Int'l* is instructive. *Id*. In *Household Int'l*, as in this case, movants sought to relate a derivative action (on behalf of Household International, Inc.) with a shareholder class action (against Household International, Inc.). *Id.*, at *1. The Court denied the motion, finding that "fundamentally distinct" causes of action at issue in the derivative and securities actions precluded relating the cases, as for example, "[a]ny motions of summary judgment would be unique to each particular case." *Household Int'l*, 2003 WL 21011757, at *3 (citing *Clark v. Ins. Car Rentals Inc.*, 42 F. Supp. 3d 846, 849 (N.D. Ill. 1999)).

### B. The Motion is Premature

The Motion is also premature. Local Rule 40.4(c) states, "In order that all parties to a proceeding be permitted to respond on the questions of relatedness and possible reassignment, such motions should not generally be filed until after the answer or motions in lieu of answer have been filed in each of the proceedings involved." In this Action, no party has filed an answer, and Defendants' response to Lead Plaintiffs' anticipated Amended Complaint is due on April 11, 2022. ECF No. 44. Accordingly, under Local Rule 40.4(c), the Motion is premature.

### III. CONCLUSION

The Court should deny the Motion.

3

Dated:  February 3, 2022 Respectfully,

**POMERANTZ LLP**

*/s/ Austin P. Van*
Jeremy A. Lieberman
Austin P. Van
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
avan@pomlaw.com

*Lead Counsel for Lead Plaintiffs*

4