## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| KEVIN BURBIGE and ZIYANG NIE, Individually and On Behalf of All Others Similarly Situated,<br><br>          Plaintiffs,<br><br>     vs.<br><br>ATI PHYSICAL THERAPY, INC. f/k/a FORTRESS VALUE ACQUISITION CORP. II, LABEED DIAB, JOSEPH JORDAN, ANDREW A. MCKNIGHT, JOSHUA A. PACK, MARC FURSTEIN, LESLEE COWEN, AARON F. HOOD, CARMEN A. POLICY, RAKEFET RUSSAK-AMINOACH, and SUNIL GULATI,<br><br>          Defendants. | Case No. 1:21-cv-04349<br><br>Honorable Edmond E. Chang |

## THE ATI DEFENDANTS' MOTION TO DISMISS
## THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

Pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(b) (the "PSLRA"), Defendants ATI Physical Therapy, Inc. f/k/a Fortress Value Acquisition Corp. II, Labeed Diab, and Joseph Jordan (collectively, the "ATI Defendants") move for dismissal with prejudice of all Counts asserted against them in the Consolidated Amended Class Action Complaint (the "Motion").

As set forth more fully in the ATI Defendants' accompanying memorandum of law in support of the Motion (the "Memorandum"), the Consolidated Amended Class Action Complaint (the "Complaint") fails to state a claim under Sections 10(b), 14(a), or 20(a) of the Securities Exchange Act of 1934.  Specifically, the Complaint, among other things, fails to:  (i) satisfy the heightened pleading requirements of Rule 9(b) and the PSLRA; (ii) sufficiently plead that the

challenged statements are actionable misstatements or omissions; (iii) sufficiently plead that each of the ATI Defendants acted with scienter; or (iv) sufficiently plead loss causation. The ATI Defendants additionally state as follows:

1. To allege a violation of either Section 10(b) or Section 14(a), Plaintiffs must plead, among other things, "a material misrepresentation or omission by the defendant." *Pension Tr. Fund for Operating Engineers v. Kohl's Corp.*, 895 F.3d 933, 936 (7th Cir. 2018); *Kuebler v. Vectren Corp.*, 13 F.4th 631, 637 (7th Cir. 2021). Rule 9(b) requires that a plaintiff, "in alleging fraud or mistake," "state with particularity the circumstances constituting fraud or mistake." The PSLRA further requires that a plaintiff "specify each statement alleged to have been misleading [and] the reason or reasons why." 15 U.S.C. § 78u-4(b)(1). Here, Plaintiffs fail to plead, as they must, the requisite particularized facts demonstrating how any of the statements at issue were false or misleading when made or omitted material information.

2. The PSLRA also requires a plaintiff to "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind," *i.e.*, scienter. *Id.* § 78u-4(b)(2). Here, Plaintiffs' Section 10(b) claim is independently subject to dismissal based on Plaintiffs' failure to allege such particularized facts as to any of the ATI Defendants.

3. The PSLRA also provides that "the plaintiff shall have the burden of proving that the act or omission of the defendant alleged to violate this chapter caused the loss for which the plaintiff seeks to recover damages." *Id.* § 78u-4(b)(4). For the alleged fraud to have "caused" the alleged loss, that loss must have followed an alleged "corrective disclosure" revealing the falsity of the challenged prior statement(s). *See Makor Issues & Rts., Ltd. v. Tellabs, Inc.*, 735 F. Supp. 2d 856, 908 (N.D. Ill. 2010). Here, Plaintiffs have not, and cannot, establish loss causation with respect to the alleged October 19, 2021 "corrective disclosure" because that disclosure did not

actually "correct" (*i.e.*, reveal the falsity of) any of the prior statements alleged to have been false or misleading.

4.     Finally, because Plaintiffs have not pled a primary violation of Sections 10(b) or 14(a), their secondary, "control person" claim under Section 20(a) fails.

**WHEREFORE**, for the reasons set forth herein and in the Memorandum, the Court should grant the Motion and dismiss the Complaint in its entirety and with prejudice.

Dated: April 11, 2022                                   Respectfully submitted,

                                                       */s/ Jason M. Rosenthal*
                                                       Jason M. Rosenthal
                                                       **MUCH SHELIST, P.C.**
                                                       191 North Wacker Drive, Suite 1800
                                                       Chicago, IL 60606
                                                       Tel: (312) 521-2437
                                                       Fax: (312) 521-2100
                                                       jrosenthal@muchlaw.com

                                                       -and-

                                                       John A. Neuwirth (*pro hac vice*)
                                                       Joshua S. Amsel (*pro hac vice*)
                                                       Stefania D. Venezia (*pro hac vice*)
                                                       Joshua M. Glasser (*pro hac vice forthcoming*)
                                                       **WEIL, GOTSHAL & MANGES LLP**
                                                       767 Fifth Avenue
                                                       New York, NY 10153
                                                       Tel:  (212) 310-8000
                                                       Fax:  (212) 310-8007
                                                       john.neuwirth@weil.com
                                                       joshua.amsel@weil.com
                                                       stefania.venezia@weil.com
                                                       joshua.glasser@weil.com

                                                       *Counsel for ATI Physical Therapy, Inc. f/k/a Fortress Value Acquisition Corp. II, Labeed Diab, and Joseph Jordan*

3

## <u>CERTIFICATE OF SERVICE</u>

Jason M. Rosenthal, an attorney, certifies that he caused the foregoing **ATI Defendants'**

**Motion to Dismiss the Consolidated Amended Class Action Complaint** to be electronically

filed with the Clerk of the U.S. District Court, Northern District of Illinois, Eastern Division by

using the CM/ECF system, which will send notification of such filing to the following recipients

on this 11th day of April 2022.


**WOLF HALDENSTEIN ADLER FREEMAN & HERZ, LLC**
Carl V. Malmstrom
111 W. Jackson Blvd., Suite 1700
Chicago, Illinois 60604
malmstrom@whafh.com

**GLANCY PRONGAY & MURRAY, LLP**
Benjamin I. Sachs-Michaels
712 Fifth Avenue
New York, NY 10019
bsachsmichaels@glancylaw.com

**GLANCY PRONGAY & MURRAY, LLP**
Robert V. Prongay
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
rprongay@glancylaw.com
prajesh@glancylaw.com

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
Charles F. Smith
155 N. Wacker Drive
Chicago, Illinois 60606
charles.smith@skadden.com

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
Scott D. Musoff
Michael M. Powell
One Manhattan West
New York, NY 10001
scott.musoff@skadden.com
michael.powell@skadden.com


*/s/ Jason M. Rosenthal*