**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KEVIN BURBIGE and ZIYANG NIE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ATI PHYSICAL THERAPY, INC. f/k/a FORTRESS VALUE ACQUISITION CORP. II, LABEED DIAB, JOSEPH JORDAN, ANDREW A. MCKNIGHT, JOSHUA A. PACK, MARC FURSTEIN, LESLEE COWEN, AARON F. HOOD, CARMEN A. POLICY, RAKEFET RUSSAK-AMINOACH, and SUNIL GULATI,<br><br>Defendants. | Case No. 1:21-cv-04349<br><br>Judge Edmond E. Chang<br><br>Magistrate Judge Young B. Kim |

**AGREED CONFIDENTIALITY ORDER**

The parties to this Agreed Confidentiality Order have agreed to the terms herein; accordingly, it is ORDERED:

1.      **Scope.** All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively, "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.      **Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER"

by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial, or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms, and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential Information.

3. **Designation.**

**(a)** A party may designate documents as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to, or at the time that, the documents are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases, or lists of documents that do not contain ~~substantial~~ substantive portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

2

**(b)** The designation of a document as Confidential Information is a certification by an attorney or a party appearing pro se that the document contains Confidential Information as defined in this Order.

**4. Depositions.**

~~Alternative A. Deposition testimony is protected by this Order only if designated as "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER" on the record at the time the testimony is taken. Such designation shall be specific as to the portions that contain Confidential Information. Deposition testimony so designated shall be treated as Confidential Information protected by this Order until fourteen days after delivery of the transcript by the court reporter to any party or the witness. Within fourteen days after delivery of the transcript, a designating party may serve a Notice of Designation to all parties of record identifying the specific portions of the transcript that are designated Confidential Information, and thereafter those portions identified in the Notice of Designation shall be protected under the terms of this Order. The failure to serve a timely Notice of Designation waives any designation of deposition testimony as Confidential Information that was made on the record of the deposition, unless otherwise ordered by the Court.~~

~~Alternative B. Unless all parties agree on the record at the time the deposition testimony is taken, a~~All deposition testimony taken in this case shall be treated as Confidential Information until the expiration of the earlier of the following: ~~No later than~~ (1) the fourteenth day after the final transcript is delivered to any party or the witness~~, and in no event later than~~**; or (2)** 60 days after the testimony was given.  Within this time period, a party may serve a written Notice of Designation to all parties of record as to the specific portions of the testimony that are designated Confidential Information, and, thereafter, only those portions identified in the Notice of Designation shall be protected by the terms of this Order.  The failure to serve a timely Notice of

3

Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court.

**5.** **Protection of Confidential Material.**

**(a)** General Protections. Confidential Information shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof. [INCLUDE IN PUTATIVE CLASS ACTION CASE: In a putative class action, Confidential Information may be disclosed only to the named plaintiff(s) and not to any other member of the putative class unless and until a class including the putative member has been certified.]

**(b)** **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

**(1)** **Counsel.** Counsel for the parties and employees of counsel who have responsibility for the action;

**(2)** **Parties.** Individual parties and officers, directors, and employees of a party, but only to the extent counsel determines in good faith that the officer's, director's, or employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed; in a putative class action, "Parties" shall include the named plaintiffs and officers, directors, and employees of the named plaintiffs to the extent stated above, and shall exclude any other member of the putative class unless and until a class including the putative member has been certified;

**(3)** **The Court and its personnel;**

**(4)** **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

**(5)** **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

**(6)** **Consultants and Experts.** Consultants, ~~investigators,~~ or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

**(7)** **Witnesses at depositions.** During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

**(8)** **Author or recipient.** The author or recipient of the document (not including a person who received the document in the course of litigation); and

**(9)** **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

**(c)** **Control of Documents.** Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Order, the receiving party must immediately: (i) notify, in writing, the producing party of the unauthorized disclosure; (ii) use best efforts to retrieve or have destroyed all copies of the Confidential Information, as applicable; (iii) inform the person or persons to whom unauthorized disclosure was made of the terms of this Order; and (iv) request that such person or persons execute the undertaking in the form attached as Attachment A hereto. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

5

**6.** **Inadvertent Failure to Designate.** An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony under this Order. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. Further, upon receiving such notice, any person who received the Confidential Information prior to its designation shall exercise its reasonable, good-faith efforts to ensure the return or destruction of such Confidential Information, including any derivative information, by any person not authorized to receive such documents under the terms of this protective order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

**7.** **Filing of Confidential Information.** This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief, or other submission to the Court must comply with Local Rule 26.2.

**8.** **No Greater Protection of Specific Documents.** Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

6

**9.** **Challenges by a Party to Designation as Confidential Information.** The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a) **Meet and Confer.** A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

(b) **Judicial Intervention.** A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure and the local rules. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

**10.** **Action by the Court.** Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

**11.** **Use of Confidential Documents or Information at Trial.** Nothing in this Order shall be construed to affect the use of any documents, material, or information at any trial or

hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

(a) If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b) The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue. Further, the receiving party (or its counsel) shall not disclose any Confidential Information subject to the subpoena prior to the later of the conclusion of the deadline for complying with the subpoena or the time in which the relevant court rules on any motion objecting to the subpoena filed by the designating party, except that nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

(c) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to

8

protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information~~, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court~~. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information ~~by the other~~ of another party to this case.

13.     **Challenges by Members of the Public to Sealing Orders.**  A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

14.     **Obligations on Conclusion of Litigation.**

(a)     **Order Continues in Force.**  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b)     **Obligations at Conclusion of Litigation.**  Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in paragraph 3(a), shall be returned to the producing party <u>or destroyed</u> unless~~: (1)~~ the document has been offered into evidence or filed without restriction as to disclosure~~; (2) the parties agree to destruction to the extent practicable in lieu of return;[5] or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so~~.

**(c)** **Retention of Work Product and One Set of Filed Documents.** Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information, so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court, including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. ~~An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.~~

**(d)** **Deletion of Documents filed under seal from Electronic Case Filing (ECF) System.** Filings under seal shall be deleted from the ECF system only upon order of the Court.

**15.** **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

**16.** **No Prior Judicial Determination.**

**(a)** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**(b)** Producing or receiving Confidential Information, or otherwise complying with the terms of this Order, will not: (1) operate as an admission by any party or non-party that any particular Confidential Information contains or reflects trade secrets or any other type of

confidential or proprietary information; (2) prejudice the rights of any party or non-party to object to the production of information or material that the party or non-party does not consider to be within the scope of discovery; (3) prejudice the rights of any party or non-party to seek a determination by the presiding judge that particular materials be produced; (4) prejudice the rights of any party or non-party to apply to the presiding judge for further protective orders; or (5) prejudice the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Order.  For the avoidance of doubt, nothing in this Order or the designation of Confidential Information pursuant to this Order shall be construed as an admission or adjudication of any kind, including, but not limited to, an admission that the Confidential Information is relevant, not subject to an applicable privilege or protection, or reasonably calculated to lead to the discovery of admissible evidence.

**(c)**	Nothing in this Order shall require disclosure of information that is protected from disclosure by attorney-client privilege, the work product doctrine, or any other applicable immunity or privilege, nor shall this Order be construed to require disclosure in instances where such disclosure would violate a court order to maintain such information in confidence.

**17.	Inadvertent Production of Documents Subject to Privilege Claims.**

**(a)**	If documents subject to a claim of attorney-client privilege, the work product doctrine, or any other protection from discovery are inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, the work product doctrine, or any other applicable discovery protection to which the producing party would otherwise be entitled.

11

**(b)** If a producing party informs the receiving party in writing that the producing party has inadvertently produced privileged documents, the receiving party shall not use such documents for any purpose and the receiving party shall have fourteen days to: (1) return or destroy the documents and all copies thereof to the producing party and destroy all records of the contents of such documents (including any derivative information); or (2) notify the producing party in writing of an objection to the claim of privilege, along with the grounds for the objection, and/or an assertion that any privilege has been waived. If the receiving party objects to the claim of privilege and/or asserts that the privilege has been waived, the producing party shall meet and confer with the receiving party in a good faith effort to resolve the disagreement before filing a motion for an order on the status of the documents. Nothing in this Order shall alter or waive the standards and burden applicable to any motion concerning privilege or waiver of privilege. During the pendency of such a motion, each receiving party may retain the disputed documents (including any derivative information) and all copies thereof, but shall make no further use of it other than is necessary in connection with the proceedings on the motion. The receiving party will seek leave to file under seal any copies of such documents submitted to the Court in connection with the motion in accordance with the terms of this Order.

**(c)** Upon a determination by the Court that the documents are privileged, protected work product, or otherwise protected from disclosure, the receiving party shall return or destroy the documents and all copies thereof to the producing party and destroy all records of the contents of such documents (including any derivative information). With respect to deposition testimony that the producing party claims and/or the Court determines is privileged, protected work product, or otherwise protected from disclosure, the producing party shall provide to the receiving party a redacted copy of such deposition transcript.

12

18. **Remedies.** It is **ORDERED** that this Order will be enforced by the sanctions set forth in Fed. R. Civ. P. 37(a) and any other sanctions as may be available to the Court, including the power to hold parties or other violators of this Order in contempt. All other remedies available to any person injured by a violation of this Order are fully reserved.

17.19. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**So Ordered.**

Dated: _____

_____
U.S. District Judge
U.S. Magistrate Judge

13

WE SO MOVE and agree to abide by the terms of this Order.

POMERANTZ LLP

/s/ Austin P. Van
Jeremy A. Lieberman
Austin P. Van
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
avan@pomlaw.com

*Lead Counsel for Lead Plaintiffs*
*Phoenix Insurance Company Ltd. And*
*The Phoenix Pension & Provident Funds*


BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
Avi Josefson
875 North Michigan Avenue, Suite 3100
Chicago, Illinois 60611
Telephone: (312) 373-3880
Facsimile: (312) 794-7801
avi@blbglaw.com


Jeremy P. Robinson (*pro hac vice*)
Jasmine Cooper-Little (*pro hac vice*)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
jeremy@blbglaw.com
jasmine.cooper-little@blbglaw.com


*Counsel for Consolidated Plaintiff*
*City of Melbourne Firefighters'*
*Retirement System*

MUCH SHELIST, P.C.

/s/ Joshua S. Amsel
Jason M. Rosenthal
191 North Wacker Drive, Suite 1800
Chicago, IL 60606
Tel: (312) 521-2437
Fax: (312) 521-2100
jrosenthal@muchlaw.com

-and-

WEIL, GOTSHAL & MANGES LLP
John A. Neuwirth
Joshua S. Amsel
Stefania D. Venezia
767 Fifth Avenue
New York, New York 10153
Tel: (212) 310-8000
Fax: (212) 310-8007
john.neuwirth@weil.com
joshua.amsel@weil.com
stefania.venezia@weil.com

*Counsel for Defendants ATI Physical*
*Therapy, Inc. (f/k/a Fortress Value*
*Acquisition Corp. II), Labeed Diab, and*
*Joseph Jordan*

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP

/s/Charles F. Smith
Charles F. Smith
155 N. Wacker Drive
Chicago, Illinois 60606
Tel: (312) 407-0700
Fax: (312) 407-0411
Charles.smith@skadden.com

14

KLAUSNER, KAUFMAN, JENSEN & LEVINSON
Robert D. Klausner
Bonni S. Jensen
7080 Northwest Fourth Street
Plantation, Florida 33315
Telephone: (954) 916-1202
Facsimile: (954) 916-1232
bob@robertdklausner.com
bonni@robertdklausner.com

*Additional Counsel for*
*Consolidated Plaintiff*
*City of Melbourne Firefighters'*
*Retirement System*

Dated: November 1, 2023

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Scott D. Musoff
One Manhattan West
New York, New York 10001-8602
Tel: (212) 735-3000
Fax: (212) 735-2000
scott.musoff@skadden.com

*Counsel for Defendants Andrew A. McKnight, Joshua A. Pack, Marc Furstein, Leslee Cowen, Aaron F. Hood, Carmen A. Policy, Rakefet Russak-Aminoach, and Sunil Gulati*

Dated: November 1, 2023

15

ATTACHMENT A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KEVIN BURBIGE and ZIYANG NIE, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:21-cv-04349 |
| Plaintiffs, | Judge Edmond E. Chang |
| v. | Magistrate Judge Young B. Kim |
| ATI PHYSICAL THERAPY, INC. f/k/a FORTRESS VALUE ACQUISITION CORP. II, LABEED DIAB, JOSEPH JORDAN, ANDREW A. MCKNIGHT, JOSHUA A. PACK, MARC FURSTEIN, LESLEE COWEN, AARON F. HOOD, CARMEN A. POLICY, RAKEFET RUSSAK-AMINOACH, and SUNIL GULATI, | |
| Defendants. | |

**ACKNOWLEDGMENT**
**AND**
**AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

16

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____     _____
Signature

17