UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| KEVIN BURBIGE and ZIYANG NIE, Individually and On Behalf of All Others Similarly Situated,<br><br>     Plaintiffs,<br><br>  v.<br><br>ATI PHYSICAL THERAPY, INC. f/k/a FORTRESS VALUE ACQUISITION CORP. II, LABEED DIAB, JOSEPH JORDAN, ANDREW A. MCKNIGHT, JOSHUA A. PACK, MARC FURSTEIN, LESLEE COWEN, AARON F. HOOD, CARMEN A. POLICY, RAKEFET RUSSAK-AMINOACH, and SUNIL GULATI,<br><br>     Defendants. | Case No. 1:21-cv-04349<br><br>**PLAINTIFFS'AMENDED INITIAL DISCLOSURE STATEMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(A)(1) (PUBLIC VERSION)** |

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of Illinois, Lead Plaintiffs Phoenix Insurance Company Ltd. and The Phoenix Pension & Provident Funds ("Lead Plaintiffs" or "Phoenix") and Consolidated Plaintiff City of Melbourne Firefighters' Retirement System ("Melbourne" and, together with Lead Plaintiffs, "Plaintiffs") submit the following initial disclosure statement. In providing these initial disclosures, Plaintiffs do not waive any applicable privilege or protection and do not waive the right to object on any applicable ground to Defendants' discovery requests. Plaintiffs reserve the right to amend or supplement the information contained in this statement. This statement is based upon information currently known to Plaintiffs and is made without prejudice to Plaintiffs' right to develop this case based on additional information.

## I. INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION PURSUANT TO RULE 26(a)(1)(A)(i)

**Rule 26(a)(1)(A)(i): the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

Subject to and without waiving the above qualifications, the individuals and entities identified below are likely to have discoverable information that Plaintiffs may use to support their claims.

1.	Plaintiffs have information concerning their purchases and/or sales of ATI Physical Therapy, Inc. ("ATI" or the "Company") f/k/a Fortress Value Acquisition Corp. II ("FVAC") securities and beneficial owners and/or holders of record of FVAC Class A common stock or information concerning the retention of external investment managers who conducted transactions in these securities on their behalf. Plaintiffs may be contacted through their counsel of record.

2.	Melbourne employed Lazard Asset Management LLC ("Lazard") as an external investment manager, which made the investment decisions to purchase the relevant securities on

1

Melbourne's behalf. Lazard may have discoverable information concerning Melbourne's purchases or sales of the relevant securities. Lazard maintains offices in San Francisco (4 Embarcadero Center, Floor 24, San Francisco, CA 94111), Palo Alto (435 Tasso St. Suite 310 Palo Alto, CA 94301), Boston (222 Berkeley Street, 11th Floor, Suite 1100-B, Boston MA 02116) and New York (30 Rockefeller Plaza, New York, NY 10112).

In compliance with the Court's December 26, 2023 order[1], Melbourne's present good faith understanding regarding the discretionary investment decisions made by its external investment manager, Lazard, is that the Lazard employees principally responsible for making the investment decisions relevant to the claims in this case on Melbourne's behalf were ███████████████ ██████████████████████████████, who may have been assisted by other colleagues or staff at Lazard whose names and contact information are not presently known to Melbourne. Further, Melbourne's principal contact and client representative at Lazard is ███████████. To the best of Melbourne's present knowledge, these individuals can be contacted through Lazard Asset Management, 30 Rockefeller Plaza, New York, NY 10112.

3. ATI is likely to have discoverable information relating to the allegations in the Complaint, including but not limited to, information about the Company's business, operations, financial information, anticompetitive conduct and statements. ATI is organized under the laws of Delaware, with principal executive offices located at 90 Remington Boulevard, Bolingbrook, Illinois.

4. Current or former Company officers, directors or employees, whose addresses and telephone numbers are likely in the Company's possession, are likely to have discoverable

---

[1] The version of the amended disclosures containing information of the materials subject to the Agreed Confidentiality Order has been provisionally filed under seal pursuant to Local Rule 26.2.

information relating to the allegations in the Complaint, including but not limited to, information about of the Company's business, operations, financial information, anticompetitive conduct and statements.  These individuals include, without limitation:

    (a)    Labeed Diab

    (b)    Joseph Jordan

    (c)    Andrew A. McKnight

    (d)    Joshua A. Pack

    (e)    Marc Furstein

    (f)    Leslee Cowen

    (g)    Aaron F. Hood

    (h)    Carmen A. Policy

    (i)    Dylan Bates

    (j)    Rakefet Russak-Aminoach

    (k)    Sunil Gulati

    (l)    Cedric Coco

    (m)    Todd Sayer

    (n)    Jermaine Paul

    (o)    Keri Novelli-Ammons

    (p)    Shaquela T. Brown

    (q)    Lucy Sampson

    (r)    Donnette Brass

    (s)    Jane Cobbler

    (t)    Nathan Ruth

(u)     Amanda Lobas

(v)     Mark Schodrof

(w)     Alex Chang

(x)     Chris Carlson

(y)     Jason Adolph

(z)     Joe Zavalishin

(aa)    Dorothy Russell

(bb)    Danielle Divecchio Adolph

(cc)    Brian Emerson

(dd)    Dave Pluth

(ee)    Don Rimbo

(ff)    David Rigney

(gg)    Al Hamood

(hh)    Erin Herdegen

(ii)    Allison Bouvier

(jj)    Kimberly Kollwelter

(kk)    Pietro Pellerito

(ll)    Ray Wahl

(mm)    Joseph Harris

(nn)    Ryan Illiff

(oo)    Michael Brennan

(pp)    Stephen Consiglio

(qq)    Kristin Waldrup

4

(rr)     Mike Yates

(ss)     Ashley Pastore

(tt)     Trang Fransen

(uu)     Venita Nance

(vv)     Cindy Sorlie

(ww)    David Pallaschke

(xx)     Angie Guevara

(yy)     Rebecca Dela Cruz

(zz)     Ashley Piazza

(aaa)    Jamie Lewis

## II.   DESCRIPTION OF CATEGORIES OF DOCUMENTS WITHIN PLAINTIFFS' POSSESSION

**Rule 26(a)(1)(A)(ii): a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

Plaintiffs may have the following categories of documents that they may use to support their claims in this action:

1.      Documents related to Plaintiffs' purchases and/or sales of Company securities or the identity of the external investment manager who conducted the trading; and

2.      Documents filed by Defendants with the Securities and Exchange Commission and other public communications issued by Defendants, all of which are publicly available.

Plaintiffs reserve the right to use any and all documents produced by any other party or non-party in this action.

5

### III. COMPUTATION OF CATEGORIES OF DAMAGES

**Rule 26(a)(1)(A)(iii): a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Plaintiffs will provide Defendants with expert damages disclosures in accordance with the Court's scheduling order regarding expert disclosures and in compliance with Fed. R. Civ. P. 26(a)(2). Class-wide damage calculations are regularly submitted as part of expert reports in securities class actions.

Pursuant to the Court's December 26, 2023 order, a good faith, preliminary computation of each category of damages claimed by Plaintiffs (subject to modification including during expert discovery and at trial) is as follows:

1.  Class wide damages for Plaintiffs' Section 14(a) claims preliminarily total at least approximately ███████████;

2.  Non-overlapping class wide damages for Plaintiffs' Section 10(b) claims preliminarily total at least approximately ██████████ including PIPE transactions (but excluding Fortress's PIPE shares);

3.  Total class wide damages preliminarily amount to at least ██████████ for Plaintiffs' Section 14(a) and Section 10(b) claims.

In addition to the above categories of damages, Plaintiffs claim pre-judgment interest, post-judgment interest, reasonable attorneys' fees and costs and expenses, and any other relief permitted by law. These computations of damages are good faith, preliminary estimates and are subject to revision, modification or change, including through further analysis based on information learned during fact and expert discovery or and at trial. Plaintiffs reserve all rights to claim or seek different or additional damages to the extent permitted by law.

6

If and when requested by Defendants, Plaintiffs will make available for inspection and copying any documents that are not privileged or protected from disclosure on which each of the above computations is based.  Subject to and without waiving any applicable privilege or protection, the documents on which the above computations are based include:

(i) ATIP's closing stock price and U.S. trading volume as reported by Bloomberg (ATIP US Equity);

(ii) Outstanding shares of common stock as reported in ATIP's SEC Filings and Bloomberg;

(iii) Monthly short interest in ATIP stock as reported by Bloomberg; and

(iv) Institutional and insider holdings data for ATIP stock as reported by Refinitiv Eikon.

## IV.  PRODUCTION OF AN APPLICABLE INSURANCE AGREEMENT THAT MAY BE USED TO SATISFY ALL OR PART OF A JUDGMENT

**Rule 26(a)(1)(A)(iv):  for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Plaintiffs do not have in their possession, custody or control any insurance agreements covered by Fed. R. Civ. P. 26(a)(1)(A)(iv).

Dated: January 12, 2024

POMERANTZ LLP

*/s/ Austin P. Van*
Jeremy A. Lieberman
Austin P. Van
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
avan@pomlaw.com

*Lead Counsel for Lead Plaintiffs Phoenix Insurance Company Ltd. and The Phoenix Pension & Provident Funds*

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
Avi Josefson
875 North Michigan Avenue, Suite 3100
Chicago, Illinois 60611
Telephone: (312) 373-3880
Facsimile: (312) 794-7801
avi@blbglaw.com

Jeremy P. Robinson (*pro hac vice*)
Jasmine Cooper-Little
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
jeremy@blbglaw.com
jasmine.cooper-little@blbglaw.com

*Counsel for Consolidated Plaintiff City of Melbourne Firefighters' Retirement System*

KLAUSNER, KAUFMAN, JENSEN & LEVINSON
Robert D. Klausner
Bonni S. Jensen
7080 Northwest Fourth Street
Plantation, Florida 33315
Telephone: (954) 916-1202
Facsimile: (954) 916-1232
bob@robertdklausner.com

8

bonni@robertdklausner.com

*Additional Counsel for Consolidated Plaintiff City of Melbourne Firefighters' Retirement System*

9