**Exhibit A**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| KEVIN BURBIGE and ZIYANG NIE, Individually and on Behalf of All Others Similarly Situated,<br><br>                  Plaintiffs,<br><br>      v.<br><br>ATI PHYSICAL THERAPY, INC. f/k/a FORTRESS VALUE ACQUISITION CORP. II, LABEED DIAB, JOSEPH JORDAN, ANDREW A. MCKNIGHT, JOSHUA A. PACK, MARC FURSTEIN, LESLEE COWEN, AARON F. HOOD, CARMEN A. POLICY, RAKEFET RUSSAK-AMINOACH, and SUNIL GULATI,<br><br>                  Defendants. | Case No. 1:21-CV-04349 |

- 1 -

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| *In re ATI Physical Therapy, Inc.* *Shareholder Derivative Litigation* | Case No. 1:21-CV-06415 |

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | |
|---|---|
| WENDELL ROBINSON,<br><br>                      Plaintiff,<br><br>    v.<br><br>FORTRESS ACQUISITION SPONSOR II, LLC, ANDREW A. MCKNIGHT, JOSHUA A. PACK, MARC FURSTEIN, LESLEE COWEN, AARON F. HOOD, CARMEN A. POLICY, RAKEFET RUSSAK-AMINOACH, SUNIL GULATI, DANIEL N. BASS, MICAH B. KAPLAN, and LABEED DIAB,<br><br>                      Defendants. | Case No. 2023-0142-NAC |

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | |
|---|---|
| PHILLIP GOLDSTEIN,<br><br>            Plaintiff,<br><br>   v.<br><br>FORTRESS ACQUISITION SPONSOR II, LLC, LABEED DIAB, JOSEPH JORDAN, CEDRIC COCO, RAY WAHL, JOHN L. LARSEN, JOHN MALDONADO, CARMINE PETRONE, JOANNE M. BURNS, CHRISTOPHER KRUBERT, JAMES E. PARISI, JOSHUA A. PACK, ANDREW A. MCKNIGHT, MARC FURSTEIN, AARON F. HOOD, CARMEN A. POLICY, SUNIL GULATI, LESLEE COWEN, RAKEFET RUSSAK-AMINOACH, DANIEL BASS, and MICAH KAPLAN,<br><br>            Defendants,<br><br>   and<br><br>ATI PHYSICAL THERAPY, INC.,<br><br>          Nominal Defendant. | Case No. 2023-0582-NAC |

**[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR NOTICE**

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, the above-captioned actions (collectively, the "Actions") are pending in this Court and the Delaware Chancery Court;

WHEREAS, (a) Lead Plaintiffs Phoenix Insurance Company Ltd. and The Phoenix Pension & Provident Funds ("Lead Plaintiffs"), Consolidated Plaintiff City of Melbourne Firefighters' Retirement System (together with Lead Plaintiffs, the "Securities Plaintiffs"); (b) Plaintiffs Vinay Kumar, Ziyang Nie, Julia Chang, and Brendan Reginbald (collectively, the "*Ghaith* Plaintiffs"); (c) Plaintiff Wendell Robinson; (d) Plaintiff Phillip Goldstein (together with the Securities Plaintiffs, the *Ghaith* Plaintiffs, and Plaintiff Wendell Robinson, "Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (e) Defendants ATI Physical Therapy, Inc. ("ATI" or the "Company")[1] f/k/a Fortress Value Acquisition Corp. II ("FVAC"), Labeed Diab, Joseph Jordan, Andrew A. McKnight, Joshua A. Pack, Marc Furstein, Leslee Cowen, Aaron F. Hood, Carmen A. Policy, Rakefet Russak-Aminoach, Sunil Gulati, John L. Larsen, John Maldonado, Carmine Petrone, Joanne M. Burns, Christopher Krubert, James E. Parisi, Micah B. Kaplan, Cedric Coco, Ray Wahl, Daniel N. Bass, Fortress Acquisition Sponsor II LLC, and Fortress Investment Group LLC (collectively, "Defendants," and together with Plaintiffs, the "Parties"), have entered into a Stipulation and Agreement of Settlement dated May 13, 2024 (the "Stipulation") subject to approval of this Court (the "Settlement");

WHEREAS, Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation[2], certifying the Settlement Class for purposes of the Settlement only, and allowing notice to Settlement Class Members as more fully described herein; and

---

[1] "ATI" or the "Company" also refers to Wilco Holdco, Inc., the private company predecessor to the current, publicly-traded ATI business following the consummation of a "de-SPAC" business combination between Wilco Holdco, Inc. and Fortress Value Acquisition Corp. II consummated on June 17, 2021 (the "Business Combination").

[2] This Preliminary Approval Order hereby incorporates by reference the definitions in the Stipulation, and all capitalized terms that are not defined herein shall have the same meanings as set forth in the Stipulation. As in the Stipulation, unless otherwise specified, all time periods set forth in this Preliminary Approval Order will be computed in calendar days and pursuant to the terms of Rule 6(a) of the Federal Rules of Civil Procedure.

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, the Court has read and considered: (a) Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **<u>Class Certification For Settlement Purposes</u>** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class consisting of all persons and entities who: (a) purchased or otherwise acquired ATI Securities during the period February 22, 2021 through October 19, 2021, both dates inclusive, and/or beneficially owned and/or held shares of FVAC Class A common stock as of May 24, 2021 and were eligible to vote at FVAC's June 15, 2021 special meeting to vote on the Business Combination (the "Securities Subclass"); and/or (b) beneficially owned and/or held FVAC Class A common stock as of the June 11, 2021 Redemption Date and were entitled to, but did not elect to, redeem their shares (the "*Multiplan* Subclass"). Excluded from the Settlement Class are (i) Defendants; (ii) current and former Officers and directors of the Company; (iii) members of the Immediate Family of each of Defendants; (iv) all subsidiaries and affiliates of the Company and the directors and Officers of such subsidiaries or affiliates; (v) all persons, firms, trusts, corporations, Officers, directors, and any other individual or entity in which any of Defendants has a controlling interest; and (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of all such excluded parties; *provided, however*, that any Investment Vehicle shall not be excluded from the Settlement Class. Also excluded from the Settlement Class are any persons or entities who timely and validly exclude themselves from the Class in accordance with the requirements set forth in the Notice and Rule 23 of the Federal Rules of Civil Procedure.

2. **<u>Class Findings</u>** – Solely for purposes of the proposed Settlement of these Actions, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Actions would be impracticable; (b) there are questions

of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Plaintiffs in the Actions are typical of the claims of the Settlement Class; (d) Plaintiffs and Plaintiffs' Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) class actions on behalf of the Settlement Class are superior to other available methods for the fair and efficient adjudication of the Actions.

3. The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Plaintiffs are adequate class representatives and certifies them as Class Representatives for the Settlement Class. The Court also appoints Plaintiffs' Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4. **Preliminary Approval Of The Settlement** - The Court finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Settlement Class, and hereby preliminarily approves the Settlement, as embodied in the Stipulation, subject to further consideration at the Settlement Hearing to be conducted as described below.

5. **Settlement Hearing** - The Court will hold a settlement hearing (the "Settlement Hearing") before the Honorable Edmond E. Chang on _____ at _____ a.m. in Courtroom 2341, United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered, dismissing the Securities Action and the putative class (direct) claims in the *Ghaith* Action, and releasing the Released Claims (as the term is defined in the Stipulation) with prejudice; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motions by Plaintiffs' Counsel for awards of attorneys' fees and reimbursement of Litigation

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

Expenses, which may include applications for reimbursement of the reasonable costs and expenses incurred by Plaintiffs, should be approved; (e) to determine whether the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b) are satisfied; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement. The Notice of (I) Pendency of Class Actions, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6. The Court may adjourn the Settlement Hearing without further notice to the Settlement Class and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class. The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means.

7. **<u>Retention Of Claims Administrator And Manner Of Giving Notice</u>** - Lead Counsel is hereby authorized to retain Strategic Claims Services ("SCS" or the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement, as well as the processing of Claims as more fully set forth below. Notice shall be given by Lead Counsel as follows:

(a) within ten (10) business days of entry of this Order, Defendants will use reasonable efforts to convey to Lead Counsel or their designee copies of the relevant transfer records of ATI and FVAC common stockholders in electronic format, such as an Excel spreadsheet (at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator);

(b) not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim Form (the "Claim Form"), substantially in the forms attached to the Stipulation as Exhibits A-1 and A-2, respectively (together, the "Notice Packet"), to be mailed by first-class mail to potential Settlement Class Members at the addresses set forth in the records provided by Defendants or in the records which Defendants caused to be provided, or who otherwise may be

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

identified through further reasonable effort;

(c)     contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Stipulation, the Notice, and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d)     not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached to the Stipulation as Exhibit A-3, to be published once in *GlobeNewswire*; and

(e)     not later than thirty (30) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8.     **Approval Of Form And Content Of Notice** - The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached to the Stipulation as Exhibits A-1, A-2, and A-3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Actions, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Plaintiffs' Counsel's motions for awards of attorneys' fees and reimbursement of Litigation Expenses (including any applications for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class), of their right to object to the Settlement, the Plan of Allocation and/or Plaintiffs' Counsel's motions for attorneys' fees and reimbursement of Litigation Expenses (including any reimbursement to Plaintiffs), of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure,

the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

9. **Nominee Procedures** – The Claims Administrator shall make reasonable efforts to give notice to brokers, custodians, and other nominees who (a) purchased or otherwise acquired ATI Securities during the period February 22, 2021 through October 19, 2021, both dates inclusive, and/or beneficially owned and/or held shares of FVAC Class A common stock as of May 24, 2021 and were eligible to vote at FVAC's June 15, 2021 special meeting to vote on the Business Combination; and/or (b) beneficially owned and/or held FVAC Class A common stock as of the June 11, 2021 Redemption Date and were entitled to, but did not redeem, their shares, and such nominees or custodians shall: (i) within seven (7) calendar days of receipt of the Notice Packet, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners/purchasers and, within seven (7) calendar days of receipt of those Notice Packets, forward them to all such beneficial owners/purchasers; (ii) within seven (7) calendar days of receipt of the Notice Packet, request from the Claims Administrator the link to the location hosting the electronic Notice Packet and, within seven (7) calendar days of receipt, email the link to beneficial owners/purchasers for whom valid email addresses are available; or (iii) within seven (7) calendar days of receipt of the Notice Packet, send a list of the names, addresses, and email addresses (to the extent email addresses are available) of all such beneficial owners/purchasers to the Claims Administrator in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners/purchasers. Nominees or custodians who elect to email or send the Notice Packet to their beneficial owners shall send a written certification to the Claims Administrator confirming that the emailing or mailing has been made as directed. Where the Claims Administrator receives a valid email address, it shall email the link to the location of the electronic Notice Packet to beneficial owners/purchasers. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

complying with this Order, in an amount not to exceed $0.03 plus postage at the current pre-sort rate used by the Claims Administrator per Notice Packet actually mailed; or $0.03 per Notice Packet transmitted by email; or $0.03 per name, mailing address, and email address (to the extent available) provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10. **<u>Participation In The Settlement</u>** – Settlement Class Members who wish to participate in the Settlement and be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked or electronically submitted no later than one hundred twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing, Plaintiffs' Counsel may, at their discretion, accept for processing late Claims, provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement, including, but not limited to, the Releases provided for in the Stipulation and the Judgment.

11. Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Plaintiffs' Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his,

her, or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Plaintiffs' Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

12. Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Actions relating thereto, including, without limitation, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be permanently and forever barred and enjoined from instituting, commencing, participating in, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of Defendants' Releasees, as more fully described in the Stipulation and the Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 10 above.

13. **Exclusion From The Settlement Class** - Any member of the Settlement Class who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered to the Claims Administrator such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing; and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *Burbige, et al. v. ATI Physical Therapy, Inc. f/k/a Fortress Value Acquisition Corp. II et al.*, No. 1:21-cv-04349, or *In re ATI Physical Therapy, Inc. Shareholder Derivative Litig.*, No. 1:21-cv-06415, or *Robinson v. Fortress Acquisition Sponsor II, LLC et al.*, C.A. No. 2023-0142-NAC, or *Goldstein v. Fortress Acquisition Sponsor II, LLC et al.*,

- 12 -

C.A. No. 2023-0582-NAC"; (iii) state the number of shares of ATI Securities that the person or entity requesting exclusion (A) owned as of the opening of trading on February 22, 2021; and (B) purchased/acquired and/or sold during the period February 22, 2021 through October 19, 2021, both dates inclusive, as well as the dates and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above or is otherwise accepted by the Court.

14.    Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Actions, and shall not receive any payment out of the Net Settlement Fund.

15.    Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order:  (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Actions, including, but not limited to, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be permanently and forever barred and enjoined from instituting, commencing, participating in, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any of Defendants' Releasees, as more fully described in the Stipulation and the Notice.

16.    **Appearance And Objections At Settlement Hearing** - Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Actions, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Plaintiffs' Counsel and Defendants' Counsel, at the addresses set forth in paragraph 17 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the

- 13 -

Court may otherwise direct. Any Settlement Class Member who does not enter an appearance will be represented by Plaintiffs' Counsel.

17. Any Settlement Class Member who does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Plaintiffs' Counsel's motions for awards of attorneys' fees and reimbursement of Litigation Expenses (including reimbursement to Plaintiffs) and appear and show cause, if he, she, or it has any cause why the proposed Settlement, the proposed Plan of Allocation, and/or Plaintiffs' Counsel's motions for attorneys' fees and reimbursement of Litigation Expenses (including reimbursement to Plaintiffs) should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motions for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Plaintiffs' Counsel and Defendants' Counsel at the addresses set forth in Paragraph 17 below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| **Clerk's Office** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| United States District Court for the Northern District of Illinois Clerk of the Court Dirksen U.S. Courthouse 219 S. Dearborn Street, Chicago, IL 60604 | **Pomerantz LLP** Jeremy A. Lieberman 600 Third Avenue, 20th Floor New York, NY 10016-1917 | **Weil, Gotshal & Manges LLP** John A. Neuwirth & Joshua S. Amsel 767 Fifth Avenue New York, NY 10153 (Counsel for the ATI Defendants) |
| | **Additional Plaintiffs' Counsel** | |
| | **Levi & Korsinsky, LLP** Donald J. Enright 1101 Vermont Ave., NW Suite 700 Washington, DC 20005 | **Skadden, Arps, Slate, Meagher & Flom LLP** Charles F. Smith 155 North Wacker Drive Chicago, Ill. 60606 (Counsel for the FVAC Defendants) |

18.     Any objections, filings, and other submissions by the objecting Settlement Class Member must be filed with the Clerk of the Court by no later than twenty-one (21) calendar days prior to the Settlement Hearing and must:  (a) clearly identify the case name and number (*Burbige, et al. v. ATI Physical Therapy, Inc. f/k/a Fortress Value Acquisition Corp II et al.*, No. 1:21-cv-04349; *In re ATI Physical Therapy, Inc. Shareholder Derivative Litig.*, No. 1:21-cv-06415; *Robinson v. Fortress Acquisition Sponsor II, LLC et al.*, C.A. No. 2023-0142-NAC; *Goldstein v. Fortress Acquisition Sponsor II, LLC et al.*, C.A. No. 2023-0582-NAC); (b) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (c) contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; (d) state the number of times the Settlement Class Member and/or his, her, or its counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case; and (e) include documents sufficient to prove the objector's membership in the Settlement Class, including

(1) the number of shares of ATI Securities that the objector owned as of the opening of trading on February 22, 2021; (2) the number of shares of ATI Securities that the objector purchased, acquired, and/or sold during the period February 22, 2021 through October 19, 2021, both dates inclusive, as well as the dates and prices of each such purchase/acquisition and sale; and (3) the number of shares of FVAC Class A common stock owned as of May 24, 2021 and/or June 11, 2021. The objection must state whether it applies only to the objector, to a specific subclass, or to the entire Settlement Class. Documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing. If the objector intends to appear at the Settlement Hearing through counsel, the objection must also state the identity of all attorneys who will appear on the objector's behalf at the Settlement Hearing. By objecting to the Settlement, the Judgment, the Plan of Allocation, and/or the applications by Plaintiffs' Counsel for awards of attorneys' fees and reimbursement of Litigation Expenses, or otherwise requesting to be heard at the Settlement Hearing, an objector shall be deemed to have submitted to the jurisdiction of the Court with respect to the person's or entity's objection or request to be heard and the subject matter of the Settlement, including, but not limited to, enforcement of the terms of the Settlement (including, but not limited to, the Releases of the Released Claims provided for in the Stipulation and the Judgment).

19. Any Settlement Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Plaintiffs' Counsel's motions for awards of attorneys' fees and reimbursement of Litigation Expenses (including reimbursement to Plaintiffs) and shall be forever barred and foreclosed from objecting to the

fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and reimbursement of Litigation Expenses (including reimbursement to Plaintiffs), or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and reimbursement of Litigation Expenses in this or any other proceeding.

20. **Stay And Temporary Injunction** - Until otherwise ordered by the Court, the Court stays all proceedings in the Securities Action and all proceedings in the *Ghaith* Action concerning the putative class (direct) claims, other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of Defendants and Defendants' Releasees.

a) **Settlement Administration Fees And Expenses** – As set forth in the Stipulation, prior to the Effective Date, the Escrow Agent may, at any time after entry of this Order and without further approval from Defendants or the Court, disburse at the direction of Lead Counsel up to $500,000.00 for all reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement and administering the Settlement. Subsequent to the Effective Date, and without further approval by Defendants or the Court, the Settlement Fund may be used by the Claims Administrator to pay reasonable and necessary Notice and Administration Costs in excess of $500,000.00. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs properly paid or incurred, including any related fees, shall not be returned or repaid.

21. **Settlement Fund** - The contents of the Settlement Fund held by The Huntington National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

22. **Taxes** - Lead Counsel is authorized and directed to prepare any tax returns and any

- 17 -

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation. Defendants and Defendants' Releasees shall not have any liability or responsibility whatsoever for any such Taxes.

23.    **Termination Of Settlement** - If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members, and Defendants, and the Securities Parties shall revert to their respective positions in the Securities Action as of January 22, 2024 (the date the Court entered its order adjourning all discovery deadlines in the Securities Action), and the parties to the Multiplan Actions shall revert to their respective positions concerning the putative class (direct) claims in those actions as of April 22, 2024 (the date the parties to the Multiplan Actions reached an agreement in principle to settle those actions) as provided in the Stipulation.

24.    **Use Of This Order** – Whether or not the Settlement is approved by the Court, none of the settlement agreements in principle, the facts and terms of the Settlement and the Stipulation (whether or not consummated), including the exhibits hereto and drafts thereto, and the Plan of Allocation (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the settlement agreements in principle and the Stipulation, nor any act performed or proceedings taken pursuant to or in connection with the settlement agreement in principle, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):  (a) shall be offered against any of Defendants or Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of Defendants or Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in the Actions or in any other

litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of Defendants or Defendants' Releasees or in any way referred to for any other reason as against any of Defendants or Defendants' Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against (A) Defendants or Defendants' Releasees as evidence of a presumption, concession, admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Defendant or Defendants' Releasees or (B) Plaintiffs or any of the other Settlement Class Members as evidence of any infirmity in the claims of Plaintiffs and the other Settlement Class Members; (c) shall be construed against Defendants or Defendants' Releasees, Plaintiffs, or the other Settlement Class Members as an admission or concession that the consideration to be paid hereunder represents the amount that could be or would have been recovered after trial or that any damages potentially recoverable in the Actions would have exceeded or would have been less than the Settlement Amount; or (d) shall be offered against any of Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of Plaintiffs' Releasees that any of their claims are without merit, that any of Defendants or Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of Plaintiffs' Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; *provided, however*, that if the Settlement (as embodied by the Stipulation) is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement, including, without limitation, to support a defense or claim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or claim under U.S. federal or state law or foreign law.

25.  **Supporting Papers** – Plaintiffs' Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Plaintiffs' Counsel's motions for awards of attorneys' fees and reimbursement of Litigation Expenses (including reimbursement to Plaintiffs) no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed no later than seven (7) calendar days prior to the Settlement Hearing.

26.  **CAFA Notice** – Defendants shall, no later than ten (10) business days following the filing of the Stipulation with the Court, serve upon the appropriate state and federal officials a notice of the proposed Settlement in compliance with the requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice.  At least fourteen (14) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b).

27.  The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

28.  Defendants and Defendants' Releasees shall have no responsibility or liability whatsoever to any person, including, but not limited to, Settlement Class Members, the Escrow Agent, Plaintiffs' Counsel, Plaintiffs, or the Claims Administrator in connection with the Plan of Allocation or Plaintiffs' Counsel's applications for awards of attorneys' fees and reimbursement of Litigation Expenses, which, to the extent approved by the Court, shall be paid from the Settlement Fund.  Plaintiffs' Counsel's applications for awards of attorneys' fees and reimbursement of Litigation Expenses will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.  At or after the Settlement Hearing, the Court will determine whether the Plan of Allocation should be approved, and the amount of attorneys' fees and Litigation Expenses to be awarded to Plaintiffs' Counsel.  Any appeal from any orders relating solely to the Plan of Allocation or to Plaintiffs' Counsel's applications for awards of attorneys' fees and reimbursement of Litigation Expenses (or both), or any reversal or modification thereof, shall not operate to terminate or cancel the Settlement, or affect or delay the finality of the

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

Judgment approving the Settlement.

SO ORDERED this _____ day of _____ , 2024.

_____
The Honorable Edmond E. Chang
United States District Judge

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE