**Exhibit A-1**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| KEVIN BURBIGE and ZIYANG NIE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ATI PHYSICAL THERAPY, INC. f/k/a FORTRESS VALUE ACQUISITION CORP. II, LABEED DIAB, JOSEPH JORDAN, ANDREW A. MCKNIGHT, JOSHUA A. PACK, MARC FURSTEIN, LESLEE COWEN, AARON F. HOOD, CARMEN A. POLICY, RAKEFET RUSSAK-AMINOACH, and SUNIL GULATI,<br><br>Defendants. | Case No. 1:21-CV-04349<br><br>**NOTICE OF (I) PENDENCY OF CLASS ACTIONS, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES** |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| *In re ATI Physical Therapy, Inc.*<br>*Shareholder Derivative Litigation* | Case No. 1:21-CV-06415 |

NOTICE OF (I) PENDENCY OF CLASS ACTIONS, CERTIFICATION OF SETTLEMENT CLASS, AND
PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN
AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | |
|---|---|
| WENDELL ROBINSON,<br><br>                    Plaintiff,<br><br>     v.<br><br>FORTRESS ACQUISITION SPONSOR II, LLC, ANDREW A. MCKNIGHT, JOSHUA A. PACK, MARC FURSTEIN, LESLEE COWEN, AARON F. HOOD, CARMEN A. POLICY, RAKEFET RUSSAK-AMINOACH, SUNIL GULATI, DANIEL N. BASS, MICAH B. KAPLAN, and LABEED DIAB,<br><br>                    Defendants. | Case No. 2023-0142-NAC |

NOTICE OF (I) PENDENCY OF CLASS ACTIONS, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | |
|---|---|
| PHILLIP GOLDSTEIN, <br><br>                 Plaintiff, <br><br>     v. <br><br> FORTRESS ACQUISITION SPONSOR II, LLC, LABEED DIAB, JOSEPH JORDAN, CEDRIC COCO, RAY WAHL, JOHN L. LARSEN, JOHN MALDONADO, CARMINE PETRONE, JOANNE M. BURNS, CHRISTOPHER KRUBERT, JAMES E. PARISI, JOSHUA A. PACK, ANDREW A. MCKNIGHT, MARC FURSTEIN, AARON F. HOOD, CARMEN A. POLICY, SUNIL GULATI, LESLEE COWEN, RAKEFET RUSSAK-AMINOACH, DANIEL BASS, and MICAH KAPLAN, <br><br>                 Defendants, <br><br>     and <br><br> ATI PHYSICAL THERAPY, INC., <br><br>              Nominal Defendant. | Case No. 2023-0582-NAC |

***A Federal Court authorized this Notice. This is not a solicitation from a lawyer.***

---

NOTICE OF (I) PENDENCY OF CLASS ACTIONS, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

**NOTICE OF PENDENCY OF CLASS ACTIONS:** Please be advised that your rights may be affected by the above-captioned actions (collectively, the "Actions") pending in the U.S. District Court for the Northern District of Illinois (the "Court") and the Delaware Court of Chancery, if you (a) purchased or otherwise acquired ATI Physical Therapy, Inc. ("ATI" or the "Company") common stock or Fortress Value Acquisition Corp. II ("FVAC") common stock (collectively, "ATI Securities") between February 22, 2021 and October 19, 2021, both dates inclusive, and/or beneficially owned and/or held FVAC common stock as of May 24, 2021 and were eligible to vote at FVAC's June 15, 2021 special meeting to vote on the Business Combination (the "Securities Subclass"); and/or (b) beneficially owned and/or held FVAC Class A common stock as of the June 11, 2021 Redemption Date and were entitled to, but did not elect to, redeem your shares (the "Multiplan Subclass," and together with the "Securities Subclass," the "Settlement Class").[1]

**NOTICE OF SETTLEMENT:** Please also be advised that Lead Plaintiffs Phoenix Insurance Company Ltd. and The Phoenix Pension & Provident Funds ("Lead Plaintiffs"), Consolidated Plaintiff City of Melbourne Firefighters' Retirement System (together with Lead Plaintiffs, the "Securities Plaintiffs"), Plaintiffs Vinay Kumar, Ziyang Nie, Julia Chang, and Brendan Reginbald (collectively, the "*Ghaith* Plaintiffs"), Plaintiff Wendell Robinson, and Plaintiff Phillip Goldstein (together with the Securities Plaintiffs, the *Ghaith* Plaintiffs, and Plaintiff Wendell Robinson, "Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in ¶ 32 below), have reached a proposed settlement of the putative class (direct) claims in the Actions for $24,900,000.00 in cash that, if approved, will resolve all of Plaintiffs' direct claims and the Settlement Class's known and unknown direct claims against Defendants (defined below) on the following terms (the "Settlement").

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated May 13, 2024 (the "Stipulation"), which is available at www. strategicclaims.net/ati.

NOTICE OF (I) PENDENCY OF CLASS ACTIONS, CERTIFICATION OF THE SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact ATI, any other Defendants in the Actions, or their counsel.  All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 104 below).**

1.  **Description of the Actions and the Settlement Class:**  This Notice relates to a proposed Settlement of lawsuits pending against ATI, FVAC, Labeed Diab, Joseph Jordan, Andrew A. McKnight, Joshua A. Pack, Marc Furstein, Leslee Cowen, Aaron F. Hood, Carmen A. Policy, Rakefet Russak-Aminoach, Sunil Gulati, John L. Larsen, John Maldonado, Carmine Petrone, Joanne M. Burns, Christopher Krubert, James E. Parisi, Micah B. Kaplan, Cedric Coco, Ray Wahl, Daniel N. Bass, Fortress Acquisition Sponsor II LLC, and Fortress Investment Group LLC (collectively, "Defendants").  Defendants are, collectively, with Plaintiffs, the "Parties."  The proposed Settlement, if approved by the Court, will apply to all persons and entities who:  (i) purchased or otherwise acquired ATI Securities between February 22, 2021 and October 19, 2021, both dates inclusive, and/or  beneficially owned and/or held FVAC common stock as of May 24, 2021 and were eligible to vote at FVAC's June 15, 2021 special meeting to vote on the proposed Business Combination; and/or (ii) beneficially owned and/or held FVAC Class A common stock as of the June 11, 2021 Redemption Date and were entitled to, but did not elect to, redeem their shares.  Excluded from the Settlement Class are:  (i) Defendants; (ii) current and former Officers and directors of the Company; (iii) members of the Immediate Family of each of Defendants; (iv) all subsidiaries and affiliates of the Company and the directors and Officers of such subsidiaries or affiliates; (v) all persons, firms, trusts, corporations, Officers, directors, and any other individual or entity in which any of Defendants has a controlling interest; and (vi) the legal representatives,

- 3 -

agents, affiliates, heirs, successors-in-interest, or assigns of all such excluded parties; *provided, however*, that any Investment Vehicle shall not be excluded from the Settlement Class. Also excluded from the Settlement Class are any persons or entities who timely and validly exclude themselves from the Class in accordance with the requirements set forth in the Notice and Rule 23 of the Federal Rules of Civil Procedure. Anyone with questions as to whether or not they are excluded from the Settlement Class may call the Claims Administrator toll-free at 1-866-274-4004.

2. **Statement of the Settlement Class's Recovery:** Subject to Court approval, and as described more fully in ¶¶ 37-47, 49-57 below, Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle all Released Plaintiffs' Claims (as defined in ¶ 41 below) against Defendants and the other Defendants' Releasees (as defined in ¶ 42 below) in exchange for a settlement payment of $24,900,000 in cash (the "Settlement Amount") to be deposited into an Escrow Account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses (including any reimbursement of the reasonable costs and expenses incurred by Plaintiffs) awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation (the "Plan of Allocation") is set forth on pages 28-39 below. The proposed Plan of Allocation is included in this Notice, and may be modified by the Court without further notice.

3. **Estimate of Average Amount of Recovery Per Security:** Based on the Securities Plaintiffs' damages expert's estimates of the number of ATI Securities that may have been affected by the conduct at issue in the Actions, and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) per eligible ATI Security is $0.49. Settlement Class Members should note, however, that the foregoing average recovery per security is only an estimate. Some Settlement Class Members may recover more or less than this estimated

- 4 -

amount depending on, among other factors, when and at what prices they purchased/acquired or sold their ATI Securities, and the total number of valid Claim Forms submitted.  Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* pages 28-39 below) or such other plan of allocation as may be ordered by the Court.

4. **Denial of Liability:**  Defendants deny all claims of wrongdoing, deny that they engaged in any wrongdoing, and affirm that they have acted properly and lawfully at all times. Defendants further deny that they are liable to Plaintiffs and/or the Settlement Class and deny that Plaintiffs or other members of the Settlement Class suffered any injury.  The Parties do not agree on the likelihood of Plaintiffs prevailing on their claims at trial.  Moreover, the Parties do not agree on the amount of recoverable damages if Plaintiffs were to prevail on their claims.  The issues on which the Parties disagree include, but are not limited to:  (1) whether the statements made or facts allegedly omitted were material, false, or misleading; (2) whether the statements were made with intent to deceive, manipulate, or defraud investors; (3) whether Defendants are otherwise liable under the securities laws for those statements or omissions or any alleged scheme to defraud; (4) whether Defendants caused Plaintiffs or other members of the Settlement Class any damages; and (5) whether all or part of the damages allegedly suffered by members of the Settlement Class were caused by economic conditions or factors other than the allegedly false or misleading statements or omissions.

5. **Attorneys' Fees and Expenses Sought:**  Plaintiffs' Counsel, which have been prosecuting the Actions on a wholly contingent basis since their inceptions, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute the Actions.  Counsel for Securities Plaintiffs (including Court-appointed Lead Counsel Pomerantz LLP ("Lead Counsel") and Bernstein Litowitz Berger & Grossmann LLP) will apply to the Court for an award of attorneys' fees of no more than one-third of the $18,900,000 portion of the Settlement Amount obtained for the Securities Subclass, plus interest earned at the same rate and for the same period as earned by the Settlement Fund.  Counsel for the *Ghaith* Plaintiffs, Plaintiff Wendell Robinson, and Plaintiff

- 5 -

Phillip Goldstein (collectively, "Multiplan Counsel") will apply to the Court for an award of attorneys' fees of no more than one-third of the $6,000,000 portion of the Settlement Amount obtained for the Multiplan Subclass, plus interest earned at the same rate and for the same period as earned by the Settlement Fund. In addition, Securities Plaintiffs' Counsel and Multiplan Counsel will each separately apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution, and resolution of the claims against Defendants, in an amount not to exceed $500,000 each, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. The estimate of the average cost per allegedly damaged ATI Security, if the Court approves Plaintiffs' Counsel's fee and expense application(s), is $0.17.

6. **Identification of Attorneys' Representatives:** Plaintiffs' Counsel are Jeremy A. Lieberman, Esq. (jalieberman@pomlaw.com) and Austin P. Van, Esq. (avan@pomlaw.com) of Pomerantz LLP ("Pomerantz"), 600 Third Avenue, 20th Floor, New York, NY 10016-1917, Tel: 212-661-1100; as well as Jeremy P. Robinson (jeremy@blbglaw.com) of Bernstein Litowitz Berger & Grossmann LLP ("BLB&G"), 1251 Avenue of the Americas, New York, NY 10020 and Donald J. Enright of Levi & Korsinsky LLP (denright@zlk.com), 1101 Vermont Ave. NW, Suite 700, Washington DC 20005 (Tel. 202-524-4290).

7. **Reasons for the Settlement:** Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery—or indeed no recovery at all—might be achieved after contested motions, trials of the Actions, and the likely appeals that would follow trials. This process could be expected to last several years. Defendants have expressly denied, and continue to deny, each and all of the claims alleged by Plaintiffs in the Actions, and affirm that they have acted properly and lawfully at all times. Further, Defendants

have expressly denied, and continue to deny, all charges of wrongdoing, fault, liability, or damage against them arising out of any and all of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Actions. Defendants maintain that they have strong and meritorious defenses to all of the claims alleged in the Actions. Defendants have nevertheless agreed to enter into the Settlement solely to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, and thereby put to rest this controversy.

8. **Global Resolution:** The Settlement is part of a global agreement reached among the Parties concerning all putative class (direct) claims in the Actions: (i) *Burbige, et al. v. ATI Physical Therapy, Inc., f/k/a Fortress Value Acquisition Corp. II, et al.*, No. 1:21-cv-04349 (the "Securities Action"); (ii) *In re ATI Physical Therapy, Inc. S'holder Deriv. Litig.*, Case No. 1-21-cv-06415 (EEC) (N.D. Ill.) (the "*Ghaith* Action"); (iii) *Robinson v. Fortress Acquisition Sponsor II, LLC*, No. 2023-0142-NAC (Del. Ch.) (the "*Robinson* Action"); and (iv) *Goldstein v. Fortress Acquisition Sponsor II, LLC*, No. 2023-0582-NAC (Del. Ch.) (the "*Goldstein* Action," and together with the *Ghaith* Action and the *Robinson* Action, the "Multiplan Actions"). If you are a member of the putative classes of investors alleged in the Multiplan Actions, you are also a member of the Settlement Class in the Securities Action and your legal rights with respect to any claims alleged in the Multiplan Actions, as well as in the Securities Action (defined below), will be affected by the Settlement, as discussed below.

- 7 -

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM BY MAIL POSTMARKED NO LATER THAN _____, 2024 OR ELECTRONICALLY BY 11:59 P.M. EST ON \_\_\_\_\_, 2024.** | This is the only way to be eligible to receive a payment from the Net Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 41 below) that you have against Defendants and Defendants' Releasees (defined in ¶ 42 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN \_\_\_\_\_, 2024.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Net Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of Defendants or Defendants' Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2024.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a Settlement Class Member and do not validly exclude yourself from the Settlement Class. |

- 8 -

| | |
|---|---|
| **ATTEND A HEARING ON _____, 2024 AT _____ .M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS _RECEIVED_ NO LATER THAN _____, 2024.** | Filing a written objection and notice of intention to appear by _____, 2024 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Net Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Actions (including the release of the Released Claims). |

| WHAT THIS NOTICE CONTAINS |
|---|

Why Did I Get This Notice? — Page __

What Are These Cases About? — Page __

How Do I Know If I Am Affected By The Settlement?
Who Is Included In The Settlement Class? — Page __

What Are Plaintiffs' Reasons For The Settlement? — Page __

What Might Happen If There Were No Settlement? — Page __

How Are Settlement Class Members Affected By The Actions
And The Settlement? — Page __

How Do I Participate In The Settlement? What Do I Need To Do? — Page __

How Much Will My Payment Be? — Page __

What Payment Are The Attorneys For The Settlement Class Seeking?
How Will The Lawyers Be Paid? — Page __

What If I Do Not Want To Be A Member Of The Settlement Class?
How Do I Exclude Myself? — Page __

- 9 -

When And Where Will The Court Decide Whether To Approve The
  Settlement?
Do I Have To Come To The Hearing? May I Speak At The Hearing
  If I Don't Like The Settlement?                                Page __
What If I Bought Securities On Someone Else's Behalf?      Page __
Can I See The Court File? Whom Should I Contact If I Have
  Questions?                                                     Page __

## WHY DID I GET THIS NOTICE?

9.      The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have:  (a) purchased or otherwise acquired ATI Securities during the period February 22, 2021 through October 19, 2021, both dates inclusive, and/or beneficially owned and/or held shares of FVAC Class A common stock as of May 24, 2021; and/or (b) beneficially owned and/or held FVAC Class A common stock as of the June 11, 2021 Redemption Date and were entitled to, but did not redeem your shares.  The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how these class action lawsuits may generally affect your legal rights.  If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

10.      The purpose of this Notice is to inform you of the existence of these cases, that they are class actions, the Settlement entered into in connection with the above-captioned actions, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion(s) by Plaintiffs' Counsel for awards of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing").  *See* ¶92 below for details about the Settlement Hearing, including the date and location of the hearing.

11.     The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Actions, and the Court still must decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

| WHAT ARE THESE CASES ABOUT? |
|---|

**The Securities Action**

12.     The Securities Action is known as *Burbige, et al. v. ATI Physical Therapy, Inc., f/k/a Fortress Value Acquisition Corp. II, et al.*, No. 1:21-cv-04349 (N.D. Ill.), including all cases consolidated under that caption.  The Judge presiding over the Securities Action is the Honorable Edmond E. Chang, U.S. District Judge.  The entities that are suing are called the plaintiffs, and those who are being sued are called the defendants.  In the Securities Action, Phoenix Insurance Company Ltd. and The Phoenix Pension & Provident Funds are Lead Plaintiffs, and the defendants are ATI, Labeed Diab, Joseph Jordan, Andrew A. McKnight, Joshua A. Pack, Marc Furstein, Leslee Cowen, Aaron F. Hood, Carmen A. Policy, Rakefet Russak-Aminoach, and Sunil Gulati (the "Securities Defendants," and together with the Securities Plaintiffs, the "Securities Parties"). The Settlement is with all Defendants, including the Securities Defendants.

13.     ATI is one of the nation's largest providers of outpatient physical therapy services, providing outpatient rehabilitation services and operating nearly 900 physical therapy clinics across 24 states.  This proposed Settlement includes a putative securities class action lawsuit alleging that ATI and certain of its officers and directors violated Sections 10(b), 14(a), and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") by making misstatements and omissions related to ATI's physical therapist attrition rates.  Specifically, in the Securities Action, the Securities Plaintiffs allege that the Securities Defendants made false and misleading statements during the period from February 22, 2021 through October 19, 2021, repeatedly touting the

- 11 -

Company's purportedly high rate of retention of physical therapists, which were essential to ATI's ability to serve its patients and critical to the Company's financial condition and growth. Plaintiffs allege that, unbeknownst to investors, however, ATI was in fact suffering from severe attrition among its physical therapists—at a rate of more than twice the industry average—which crippled its ability to meet patient demand.

14. The Securities Action was initiated on August 16, 2021 by Plaintiffs Kevin Burbige and Ziyang Nie. On November 18, 2021, the Court consolidated *City of Melbourne Firefighters' Retirement System v. ATI Physical Therapy Inc.*, No. 1:21-cv-05345 (N.D. Ill.), into the Securities Action. The Court further appointed Phoenix Insurance Company Ltd. and The Phoenix Pension & Provident Funds as Lead Plaintiffs.

15. On February 8, 2022, the Securities Plaintiffs filed the operative complaint (the "Securities Complaint"). ECF No. 58. The Securities Complaint asserts claims against the Securities Defendants under Sections 10(b), 14(a), and 20(a) of the Exchange Act and U.S. Securities and Exchange Commission ("SEC") Rules 10b-5 and 14a-9 promulgated thereunder. The Securities Complaint alleges, among other things, that during the period February 22, 2021 through October 19, 2021, both dates inclusive, the Securities Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about ATI, and the Company's business, operations, and prospects. Specifically, the Securities Defendants allegedly failed to disclose to investors: (1) that ATI was experiencing attrition among its physical therapists; (2) that ATI faced increasing competition for clinicians in the labor market; (3) that, as a result of the foregoing, the Company faced difficulties retaining therapists and incurred increased labor costs; (4) that, as a result of the labor shortage, the Company would open fewer new clinics; and (5) that, as a result of the foregoing, the Securities Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. The Securities Complaint alleges that, as a result of the Securities Defendants' alleged misrepresentations, the Securities Plaintiffs acquired ATI Securities at artificially inflated

- 12 -

prices during the period February 22, 2021 through October 19, 2021, both dates inclusive, and/or beneficially owned and/or held shares of FVAC Class A common stock as of May 24, 2021, the Record Date for shareholders to be eligible to vote on the Business Combination, and suffered damages when the truth regarding the alleged misrepresentations was allegedly revealed.

16.    The Securities Defendants denied all of the allegations, and on April 11, 2022, filed two motions to dismiss the Securities Complaint in its entirety.  One motion was filed by ATI, Labeed Diab (the former CEO of ATI), and Joseph Jordan (the CFO of ATI).  ECF No. 68.  The other motion was filed by Andrew McKnight, the former CEO of FVAC, and Joshua A. Pack, Marc Furstein, Leslee Cowen, Aaron F. Hood, Carmen A. Policy, Rakefet Russak-Aminoach, and Sunil Gulati.  ECF No. 71.

17.    On September 6, 2023, the Court granted in part and denied in part the Securities Defendants' motions to dismiss.  The Securities Defendants answered the Securities Complaint on October 19, 2023.  ECF Nos. 116-117.  Thereafter, the Securities Parties engaged in fact discovery, including the production of more than 350,000 pages of documents in response to document requests, and responding to written discovery, including interrogatories.

**The *Ghaith* Action**

18.    On December 1, 2021, May 10, 2022, and September 22, 2022, respectively, Plaintiffs Hamza Ghaith, Vinay Kumar, and Brendan Reginbald filed stockholder derivative complaints on behalf of ATI, which were subsequently consolidated and styled *In re ATI Physical Therapy, Inc. S'Holder Deriv. Litig.*, Case No. 1-21-cv-06415 (N.D. Ill) (the "*Ghaith* Action"). On November 21, 2022, Plaintiffs Kumar, Nie, Chang, and Reginbald (collectively, the "*Ghaith* Plaintiffs") filed a consolidated amended stockholder derivative complaint against Nominal Defendant ATI and Defendants Fortress Investment Group LLC, Fortress Acquisition Sponsor II LLC, Labeed Diab, Joseph Jordan, John L. Larsen, John Maldonado, Carmine Petrone, Joanne M. Burns, Christopher Krubert, James E. Parisi, Andrew A. McKnight, Joshua A. Pack, Marc Furstein, Leslee Cowen, Aaron F. Hood, Carmen A. Policy, Rakefet Russak-Aminoach, and Sunil

- 13 -

Gulati (collectively, the "*Ghaith* Defendants"). The allegations in the *Ghaith* Action generally mirror those asserted in the Securities Action, as described above.

19.     On January 20, 2023, the *Ghaith* Defendants moved to dismiss the consolidated amended stockholder derivative complaint. Instead of opposing the *Ghaith* Defendants' motions, on March 3, 2023, the *Ghaith* Plaintiffs filed a motion for leave to file a consolidated second amended stockholder direct and derivative complaint, which the Court granted on March 31, 2024. On April 2, 2024, the *Ghaith* Plaintiffs filed their consolidated second amended stockholder direct and derivative complaint, which, in addition to the derivative claims described above, asserted direct claims for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and unjust enrichment.

### The *Robinson* Action

20.     On February 7, 2023, Wendell Robinson filed a putative class action complaint, styled *Robinson v. Fortress Acquisition Sponsor II, LLC*, C.A. No. 2023-0142-NAC (Del. Ch.) (the "*Robinson* Action"), in the Delaware Court of Chancery, against Defendants Fortress Acquisition Sponsor II, LLC, Andrew A. McKnight, Joshua A. Pack, Marc Furstein, Leslee Cowen, Aaron F. Hood, Carmen A. Policy, Rakefet Russak-Aminoach, Sunil Gulati, Daniel N. Bass, Micah B. Kaplan, and Labeed Diab (collectively, the "*Robinson* Defendants"). The allegations in the *Robinson* Action generally mirror those asserted in the Securities Action, as described above, but the *Robinson* Action further alleges that alleged misrepresentations and omissions in the proxy materials for the Business Combination prevented stockholders from making a fully informed decision on whether to approve the Business Combination or have their shares redeemed.

21.     On April 28, 2023, the *Robinson* Defendants filed motions to dismiss the complaint, which remain pending. On August 16, 2023, plaintiffs filed a motion for consolidation of the *Robinson* Action and the *Goldstein* Action (defined below) and for the appointment of lead

NOTICE OF (I) PENDENCY OF CLASS ACTIONS, CERTIFICATION OF THE SETTLEMENT CLASS, AND
PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN
AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

plaintiff and counsel. On October 6, 2023, the court (i) denied the motion for consolidation (without prejudice to renewing the motion post-decision on the motions to dismiss in the *Robinson* Action), and (ii) granted the motion to stay the *Goldstein* Action (pending the same decision). On December 1, 2023, the court heard argument on the motions to dismiss the *Robinson* complaint. On April 25, 2024, the parties in the *Robinson* Action advised the court that the parties had reached a tentative settlement of the Actions. No decision on the *Robinson* Defendants' motions to dismiss had been rendered at the time that the parties advised the court of the tentative settlement. On April 26, 2024, the court advised the parties that it would hold the *Robinson* Defendants' motions to dismiss in abeyance pending the Settlement.

**The *Goldstein* Action**

22.     On June 1, 2023, Phillip Goldstein filed a dual putative class action and stockholder derivative complaint, styled *Goldstein v. Fortress Acquisition Sponsor II, LLC,* C.A. No. 2023-0582-NAC (Del. Ch.) (the "*Goldstein* Action"), in the Delaware Court of Chancery, against Defendants Labeed Diab, Joseph Jordan, Cedric Coco, Ray Wahl, John L. Larsen, John Maldonado, Carmine Petrone, Joanne M. Burns, Christopher Krubert, James E. Parisi, Andrew A. McKnight, Joshua A. Pack, Marc Furstein, Leslee Cowen, Aaron F. Hood, Carmen A. Policy, Rakefet Russak-Aminoach, and Sunil Gulati (collectively, with Fortress Acquisition Sponsor II, LLC, Daniel Bass, and Micah Kaplan, the "*Goldstein* Defendants"). On August 8, 2023, Plaintiff Goldstein filed an amended complaint. The allegations in the *Goldstein* Action generally mirror those asserted in the *Robinson* Action, as described above.

23.     As indicated above, on October 6, 2023, the court granted a motion to stay the *Goldstein* Action pending resolution of the motions to dismiss in the *Robinson* Action. On April 25, 2024, the parties filed a letter advising the court that the parties had reached an agreement in principle to settle the *Goldstein* Action and related matters.

24.     If you are a member of the class of investors alleged in the Actions, you are a member of the Settlement Class and your legal rights with respect to any of the putative class (direct) claims alleged in the Actions will be affected by the Settlement.

- 15 -

**Settlement Negotiations**

25. On December 18, 2023, the Securities Parties participated in an in-person private mediation conducted before a highly experienced mediator, former U.S. District Judge Layn Phillips, but were unable to reach a resolution at that time. As a result of the Securities Parties' continued negotiations over the subsequent weeks, the Securities Parties, on January 19, 2024, reached an agreement in principle to settle the claims against the Securities Defendants. Following the Securities Parties' consummation of their agreement in principle to resolve the Securities Action, the Securities Defendants, who are also parties to the related Multiplan Actions pending in this Court (also before Judge Chang) and the Delaware Court of Chancery, began discussions with the plaintiffs in the Multiplan Actions in an effort to also resolve those actions.

26. On March 7, 2024, the Parties participated in a second in-person mediation session with Judge Phillips. Defendants continued to negotiate a "global" resolution of the Securities Action and the Multiplan Actions.

27. On April 22, 2024, the Parties reached settlement agreements in principle to resolve the Actions, including an agreement in principle to resolve all putative class (direct) claims in the Actions (the "Settlement"). The Parties also reached an agreement in principle to resolve the derivative claims asserted in the *Ghaith* Action and the *Goldstein* Action (the "Derivative Settlement"). This Notice only concerns the Settlement. It does not concern the Derivative Settlement.

28. The settlement agreement in principle sets forth, among other things, the Parties' agreement to fully and finally settle and release all putative class (direct) claims that were asserted or could have been asserted in the Actions in return for a payment by or on behalf of Defendants of $24,900,000 for the benefit of the Settlement Class, subject to Court-approved attorney's fees and expenses. The settlement agreement in principle was formalized in the Stipulation, which was executed on May 13, 2024. The Stipulation reflects the final and binding agreement between the Parties.

29. Based upon their investigation and prosecution of the Actions, Plaintiffs and

- 16 -

Plaintiffs' Counsel have concluded that the terms and conditions of the Stipulation are fair, reasonable, and adequate to Plaintiffs and the other members of the Settlement Class, and in their best interests. Based on Plaintiffs' direct oversight of the prosecution of these matters and with the advice of their counsel, Plaintiffs have agreed to settle and release the putative class (direct) claims that were asserted or could have been asserted in the Actions pursuant to the terms and provisions of the Stipulation, after considering, among other things: (a) the substantial financial benefit that Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

30. Defendants are entering into the Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation. Each of Defendants denies any wrongdoing and affirms that they have acted properly and lawfully at all times. Each Defendant further denies that the Settlement Class suffered any damages or harm as a result of Defendants' conduct, and the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of Defendants, or any of Defendants' Releasees (defined in ¶ 42 below), with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted. Similarly, the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of Plaintiffs of any infirmity in any of the putative class (direct) claims asserted in the Actions, or an admission or concession that any of Defendants' defenses to liability had any merit.

31. On_____, 2024, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

| **HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?** |
| :---: |
| **WHO IS INCLUDED IN THE SETTLEMENT CLASS?** |

32. If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class consists of:

NOTICE OF (I) PENDENCY OF CLASS ACTIONS, CERTIFICATION OF THE SETTLEMENT CLASS, AND
PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN
AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

all persons or entities who (a) purchased or otherwise acquired ATI Securities between February 22, 2021 and October 19, 2021, both dates inclusive, and/or beneficially owned and/or held FVAC common stock as of May 24, 2021 and were eligible to vote at FVAC's June 15, 2021 special meeting to vote on the Business Combination (the "Securities Subclass"); and/or (b) beneficially owned and/or held FVAC Class A common stock as of the June 11, 2021 Redemption Date who were entitled to, but did not elect to, redeem their shares (the "Multiplan Subclass").

Excluded from the Settlement Class are: (i) Defendants; (ii) current and former Officers and directors of the Company; (iii) members of the Immediate Family of each of Defendants; (iv) all subsidiaries and affiliates of the Company and the directors and Officers of such subsidiaries or affiliates; (v) all persons, firms, trusts, corporations, Officers, directors, and any other individual or entity in which any of Defendants has a controlling interest; and (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of all such excluded parties; *provided*, *however*, that any Investment Vehicle shall not be excluded from the Settlement Class. Also excluded from the Settlement Class are any persons or entities who timely and validly exclude themselves from the Class in accordance with the requirements set forth in the Notice and Rule 23 of the Federal Rules of Civil Procedure. *See* "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself," on page 40-41 below.

**PLEASE NOTE:  RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN _____, 2024.  ALTERNATIVELY, YOU MAY OBTAIN, COMPLETE, AND SUBMIT AN ELECTRONIC CLAIM BY 11:59 P.M. EST ON _____, 2024 AT WWW. STRATEGICCLAIMS.NET/ATI .**

## WHAT ARE PLAINTIFFS' REASONS FOR THE SETTLEMENT?

33.    Plaintiffs and Plaintiffs' Counsel believe that the putative class (direct) claims asserted against Defendants have merit.  They recognize, however, the expense and length of continued proceedings necessary to pursue their putative class (direct) claims against Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages.  Moreover, Plaintiffs' Counsel recognized that Defendants had numerous avenues of attack that could preclude a recovery.  For example, the Securities Defendants would assert that the statements were not materially false and misleading, and that even if they were, the statements were not made with the requisite state of mind to support the securities fraud claims alleged.  Even if the hurdles to establishing liability were overcome, the amount of damages that could be attributed to each of the allegedly false statements would be hotly contested.  Plaintiffs would have to prevail at several stages—motions for class certification, summary judgment, trial, and if they prevailed on those, on the appeals that were likely to follow.  Thus, there were very significant risks attendant to the continued prosecution of the Actions.

34.    In light of these risks, the amount of the Settlement and the immediacy of recovery to the Settlement Class, Plaintiffs and Plaintiffs' Counsel believe that the proposed Settlement is

fair, reasonable, and adequate, and in the best interests of the Settlement Class. Plaintiffs and Plaintiffs' Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $24,900,000 (less the various deductions described in this Notice), as compared to the risk that the putative class (direct) claims in the Actions would produce a smaller recovery, or no recovery, after class certification, summary judgment, trial and appeals, possibly years in the future, as well as the risks associated with ATI's financial position.

35. Defendants have expressly denied, and continue to deny, each and all of the claims alleged by Plaintiffs in the Actions, and affirm that they have acted properly and lawfully at all times. Further, Defendants have expressly denied, and continue to deny, all charges of wrongdoing, fault, liability, or damage against them arising out of any and all of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Actions. Defendants maintain that they have strong and meritorious defenses to all of the putative class (direct) claims alleged in the Actions. Defendants have nevertheless agreed to enter into the Settlement solely to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, and thereby put to rest this controversy.

### WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

36. If there were no Settlement and Plaintiffs failed to prove any essential legal or factual element of their putative class (direct) claims against Defendants, neither Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

### HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTIONS AND THE SETTLEMENT?

37. As a Settlement Class Member, you are represented by Plaintiffs and Plaintiffs' Counsel, unless you enter an appearance through counsel of your own choice at your own expense.

You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section titled, "When And Where Will The Court Decide Whether To Approve The Settlement? Do I Have To Come To The Hearing? May I Speak At The Hearing If I Don't Like The Settlement?," below.

38.     If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section titled, "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?," below.

39.     If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Plaintiffs' Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, or the awards to Plaintiffs, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section titled, "When And Where Will The Court Decide Whether To Approve The Settlement? Do I Have To Come To The Hearing? May I Speak At The Hearing If I Don't Like The Settlement?," below.

40.     If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment") in the Securities Action and the *Ghaith* Action.  The Judgment will dismiss with prejudice the claims in the (i) Securities Action against the Securities Defendants and (ii) the *Ghaith* Action against the *Ghaith* Defendants.  In addition, after the Settlement and the Derivative Settlement become Final, the plaintiffs in the *Robinson* Action and *Goldstein* Action have agreed to dismiss those Actions with prejudice.  All Parties agree that, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their current and former subsidiaries, affiliates, parents, successors, predecessors, predecessors-in-interest, successors-in-interest, assigns, assignees, attorneys, heirs, executors, estates, or administrators, in their capacities as such, and any

other person or entity who has the right, ability, standing, or capacity to assert, prosecute, or maintain on behalf of any Settlement Class Member any of the Released Claims (or to obtain the proceeds of any recovery therefrom) in their capacities as such, shall be deemed to have – and by operation of the Judgment shall have – fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, dismissed, and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 41 below) against Defendants and Defendants' Releasees (as defined in ¶ 42 below), and shall be permanently and forever barred and enjoined from instituting, commencing, participating in, maintaining, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any Released Plaintiffs' Claim (including, without limitation, Unknown Claims), as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the putative class (direct) claims in the Actions, against any of Defendants' Releasees.

41. "Released Plaintiffs' Claims" means any and all claims, rights, actions, issues, controversies, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every kind, nature, and description, including both known and Unknown Claims, whether arising under federal, state, or foreign law, or statutory, common, or administrative law, or any other law, rule, or regulation, whether asserted as claims, cross-claims, counterclaims, or third-party claims, whether fixed or contingent, choate or inchoate, accrued or not accrued, matured or unmatured, liquidated or un-liquidated, perfected or unperfected, whether class, direct, or individual in nature, that previously existed, currently exist, exist as of the date of Court approval of the Settlement, or that may arise in the future, that Plaintiffs or any other member of the Settlement Class asserted in the complaints in the Actions or could have asserted as direct claims in the Actions or in any other action or in any forum (including, without limitation, any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum, in the U.S. or elsewhere) that in any way arise out of, are

- 22 -

based upon, relate to, or concern the claims, allegations, transactions, facts, circumstances, events, acts, disclosures, statements, representations, omissions, or failures to act alleged, set forth, referred to, involved, or which could have been raised in the Actions or the complaints in the Actions, and that in any way arise out of, are based upon, relate to, or concern the purchase, acquisition, disposition, sale, or holding of, or other transaction in, FVAC common stock or ATI Securities between February 22, 2021 and October 19, 2021, both dates inclusive, including, without limitation, claims that arise out of or relate to any disclosures (including in financial statements), U.S. Securities and Exchange Commission filings, press releases, investor calls, registration statements, offering memoranda, web postings, presentations, or any other statements by ATI and/or FVAC during the period February 22, 2021 through and including October 19, 2021. For the avoidance of doubt, Released Plaintiffs' Claims include any and all direct claims that are asserted in any of the Multiplan Actions. Released Plaintiffs' Claims do not include any claims relating to the enforcement of the Settlement, or any derivative claims that are asserted, or could have been asserted, in any of the Multiplan Actions, which are being released separately as part of the Derivative Settlement.

42. "Defendants' Releasees" means each and all of the following: (a) each and every Defendant in the Actions; (b) such Defendants' respective present and former parents, affiliates, subsidiaries, divisions, general partners, limited partners, directors, officers, and any Person in which any such Defendant has or had a controlling interest; and (c) the present and former members of the immediate family, heirs, principals, trustees, trusts, executors, administrators, predecessors, successors, assigns, members, agents, subsidiaries, employees, officers, managers, directors, general partners, limited partners, bankers, attorneys, accountants, auditors, representatives, estates, divisions, advisors, estate managers, indemnifiers, insurers, and reinsurers of each of the Persons listed in subparts (a) or (b) of this definition.

43. There is a risk that Plaintiffs and other Settlement Class Members, or certain of them, may hereafter discover facts in addition to or different from those that he, she, or it now

- 23 -

knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims, but Plaintiffs and each of the other Settlement Class Members, upon the Effective Date, by operation of the Judgment, expressly waive any and all Released Plaintiffs' Claims, without regard to the subsequent discovery or existence of such different or additional facts.

44.     "Unknown Claims" means any Released Plaintiffs' Claims which any Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant or any other Defendants' Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected any of his, her or its decision(s) with respect to this Settlement, including, without limitation, a Settlement Class Member's decision not to opt-out or object. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members and each of Defendants' Releasees and each of Plaintiffs' Releasees shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiffs, any other Settlement Class Member, Defendants, and their respective Releasees may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and each of Defendants shall expressly waive, and each of the other Settlement Class Members and Releasees shall be deemed to have waived, and by operation of the Judgment shall have expressly waived

- 24 -

any and all Released Claims, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs acknowledge, and each of the other Settlement Class Members by law and operation of the Judgment shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a material element of the Settlement.

45. The Settlement also provides that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves and each of their current and former subsidiaries, affiliates, parents, successors, predecessors, predecessors-in-interest, successors-in-interest, assigns, assignees, attorneys, heirs, executors, estates, or administrators, in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, dismissed, and discharged any and all Released Defendants' Claims (as defined in ¶ 46 below) against Plaintiffs and the other Plaintiffs' Releasees (as defined in ¶ 47 below), shall be permanently and forever barred and enjoined from instituting, commencing, participating in, maintaining, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any Released Defendants' Claims (including, without limitation, Unknown Claims), as well as any putative class (direct) claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Actions, against any of Plaintiffs' Releasees. Notwithstanding the above, nothing shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation, the Preliminary Approval Order, or the Judgment.

46. "Released Defendants' Claims" means any and all claims, demands, rights, causes of action, sanctions, complaints, and liabilities, whatsoever, whether based in law or equity, arising under federal, state, local, statutory, or common law, or any other law, rule, or regulation, including both known and Unknown Claims, that have been or could have been asserted in the Actions or any other forum by Defendants or any of the other Defendants' Releasees that arise out of or relate in any way to the institution, prosecution, or settlement of the Actions. Released Defendants'

- 25 -

Claims do not include any claims relating to the enforcement of the Settlement, any claims between or among Defendants and Defendants' Releasees, any claims between Defendants and Defendants' Releasees and their respective insurers, or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

47. "Plaintiffs' Releasees" means Plaintiffs, Plaintiffs' Counsel, and all other Settlement Class Members, and their respective current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, Immediate Family members, insurers, reinsurers, and attorneys, in their capacities as such.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

48. To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation to the Claims Administrator at *ATI Class Action Settlement*, c/o Strategic Claims Services, P.O. Box. 230, 600 N. Jackson Street, Suite 205, Media, PA 19063; Fax: (610) 565-7985; info@strategicclaims.net, **postmarked no later than _____**. A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement at www. strategicclaims.net/ati, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at (866) 274-4004. You may also submit a Claim Form online. **Electronic Claim Forms must be submitted by 11:59 p.m. EST on _____, 2024**. Please retain all records of your ownership of and transactions in ATI Securities, as they may be needed to document your Claim.  If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

49. At this time, it is not possible to make any determination as to how much any

NOTICE OF (I) PENDENCY OF CLASS ACTIONS, CERTIFICATION OF THE SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

individual Settlement Class Member may receive from the Settlement.

50.     Pursuant to the Settlement, ATI, on behalf of all Defendants, has agreed to cause the Settlement Amount ($24,900,000.00) to be paid in cash no later than thirty (30) days after preliminary approval of the Settlement by the Court.  The Settlement Amount will be deposited into an Escrow Account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state, and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court in the Actions) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve ("Authorized Claimants").

51.     The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

52.     Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf is entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants shall not have any involvement in or any liability, obligation, or responsibility whatsoever for the selection of the Claims Administrator, the administration of the Settlement, the Claims process, the investment of the Settlement Fund, the disbursement of the Settlement Fund or Net Settlement Fund, or the Plan of Allocation.

53.     Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

54. Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form electronically by 11:59 p.m. EST on _____, 2024 or postmarked on or before _____, 2024, shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Settlement Class Member releases Released Plaintiffs' Claims (as defined in ¶ 41 above) against Defendants' Releasees (as defined in ¶ 42 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of Released Plaintiffs' Claims against any of Defendants' Releasees whether or not such Settlement Class Member submits a Claim Form.

55. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

56. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

57. Settlement Class Members are persons and entities who are members of either or both of the Securities Subclass and/or the Multiplan Subclass. Only Settlement Class Members will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities which are excluded from the Settlement Class by definition or which exclude themselves from the Settlement Class pursuant to a request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms. The only securities that are included in the Settlement are ATI Securities.

## PROPOSED PLAN OF ALLOCATION

58. The Plan of Allocation was created with the assistance of a consulting damages expert. The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing, as opposed to losses caused by market- or industry-wide factors, or Company-specific factors unrelated to the alleged fraud.

- 28 -

59.    The Net Settlement Fund shall be divided into two pools:  one for Authorized Claimants in the Securities Subclass ("the Securities Subclass Fund"), and another for Authorized Claimants in the Multiplan Subclass (the "Multiplan Subclass Fund"). 75.9% of the Net Settlement Fund will be allocated to the Securities Subclass Fund. The remainder of the Net Settlement Fund (approximately 24.1%) will be allocated to the Multiplan Subclass Fund.  Attorneys' fees and Litigation Expenses awarded to Securities Plaintiffs' Counsel will be paid from the Securities Subclass Fund and attorneys' fees and Litigation Expenses awarded to Multiplan Counsel will be paid from the Multiplan Subclass Fund.  Notice and Administration Costs will be paid proportionally from both subclass funds.

60.    The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.  The Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible.

### Allocation of the Securities Subclass Fund

61.    The Securities Subclass Fund shall be allocated among Authorized Claimants as follows.  The Claims Administrator shall determine each Authorized Claimant's share of the Securities Subclass Fund based upon the recognized loss formula (the "Recognized Loss") described below.  A Recognized Loss will be calculated for each ATI Security purchased or otherwise acquired during the period February 22, 2021 through October 19, 2021, both dates inclusive, and for each share of FVAC common stock beneficially owned and/or held as of May 24, 2021.[2]  The calculation of Recognized Loss will depend upon several factors, including when

---

[2] On June 17, 2021, the Business Combination was consummated.  Prior to the Business Combination, FVAC's Class A ordinary shares, public warrants, and units

the ATI Securities were purchased or otherwise acquired during the Settlement Class Period, and in what amounts, and whether such securities were sold, and if sold, when they were sold and for what amounts.

62. A Recognized Loss will be calculated for each ATI Security eligible for a claim under Section 10(b), as described below under "Calculation of Recognized Loss Under Section 10(b)." A Recognized Loss will be calculated for each ATI Security eligible for a claim under Section 14(a), as described below under "Calculation of Recognized Loss Under Section 14(a)."

63. The Recognized Loss for ATI Securities eligible for a claim under both Section 10(b) and Section 14(a) shall be *the maximum of*: (i) the Recognized Loss Under Section 10(b); or (ii) the Recognized Loss Under Section 14(a) multiplied by a factor of 1.30. This approach to calculating Recognized Losses is intended to reflect the determination of Lead Counsel that, although the claims alleged and damages alleged to be recoverable under Section 10(b) and Section 14(a) generally relate to similar alleged misconduct, the Section 14(a) claims add value to the overlapping Section 10(b) claims because they would be easier to prove and therefore more likely to prevail if the Actions were litigated to a conclusion.

were listed on the New York Stock Exchange ("NYSE") under the ticker symbols "FAII," "FAII WS," and "FAII.U," respectively. Each FVAC warrant entitled the holder thereof to purchase one FVAC Class A ordinary share at a price of $11.50 per share. Each FVAC unit ("FVAC Unit") consisted of one Class A ordinary share and one-fifth of one public warrant. As a result of and upon the effective time of the Business Combination: (1) each of the then issued and outstanding FVAC Class A ordinary shares automatically converted, on a one-for-one basis, into a share of ATI Class A common stock; (2) each of the then issued and outstanding FVAC warrants automatically converted into an ATI warrant; and (3) each of the then issued and outstanding FVAC Units that had not been previously separated into the underlying securities upon the request of the holder thereof was cancelled, entitling the holder thereof to one share of ATI Class A common stock and one-fifth of one ATI warrant. The continuing company was renamed "ATI Physical Therapy, Inc.," and the Company's Class A common stock and warrants were listed on the NYSE under the ticker symbols "ATIP" and "ATIP WS," respectively. The Company did not have publicly traded units following the closing of the Business Combination.

64.     An FVAC Unit purchased during the Settlement Class Period that was subsequently separated into its underlying component securities (*i.e.,* separated into one share and one-fifth of a warrant) at the request of the holder thereof or automatically in the Business Combination, shall be treated as a purchase of one share of an ATI Security on the date of separation.  The purchase price for the ATI Security received by the holder of the FVAC Unit shall be the closing price of the ATI Security on the date of separation.[3, 4]

**Calculation of Recognized Loss Under Section 10(b)**

65.     The Recognized Loss under Section 10(b) reflects the assumption that the prices of the ATI Securities were artificially inflated during the Settlement Class Period.  The estimated alleged artificial inflation in the prices of the ATI Securities is reflected in **Table 1 below**.  The computation of the estimated alleged artificial inflation in the prices of the ATI Securities during the Settlement Class Period is based on certain misrepresentations alleged by Plaintiffs and the Company-specific price change in the security, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Plaintiffs.

66.     Federal securities laws allow investors to recover for losses caused by disclosures which corrected a defendant's previous false or misleading statements.  Thus, in order to have recoverable damages under Section 10(b), ATI Securities purchased or otherwise acquired during

---

[3] FVAC Units purchased prior to the Settlement Class Period that were subsequently separated into their underlying component securities during the Settlement Class Period are not eligible for a recovery from the Settlement.

[4] The automatic conversion of any other FVAC securities or ATI securities into shares of ATI Class A common stock as a result of the Business Combination, shall not be considered an acquisition of ATI Securities, and is not a transaction that is eligible for a recovery in the Settlement.  However, ATI Class A common stock acquired pursuant to Subscription Agreements as part of the Company's PIPE financing shall be considered an acquisition of an ATI Security on the date of the Business Combination (June 17, 2021) that is eligible for a recovery from the Settlement, at a purchase price of $10.00 per security.

NOTICE OF (I) PENDENCY OF CLASS ACTIONS, CERTIFICATION OF THE SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

the Settlement Class Period must have been held during a period of time in which their price declined due to the disclosure of information which corrected an allegedly false or misleading statement. Plaintiffs and Lead Counsel have determined that such price declines occurred on July 26, 2021, July 27, 2021, and October 20, 2021 (the "Corrective Disclosures"). Accordingly, if an ATI Security was sold before July 26, 2021 (the earliest Corrective Disclosure date), the Recognized Loss for such security is $0.00, and any loss suffered is not compensable under the federal securities laws. Likewise, if an ATI Security was both purchased and sold between two consecutive Corrective Disclosure dates, the Recognized Loss for such security is $0.00.

67. The Recognized Loss under Section 10(b) also takes into account the "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on ATI Securities purchased during the Settlement Class Period and held as of the close of the 90-day period subsequent to the Settlement Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such security and its average price during the 90-Day Lookback Period.[5] The Recognized Loss on ATI Securities purchased during the Settlement Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such security and its rolling average price during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

| Table 1 Artificial Inflation in ATI Securities | | |
|---|---|---|
| From | To | Inflation Per Security |
| February 22, 2021 | July 25, 2021 | $5.12 |
| July 26, 2021 | July 26, 2021 | $1.60 |
| July 27, 2021 | October 19, 2021 | $0.81 |
| October 20, 2021 | Thereafter | $0.00 |

---

[5] The 90-Day Lookback Period is from October 20, 2021 through January 14, 2022, both dates inclusive.

** For each day during the Settlement Class Period, the price inflation in the ATI Securities shall not exceed that day's closing price for the security.

68.    In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions.  If a Recognized Loss calculates to a negative number, that Recognized Loss shall be zero.  Any transactions in ATI Securities executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session for the U.S. financial markets.

69.    Based on the formula set forth below, a Recognized Loss amount will be calculated under Section 10(b) for each purchase or acquisition of an ATI Security during the period February 22, 2021 through October 19, 2021, both dates inclusive, that is listed in the Proof of Claim Form and for which adequate documentation is provided.

i.    For each share of an ATI Security sold prior to July 26, 2021, the Recognized Loss per security is $0.

ii.    For each share of an ATI Security purchased/acquired during the Settlement Class Period that was subsequently sold during the period July 26, 2021 through October 19, 2021, both dates inclusive, the Recognized Loss per security is the amount of artificial inflation on the date of purchase/acquisition minus the amount of artificial inflation on the date of sale as set forth in **Table 1 above**.

iii.    For each share of an ATI Security that was purchased/acquired during the Settlement Class Period that was subsequently sold during the period October 20, 2021 through January 14, 2022, both dates inclusive, (*i.e.*, sold during the 90-Day Lookback Period), the Recognized Loss per security *is the lesser of*:

   a.    the amount of artificial inflation on the date of purchase/acquisition as set forth in **Table 1 above**; or

   b.    the purchase price *minus* the "90-Day Lookback Value" on the date of sale as provided in **Table 2 below**.

- 33 -

iv. For each share of ATI Security that was purchased/acquired during the Settlement Class Period that was still held as of the close of trading on January 14, 2022, the Recognized Loss per security is *the lesser of*:

    a. the amount of artificial inflation on the date of purchase/acquisition as set forth in **Table 1 above**; or

    b. the purchase price *minus* the average closing price for the ATI Security during the 90-Day Lookback Period, which is $3.29.

v. For each share of ATI Security that was purchased on or after October 20, 2021, the Recognized Loss per security is $0.00.

| Table 2 – 90-Day Lookback | | | | | |
|---|---|---|---|---|---|
| Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value |
| 10/20/2021 | $2.86 | 11/18/2021 | $3.26 | 12/20/2021 | $3.34 |
| 10/21/2021 | $2.93 | 11/19/2021 | $3.28 | 12/21/2021 | $3.34 |
| 10/22/2021 | $2.90 | 11/22/2021 | $3.28 | 12/22/2021 | $3.33 |
| 10/25/2021 | $2.88 | 11/23/2021 | $3.29 | 12/23/2021 | $3.33 |
| 10/26/2021 | $2.88 | 11/24/2021 | $3.30 | 12/27/2021 | $3.32 |
| 10/27/2021 | $2.85 | 11/26/2021 | $3.30 | 12/28/2021 | $3.32 |
| 10/28/2021 | $2.83 | 11/29/2021 | $3.31 | 12/29/2021 | $3.31 |
| 10/29/2021 | $2.84 | 11/30/2021 | $3.32 | 12/30/2021 | $3.31 |
| 11/1/2021 | $2.84 | 12/1/2021 | $3.32 | 12/31/2021 | $3.31 |
| 11/2/2021 | $2.85 | 12/2/2021 | $3.33 | 1/3/2022 | $3.32 |
| 11/3/2021 | $2.85 | 12/3/2021 | $3.33 | 1/4/2022 | $3.32 |
| 11/4/2021 | $2.87 | 12/6/2021 | $3.32 | 1/5/2022 | $3.31 |
| 11/5/2021 | $2.89 | 12/7/2021 | $3.33 | 1/6/2022 | $3.31 |
| 11/8/2021 | $2.91 | 12/8/2021 | $3.34 | 1/7/2022 | $3.31 |
| 11/9/2021 | $2.91 | 12/9/2021 | $3.35 | 1/10/2022 | $3.30 |

NOTICE OF (I) PENDENCY OF CLASS ACTIONS, CERTIFICATION OF THE SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

| 11/10/2021 | $2.97 | 12/10/2021 | $3.36 | 1/11/2022 | $3.29 |
| 11/11/2021 | $3.02 | 12/13/2021 | $3.36 | 1/12/2022 | $3.29 |
| 11/12/2021 | $3.08 | 12/14/2021 | $3.36 | 1/13/2022 | $3.28 |
| 11/15/2021 | $3.12 | 12/15/2021 | $3.35 | 1/14/2022 | $3.29 |
| 11/16/2021 | $3.19 | 12/16/2021 | $3.35 | N/A | N/A |
| 11/17/2021 | $3.23 | 12/17/2021 | $3.35 | N/A | N/A |

**Calculation of Recognized Loss Under Section 14(a)**

70. Based on the formula set forth below, a Recognized Loss will be calculated under Section 14(a) for each share of FVAC common stock held as of May 24, 2021 by an Authorized Claimant that was eligible to vote at FVAC's June 15, 2021 special meeting, that was subsequently exchanged for shares for ATI common stock in connection with the Business Combination, and that is listed in the Proof of Claim Form and for which adequate documentation is provided.

71. The Recognized Loss per share shall be calculated as follows:

i. For each share sold on or before October 19, 2021, the Recognized Loss per share is $10.00 *minus* the sale price.

ii. For each share held as of the close of trading on October 19, 2021, the Recognized Loss per share is $7.14.

72. The Securities Subclass Fund will be allocated among all Authorized Claimants based on the amount of each Authorized Claimant's Recognized Loss (defined below).

73. If a Securities Subclass Member has more than one purchase/acquisition or sale of ATI Securities, all purchases/acquisitions and sales shall be matched on a First In, First Out ("FIFO") basis. Settlement Class Period sales will be matched first against any holdings of ATI Securities at the beginning of the Settlement Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition of ATI Securities made during the Settlement Class Period.

74. A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of

- 35 -

his, her, or its Recognized Loss amounts.

75.     The Securities Subclass Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims.  Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Securities Subclass Fund.  If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant.

76.     Purchases or acquisitions and sales of ATI Securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance, or operation of law of ATI Securities during the Settlement Class Period shall not be deemed a purchase or acquisition of ATI Securities for the calculation of an a Claimant's Recognized Claim amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of ATI Securities unless (i) the donor or decedent purchased or otherwise acquired such securities during the Settlement Class Period, and/or beneficially owned and/or held FVAC common stock as of May 24, 2021; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such securities; and (iii) it is specifically so provided in the instrument of gift or assignment.

77.     The date of covering a "short sale" is deemed to be the date of purchase or acquisition of ATI Securities.  The date of a "short sale" is deemed to be the date of sale of ATI Securities.  Under the Plan of Allocation, however, the Recognized Loss on "short sales" is zero. In the event that a Claimant has a short position in ATI Securities, the earliest Settlement Class period purchases or acquisitions of the security shall be matched against such short position, and not be entitled to a recovery, until that short position is fully covered.

78.     Option contracts are not securities eligible to participate in the Settlement. With respect to ATI Securities purchased or sold through the exercise of an option, the purchase/sale date of the security is the exercise date of the option and the purchase/sale price of the security is

- 36 -

the strike price of the option. With respect to ATI Securities purchased through the exercise of a warrant, the purchase date of the security shall be the exercise date of the warrant, and the purchase price of the security shall be $11.50. Any Recognized Loss arising from purchases of ATI Securities acquired during the Settlement Class Period through the exercise of an option or warrant shall be computed as provided for other purchases of ATI Securities in the Plan of Allocation.

79.     To the extent a Claimant had a market gain with respect to his, her, or its overall transactions in ATI Securities during the Settlement Class period, the value of the Claimant's Recognized Claim shall be zero. Such Claimants shall in any event be bound by the Settlement. To the extent that a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in ATI Securities during the Settlement Class period, but that market loss was less than the total Recognized Losses calculated above, then the Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

80.     For purposes of determining whether a Claimant had a market gain with respect to his, her, or its overall transactions in ATI Securities during the Settlement Class Period or suffered a market loss, the Claims Administrator shall determine the difference between (i) the Total Purchase Amount[6] and (ii) the sum of the Total Sales Proceeds[7] and Total Holding Value.[8] This

---

[6] The "Total Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for all ATI Securities purchased or acquired during the Settlement Class Period.

[7] The Claims Administrator shall match any sales of ATI Securities during the Settlement Class period, first against the Claimant's opening position in ATI Securities (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (excluding commissions and other charges) for the remaining sales of ATI Securities sold during the Settlement Class Period shall be the "Total Sales Proceeds."

[8] For ATI Securities purchased or acquired during the Settlement Class period and still held as of the close of trading on October 19, 2021, the Claims Administrator shall ascribe a value of $2.86 per ATI Security (the "Holding Value"). The total Holding Value for all ATI Securities purchased or acquired during the Settlement Class Period and still held as of the close of trading on October 19, 2021 shall be the Claimant's "Total Holding Value."

difference shall be deemed a Claimant's market gain or loss with respect to his, her, or its overall transactions in ATI securities during the Settlement Class Period.

**Allocation of the Multiplan Subclass Fund**

81.     The Multiplan Subclass Fund shall be allocated among Authorized Claimants who beneficially owned and/or held FVAC Class A common stock as of the June 11, 2021 Redemption Date who were entitled to, but did not elect to, redeem such shares. Each share of FVAC Class A Common Stock that was held by an Authorized Claimant as of June 11, 2021 shall be a Multiplan Eligible Share.

82.     Each Authorized Claimant will be eligible to receive a *pro rata* payment from the Multiplan Subclass Fund equal to the product of (i) the number of Multiplan Eligible Shares held by the Authorized Claimant; and (ii) the "Per-Share Recovery" for the Multiplan Subclass Fund, which will be determined by dividing the total amount of the Multiplan Subclass Fund by the total number of Multiplan Eligible Shares held by all Authorized Claimants.

83.     After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain in the fund six (6) months after the initial distribution, if Plaintiffs' Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such redistribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.  Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Plaintiffs' Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.

84.     Payment pursuant to the Plan of Allocation, or such other plan of allocation as may

- 38 -

be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Plaintiffs, Plaintiffs' Counsel, Plaintiffs' damages expert, Defendants, Defendants' Counsel, or any of the other Releasees, or the Claims Administrator or other agent designated by Lead Counsel or Multiplan Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Plaintiffs, Defendants, and their respective counsel, and all Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

85. The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Plaintiffs after consultation with their damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www. strategicclaims.net/ati.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING?
## HOW WILL THE LAWYERS BE PAID?

86. Plaintiffs' Counsel have not received any payment for their services in pursuing claims against Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Counsel for Securities Plaintiffs will apply to the Court for an award of attorneys' fees of no more than one-third of the $18,900,000 portion of the Settlement Amount obtained for the Securities Subclass, plus interest earned at the same rate and for the same period as earned by the Settlement Fund and Multiplan Counsel will apply to the Court for an award of attorneys' fees of no more than one-

third of the $6,000,000 portion of the Settlement Amount obtained for the Multiplan Subclass, plus interest earned at the same rate and for the same period as earned by the Settlement Fund. In addition, Securities Plaintiffs' Counsel and Multiplan Counsel each also intend to apply for reimbursement of Litigation Expenses plus interest in an amount not to exceed $500,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class. The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE CLASS? HOW DO I EXCLUDE MYSELF?

87. Each Settlement Class Member will be bound by all determinations and judgments in these lawsuits concerning the Settlement and the releases contained herein, whether favorable or unfavorable, unless such person or entity mails, by first-class mail (or its equivalent outside the U.S.), or otherwise delivers a written Request for Exclusion from the Settlement Class addressed to ATI Class Actions Settlement, EXCLUSIONS, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media PA, 19063. The exclusion request must be *received* no later than _____. You will not be able to exclude yourself from the Settlement Class after that date. Each Request for Exclusion must (a) state the name, address, and telephone number of the person or entity requesting exclusion, and, in the case of entities, the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in the ATI Class Actions Settlement"; (c) state the number of shares of ATI Securities that the person or entity requesting exclusion (i) owned as of the opening of trading on February 22, 2021; and (ii) purchased, acquired, and/or sold from February 22, 2021 through October 19, 2021, both dates inclusive, as well as the number of securities, dates, and prices for each such purchase, acquisition, and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative. A Request for Exclusion shall not be valid and effective

- 40 -

unless it provides all the information called for in this paragraph and is received within the time stated above or is otherwise accepted by the Court.

88.     If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of Defendants' Releasees.

89.     If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

90.     If the requests for exclusion from the Settlement exceed a certain amount, as set forth in a separate confidential supplemental agreement between Plaintiffs and ATI (the "Supplemental Agreement"), ATI shall have, in its discretion, the option to terminate the Settlement in accordance with the procedures set forth in the Supplemental Agreement.

> **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**
> **DO I HAVE TO COME TO THE HEARING?**
> **MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

91.     **Settlement Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing.**

92.     The Settlement Hearing will be held on _____ at __:__ _.m., before the Honorable Edmond E. Chang at the U.S. District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, Courtroom 2341.  The Court reserves the right to approve the Settlement, the Plan of Allocation, Plaintiffs' Counsel's motions for awards of attorneys' fees and reimbursement of Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

- 41 -

93.     Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation, or Plaintiffs' Counsel's motions for awards of attorneys' fees and reimbursement of Litigation Expenses. Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Northern District of Illinois at the address set forth below on or before _____.  You must also serve the papers on Securities Subclass Lead Counsel, *Multiplan* Subclass Counsel, and on Defendants' Counsel at the addresses set forth below so that the papers **are *received* on or before** _____.

| **Clerk's Office** | **Securities Subclass Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| United States District Court for the Northern District of Illinois Clerk of the Court Dirksen U.S. Courthouse 219 S. Dearborn Street Chicago, IL 60604 | **Pomerantz LLP** Jeremy A. Lieberman 600 Third Avenue, 20th Floor New York, NY 10016-1917 **Multiplan Subclass Counsel** **Levi & Korsinsky, LLP** Donald J. Enright 1101 Vermont Ave., NW Suite 700 Washington, DC 20005 | **Weil, Gotshal & Manges LLP** John A. Neuwirth & Joshua S. Amsel 767 Fifth Avenue New York, NY 10153 (Counsel for the ATI Defendants) **Skadden, Arps, Slate, Meagher & Flom LLP** Charles F. Smith 155 North Wacker Drive Chicago, Ill. 60606 (Counsel for the FVAC Defendants) |

94.     Any objection to the proposed Settlement must be in writing.  All written objections and supporting papers must (a) clearly identify one of the Actions case names and numbers (*Burbige et al v. ATI Physical Therapy, Inc.*, No. 1:21-cv-04349; *In re ATI Physical Therapy, Inc. Shareholder Derivative Litig.*, No. 1:21-cv-06415-EEC; *Robinson v. Fortress Acquisition Sponsor II, LLC et al.*, No. 2023-0142-NAC; *Goldstein v. Fortress Acquisition Sponsor II, LLC et al.*, No. 2023-0582-NAC); (b) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (c) must contain a statement of the Settlement Class

Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (d) must state the number of times the Settlement Class Member and/or his, her, or its counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case.

95.     The notice of objection must include documentation sufficient to prove the objector's membership in the Settlement Class, including the number of shares of ATI Securities that the objector (1) owned as of the opening of trading on February 22, 2021, (2) purchased, acquired, and/or sold during the period February 22, 2021 through October 19, 2021, both dates inclusive, as well as the dates and prices for each such purchase, acquisition, and sale, and/or (3) owned as of June 11, 2021, and contain a statement of reasons for the objection, copies of any papers, briefs, or other documents upon which the objection is based, a statement of whether the objector intends to appear at the Settlement Hearing, and the objector's signature, even if represented by counsel.  The objection must state whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class.  Documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.

96.     You may not object to the Settlement or any aspect of it if you exclude yourself from the Settlement Class.

97.     You may file a written objection without having to appear at the Settlement Hearing.  You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

98.     If you wish to be heard orally at the hearing in opposition to the approval of the

- 43 -

Settlement, the Plan of Allocation, or Plaintiffs' Counsel's motions for awards of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel, Multiplan Counsel and Defendants' Counsel at the addresses set forth above so that it is *received* **on or before** _____ .  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

99.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel, Multiplan Counsel, and Defendants' Counsel at the addresses set forth in ¶ 93 above so that the notice is *received* **on or before** _____ .

100.   The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class.  If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

101.   If you object to the Settlement, the Plan of Allocation, and/or Plaintiffs' Counsel's requests for awards of attorneys' fees and reimbursement of Litigation Expenses, or otherwise request to be heard at the Settlement Hearing in the manner stated above, you are submitting to the jurisdiction of the Court with respect to the subject matter of the Settlement, including, but not limited to, the release of the Released Claims contained in the Stipulation and the Judgment.  If the Court overrules your objection and approves the Settlement or the part of the Settlement to which you have objected, you only will potentially share in the Net Settlement Fund if you file a Proof of Claim Form in the manner stated in ¶ 48 above and the Claims Administrator approves your claim.

102.   Unless the Court orders otherwise, any Settlement Class Member who does not

- 44 -

object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Plaintiffs' Counsel's motions for awards of attorneys' fees and reimbursement of Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

| WHAT IF I BOUGHT SECURITIES ON SOMEONE ELSE'S BEHALF? |
| --- |

103. Nominees who (a) purchased or acquired ATI common stock or FVAC common stock during the period February 22, 2021 through October 19, 2021, both dates inclusive, and/or held FVAC common stock as of May 24, 2021, and/or (b) held FVAC common stock as of June 11, 2021 and were eligible, but did not redeem the shares for beneficial owners/purchasers who are Settlement Class Members are directed to: (a) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners/purchasers and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners/purchasers; (b) within seven (7) calendar days of receipt of this Notice, request a link to the location of the electronic Notice Packet from the Claims Administrator, and within seven (7) calendar days of receipt, email the link to all beneficial owners/purchasers for whom valid email addresses are available; or (c) within seven (7) calendar days of receipt of this Notice, provide a list of the names, addresses, and email addresses of all such beneficial owners/purchasers to info@strategicclaims.net. If you choose to follow alternative procedures (a) or (b), upon such mailing, you must send a statement to the Claims Administrator confirming that the mailing was made as directed. If you choose the third option, the Claims Administrator will send a copy of the Notice Packet or a link to the location of the electronic Notice Packet to the beneficial owners/purchasers. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred in an amount not to exceed $0.05 plus postage at the current pre-sort rate used by the Claims Administrator per Notice Packet

- 45 -

actually mailed; or $0.05 per link to the Notice Packet transmitted by email; or $0.05 per name, mailing address, and email address (to the extent available) provided to the Claims Administrator by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice and the Claim Form may also be obtained from the website maintained by the Claims Administrator, www. strategicclaims.net/ati.

## CAN I SEE THE COURT FILES?
## WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

104. This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in the Actions, you are referred to the papers on file in the Actions, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, U.S. District Court for the Northern District of Illinois, 219 S. Dearborn Street, Chicago, IL 60604. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.strategicclaims.net/ati.

All inquiries concerning this Notice and the Claim Form should be directed to:

*ATI Class Actions Settlement*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063
Toll-Free: (866) 274-4004
Fax: (610) 565-7985
www.info@strategicclaims.net
and/or

Jeremy Lieberman, Esq.
Pomerantz LLP
600 Third Avenue, 20th Fl.
New York, New York 10016-1917
Tel: 212-661-1100

- 46 -

jalieberman@pomlaw.com

Donald J. Enright, Esq.
Levi & Korsinsky, LLP
1101 Vermont Ave. NW, Suite 700
Washington, DC 20005
Tel: 202-524-4290
denright@zlk.com

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____ , 2024

By Order of the Court
United States District Court
Northern District of Illinois

- 47 -