**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KEVIN BURBIGE and ZIYANG NIE, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> ATI PHYSICAL THERAPY, INC. F/K/A FORTRESS VALUE ACQUISITION CORP. II, LABEED DIAB, JOSEPH JORDAN, ANDREW A. MCKNIGHT, JOSHUA A. PACK, MARC FURSTEIN, LESLEE COWEN, AARON F. HOOD, CARMEN A. POLICY, RAKEFET RUSSAK-AMINOACH, AND SUNIL GULATI, <br><br> Defendants. | Civil Action No.: 1:21-cv-04349 <br><br> Judge Edmond E. Chang <br><br> Magistrate Judge Young B. Kim |

**MULTIPLAN INTERVENORS' MEMORANDUM IN SUPPORT OF THEIR**
**UNOPPOSED MOTION TO INTERVENE**

Wendell Robinson ("Multiplan Plaintiff") and Levi & Korsinsky, LLP ("Multiplan Counsel, and together with Multiplan Plaintiff, the "Multiplan Intervenors") respectfully submit this memorandum in support of their Unopposed Motion to Intervene (the "Unopposed Motion") in the above-captioned action (the "Action") to protect their interests concerning the Stipulation and Agreement of Settlement, dated May 13, 2024 (the "Settlement"),[1] to participate in the preliminary approval hearing and other related hearings concerning the Settlement, to represent the Settlement's Multiplan Subclass in connection with this Court's consideration thereof, to petition the Court for an award of attorneys' fees and expenses, and/or to participate in the implementation of the Settlement.

## I.    INTRODUCTION

Pursuant to Rule 24, the Court should grant the Unopposed Motion to allow the Multiplan Intervenors to intervene as of right, or in the alternative, to intervene permissively. Multiplan Intervenors have conferred with the parties to the Action, and none of them oppose the Unopposed Motion. *See, e.g.*, *Equal Employment Opportunity Commission v. United Parcel Service*, 1:23cv14021, ECF No. 17 (N.D. Ill. Nov. 2, 2023 ) (Chang, J.) (holding in minute entry that "[o]n the proposed intervenor's amended motion to intervene . . . the motion is granted as unopposed."); *U.S. v. Andreas*, No. 96 CR 762, 1998 WL 417768, at *1 (N.D. Ill. July 16, 1998) ("In light of the nature of their motion and the fact that the motion for leave to intervene is unopposed, the request for leave to intervene is granted.").

First, the Multiplan Intervenors can intervene as of right. Multiplan Counsel has the express obligation and right to represent the Multiplan Subclass in connection with seeking the Court's

---

[1] Unless otherwise defined, all capitalized terms have the same meaning as set forth in the Multiplan/Securities Settlement. The Multiplan/Securities Settlement is cited to as "Stipulation ¶ __."

approval of the Settlement, and Multiplan Counsel also is entitled to intervene to protect its interests in a request for contingency fees and expenses. *See, e.g., Gaines v. Dixie Carries, Inc.,* 434 F.2d 52, 53-54 (5th Cir. 1970) (reversing district court's denial of firm's motion to intervene as of right to protect its interests in contingency fees); *Sweeney v. Athens Regional Medical Center,* 917 F.2d 1560, 1565-66 (11th Cir. 1990) (holding that firm with contingency fee interests in settlement agreement can intervene as of right). Moreover, Multiplan Plaintiff can intervene as of right because he is an express party to and has interests in the Settlement, which is subject to this Court's approval. *See, e.g., In re Discovery Zone Securities Litigation*, 181 F.R.D. 582, 593 (N.D. Ill. 1998) (granting intervention as of right when proposed intervenor has "interest in a specific settlement fund" pending court approval).

Second, assuming *arguendo* that the Multiplan Intervenors cannot intervene as of right, the Court should exercise its discretion to allow the Multiplan Intervenors to intervene permissively. The Settlement requires Multiplan Counsel to represent the Multiplan Subclass in connection with obtaining Court approval. Thus, denying the Unopposed Motion would jeopardize the validity of the Settlement because the Multiplan Subclass members would risk losing the representation to which they are expressly entitled. *See, e.g., Empire Blue Cross and Blue Shield v. Janet Greeson's A Place For Us, Inc.,* 62 F.3d 1217, 1221 (9th Cir. 1995) (adjudicating review of motion to intervene in manner so as to avoid "jeopardizing a settlement").

## II.    BACKGROUND

### A.    The Multiplan Intervenors' Delaware Action

On February 7, 2023, the Multiplan Intervenors filed a putative class action complaint, styled Robinson v. Fortress Acquisition Sponsor II, LLC, No. 2023-0142-NAC (Del. Ch.) (the "*Robinson* Action"), in the Delaware Court of Chancery, against Defendants Fortress Acquisition

Sponsor II, LLC, Andrew A. McKnight, Joshua A. Pack, Marc Furstein, Leslee Cowen, Aaron F. Hood, Carmen A. Policy, Rakefet Russak-Aminoach, Sunil Gulati, Daniel N. Bass, Micah B. Kaplan, and Labeed Diab. Stipulation ¶ (H).[2] The complaint in the *Robinson* Action asserts direct claims for breach of fiduciary duty and aiding and abetting breach of fiduciary duty, on behalf of similarly situated record and beneficial FVAC Class A common stockholders who were entitled to, but did not, redeem their FVAC shares prior to the Business Combination. *Id*. The legal theory underlying the Multiplan Intervenors' putative class claims is premised on the Delaware Court of Chancery's seminal decision, *In re Multiplan Corp. Stockholders Litig*., 268 A.3d 784 (Del. Ch. 2022) ("*Multiplan*").

After the Multiplan Intervenors filed their complaint, they briefed an opposition to defendants' motions to dismiss, participated at oral argument, and prepared supplemental briefing for the Delaware Court of Chancery. *See* Stipulation ¶ (I). On April 25, 2024, the parties in the *Robinson* Action advised the court that the parties had reached a tentative settlement of the Actions. *Id*. No decision on the *Robinson* Action's motions to dismiss had been rendered at the time that the parties advised the court of the Settlement. *Id*.

Also, after the Multiplan Intervenors filed their complaint, two more *Multiplan*-styled complaints were filed in the *Goldstein* Action and the *Ghaith* Action (collectively, and with the

---

[2] To satisfy Rule 24(c), the Multiplan Intervenors attach the public, redacted copy of their Delaware complaint as Exhibit A. The Multiplan Intervenors are a party to a confidentiality agreement, which effectively prohibits the filing of the unredacted complaint outside of the Delaware Court of Chancery.

*Robinson* Action, the "Multiplan Actions"). Unlike the Multiplan Actions that each assert *Multiplan* claims, the instant Action does not assert any *Multiplan* claims.

### B. The Settlement

On May 13, 2024, all parties to the Multiplan Actions and the Action entered into the global Settlement. The putative class in the Settlement is comprised of two subclasses: (i) the Securities Subclass and (ii) the Multiplan Subclass. Stipulation ¶ 1 (jj). The Settlement explicitly states that Multiplan Counsel "is representing the Multiplan Subclass for purposes of approval of the Settlement[.]" Stipulation ¶ 1 (hh). The urities Settlement also provides that the "Multiplan Counsel . . . will [] apply to the Court for awards of attorneys' fees to be paid from the Settlement Fund . . . with . . . Multiplan Counsel applying for an award based on and paid out of the $6,000,000 portion of the Settlement Amount obtained for the Multiplan Subclass." Stipulation ¶ 17.

On May 13, 2024, plaintiffs in the Action filed a motion for preliminary approval of the Settlement (the "Motion for Preliminary Approval"). ECF No. 161. The next day, on May 14, 2024, the Court scheduled a hearing for the Motion for Preliminary Approval to be held on May 21, 2024 (the "Preliminary Approval Hearing"). ECF No. 164.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 24 provides for intervention as of right as follows:

> (a) Intervention of Right.  On timely motion, the court must permit anyone to intervene who:
>
> > (1) is given an unconditional right to intervene by a federal statute; or
> >
> > (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

In the Seventh Circuit, parties seeking to intervene pursuant to Rule 24(a)(2) must demonstrate that: (1) their petition to intervene is timely; (2) they possess an interest relating to

the subject matter of the action; (3) there will be an impairment of that interest, practically speaking, by the disposition of the action; and (4) there is a lack of adequate representation of that interest by the existing parties. *Reid L. v. Illinois State Bd. of Educ.*, 289 F.3d 1009, 1017 (7th Cir. 2002) (internal citation omitted); *see also Shea v. Angulo*, 19 F.3d 343, 346 (7th Cir. 1994). "A motion to intervene as a matter of right . . . should not be dismissed unless it appears to a certainty that the intervenor is not entitled to relief under any set of facts which could be proved under the complaint." *Reich v. ABC/York-Estes Corp.*, 64 F.3d 316, 321 (7th Cir. 1995) (internal citation omitted). Further, "[c]ourts should construe Rule 24(a)(2) liberally and should resolve doubts in favor of allowing intervention." *Michigan v. U.S. Army Corps of Engineers*, No. 10-CV-4457, 2010 WL 3324698, at *2 (N.D. Ill. Aug. 20, 2010).

Also, on a timely motion, the Court "may permit anyone to intervene" who "has a claim or defense that shares with the main action a common question of law or fact," considering whether the intervention will "unduly delay or prejudice the adjudication of the original parties' rights." Rule 24(b)(1)(B), (b)(3). The decision whether to grant permissive intervention is typically "wholly discretionary." *Planned Parenthood of Wisconsin, Inc. v. Kaul*, 942 F.3d 793, 803 (7th Cir. 2019) (internal citation omitted).

In the present case, the Multiplan Intervenors meet each of these criteria for intervention as of right under Rule 24(a) or, in the alternative, for permissive intervention under Rule 24(b).

## IV. ARGUMENT

### A. THE MULTIPLAN INTERVENORS MAY INTERVENE AS OF RIGHT

First and foremost, the Unopposed Motion is not opposed by any of the parties, which supports granting the Unopposed Motion. *See, e.g., Friend v. FGF Brands (USA), Inc.*, No. 18 C 7644, 2020 WL 13886016, at *1 (N.D. Ill. June 2, 2020) ("The motion to intervene, being

unopposed, is granted."); *Daniels v. Blount Parrish & Co., Inc.*, 211 F.R.D. 352 (N.D. Ill. 2002) ("Plaintiff Johannes E. Von Mecklenburg filed a motion to intervene, which was granted as unopposed."); *Andreas*, No. 96 CR 762, 1998 WL 417768, at *1 ("In light of the nature of their motion and the fact that the motion for leave to intervene is unopposed, the request for leave to intervene is granted.").

Moreover, the Multiplan Intervenors satisfy the four elements to intervene as of right under Rule 24(a)(2). First, the Unopposed Motion is timely. This Unopposed Motion is being filed less than one week after the execution of the Settlement, which is less than the two-week timeline that was found to be timely in similar circumstances. *See Heldt v. Payday Financial, LLC*, 3:13-CV-03023-RAL, 2015 WL 13818945, at *1 (D.S.D. Dec. 15, 2015) (holding that intervenors' motion to intervene to challenge settlement is timely when "Intervenors filed their initial motion to intervene only two weeks after the parties moved to conditionally certify the class and preliminarily approve the settlement in this case").

Second, each of the Multiplan Intervenors have significant interests in the Multiplan/Securities Settlement. For example, among other interests, Multiplan Plaintiff is a signing party to the Settlement, and Multiplan Counsel are to seek approval of the Settlement and petition the Court for attorneys' fees and expenses to be paid from funds created by the Settlement for the Multiplan Subclass. *See, e.g., Discovery Zone*, 181 F.R.D. at 593 ("An interest in a specific settlement fund likewise satisfies Rule 24(a)'s interest prong.").

Third, denial of the Unopposed Motion would impair the Multiplan Intervenors' ability to protect their interests. Again, Multiplan Plaintiff is a party to the Settlement that is pending approval by the Court, and if Multiplan Plaintiff cannot intervene, he would be unable to protect his interests in having the Settlement approved and implemented. *See, e.g., Discovery Zone*, 181

F.R.D. at 593. Moreover, absent intervention, Multiplan Counsel's interests in its contingency fee request would be impaired. *See, e.g., Gaines*, 434 F.2d at 54 (holding it is "clear" that firm's non-intervention to protect its contingency fees "may as a practical matter impair or impede its ability to protect that interest").

Fourth, the Multiplan Intervenors' interests will not be adequately represented by the existing parties. The Settlement explicitly provides that Multiplan Counsel "is representing the Multiplan Subclass for purposes of approval of the [Multiplan/Securities] Settlement," and thus absent intervention by the Multiplan Counsel, representation for Multiplan Plaintiff and the Multiplan Subclass will be inadequate. *See Solid Waste Agency of N. Cook Cnty. v. U.S. Army Corps of Engineers*, 101 F.3d 503, 508 (7th Cir. 1996) (indicating that representation may be inadequate where the existing parties' interests are not completely identical to and may come into conflict with prospective intervenor's own interests); *Shy v. Navistar Intern. Corp.*, 291 F.R.D. 128, 134 (S.D. Ohio 2013) ("Because the Committee is a creature of the Settlement Agreement between the original parties, and was designed to administer the trust created specifically for the retirees' benefits, harm to the retirees' legal rights could result if the Committee is not allowed to intervene.").

Moreover, the other parties will not adequately protect the Multiplan Counsel's rights to submit a request for contingency fees and expenses in connection with the Settlement. *See, e.g., Gaine*s, 434 F.2d at 54 (holding that "[n]either of the existing parties is concerned with protecting the appellant's interest" in its contingency fees). Thus, the Court should grant the Unopposed Motion allowing the Multiplan Intervenors to intervene as of right.

### B. ALTERNATIVELY, THE MULTIPLAN INTERVENORS MAY PERMISSIVELY INTERVENE

In the alternative, the Court should grant the Multiplan Intervenors permissive intervention pursuant to Rule 24(b). As explained *supra*, the Unopposed Motion is timely. *See Heldt*, 3:13-CV-03023-RAL, 2015 WL 13818945, at \*1. In addition, the Multiplan Intervenors share common questions of law and fact concerning, among other things, the Motion for Preliminary Approval, and intervention will not result in undue delay or prejudice to the parties in the Action. *See* Rule 24(b)(1)(B), (b)(3); *see also Carcaño v. McCrory*, 315 F.R.D. 176, 178 (M.D.N.C. 2016) (same). Indeed, no parties in the Action object to the Unopposed Motion, and permissive intervention "should be construed liberally in favor of intervention." *Savannah Riverkeeper v. U.S. Army Corps of Eng'rs*, No. 9:12-610-RMG, 2012 WL 13008326, at \*2 (D.S.C. Aug. 14, 2012).

Finally, permissive intervention should be granted to preserve the validity of the Settlement, which requires Multiplan Counsel to represent the MultiPlan Subclass. Thus, if intervention is not granted, the validity of the Multiplan/Securities Settlement would be jeopardized. *See, e.g., Empire Blue Cross,* 62 F.3d at 1221 (adjudicating review of motion to intervene in manner so as to avoid "jeopardizing a settlement"); *S.H. v. Stickrath,* 251 F.R.D. 293, 302-03 (S.D. Ohio 2008) (adjudicating motion to intervene so as to avoid jeopardizing settlement).

## V.    CONCLUSION

Based upon the foregoing, the Multiplan Intervenors respectfully request that the Court grant their Unopposed Motion.

Dated: May 17, 2024

/s/    *Carl V. Malmstrom*
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC**
Carl V. Malmstrom
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
Telephone: (312) 984-0000
Facsimile: (212) 545-4653
malmstrom@whafh.com

*Local Counsel for Multiplan Plaintiff*

**LEVI & KORSINSKY, LLP**
Donald J. Enright
(*pro hac vice motion forthcoming*)
1101 Vermont Ave. N.W., Suite 700
Washington, DC 20005
(202) 524-4290

*Attorneys for Multiplan Plaintiff and the*
*Putative Multiplan Subclass*