**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| *In re ATI Physical Therapy, Inc. Shareholder Derivative Litigation* | Case No. 1:21-cv-06415 |
| This Document Relates To: ALL ACTIONS | <u>DEMAND FOR JURY TRIAL</u> |

**<u>ORDER PRELIMINARILY APPROVING SETTLEMENT</u>**

WHEREAS, the above-captioned actions (together, the "Derivative Actions") are pending in this Court and the Delaware Court of Chancery;

WHEREAS, (i) Plaintiffs Vinay Kumar, Ziyang Nie, Julia Chang, and Brendan Reginbald (collectively, the "*Ghaith* Plaintiffs"), each of whom commenced actions in the United States District Court for the Northern District of Illinois (the "Court"); (ii) Plaintiff Phillip Goldstein (together with the *Ghaith* Plaintiffs, "Plaintiffs"), who commenced an action in the Delaware Court of Chancery; (iii) Nominal Defendant ATI Physical Therapy, Inc. ("ATI" or the "Company")[1] f/k/a FVAC; (iv) Defendants Labeed S. Diab, Joseph Jordan, John L. Larsen, John Maldonado, Carmine Petrone, Joanne M. Burns, Christopher Krubert, James E. Parisi, Andrew A. McKnight, Joshua A. Pack, Marc Furstein, Leslee Cowen, Aaron F. Hood, Carmen A. Policy, Rakefet Russak-Aminoach, Sunil Gulati, Cedric Coco, Ray Wahl, Daniel Bass, Micah Kaplan, and Teresa Sparks (collectively, the "Individual Defendants"); and (v) Defendants Fortress Investment Group LLC and Fortress Acquisition Sponsor II, LLC (together, the "Entity Defendants," and collectively with the Individual Defendants, "Defendants," and together with Plaintiffs and ATI, the "Parties") have entered into the Stipulation and Agreement of Settlement, dated May 28, 2024 (the "Stipulation"), which (i) sets forth the terms and conditions for the settlement and resolution of the derivative claims in the Derivative Actions (the "Settlement"), (ii) fully, finally, and forever resolves, discharges, and settles the Released Claims, and (iii) provides for dismissal of the Derivative Actions with prejudice;

---

[1] "ATI" or the "Company" also refers to Wilco Holdco, Inc., the private company predecessor to the current, publicly-traded ATI business following the consummation of a "de-SPAC" business combination between Wilco Holdco, Inc. and Fortress Value Acquisition Corp. II ("FVAC"), consummated on June 17, 2021.

WHEREAS, Plaintiffs have made an application, pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, for an order: (i) preliminarily approving the proposed Settlement; (ii) approving the form and manner of the dissemination of the notices to Current ATI Stockholders, attached as Exhibits A-1 and A-2 to the Stipulation (the "Notices"); and (iii) scheduling a date for the Settlement Hearing for the Court to consider and determine whether to approve the terms of the Settlement as fair, reasonable, and adequate, including the payment of the Fee and Expense Amount and approval of Service Awards to be paid therefrom;

WHEREAS, the parties to the Stipulation having consented to entry of this order (the "Preliminary Approval Order");

WHEREAS, this Court has considered the Stipulation and the exhibits annexed thereto, Plaintiffs' Motion for Preliminary Approval of the Settlement, all the papers filed, and arguments of the Parties made in connection therewith;

WHEREAS, the Court finds, upon a preliminary evaluation, that the proposed Settlement falls within the range of possible approval criteria, as it provides a beneficial result for ATI and ATI's stockholders, and appears to be the product of serious, informed, non-collusive negotiations overseen by an experienced mediator;

WHEREAS, the Court also finds, upon a preliminary evaluation, that ATI's stockholders should be apprised of the Settlement through the proposed form and means of notice, allowed to file objections, if any, thereto, and appear at the Settlement Hearing; and

WHEREAS, unless otherwise defined herein, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation;

**NOW, THEREFORE, IT IS HEREBY ORDERED**, this 11thday of June, 2024, that:

1.      The Court hereby preliminarily approves the Stipulation and the Settlement set forth therein as being fair, reasonable, and adequate, subject to further consideration at the Settlement Hearing described in ¶ 2 below.

2.      A Settlement Hearing shall be held before this Court on September 24, 2024 at 12:15 p.m., at the U.S. District Court for the Northern District of Illinois, Everett McKinley Dirksen U.S. Courthouse, 219 South Dearborn Street, Chicago, IL 60604 for the following purposes:

(a)      to determine whether the Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate and in the best interests of ATI and its stockholders;

(b)      to determine whether the Judgment, attached as Exhibit B to the Stipulation, should be entered, which would dismiss with prejudice the derivative claims in the *Ghaith* Action, and fully and finally release the Released Claims against the Released Persons;

(c)      to determine whether to approve the Fee and Expense Amount and Service Awards;

(d)      to consider any objections to the Settlement and/or the Fee and Expense Amount; and

(e)      to consider any other matters that may be properly brought before the Court in connection with the Settlement.

3.      The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to Current ATI Stockholders of any kind other than oral announcement at the Settlement Hearing or any adjournment thereof, and retains jurisdiction to consider all further applications arising out of, or in connection with, the Settlement. The Court further reserves the right to approve the Stipulation and the Settlement, at or after the

Settlement Hearing, with such modifications as may be consented to by the Parties and without further notice to Current ATI Stockholders.  Further, the Court may render its Judgment and order the payment of a Fee and Expense Amount, all without further notice.

4.     Within fourteen (14) business days after the date of this Preliminary Approval Order, ATI shall:  (i) post a copy of the Long-Form Notice, substantially in the form of Exhibit A-1 attached to the Stipulation, and the Stipulation, together with the exhibits attached thereto, on the Company's website, which will remain on the website through the date of the Settlement Hearing; (ii) file with the U.S. Securities and Exchange Commission (the "SEC") a Current Report on Form 8-K briefly describing the Settlement and stating where ATI stockholders can locate the Stipulation and the Notices on ATI's website; and (iii) issue the Summary Notice via press release on *Business Wire*.

5.     The Court finds that the form, substance, and dissemination of information regarding the Settlement in the manner set out in this Preliminary Approval Order:  (i) constitutes notice that is reasonably calculated, under the circumstances, to apprise ATI stockholders of the pendency of the Derivative Actions, of the effect of the Settlement (including the releases to be provided thereunder), of Plaintiffs' Counsel's Fee and Expense Amount, of their right to object to the Settlement and/or the Fee and Expense Amount, and of their right to appear at the Settlement Hearing; (ii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the Settlement; and (iii) satisfies the requirements of Rule 23.1 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable laws and rules.  The date and time of the Settlement Hearing shall be included in the Long-Form Notice before it is posted.

6.      No later than twenty-four (24) business days following entry of this Preliminary Approval Order, Defendants' Counsel shall file with the Court proof, by affidavit or declaration, of distribution of notice in the manner specified in ¶ 4.

7.      Papers in support of final approval of the Settlement, the Fee and Expense Amount, and Service Award shall be filed with the Court and served at least thirty-five (35) calendar days prior to the Settlement Hearing.  Plaintiffs shall file with the Court and serve responses to any objections filed with the Court pursuant to ¶ 8 herein at least seven (7) calendar days prior to the Settlement Hearing.

8.      Any Current ATI Stockholder may object to the Settlement, the proposed Judgment, the proposed Fee and Expense Amount, and/or Service Awards, and may also (but need not) appear in person or by his, her, or its attorney at the Settlement Hearing.  To object, such stockholders must submit a written statement explaining the stockholder's objection(s) and the specific reasons for such objection(s), including any legal and evidentiary support the objector wishes to bring to the Court's attention, and shall also take the following actions and be subject to the following conditions:

(a) submit a written statement identifying such stockholder's name, address, and telephone number, and, if represented by counsel, the name, address, and telephone number of counsel;

(b) be signed by the objector;

(c) state the case name and number, *In re ATI Physical Therapy, Inc. S'holder Derivative Litig.*, No. 1:21-cv-06415 (N.D. Ill.), or *Goldstein v. Fortress Acquisition Sponsor II, LLC, et al.*, No. 2023-0582-NAC (Del. Ch.);

(d) provide proof of current ownership of ATI common stock, including the number of shares of ATI common stock held, and contain a statement that the objector continues to hold

shares of ATI common stock as of the date of the filing of any such objection and will continue to hold shares of ATI common stock as of the date of the Settlement Hearing, as well as documentary evidence of when such stock ownership was acquired;

(e) submit any documentation in support of such objection(s), including clearly identifying any and all evidence (including any witnesses the objector intends to call and a statement as to the subjects of their testimony) that would be presented at the Settlement Hearing in connection with such objection(s);

(f) identify any case (by name and court) in which the objector or his, her, or its attorney, if any, has objected to a settlement in the last three (3) years; and

(g) include a proof of service.

If the stockholder wishes to appear at the Settlement Hearing, whether personally or through counsel, he, she, or it must also include a statement of intention to appear at the Settlement Hearing. Such materials must be filed with the Clerk of the Court of the U.S. District Court for the Northern District of Illinois, and delivered by hand or by First Class Mail to the following addresses, postmarked at least fourteen (14) calendar days before the Settlement Hearing:

JOHNSON FISTEL, LLP  WEIL, GOTSHAL & MANGES LLP
Michael I. Fistel, Jr.    John A. Neuwirth
40 Powder Springs Street  Joshua S. Amsel
Marietta, GA 30064   767 Fifth Avenue
           New York, NY 10153
*Counsel for Plaintiffs*
           SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
           Scott D. Musoff
           One Manhattan West
           New York, NY 10001

           *Counsel for Defendants*

Any stockholder who fails to object in the manner described above shall be: (i) deemed to have waived and forfeited any objection to any aspect of the Settlement, Judgment, Fee and

6

Expense Amount, and Service Awards; (ii) forever barred and foreclosed from raising such objection in the Derivative Actions, or any other action or proceeding, including objecting to the fairness, reasonableness, or adequacy of the Settlement, the Stipulation, the Judgment to be entered approving the Settlement, the Fee and Expense Amount, or the Service Awards; (iii) deemed to have waived and be forever barred and foreclosed from being heard, in this or any other suit, action, or proceeding (including, without limitation, any right of appeal), with respect to any matters concerning the Settlement, the Stipulation, the Judgment, the Fee and Expense Amount, or the Service Awards; and (iv) bound by the Judgment and the releases of claims therein.

9.      Copies of any written statements and materials sent by any Current ATI Stockholder pertaining to such stockholder's objection, as provided for in ¶ 8 herein, that are received by Johnson Fistel, LLP must be sent by Johnson Fistel, LLP to all other Plaintiffs' Counsel via email within three (3) calendar days after Johnson Fistel, LLP receives any such written statements and materials.

10.     Pending final determination of whether the Settlement should be approved, all proceedings and discovery in the *Ghaith* Action concerning the derivative claims and all further activity between the Parties regarding or directed toward the directive claims in the *Ghaith* Action, save for those activities and proceedings relating to the Stipulation and the Settlement, shall be stayed.

11.     Pending the Effective Date of the Settlement or the termination of the Stipulation according to its terms in the event the Stipulation is so terminated, Plaintiffs and/or any ATI stockholder, derivatively on behalf of ATI, are barred and enjoined from commencing, asserting, prosecuting, instigating, or in any way participating in the commencement or prosecution of any

action or other proceeding, in any forum, involving any Released Claims against any Released Person.

12.     The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to ATI stockholders.

13.     Neither this Preliminary Approval Order, the Stipulation, nor the fact or any terms of the Settlement, nor any negotiations or proceedings in connection therewith is or shall be deemed to be evidence of, or a presumption, admission, or concession by any Party or any Released Person of any fault, liability, or wrongdoing whatsoever, concerning the Derivative Actions or the facts and circumstances giving rise to the Derivative Actions.  Neither this Preliminary Approval Order, nor the Stipulation,  is a finding or evidence of the validity or invalidity of any claims or defenses in the Derivative Actions or any other actions or proceedings, or of any wrongdoing by any Defendant or of any damages or injury to Plaintiffs, ATI, or any ATI stockholder.  Neither this Preliminary Approval Order, the Stipulation, nor the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):  (i) shall be offered against any of the Released Persons as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, proof, or admission by any of the Released Persons or with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted in the Derivative Actions or in any other litigation, or the deficiency of any defense that has been or could have been asserted in the Derivative Actions or in any other litigation, or of any liability, negligence, fault, injury, acts, omissions, or other wrongdoing of any kind by any of the Released Persons, or in any way referred to for any other reason as against any of the Released Persons, in any civil, criminal, or administrative action or  proceeding, other than

8

such proceedings as may be necessary to effectuate or enforce the Settlement; (ii) shall be offered against any of the Released Persons as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, proof, or admission by any of the Released Persons that any of their claims or defenses are without merit, or that damage recoverable for the Derivative Actions would not have exceeded the Settlement consideration, or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason against any of the Released Persons, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate or enforce the Settlement; nor (iii) shall otherwise be admissible, referred to, or used in any proceeding of any nature, for any purpose whatsoever; provided, however, that this Preliminary Approval Order, the Stipulation, and/or the Judgment may be introduced in any proceeding, whether in the Court or otherwise, as may be necessary to argue that this Preliminary Approval Order, the Stipulation and/or the Judgment has *res judicata*, collateral estoppel, or other issue or claim preclusion effect, or to otherwise consummate or enforce the Stipulation and/or the Judgment.

14.     In the event that the Settlement is not approved by the Court, the Effective Date does not occur, or the Settlement is terminated as provided in the Stipulation:  (i) this Preliminary Approval Order shall be vacated, rendered null and void, and be of no further force and effect (except as otherwise provided in the Stipulation); (ii) the   Parties shall be restored to their respective positions that existed as of April 22, 2024 as set forth in ¶ 8.4 of the Stipulation; (iii) all of the Parties' respective claims and defenses as to any issue in the Derivative Actions shall be preserved without prejudice in any way; (iv) statements made in connection with the mediation and/or negotiation of the Settlement and the Stipulation shall be without prejudice in any way to the positions of the Parties with respect to the Derivative Actions, shall not be deemed or construed

to be an admission of fact or wrongdoing by any Party of any act, matter, or proposition, shall not entitle any Party to recover any fees, costs, or expenses incurred in connection with the Derivative Actions, and shall not be used in any manner for any purpose in any subsequent proceeding in the Derivative Actions or any other action or proceeding; and (v) neither the existence of the Settlement, the Stipulation, nor any settlement communications shall be admissible as evidence or shall be referred to for any purpose in the Derivative Actions, or in any other suit, action, or proceeding.

15.     If the Settlement is approved by the Court following the Settlement Hearing, the Parties will request that the Court enter the Judgment, substantially in the form attached as Exhibit B to the Stipulation.  The effectiveness of the Judgment shall not be conditioned upon the approval by the Court of the Fee and Expense Amount or the Service Awards, either at all or in any particular amount.

16.     The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement.

**IT IS SO ORDERED.**

DATED: 06/11/2024

THE HONORABLE EDMOND E. CHANG
U.S. DISTRICT COURT JUDGE