**POMERANTZ LLP**
Jeremy A. Lieberman (pro hac vice)
Austin P. Van (pro hac vice)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone:   (212) 661-1100
jalieberman@pomlaw.com
avan@pomlaw.com

*Attorneys for Lead Plaintiffs*

[Additional Counsel on Signature Page]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| KEVIN BURBIGE and ZIYANG NIE, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>                              Plaintiffs<br><br>                    v.<br><br>ATI PHYSICAL THERAPY, INC. f/k/a FORTRESS VALUE ACQUISITION CORP. II, LABEED DIAB, JOSEPH JORDAN, ANDREW A. MCKNIGHT, JOSHUA A. PACK, MARC FURSTEIN, LESLEE COWEN, AARON F. HOOD, CARMEN A. POLICY, RAKEFET RUSSAK-AMINOACH, and SUNIL GULATI,<br><br>                              Defendants. | Case No.:  1:21-CV-04349<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS**<br><br><br>**CLASS ACTION**<br><br>Hearing Date: September 24, 2024<br>Time: 12:15 P.M.<br>Judge: Honorable Edmond E. Chang<br>Courtroom: 2341 |

**TABLE OF CONTENTS**

I.     INTRODUCTION ............................................................................................. 6

II.    CASE BACKGROUND ................................................................................... 10

III.   THE COURT SHOULD AWARD ATTORNEYS' FEES OF 25% OF THE SETTLEMENT FUND ................................................................................... 10

    A.    Plaintiffs' Counsel Are Entitled to a Fee Award from the Common Fund They Secured for the Settlement Class ............................................ 10

    B.    The Court Should Award Plaintiffs' Counsel a Reasonable Percentage of the Common Fund ........................................................................... 11

    C.    The Requested Fee Is Reasonable and Appropriate as a Percentage of the Common Fund ................................................................................ 14

        1.    The 25% Attorneys' Fee Request Is Consistent with Seventh Circuit Authority and Authority Nationwide ......................................... 14

        2.    Plaintiffs' Counsel Provided the Settlement Class with Quality Legal Services That Produced Excellent Benefits ............................... 15

        3.    The Attorneys' Fees Requested Is Fair and Reasonable in Light of the Risks Assumed by Lead Counsel .................................................... 16

        4.    Lead Counsel's Extensive Efforts Support the Requested Fee Award ..... 19

        5.    The Reaction of the Settlement Class Supports the Fee Award ............... 19

IV.   PLAINTIFFS' COUNSEL'S EXPENSES WERE REASONABLE AND NECESSARY FOR THE BENEFIT OF THE SETTLEMENT CLASS ............................................... 20

V.    THE COURT SHOULD APPROVE THE AWARD TO PLAINTIFFS ........................ 21

VI.   CONCLUSION ............................................................................................... 22

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abbott v. Lockheed Martin Corp.*,
2015 WL 4398475 (S.D. Ill. July 17, 2015) ..............................................................20

*Alaska Elec. Pension Fund v. Flowserve Corp.*,
572 F.3d 221 (5th Cir. 2009) ..............................................................8

*Beesley v. Int'l Paper Co.*,
2014 WL 375432 (S.D. Ill. Jan. 31, 2014)..............................................................15, 19

*Blum v. Stenson*,
465 U.S. 886, 900 n.16 (1984)..............................................................11

*Boeing Co. v. Van Gemert*,
444 U.S. 472 (1980)..............................................................11

*Boutchard v. Gandhi*,
No. 1:18-CV-07041, 2021 WL 12100450 (N.D. Ill. July 30, 2021) ..............................14

*City of Lakeland Emps. Pension Plan v. Baxter Int'l Inc.*,
2016 WL 10571629 (N.D. Ill. Jan. 22, 2016)..............................................................15

*Edmonds v. U.S.*,
658 F. Supp. 1126 (D.S.C. 1987)..............................................................16

*Eisenstadt v. Centel Corp.*,
113 F.3d 738 (7th Cir. 1997) ..............................................................18

*Florin v. Nationsbank of Ga., N.A.*,
34 F.3d 560 (7th Cir. 1994) ..............................................................12

*Gaskill v. Gordon*,
160 F.3d 361 (7th Cir. 1998) ..............................................................12, 14

*Glickenhaus & Co. v. Household Int'l, Inc.*,
787 F.3d 408 (7th Cir. 2015) ..............................................................8, 18

*Great Neck Capital Appreciation Inv. P'Ship, L.P. v.
PriceWaterhouseCoopers, L.L.P.*,
212 F.R.D. 400 (E.D. Wis. 2002) ..............................................................20

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES; 1:21-CV-
04349

*Harman v. Lyphomed, Inc.*,
   945 F.2d 969 (7th Cir. 1991) ..............................................................................................12

*Hicks v. Morgan Stanley*,
   No. 01 Civ. 10071(RJH), 2005 WL 2757792 (S.D.N.Y. Oct. 24 2005)................................21

*Hubbard v. BankAtlantic Bancorp, Inc.*,
   688 F.3d 713 (11th Cir. 2012) ............................................................................................18

*In re Akorn, Inc. Sec. Litig.*,
   No. 15 C 1944, 2018 WL 2688877 (N.D. Ill. June 5, 2018) ...................................................22

*In re BankAtlantic Bancorp, Inc. Sec. Litig.*,
   No. 07-61542-CIV., 2011 WL 1585605 (S.D. Fla. Apr. 25, 2011)..........................................8

*In re Broiler Chicken Antitrust Litig.*,
   No. 16 C 8637, 2021 WL 5709250 (N.D. Ill. Dec. 1, 2021) ...................................................14

*In re Cont'l Ill. Sec. Litig.*,
   962 F.2d 566 (7th Cir. 1992) ..............................................................................................12

*In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*,
   80 F. Supp. 3d 838 (N.D. Ill. 2015) .....................................................................................12

*In re Groupon, Inc. Sec. Litig.*,
   2016 WL 3896839 (N.D. Ill. July 13, 2016).........................................................................15

*In re Nat'l Collegiate Athletic Ass'n Student-Athlete Concussion Inj. Litig.*,
   332 F.R.D. 202 (N.D. Ill. 2019), *aff'd*, 2019 WL 8058082 (7th Cir. Oct. 25,
   2019) ...............................................................................................................................15

*In re Prudential-Bache Energy Income P'ships Sec. Litig.*,
   No. 888, 1994 WL 202394 (E.D. La. May 18, 1994)..............................................................18

*In re Rite Aid Corp. Sec. Litig.*,
   396 F.3d 294 (3d Cir. 2005)................................................................................................13

*In re S. Co. S'holder Derivative Litig.*,
   No. 1:17-CV-725-MHC, 2022 WL 4545614 (N.D. Ga. June 9, 2022) .....................................9

*In re Sumitomo Copper Litig.*,
   74 F. Supp. 2d 393 (S.D.N.Y. 1999)....................................................................................13

*In re Superior Beverage/Glass Container Consol. Pretrials*,
   133 F.R.D. 119 (N.D. Ill. 1990)..........................................................................................13

- iii -

*In re Suprema Specialties, Inc. Sec. Litig.*,
No. 02-168(WHW), 2008 WL 906254 (D.N.J. Mar. 31, 2008) ...............................................15

*In re Synchrony Fin. Sec. Litig.*,
No. 3:18-cv-1818-VAB, 2023 WL 4992933 (D. Conn. Aug. 4, 2023) ....................................9

*In re Synthroid Mktg. Litig.*,
264 F.3d 712 (7th Cir. 2001) ....................................................................................11, 15, 16

*In re Synthroid Mktg. Litig.*,
325 F.3d 974 (7th Cir. 2003) ...............................................................................................12, 19

*In re TikTok, Inc., Consumer Priv. Litig.*,
617 F. Supp. 3d 904 (N.D. Ill. 2022) ...............................................................................11, 13, 14

*In re Trans Union Corp. Privacy Litig.*,
No. 00 C 4729, 2009 WL 4799954 (N.D. Ill. Dec. 9, 2009) ....................................................11

*In re Warner Commc'ns Sec. Litig.*,
618 F. Supp. 735 (S.D.N.Y. 1985)....................................................................................18

*Kaufman v. Am. Express Travel Related Servs., Co.*,
No. 07-CV-1707, 2016 WL 806546 (N.D. Ill. Mar. 2, 2016)....................................................12

*Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*,
No. 02-C-5893, 2016 WL 10571774 (N.D. Ill. Nov. 10, 2016) ........................................13, 22

*Maher v. Zapata Corp.*,
714 F.2d 436 (5th Cir. 1983) ...............................................................................................7, 15

*Pension Tr. Fund for Operating Eng'rs v. DeVry Educ. Grp., Inc.*,
No. 16-cv-5198, slip op. (N.D. Ill. Dec. 6, 2019), ECF No. 162............................................14

*Retsky Family Ltd. P'ship v. Price Waterhouse LLP*,
No. 97 C 7694, 2001 WL 1568856 (N.D. Ill. Dec. 10, 2001) ..........................................14, 22

*Robbins v. Koger Props., Inc.*,
116 F.3d 1441 (11th Cir. 1997) ...............................................................................................18

*Rubinstein v. Gonzalez*,
No. 14-cv-9465, slip op. (N.D. Ill. Oct. 22, 2019), ECF No. 296 ...........................................15

*Silverman v. Motorola, Inc.*,
No. 07 C 4507, 2012 WL 1597388 (N.D. Ill. May 7, 2012) ..................................................12

*Silverman v. Motorola Solutions, Inc.*,
739 F.3d 956 (7th Cir. 2013) ...............................................................................................11

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES; 1:21-CV-04349

*Sokolow v. LJM Funds Mgm't, Ltd.*,
No. 18-cv-1039, slip op. (N.D. Ill. Dec. 18, 2019), ECF No. 216 ............................................14

*Sutton v. Bernard*,
504 F.3d 688 (7th Cir. 2007) ......................................................................................................11

*Swift v. Direct Buy, Inc.*,
No. 2:11-CV-401-TLS, 2013 WL 5770633 (N.D. Ind. Oct. 24, 2013) ...................................14

*Taubenfeld v. Aon Corp.*,
415 F.3d 597 (7th Cir. 2005) ...........................................................................................13, 15, 16

*Tellabs, Inc. v. Makor Issues & Rights Ltd.*,
551 U.S. 308 (2007).....................................................................................................................11

*Trustees v. Greenough*,
105 U.S. 527 (1881)......................................................................................................................10

*Union Asset Mgmt. Holding A.G. v. Dell*,
Inc., 669 F.3d 632, 643 (5th Cir. 2012) .....................................................................................13

*Vizcaino v. Microsoft Corp.*,
290 F.3d 1043 (9th Cir. 2002) .....................................................................................................13

*Will v. Gen. Dynamics Corp.*,
No. 06-698-GPM, 2010 WL 4818174 (S.D. Ill. Nov. 22, 2010).................................................12

**Statutes**

15 U.S.C. § 78u-4(a) ............................................................................................................13, 21

Private Securities Litigation Reform Act of 1995 ...........................................................6, 7, 13, 21

Securities Exchange Act of 1934 ......................................................................................................8

**Other Authorities**

H.R. Conf. Rep. No. 369, 104th Cong., 1st Sess. 35 (1995) ...........................................................21

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES; 1:21-CV-04349

Lead Plaintiffs Phoenix Insurance Company Ltd. and The Phoenix Pension & Provident Funds ("Lead Plaintiffs") and Consolidated Plaintiff City of Melbourne Firefighters' Retirement System ("Melbourne Firefighters" and, together with Lead Plaintiffs, "Plaintiffs"), individually and on behalf of all others similarly situated, submit this memorandum in support of their motion for an award of attorneys' fees, reimbursement of expenses, and PLSRA awards to Plaintiffs. [1]

## I.      INTRODUCTION

The Parties reached a Settlement to resolve this Action and related actions for a total recovery of $24.9 million for the benefit of Settlement Class Members (the "Settlement"). This is an excellent outcome in the face of substantial risks and is the result of Plaintiffs' Counsel's vigorous, persistent, and skilled efforts. Plaintiffs now respectfully move this Court for an award

---

[1] Unless otherwise defined, all capitalized terms herein have the same meanings as set forth in the Stipulation and Agreement of Settlement, filed on May 13, 2024 (the "Stipulation") (ECF No. 162-1). Internal citations and quotations are omitted and emphasis is added unless otherwise noted. Citations to "Van Decl." are to the Declaration of Austin P. Van in Support of Motion for Final Approval of Settlement and Plan of Allocation and Certification of Class Action Settlement, Award of Attorneys' Fees and Expenses, and PSLRA Awards to Plaintiffs, filed herewith. Citations to "Bravata Decl." are to the Declaration of Josephine Bravata, attached as **Exhibit A** to the Van Decl. Citations to "BLB&G Fee Decl." are to the Declaration of Jeremy P. Robinson on behalf of Bernstein Litowitz Berger & Grossmann LLP in Support of Lead Counsel's Motion for Attorneys' Fees and Litigation Expenses, attached as **Exhibit B** to the Van Decl. Citations to "Klausner Fee Decl." are to the Declaration of Robert D. Klausner on behalf of Klausner, Kaufman, Jensen & Levinson in Support of Lead Counsel's Motion for Attorneys' Fees and Litigation Expenses, attached as **Exhibit C** to the Van Decl. Citations to "Neeman Decl." are to the Declaration of Menachem Neeman, Chief Legal Counsel of Phoenix Financial Ltd., on behalf of Lead Plaintiffs in Support of Motion for Final Approval of Settlement and Plan of Allocation and Certification of Class Action Settlement, Award of Attorneys' Fees and Expenses, and PLSRA Awards to Plaintiffs, attached as **Exhibit D** to the Van Decl. Citations to "Jones Decl." are to the Declaration of Payton Jones, Chairman of the Board of City of Melbourne Firefighters' Retirement System, in Support of: (I) Securities Plaintiffs' Motion for Final Approval of Settlement and Plan of Allocation; and (II) Lead Counsel's Motion for Attorneys' Fees and Litigation Expenses, attached as **Exhibit E** to the Van Decl. Citations to "Final Approval Brief" are to the Memorandum of Points and Authorities in support of Plaintiffs' motion for final approval of the Settlement, filed herewith.

of attorneys' fees of 25% of the $18,900,000 Securities Subclass portion of the Settlement Amount, or ($4,725,000.00), plus interest thereon, reimbursement of litigation expenses incurred in prosecuting the Action ($197,775.30), and PSLRA awards in the amount of $30,000.00 in total to Lead Plaintiffs Phoenix Insurance Company Ltd. and The Phoenix Pension & Provident Funds and in the amount of $5,000.00 to Consolidated Plaintiff Melbourne Firefighters, each to be paid from the Settlement Fund.

Litigants who create a common fund for the benefit of a class are entitled to an award of attorneys' fees and reimbursement of expenses from the common fund. As detailed below and in the accompanying Van Decl., the Settlement represents a favorable recovery for the Settlement Class under the circumstances. In the absence of a settlement, the Action would likely have continued for years through the completion of fact discovery, expert discovery, class certification, summary judgment, trial, and likely appeals. Any further delay may have led to problems in recovery as insurance proceeds dissipated and the Company's already endangered cash balance continued to dangerously decline. Plaintiffs and their counsel also faced substantial obstacles in proving liability and damages, yet nevertheless reached a timely and substantial resolution for the Settlement Class.

It was not easy. Defendants were represented by highly skilled litigators, and Plaintiffs' Counsel faced numerous hurdles and risks, including the heightened pleading standards of the Private Securities Litigation Reform Act of 1995 ("PSLRA"). These risks are serious enough— but were even higher given the unique circumstances present here, including due to ATI's precarious financial condition. *See Maher v. Zapata Corp.*, 714 F.2d 436, 455 (5th Cir. 1983) (stating that securities litigation is "'notoriously difficult and unpredictable'") (citations omitted). "To be successful, a securities class-action plaintiff must thread the eye of a needle made smaller

- 7 -

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES; 1:21-CV-04349

and smaller over the years by judicial decree and congressional action." *Alaska Elec. Pension Fund v. Flowserve Corp.*, 572 F.3d 221, 235 (5th Cir. 2009). Nor do the risks end at the pleading stage. Even when a plaintiff is successful at trial, payment is not guaranteed. *See Glickenhaus & Co. v. Household Int'l, Inc.*, 787 F.3d 408, 414, 433 (7th Cir. 2015) (vacating jury verdict in plaintiffs' favor and ordering new trial); *In re BankAtlantic Bancorp, Inc. Sec. Litig.*, No. 07-61542-CIV., 2011 WL 1585605, at *6, *38 (S.D. Fla. Apr. 25, 2011) (granting judgment as a matter of law for defendants after jury returned verdict for plaintiffs).

Despite these significant hurdles, Plaintiffs' Counsel vigorously pursued this case for over two years without any payment at all while funding all expenses of the litigation with no guarantee of recouping those costs. Among other things, Plaintiffs' Counsel: (i) conducted a comprehensive investigation into the allegedly wrongful acts, and, along with a private investigator, interviewed multiple former ATI employees, and consulted with accounting and finance experts; (ii) prepared complaints filed in this Court, including Melbourne Firefighters' October 7, 2021 Complaint for Violation of Securities Laws, and the 78-page Consolidated Amended Class Action Complaint for Violation of the Federal Securities laws filed by Plaintiffs on February 8, 2022; (iii) engaged in voluminous briefing related to Defendants' motions to dismiss; (iv) pursued considerable fact discovery, which included serving and responding to party discovery requests; (v) conducted a targeted review of approximately 400,000 pages of documents produced by Defendants, which included the Company's voluminous discovery produced in a related SEC-investigation; (vi) conducted extensive consultations with experts to evaluate potential damages; (vii) drafted detailed mediation statements which included relevant exhibits and addressed both liability and damages; (viii) participated in two formal in-person mediation sessions before a former federal judge, the Honorable Layn Phillips of PADRE, one of the nation's preeminent securities class action

- 8 -

meditators; (ix) engaged in extensive negotiations regarding the terms of the proposed Settlement; and (x) worked with a financial damages expert to craft a plan of allocation that treats Plaintiffs and all other Settlement Class members fairly.

Having obtained a significant recovery for the Settlement Class, Lead Counsel, who have pursued this case on a fully contingent basis, respectfully request attorneys' fees of 25% of the Securities Subclass portion of the Settlement Amount (or $4,725,000.00, plus interest) for all Plaintiffs' Counsel. The requested fee is reasonable and consistent with fees regularly awarded in class action settlements within the Seventh Circuit. The reasonableness of the requested fee is also confirmed by a lodestar cross-check. Here, the requested fee would result in a multiplier of 1.68, which is well within the range of multipliers that are commonly awarded in complex class actions with substantial contingency risks. *See, e.g.*, *In re Synchrony Fin. Sec. Litig.*, No. 3:18-cv-1818-VAB, 2023 WL 4992933, at *11 (D. Conn. Aug. 4, 2023) (noting that contingent fees awarded in securities class actions are often multiples of an attorneys' actual time expended on the litigation); *In re S. Co. S'holder Derivative Litig.*, No. 1:17-CV-725-MHC, 2022 WL 4545614, at *12 (N.D. Ga. June 9, 2022) (similar).

The reaction of the Settlement Class so far appears to approve of Plaintiffs' Counsel's work. Objections and exclusions are not due until September 3, 2024, but to date no Settlement Class Member has requested exclusion or objected to the Settlement or the fee request, as previewed in the notice sent to potential Settlement Class Members. Bravata Decl., ¶¶14-15.

Plaintiffs' Counsel also request reimbursement of $197,775.30 in out-of-pocket expenses, which were reasonably incurred during this litigation and substantially less than the $500,000.00 in expenses that they had previously said they would seek up to in the Notice. In addition, Plaintiffs request reasonable awards pursuant to the PLSRA of $30,000.00 for Lead Plaintiffs and $5,000.00

for Consolidated Plaintiff Melbourne Firefighters, as compensation for the time the Plaintiffs spent representing the Settlement Class. This request is reasonable in light of the time Plaintiffs spent in connection with this Action on behalf of the Settlement Class and is in line with awards granted in similar actions.

For these reasons, as well as those set forth below and in the Van Decl. and the supporting documents therewith,[2] Plaintiffs' Counsel respectfully submit that the requested attorneys' fees are fair and reasonable under the applicable standards and should therefore be awarded by the Court. The reimbursement of costs and expenses requested by Plaintiffs' Counsel and Plaintiffs are likewise reasonable and necessarily incurred in the successful prosecution of the Action. Accordingly, they too should be approved.

## II.   CASE BACKGROUND

A summary of Plaintiffs' allegations and the procedural history of this Action are set forth in the Final Approval Brief, part I.

## III.   THE COURT SHOULD AWARD ATTORNEYS' FEES OF 25% OF THE SETTLEMENT FUND

### A.   Plaintiffs' Counsel Are Entitled to a Fee Award from the Common Fund They Secured for the Settlement Class

It is well-settled that attorneys who represent a class and aid in the creation of a settlement fund are entitled to compensation for legal services from the settlement fund. Under the "equitable" or "common fund" doctrine long-established in *Trustees v. Greenough*, 105 U.S. 527, 529-30 (1881), attorneys who create a common fund to be shared by a class are entitled to an award

---

[2] In support of these applications, Lead Plaintiffs also submit: (a) Bravata Decl.; (b) BLB&G Fee Decl.; (c) Klausner Fee Decl.; (d) Neeman Decl.; and (e) Jones Decl.

of fees and expenses from that fund as compensation for their work. *See also Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Sutton v. Bernard*, 504 F.3d 688, 691-92 (7th Cir. 2007).

Besides providing just compensation, awards of attorneys' fees from a common fund attract skilled counsel to represent those who seek redress for damages inflicted on classes of persons. *See, e.g.*, *Silverman v. Motorola Solutions, Inc.*, 739 F.3d 956, 958 (7th Cir. 2013) ("The greater the risk of walking away empty-handed, the higher the award must be to attract competent and energetic counsel."); *In re Synthroid Mktg. Litig.*, 264 F.3d 712, 720 ("*Synthroid I*") (7th Cir. 2001) ("[A]wards net of fees could rise with the level of fees if a higher payment attracts the best counsel."); *In re TikTok, Inc., Consumer Priv. Litig.*, 617 F. Supp. 3d 904, 942 (N.D. Ill. 2022) (noting a one-third flat fee is "routine" in complex fields). Indeed, the Supreme Court emphasizes that private securities cases are "'an indispensable tool with which defrauded investors can recover their losses' – a matter crucial to the integrity of domestic capital markets." *Tellabs, Inc. v. Makor Issues & Rights Ltd.*, 551 U.S. 308, 320 n.4 (2007) (citation omitted). Accordingly, common fund fee awards encourage and support meritorious class actions and thereby promote compliance with the federal securities laws.

**B.**     **The Court Should Award Plaintiffs' Counsel a Reasonable Percentage of the Common Fund**

In *Blum v. Stenson*, the Supreme Court held that under the "common fund doctrine" a reasonable fee may be based "on a percentage of the fund bestowed on the class." 465 U.S. 886, 900 n.16 (1984). Although courts within this Circuit in "common fund cases have discretion to choose either the lodestar or the percentage method of calculating fees," *see In re Trans Union Corp. Privacy Litig.*, No. 00 C 4729, 2009 WL 4799954, at *9 (N.D. Ill. Dec. 9, 2009), the Seventh Circuit has strongly endorsed the percentage of the fund method because it most closely approximates the manner in which attorneys are compensated in the marketplace for contingent

work.  *See Gaskill v. Gordon*, 160 F.3d 361, 362 (7th Cir. 1998) ("When a class suit produces a fund for the class, it is commonplace to award the lawyers for the class a percentage of the fund . . . in recognition of the fact that most suits for damages in this country are handled on the plaintiff's side on a contingent-fee basis"); *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, 80 F. Supp. 3d 838, 844 (N.D. Ill. 2015) (stating that the percentage method has "emerged as the favored method for calculating fees in common-fund cases in this [D]istrict.").

The Seventh Circuit has recognized "that there are advantages to utilizing the percentage method in common fund cases because of its relative simplicity of administration."  *Florin v. Nationsbank of Ga., N.A.*, 34 F.3d 560, 566 (7th Cir. 1994); *In re Cont'l Ill. Sec. Litig.*, 962 F.2d 566, 572-73 (7th Cir. 1992) (noting that it is easier to award a percentage "than it would be to hassle over every item or category of hours and expenses and what multiple to fix and so forth"). Moreover, the Seventh Circuit has recognized the disadvantages of the lodestar method.  *See In re Synthroid Mktg. Litig.*, 325 F.3d 974, 979-80 (7th Cir. 2003) ("*Synthroid II*") (noting that the lodestar method may create a conflict of interest between the attorney and client); *Will v. Gen. Dynamics Corp.*, No. 06-698-GPM, 2010 WL 4818174, at *3 (S.D. Ill. Nov. 22, 2010) ("The use of a lodestar cross-check in a common fund case is unnecessary, arbitrary, and potentially counterproductive."); *Silverman v. Motorola, Inc.*, No. 07 C 4507, 2012 WL 1597388, at *4 (N.D. Ill. May 7, 2012) (same); *Kaufman v. Am. Express Travel Related Servs., Co.*, No. 07-CV-1707, 2016 WL 806546, at *13 n.19 (N.D. Ill. Mar. 2, 2016) (same).[3]

---

[3] Even under a lodestar analysis, however, the fee request would equate to a multiplier of 1.68 on a lodestar of $2,812,152.25, *see* Van Decl., ¶¶63-71, which is firmly within the range of reasonableness. *See Harman v. Lyphomed, Inc.*, 945 F.2d 969, 976 (7th Cir. 1991) (stating that

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES; 1:21-CV-04349

In *Taubenfeld v. Aon Corp.*, 415 F.3d 597 (7th Cir. 2005), the Seventh Circuit provided guidance for the award of attorneys' fees in a securities class action:

> [W]hen deciding on appropriate fee levels in common-fund cases, courts must do their best to award counsel the market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market at the time. . . . Although it is [sic] impossible to know ex post exactly what terms would have resulted from arm's length bargaining ex ante, courts must do their best to recreate the market by considering factors such as actual fee contracts that were privately negotiated for similar litigation, information from other cases, and data from class-counsel auctions.

*Id.* at 599. In affirming an award of fees equaling 30% of a $7.5 million settlement fund plus expenses, the court considered, *inter alia*, the following factors: (1) "awards made by courts in other class actions" which "amount[ed] to 30-39% of the settlement fund"; (2) "the quality of legal services rendered"; and (3) "the contingent nature of the case." *Id.* at 600.

Finally, the PSLRA provides that "[t]otal attorneys' fees and expenses awarded by the court to counsel for the Plaintiffs class shall not exceed a ***reasonable percentage*** of the amount" recovered for the class. 15 U.S.C. § 78u-4(a)(6). "Part of the reason behind the near-universal adoption of the percentage method in securities cases is that the PSLRA contemplates such a calculation." *Union Asset Mgmt. Holding A.G. v. Dell*, Inc., 669 F.3d 632, 643 (5th Cir. 2012); *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 300 (3d Cir. 2005).

---

multipliers of up to 4.0 have been approved); *In re TikTok, Inc., Consumer Priv. Litig.*, 617 F. Supp. 3d at 943 (approving lodestar multiplier of 2.04); *In re Superior Beverage/Glass Container Consol. Pretrials*, 133 F.R.D. 119, 132 (N.D. Ill. 1990) (noting that "[w]e have awarded multipliers between 1.5 and 2.5 depending on the relative contribution of the various class counsel."); *see also In re Sumitomo Copper Litig.*, 74 F. Supp. 2d 393, 399 (S.D.N.Y. 1999) ("'In recent years multipliers of between 3 and 4.5 have been common' in federal securities cases.") (citation omitted); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 n.6 (9th Cir. 2002) (finding multipliers ranged as high as 19.6, though most run from 1.0 to 4.0); *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, No. 02-C-5893, 2016 WL 10571774, at *2 (N.D. Ill. Nov. 10, 2016) (awarding a $388 million fee for a $1.575 billion settlement, which equated to a multiplier of 3.7).

- 13 -

As discussed below, an award of 25% of the Settlement Amount plus expenses in this case is the most appropriate method to "recreate the market" given the nature and scope of the Action, awards in similar cases, the contingent nature of the representation, and the substantial result achieved for the Settlement Class.

### C. The Requested Fee Is Reasonable and Appropriate as a Percentage of the Common Fund

#### 1. The 25% Attorneys' Fee Request Is Consistent with Seventh Circuit Authority and Authority Nationwide

As courts within this Circuit have observed, the "payment of 33% of the common fund is widely accepted by the Seventh Circuit as a reasonable fee in a class action." *Swift v. Direct Buy, Inc.*, No. 2:11-CV-401-TLS, 2013 WL 5770633, at *8 (N.D. Ind. Oct. 24, 2013); *Gaskill* 160 F.3d at 362–63 (noting that typical contingency fees are between 33% and 40%); *Retsky Family Ltd. P'ship v. Price Waterhouse LLP*, No. 97 C 7694, 2001 WL 1568856, at *4 (N.D. Ill. Dec. 10, 2001) ("A customary contingency fee would range from 33 1/3 % to 40% of the amount recovered.").

Indeed, courts in this Circuit routinely award attorneys' fees in class actions equal to 33% or more of a settlement fund. *See, e.g. In re TikTok, Inc., Consumer Priv. Litig.*, 617 F. Supp. 3d at 942 (33 1/3%); *Boutchard v. Gandhi*, No. 1:18-CV-07041, 2021 WL 12100450, at *1 (N.D. Ill. July 30, 2021) (same); *Retsky Family Ltd.*, 2001 WL 1568856, at *4 (same); *In re Broiler Chicken Antitrust Litig.*, No. 16 C 8637, 2021 WL 5709250, at *5 (N.D. Ill. Dec. 1, 2021) (awarding 33% of a $150 million settlement fund in fees).

Here, attorneys' fees of 25% of the Settlement Fund are more than reasonable, and even below the customary award. *See, e.g., Sokolow v. LJM Funds Mgm't, Ltd.*, No. 18-cv-1039, slip op. at 2 (N.D. Ill. Dec. 18, 2019), ECF No. 216 (awarding 28% of $12.85 million); *Pension Tr. Fund for Operating Eng'rs v. DeVry Educ. Grp., Inc.*, No. 16-cv-5198, slip op. at 2 (N.D. Ill. Dec.

- 14 -

6, 2019), ECF No. 162 (awarding 27% of $27.5 million); *Rubinstein v. Gonzalez*, No. 14-cv-9465, slip op. at 1 (N.D. Ill. Oct. 22, 2019), ECF No. 296 (awarding 30% of $16.75 million); *In re Groupon, Inc. Sec. Litig.*, 2016 WL 3896839, at *3-*4 (N.D. Ill. July 13, 2016) (awarding 30% of $45 million); *City of Lakeland Emps. Pension Plan v. Baxter Int'l Inc.*, 2016 WL 10571629, at *1 (N.D. Ill. Jan. 22, 2016) (awarding 26% of $42.5 million); *Beesley v. Int'l Paper Co.*, 2014 WL 375432, at *1, *4 (S.D. Ill. Jan. 31, 2014) (awarding 33.3% of $30 million).

Some courts in this District have found that a percentage fee award should be analyzed as a percentage of the common fund *after* deducting all costs (other than attorneys' fees themselves) that will not be paid to the class, such as notice costs and litigation expenses. *See In re Nat'l Collegiate Athletic Ass'n Student-Athlete Concussion Inj. Litig.*, 332 F.R.D. 202, 221, 226 (N.D. Ill. 2019), *aff'd*, 2019 WL 8058082 (7th Cir. Oct. 25, 2019). In applying that analysis here, the requested fee of $4,725,000.00 (plus interest) represents approximately 26% of the expected Securities Subclass Settlement Amount net of expenses ($18,202,224.70)—*i.e.*, the Securities Subclass portion of the Settlement Amount less $197,775.30 in Litigation Expenses and an estimated $500,000.00 in Notice and Administration Costs. Such a percentage fee award is also fair and reasonable and consistent with fees approved within the Seventh Circuit in analogous cases.

### 2. Plaintiffs' Counsel Provided the Settlement Class with Quality Legal Services That Produced Excellent Benefits

In evaluating Plaintiffs' Counsel's fee request, the Seventh Circuit holds that courts may consider the "quality of legal services rendered." *Taubenfeld*, 415 F.3d at 600; *see also Synthroid I*, 264 F.3d at 721. As a general matter, securities litigation is "'notoriously difficult and unpredictable.'" *Maher*, 714 F.2d at 455 (citations omitted); *see also In re Suprema Specialties, Inc. Sec. Litig.*, No. 02-168(WHW), 2008 WL 906254, at *11 (D.N.J. Mar. 31, 2008) ("[T]his

- 15 -

case's complexity is undeniable, given its facts and area of law, securities law."). Moreover, "prosecution and management of a complex national class action requires unique legal skills and abilities." *Edmonds v. U.S.*, 658 F. Supp. 1126, 1137 (D.S.C. 1987).

Counsel for Securities Plaintiffs (including Court-appointed Lead Counsel, Pomerantz LLP ("Pomerantz") and Bernstein Litowitz Berger & Grossmann LLP) have the skills and experience needed to prosecute this case through their considerable experience litigating and successfully settling securities class actions for decades and recovering billions for injured investors. ECF No. 25 (Pomerantz firm resume) and ECF No. 30 (BLBG firm resume).

From the inception of the Action, Plaintiffs' Counsel engaged in a concerted effort to obtain the maximum recovery for the Settlement Class. This case required, among other things, an in-depth investigation, extensive briefing on the motions to dismiss, considerable fact discovery, voluminous document review, the drafting and filing of highly detailed complaints, extensive consultation with experts on damages and the plan of allocation, the drafting of detailed mediation statements, participation in two formal in-person mediation sessions, and extensive negotiations regarding the Settlement. Plaintiffs' Counsel have repeatedly shown they are willing and able to litigate a case to resolution.

### 3. The Attorneys' Fees Requested Is Fair and Reasonable in Light of the Risks Assumed by Lead Counsel

As the *Synthroid I* court noted, the "market rate for legal fees depends in part on the risk of nonpayment a firm agrees to bear." 264 F.3d at 721; *see also Taubenfeld*, 415 F.3d at 600 (court should consider "the contingent nature of the case" and the fact "that lead counsel was taking on a significant degree of risk of nonpayment"). Plaintiffs' Counsel undertook this Action on a contingent fee basis, assuming a significant risk that the Action would yield no recovery and leave them uncompensated. Plaintiffs' Counsel risked non-payment of 4,595.58 hours of professional

- 16 -

time worth $2,812,152.25, as well as incurring expenses of $197,775.30 advanced since this case began. While the outcome here was successful, recovery at the outset of the case was far from assured. Plaintiffs' Counsel assumed a significant risk that Defendants would succeed in their attempts to dismiss the Complaint, defeat class certification, or prevail at summary judgment or trial, in which case the Settlement Class and counsel would recover nothing.

As discussed in greater detail in the Van Declaration and Final Approval Brief, Defendants had number of substantial arguments from the outset of the case concerning, among other things, falsity, scienter, loss causation, and damages that could have eliminated any recovery for Plaintiffs and the Settlement Class in the Securities Action—and thus resulted in no compensation whatsoever for Plaintiffs' Counsel. For example, Defendants argued that Plaintiffs would be unable to prove that ATI was required to disclose that it was experiencing actual problems with attrition and retention of physical therapists prior to the Business Combination. Defendants also argued that their statements concerning physical therapist attrition were not materially misleading since any minor attrition in certain markets was not then viewed as anything more than short term, resulting from the lingering effects of the COVID-19 pandemic and the ensuing challenges faced by a patient services (and largely in-person) industry and the labor market generally. Similarly, Defendants argued that ATI was confident that the targeted action plans the Company deployed to address the attrition problem would prevent the development of more widespread attrition that might affect the Company's bottom line, including the ability to meet forward-looking guidance for fiscal year 2021. Thus, Defendants argued, ATI did not believe that any localized attrition or staffing challenges rendered the retention statements or state-of-clinic statements that ATI "continues to match its clinical staffing levels accordingly" and was "on track" to meet its 2021

- 17 -

target for new clinics materially false or misleading, nor was there any known attrition trend that ATI should (or could) have disclosed.

Plaintiffs also faced challenges in establishing loss causation. For example, Defendants challenged whether the October 19, 2021 Press Release was in fact a corrective disclosure since Defendants claimed it said nothing about attrition and, thus, provided no causal connection between that disclosure and the alleged loss. If Defendants had prevailed on any or all of these issues, damages would have been significantly reduced, if not eliminated. Likewise, the Securities Action asserts a class period between February 22, 2021 and October 19, 2021. If Defendants' renewed challenges to the October 19, 2021 statements were successful, the class period would be shortened and total damages would fall significantly.

These substantial litigation risks strongly support the fee requested. Courts across the country have consistently recognized that the risk of receiving little or no recovery is a major factor in considering an award of attorneys' fees. *See, e.g.*, *In re Warner Commc'ns Sec. Litig.*, 618 F. Supp. 735, 747-49 (S.D.N.Y. 1985) (citing cases). As one court stated:

> Counsel's contingent fee risk is an important factor in determining the fee award. Success is never guaranteed and counsel faced serious risks since both trial and judicial review are unpredictable. Counsel advanced all of the costs of litigation, a not insubstantial amount, and bore the additional risk of unsuccessful prosecution.

*In re Prudential-Bache Energy Income P'ships Sec. Litig.*, No. 888, 1994 WL 202394, at *6 (E.D. La. May 18, 1994). The risk of no recovery in complex cases of this type is real. In many class actions, class counsel expend thousands of hours and, yet, receive no remuneration despite their diligence and expertise. *See, e.g.*, *Glickenhaus*, 787 F.3d at 433 (vacating judgment totaling $2.46 billion and ordering new trial); *Robbins v. Koger Props., Inc.*, 116 F.3d 1441 (11th Cir. 1997) (vacating jury verdict of $81 million for plaintiffs on appeal); *Eisenstadt v. Centel Corp.*, 113 F.3d 738 (7th Cir. 1997) (affirming summary judgment for defendants); *Hubbard v. BankAtlantic*

- 18 -

*Bancorp, Inc.*, 688 F.3d 713 (11th Cir. 2012) (affirming judgment as a matter of law for defendants).

### 4. Lead Counsel's Extensive Efforts Support the Requested Fee Award

Plaintiffs' Counsel spent two years and nearly 4,600 hours of attorney and paralegal time representing the Settlement Class. Where, as here, counsel employed extensive effort and achieved an "excellent result" for the Settlement Class, this factor is satisfied. *In re Synthroid II*, 325 F.3d at 979-980 (rejecting argument that lodestar analysis was relevant and stating that the "client cares about the outcome alone").

### 5. The Reaction of the Settlement Class Supports the Fee Award

The lack of "any meaningful number of objections" is "an unmistakable sign of the Class's overwhelming support for Lead Counsel's Application." *Beesley v. Intl. Paper Co.*, No. 3:06-CV-703-DRH-CJP, 2014 WL 375432, at *1 (S.D. Ill. Jan. 31, 2014). In total, 33,824 potential Settlement Class Members were either mailed a Notice Packet or emailed a direct link to the Notice Packet. Bravata Decl., ¶9. The Claims Administrator also published the Court-approved Summary Notice online in *GlobeNewswire* on. *Id.*, ¶11. The Summary Notice directed potential Settlement Class Members to where they could access the full-length Notice, which was also posted on a Settlement-specific website. The Notice informed Settlement Class Members that Counsel would seek attorneys' fees of up to one third of the Settlement Amount, plus interest, and litigation expenses in an amount not to exceed $500,000. Bravata Decl., Ex. A, ¶¶5, 86. The Notice also advised Settlement Class Members of their right to object to these requests for relief or to request exclusion from the Settlement and explained how to do so. Bravata Decl., ¶¶14-15. While the deadline to file objections has not yet passed, to date, not a single objection to the fee and expense request has been received. Thus, this factor strongly favors approval of the fee request.

- 19 -

**IV.  PLAINTIFFS' COUNSEL'S EXPENSES WERE REASONABLE AND NECESSARY FOR THE BENEFIT OF THE SETTLEMENT CLASS**

Attorneys who generate a common fund for a plaintiff class are entitled to the reimbursement of reasonable litigation expenses from that fund.  *See Great Neck Capital Appreciation Inv. P'Ship, L.P. v. PriceWaterhouseCoopers, L.L.P.*, 212 F.R.D. 400, 412 (E.D. Wis. 2002) (citing *Synthroid I*, 264 F.3d at 722).  The Notice informed potential Settlement Class Members that Lead Counsel would seek expenses in an amount not to exceed $5000,000.  Bravata Decl., Ex. A, ¶¶5, 86.  Plaintiffs' Counsel requests reimbursement of $197,775.30 incurred prosecuting this Litigation, which is well within the maximum amount described in the Notice to Settlement Class Members.  Van Decl., ¶56.

Plaintiffs' Counsel pursued this litigation knowing that they could recover expenses only if Plaintiffs and the putative class prevailed at trial and survived on appeal or reached a settlement. Van Decl., ¶82. Thus, Plaintiffs' Counsel had no incentive to incur, and did not incur, unnecessary expenses.  All of Plaintiffs' Counsel's expenses were reasonably incurred and necessary for the prosecution of this litigation.  *Id.*, ¶¶65, 69.  The bulk of Plaintiffs' Counsel's expenses consisted of fees for a damages expert, mediator fees, and investigator fees.  *Id*.  The damages expert was needed to analyze potential damages so that Plaintiffs' Counsel could properly evaluate the value of the Settlement Class's claims.  The remainder of Plaintiffs' Counsel's expenses consisted primarily of court filing fees, online legal research fees, travel fees, and other miscellaneous expenses.  *Id*.  Courts have held that these and similar types of expenses are properly charged to the Settlement Class.  *See Abbott v. Lockheed Martin Corp.*, 2015 WL 4398475, at *4 (S.D. Ill. July 17, 2015) ("It is well established that counsel who create a common fund like this one are entitled to the reimbursement of litigation costs and expenses, which includes such things as expert witness costs; computerized research; court reporters; travel expense; copy, phone and facsimile

- 20 -

expenses and mediation."). The categories of expenses for which Plaintiffs' Counsel seek reimbursement are the type routinely billed to hourly clients and, therefore, should be paid out of the common fund.

## V. THE COURT SHOULD APPROVE THE AWARD TO PLAINTIFFS

The Court should also award Plaintiffs $35,000.00 in total, as compensation for the time they spent representing the Settlement Class instead of attending to the business of their respective organizations. The PSLRA empowers courts to grant awards to reimburse plaintiffs for reasonable costs and expenses related to the representation of the class. *See* 15 U.S.C. § 78u-4(a)(4); H.R. Conf. Rep. No. 369, 104th Cong., 1st Sess. 35 (1995) ("The Conference Committee recognizes that lead plaintiffs should be reimbursed for reasonable costs and expenses associated with service as lead plaintiffs, including lost wages, and grants the courts discretion to award fees accordingly."). Courts "routinely award such costs and expenses both to reimburse the named plaintiffs for expenses incurred through their involvement with the action and lost wages, as well as to provide an incentive for such plaintiffs to remain involved in the litigation and to incur such expenses in the first place." *Hicks v. Morgan Stanley*, No. 01 Civ. 10071(RJH), 2005 WL 2757792, at *10 (S.D.N.Y. Oct. 24 2005).

Here, Plaintiffs took an active role in the litigation by, among other things, reviewing all significant pleadings and briefs in the Action, communicating regularly with Plaintiffs' Counsel regarding developments in the Action, monitoring the progress of settlement negotiations, and approving the Settlement. *See* Neeman Decl..; Jones Decl. Lead Plaintiffs seek $15,000 each, or a total award of $30,000 for the time they dedicated to the Securities Action. Neeman Decl., ¶13. In addition, Consolidated Plaintiff Melbourne Firefighters seeks an award of $5,000 for the time its employees dedicated to the Securities Action. Jones Decl., ¶10. These requests are reasonable

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES; 1:21-CV-04349

under the circumstances. *See Retsky Family Ltd.*, 2001 WL 1568856, at *4 (awarding Plaintiff $7,500 based on the representations of counsel as to the services rendered by the plaintiff in prosecution of the class action); *Lawrence E. Jaffe Pension Plan*, 2016 WL 10571774, at *2 (awarding three plaintiffs just over $40,000 in total); *In re Akorn, Inc. Sec. Litig.*, No. 15 C 1944, 2018 WL 2688877, at *5 (N.D. Ill. June 5, 2018) (awarding three class representatives $30,000 in total).

Plaintiffs dedicated their own valuable time, faithfully representing the Settlement Class. Here, the requested awards to Plaintiffs are reasonable and amount to less than 0.19% of the Securities Subclass Settlement Amount. The Court should award the requested amounts to Plaintiffs.

## VI. CONCLUSION

For these reasons, Plaintiffs' Counsel respectfully request that the Court enter an Order awarding: (1) attorneys' fees in the amount of 25% of the Securities Subclass Settlement Amount ($4,725,000.00), plus interest thereon; (2) the reimbursement of Plaintiffs' Counsel's total litigation expenses in the amount of $197,775.30; and (3) grant awards to Plaintiffs in the total amount of $35,000.00.

Dated:  August 20, 2024

Respectfully submitted,

**POMERANTZ LLP**

<u>*/s/ Austin P. Van*</u>
Jeremy A. Lieberman
Austin P. Van
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
avan@pomlaw.com

*Attorneys for Lead Plaintiffs*

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
Jeremy P. Robinson
Jasmine Cooper-Little
1251 Avenue of the Americas
New York, New York   10020
Telephone:  (212) 554-1400
Facsimile:  (212) 554-1444
jeremy@blbglaw.com
jasmine.cooper-little@blbglaw.com

*Counsel for Consolidated Plaintiff City of Melbourne Firefighters' Retirement System*

**KLAUSNER, KAUFMAN, JENSEN & LEVINSON**
Robert D. Klausner
Bonni S. Jensen
7080 Northwest Fourth Street
Plantation, Florida   33315
Telephone: (954) 916-1202
Facsimile:  (954) 916-1232
bob@robertdklausner.com
bonni@robertdklausner.com

*Additional Counsel for Consolidated Plaintiff City of Melbourne Firefighters' Retirement System*

- 23 -

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES; 1:21-CV-04349

**CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2024, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Austin P. Van*
Austin P. Van

- 24 -