**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KEVIN BURBIGE and ZIYANG NIE, Individually and on Behalf of All Others Similarly Situated,<br><br>               Plaintiffs,<br><br>v.<br><br>ATI PHYSICAL THERAPY, INC. F/K/A FORTRESS VALUE ACQUISITION CORP. II, LABEED DIAB, JOSEPH JORDAN, ANDREW A. MCKNIGHT, JOSHUA A. PACK, MARC FURSTEIN, LESLEE COWEN, AARON F. HOOD, CARMEN A. POLICY, RAKEFET RUSSAK-AMINOACH, AND SUNIL GULATI,<br><br>               Defendants. | Civil Action No.: 1:21-cv-04349<br><br>Judge Edmond E. Chang<br><br>Magistrate Judge Young B. Kim<br><br><br>**DECLARATION OF DONALD J. ENRIGHT IN SUPPORT OF INTERVENORS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, SERVICE AWARDS, AND REIMBURSEMENT OF LITIGATION EXPENSES** |

I, Donald J. Enright, declare as follows:

## I.      INTRODUCTION

1.      I, Donald J. Enright, am a member of the bars of the States of Maryland and New Jersey, the District of Columbia, the United States Courts of Appeals for the Second, Third, Fourth, and Fifth Circuits, the United States Court of Appeals for the D.C. Circuit, and the United States District Courts for the Districts of Maryland, New Jersey, and the District of Columbia.  I am a partner with the law firm of Levi & Korsinsky, LLP ("LK").

2.      Pursuant to the Stipulation and Agreement of Settlement, dated May 13, 2024 (the "Settlement"),[1] LK represents the *Multiplan* Subclass for purposes of approval of the Settlement. LK also represents one of the *Multiplan* Subclass's named plaintiffs, Wendell Robinson ("Robinson").

3.      I have personal knowledge of the matters stated in this declaration based on my active supervision of and participation in the prosecution and settlement of the action titled *Robinson v. Fortress Acquisition Sponsor II, LLC et al.*, C.A. No. 2023-0142-NAC (Del. Ch.) (the "*Robinson* Action").  I respectfully submit this declaration in support of Intervenors' Motion for an Award of Attorneys' Fees, Service Awards, and Reimbursement of Litigation Expenses (the "Fees and Expenses Application").

4.      On behalf of Robinson, LK researched and drafted a Demand for Inspection of Books and Records of ATI Physical Therapy, Inc. Pursuant to 8 Del. C. § 220 dated November 30, 2022. LK then negotiated a confidentiality agreement and analyzed and assessed the Company's books and records. After completing the books and records investigation, LK filed a Verified Stockholder Class Action Complaint in the Delaware Court of Chancery on February 7, 2023 (the "*Robinson*

---

[1] Unless otherwise defined, all capitalized terms have the same meanings as set forth in the Settlement.

Complaint").

5. On April 21, 2023, the Robinson Defendants filed motions to dismiss the Robinson Complaint. On May 24, 2023, LK filed Plaintiff's Omnibus Answering Brief in Opposition to Defendants' Motion to Dismiss, the public version of which is attached hereto as Exhibit A.

6. On December 1, 2023, the Court of Chancery held oral arguments regarding the motions to dismiss the *Robinson* Complaint. The transcript of the hearing is attached hereto as Exhibit B.

7. On December 6, 2023 (after oral arguments), the Court of Chancery requested supplemental briefing concerning the motions to dismiss the Robinson Complaint. On December 21, 2023, Robinson submitted supplemental briefing in response to the Court of Chancery's request. A copy of the supplemental briefing is attached hereto as Exhibit C.

8. After January 26, 2024, I and the other parties engaged in negotiations and, after the preliminary negotiations proved unsuccessful, I agreed to a mediation for March 7, 2024. Prior to the mediation, LK and the firms representing the plaintiffs in *In re ATI Physical Therapy, Inc. S'holder Deriv. Litig.*, C.A. No. 1-21-06415 (N.D. Ill.), and *Goldstein v. Diab, et al.*, C.A. No. 2023-0582-NAC (Del. Ch.) (together with the *Robinson* Action, the "*Multiplan* Actions"), submitted a joint mediation brief (the "Mediation Brief"). The plaintiffs in the Delaware *Multiplan* Actions were represented by LK, Meluney Alleman & Spence, LLC ("MAS"), Ashby & Geddes, P.A. ("A&G"), and Morris Kandinov LLP ("MK") (collectively, "*Multiplan* Counsel").

9. The Mediation Brief analyzed and assessed, among other legal issues, (i) the applicability of the entire fairness standard of review to the *Multiplan* Actions, (ii) the fiduciary defendants' inability to satisfy the entire fairness standard of review, (iii) the other defendants' liability by tortiously interfering with shareholders' redemption rights and aiding and abetting, (iv) the impact of discovery on the *Multiplan* Actions, and (v) estimated damages for the *Multiplan*

3

Actions.

10. On March 7, 2024, LK attended mediation for the *Multiplan* Actions at the offices of Weil, Gotshal & Manges, 767 Fifth Avenue, New York, New York 1015. Judge Layn R. Phillips ("Judge Phillips") of Phillips ADR Enterprises, P.C. was the mediator. The mediation on March 7, 2024, was unsuccessful, and it did not result in a settlement.

11. On March 12, 2024, *Multiplan* Counsel participated in a second mediation session with the parties to the *Multiplan* Actions. This mediation session was hosted through Judge Phillips, and it was held remotely. It was unsuccessful, and it did not result in a settlement.

12. On March, 18, 2024, LK attended a mediation session with the parties to the *Multiplan* Actions. This mediation session was hosted through Judge Phillips, and it was held remotely. It was unsuccessful, and it did not result in a settlement.

13. On April 22, 2024, Judge Phillips made a mediator's proposal to the parties, and it provided for a $6 million cash payment to resolve *Multiplan* Actions (the "Mediator's Proposal"). On April 23, 2024, the parties entered into an agreement in principle premised on the Mediator's Proposal to resolve the *Multiplan* Actions.

14. On May 13, 2024, the parties entered into the global Settlement, which provides for a $6 million settlement fund for the *Multiplan* Subclass (the "*Multiplan* Settlement Fund"). On May 21, 2024, the Court entered the Order Preliminarily Approving Settlement and Providing for Notice (the "Preliminary Approval Order").

15. In addition to seeking final approval of the Settlement, Intervenors are applying to the Court for an award of attorneys' fees for *Multiplan* Counsel. The requested fee of 25% of the *Multiplan* Settlement Fund is $1,500,000 plus interest accrued at the same rate as the *Multiplan* Settlement Fund. Reimbursement of expenses that *Multiplan* Counsel incurred in connection with the prosecution of the *Multiplan* Actions is sought in the amount of $67,210.41.

4

16. The work performed, and the time and expenses expended, by LK are reflected below. The work performed, and the time and expenses expended, by MK are reflected in Exhibit D attached hereto. The work performed, and the time and expenses expended, by A&G are reflected in Exhibit E attached hereto. The work performed, and the time and expenses expended, by MAS are reflected in Exhibit F attached hereto.

17. Based on the quality of the result achieved, the extent and quality of the work performed, the significant risks of the litigation, and the fully contingent nature of the representation, LK respectfully submits that the requested fee award is reasonable and should be approved.

18. LK devoted substantial time to the prosecution of the *Multiplan* Actions. The work that LK performed in the *Multiplan* Actions included: (i) conducting a books and records investigation and analysis of the Company's public SEC filings and press releases; (ii) drafting the *Robinson* complaint based on extensive investigation, including Robinson's books-and-records investigation; (iii) engaging in substantial briefing related to the *Robinson* Defendants' motions to dismiss, including supplemental briefing requested by the Court of Chancery that, among other things, prompted LK to prepare a Black-Scholes valuation; (iv) preparing for and participating in oral arguments against formidable attorneys regarding the *Robinson* Defendants' motions to dismiss the *Robinson* Complaint in the Delaware Court of Chancery; (v) prepared the Mediation Brief containing analyses of the strengths, risks, and potential issues in the litigation with Defendants; (vi) participated in an unsuccessful full-day mediation session with an experienced neutral mediator; and (vii) engaged in several weeks of further negotiations that culminated in the Mediator's Proposal to resolve the *Multiplan* Subclass's claims for $6,000,000.

19. Throughout the litigation, LK maintained an appropriate level of staffing that avoided unnecessary duplication of effort and ensured the efficient prosecution of the *Robinson* Action. As the lead partner on the case, I personally monitored and maintained control of the work

performed by other lawyers at LK throughout the litigation. Attorneys worked on matters appropriate to their skill and experience level. Based on the time records maintained by LK, the following chart details that LK invested more than 800 hours of work during the course of this litigation from September 30, 2022 to August 16, 2024:

| NAME | HOURS | RATE | LODESTAR |
|---|---|---|---|
| **Partners** | | | |
| Donald J. Enright, Esq. | 363.25 | $1,000.00 | $363,250.00 |
| Elizabeth K. Tripodi, Esq. | 7.35 | $900.00 | $6,615.00 |
| **Associate** | | | |
| Noah R. Gemma, Esq. | 425.5 | $500.00 | $212,750.00 |
| **Legal Assistant** | | | |
| Gaynor Mugar | 17.63 | $325.00 | $5,729.75 |
| **TOTAL:** | **813.73** | | **$588,344.75** |

20.     All of the time included in the chart was reasonably and necessarily expended, in my opinion. The hours worked by LK are recorded in time records kept by my firm, and they are an accurate record of the time expended by my firm. The hourly rates for each timekeeper, as set forth above, were each timekeeper's usual and customary rates.

21.     My firm has incurred a total of in unreimbursed expenses in connection with the prosecution of the *Robinson* Action. The expenses pertaining to this case are reflected in the books and records of my firm and consist of the following:

6

| Date | Num | Name | Memo | Account | Debit |
|---|---|---|---|---|---|
| | | | **4764 ATI Physical Theraphy, Inc** | | |
| 01/01/2023 | 117752 | Prestige Notaries | Wendell Robinson | Notary Service | $ 75.00 |
| | | | | Total Notary Service Fee | $ 75.00 |
| 05/08/2024 | | Phillips ADR Enterprises, P.C. | | Mediation | $20,048.99 |
| 02/26/2024 | | Phillips ADR Enterprises, P.C. | | Mediation | $ 6,250.00 |
| | | | | Total Mediation Fees | $26,298.99 |
| 03/11/2024 | 4D1C1961F1E | Gaynor Mugar | Personal car mileage: | Travel | $ 10.35 |
| 03/11/2024 | 4D1C1961F1E | Gaynor Mugar | Parking- Case Related: | Travel | $ 18.99 |
| 11/28/2023 | 189151F1F3B | Gaynor Mugar | Parking- Case Related: | Travel | $ 18.99 |
| 11/28/2023 | 189151F1F3B | Gaynor Mugar | Personal car mileage:picking and dropping o | Travel | $ 6.90 |
| 11/28/2023 | 189151F1F3B | Gaynor Mugar | Personal car mileage: | Travel | $ 5.18 |
| 11/28/2023 | 189151F1F3B | Gaynor Mugar | Personal car mileage: | Travel | $ 11.50 |
| 04/09/2024 | | Donald Enright | ATI Physical Therapy | Travel | $ 270.68 |
| | | | | Total Travel Fees | $ 342.59 |
| | | | | Total | $26,716.58 |

22. LK incurred a total of $26,716.58 in litigation expenses in connection with the prosecution of the *Multiplan* Actions. These expense items are billed separately by LK, and such charges are not duplicated in LK's hourly rates.

23. This prosecution was undertaken by LK on an entirely contingent basis. From the outset of their retention, LK understood that we were embarking on a complex, expensive, and lengthy litigation with no guarantee of ever being compensated for the substantial investment of time and money the case would require. In undertaking that responsibility, LK was obligated to ensure that sufficient resources were dedicated to the prosecution of the *Robinson* Action, and that funds were available to compensate staff and to cover the considerable litigation costs that a case such as the *Robinson* Action requires.

24. With an average lag time of several years for such cases to conclude, LK submits that the financial burden on contingent-fee counsel is far greater than on a firm that is paid on an ongoing basis. Indeed, LK received no compensation during the course of the *Robinson* Action and has incurred $26,716.58 in litigation expenses in prosecuting the *Robinson* Action for the benefit of the *Multiplan* Subclass. LK also bore the risk that no recovery would be achieved. Despite the most

7

vigorous and competent of efforts, success in contingent-fee litigation, such as this, is never assured.

25.      LK knows from experience that the commencement and ongoing prosecution of a class action does not guarantee a settlement. To the contrary, it takes hard work and diligence by skilled counsel to develop the facts and legal arguments that are needed to sustain a complaint or win at class certification, summary judgment and trial, or on appeal, or to cause sophisticated defendants to engage in serious settlement negotiations at meaningful levels.

26.      In the aggregate, *Multiplan* Counsel expended more than 1,100 hours litigating the *Multiplan* Actions, accruing a total lodestar of $937,979.95 expending a total of $67,210.41 in out-of-pocket expenses:

| FIRM | TOTAL HOURS | TOTAL LODESTAR | TOTAL EXPENSES |
|---|---|---|---|
| LK | 813.71 | $588,344.75 | $26,716.58 |
| A&G | 49.6 | $31,672.50 | $6,431.71 |
| MK | 236.45 | $294,962.50 | $27,417.43 |
| MAS | 46.6 | $23,000 | $6,644.69 |
| **TOTAL** | **1,146.36** | **$937,979.95** | **$67,210.41** |

27.      *Multiplan* Counsel's extensive and persistent efforts in the face of substantial risks and uncertainties have resulted in a considerable recovery for the benefit of the *Multiplan* Subclass. In circumstances such as these, and in consideration of the hard work and the excellent result achieved, we believe the requested fee is reasonable and should be approved.

28.      Intervenors also seek a service award in the amount of $2,500.00 for Mr. Robinson. Mr. Robinson invested his own personal time by, among other things, participating in LK's books and records investigation (including by subjecting his financial statements to scrutiny), reviewing the *Robinson* Complaint, engaging in discussions with LK concerning the *Robinson* Action, and supervising the settlement negotiations.

29.      *Multiplan* Counsel accepted this case on a contingency basis, committed significant resources to it, and prosecuted it without any compensation or guarantee of success. Based on the

favorable result obtained, the quality of the work performed, the risks of the *Multiplan* Actions, and the fully contingent nature of the representation, Intervenors respectfully submit that a fee award of 25% is fair and reasonable, and is consistent with and supported by the fee awards that courts have granted in other comparable cases.

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on August 20, 2024                   Respectfully submitted,

_____
Donald J. Enright, Esq