**POMERANTZ LLP**
Jeremy A. Lieberman (pro hac vice)
Austin P. Van (pro hac vice)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
jalieberman@pomlaw.com
avan@pomlaw.com

*Attorneys for Lead Plaintiffs*

[Additional Counsel on Signature Page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KEVIN BURBIGE and ZIYANG NIE, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>                              Plaintiffs<br>         v.<br><br>ATI PHYSICAL THERAPY, INC. f/k/a FORTRESS VALUE ACQUISITION CORP. II, LABEED DIAB, JOSEPH JORDAN, ANDREW A. MCKNIGHT, JOSHUA A. PACK, MARC FURSTEIN, LESLEE COWEN, AARON F. HOOD, CARMEN A. POLICY, RAKEFET RUSSAK-AMINOACH, and SUNIL GULATI,<br>                              Defendants. | Case No.: 1:21-CV-04349<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF PLAINTIFFS' UNOPPOSED MOTIONS FOR: (I) FINAL APPROVAL OF SETTLEMENT AND PLAN OF ALLOCATION; AND (II) AWARD OF ATTORNEYS' FEES AND EXPENSES AND PSLRA AWARDS TO PLAINTIFFS**<br><br>**CLASS ACTION**<br><br>Hearing Date: September 24, 2024<br>Time: 12:15 P.M.<br>Judge: Honorable Edmond E. Chang<br>Courtroom: 2341 |

Court-appointed Lead Plaintiffs Phoenix Insurance Company Ltd. and The Phoenix Pension & Provident Funds ("Lead Plaintiffs") and Consolidated Plaintiff City of Melbourne Firefighters' Retirement System ("Melbourne Firefighters" and, together with Lead Plaintiffs, "Plaintiffs"), individually and on behalf of all others similarly situated, and Court-appointed Lead Counsel, Pomerantz LLP ("Pomerantz"), on behalf of all Plaintiffs' Counsel,[1] respectfully submit this memorandum in further support of Plaintiffs' unopposed motion for: (i) final approval of the Settlement and Plan of Allocation (the "Final Approval Motion"); and (ii) an award of attorneys' fees, reimbursement of expenses, and PLSRA awards to Plaintiffs (ECF Nos. 179-183, the "Fee and Expense Application"). *See* ECF Nos. 179-183.[2] This Reply is supported by the Supplemental Declaration of Josephine Bravata Concerning: (A) Mailing of the Notice and Claim Form; and (B) Report on Requests for Exclusion and Objections ("Suppl. Mailing Decl."), attached as **Exhibit A** to the Suppl. Van Decl.

The deadline for Settlement Class Members to object to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, the proposed attorneys' fees and expenses, and the proposed awards to Plaintiffs was September 3, 2024. In response to the dissemination of 34,084 Notice Packets to potential Settlement Class Members or their nominees, there has been

---

[1] Pomerantz was assisted in its representation of Plaintiffs and the Class by Bernstein Litowitz Berger & Grossmann LLP ("BLBG"), and Klausner, Kaufman, Jensen & Levinson ("Klausner"), counsel for Consolidated Plaintiff Melbourne Firefighters. *See* Declaration of Austin P. Van in Support of Motion for Final Approval of Settlement and Plan of Allocation and Certification of Class Action Settlement, Award of Attorneys' Fees and Expenses, and PSLRA Awards to Plaintiffs ("Van Declaration," ECF No. 183). Pomerantz, BLBG, and Klausner are referred to herein as "Plaintiffs' Counsel."

[2] Unless otherwise defined, all capitalized terms have the same meanings as set forth in the Stipulation and Agreement of Settlement, filed on May 13, 2024 (the "Stipulation") (ECF No. 162-1). Internal citations and quotations are omitted and emphasis is added unless otherwise noted. Citations to "Suppl. Van Decl." are to the Supplemental Declaration of Austin P. Van, filed herewith.

2

just one request for exclusion from the Settlement Class and no objections to any aspect of the Settlement or proposed awards. Suppl. Mailing Decl. ¶¶ 8-9.

Accordingly, the reaction of Settlement Class Members to the proposed Settlement, Plan of Allocation, attorneys' fees and expenses, and awards to Plaintiffs strongly supports entering the proposed Final Order and Judgment, filed herewith.

## I. Preliminary Statement

Final approval is warranted because the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). After over two years of hard-fought litigation, including two in-person mediation sessions facilitated by a well-respected mediator and continued litigation following those sessions, Plaintiffs submitted a proposed settlement of this action and related actions for a total cash payment of $24.9 million for the benefit of class members, of which $18.9 million was specifically recovered in connection with this action.[3] As detailed in the opening papers (ECF Nos. 179-183), the Settlement the product of a protracted arm's-length negotiations conducted by well-informed and experienced counsel, and represents a favorable result for the Settlement Class

---

[3] For the sake of efficiency and judicial economy, Plaintiffs presented their Final Approval Motion together with the plaintiffs in three actions with overlapping claims based on overlapping facts (the "*Multiplan* Plaintiffs" in the "*Multiplan* Actions") as part of a global settlement of all four actions. On December 1, 2021, May 10, 2022, and September 22, 2022, respectively, Plaintiffs Hamza Ghaith, Vinay Kumar, and Brendan Reginbald filed stockholder derivative complaints on behalf of ATI, which were subsequently consolidated and styled *In re ATI Physical Therapy, Inc. S'Holder Deriv. Litig.*, No. 1-21-cv-06415 (N.D. Ill) (the "*Ghaith* Action"). The *Ghaith* Action was subsequently amended to add direct class action claims based on Delaware state law claims, in addition to the derivative claims. On February 7, 2023, Wendell Robinson filed a putative class action complaint, styled *Robinson v. Fortress Acquisition Sponsor II, LLC*, C.A. No. 2023-0142-NAC (Del. Ch.) (the "*Robinson* Action"), in the Delaware Court of Chancery. On June 1, 2023, Phillip Goldstein filed a dual putative class action and stockholder derivative complaint, styled *Goldstein v. Fortress Acquisition Sponsor II, LLC*, C.A. No. 2023-0582-NAC (Del. Ch.) (the "*Goldstein* Action," and together with the *Ghaith* Action and the *Robinson* Action, the "*Multiplan* Actions"). The direct class claims asserted in the *Multiplan* Actions are being resolved together with the claims in the Settlement. The derivative claims in the *Ghaith* and *Goldstein* Actions, which do not overlap with the claims here, are subject to a separate settlement, which will be presented to the Court in the *Ghaith* Action. This action and the *Multiplan* Actions are collectively referenced here and in the Stipulation of Settlement as the "Actions".

in light of the substantial challenges that Plaintiffs would have faced in proving liability and recovering damages.

Plaintiffs have satisfied all elements of the Notice program authorized by this Court in the Court's Order Preliminarily Approving Settlement and Providing for Notice, dated May 21, 2024 ("Preliminary Approval Order") (ECF No. 172), providing Settlement Class Members reasonable notice in plain language of the terms of the Settlement, the Plan of Allocation, and their opportunity to object to or seek exclusion from the Settlement. In total, 34,084 potential Settlement Class Members and nominees were notified by either mailed Notice Packet or emailed direct link to the Notice Packet, and the Summary Notice was transmitted on a national business newswire. *See* Suppl. Mailing Decl. ¶ 4; ECF No. 183-1, ¶ 11 and Ex. C (confirming publication of Summary Notice). Additionally, copies of the Notice, Proof of Claim Form, and other key documents were made available on a website for Settlement Class Members to review. Finally, a toll-free hotline was established to answer questions of potential claimants. Suppl. Mailing Decl. ¶¶ 6-7. Thus, the Notice provided constitutes the best notice practicable under the circumstances and satisfies the requirements of due process, Federal Rule of Civil Procedure 23, and the Private Securities Litigation Reform Act of 1995.

The reaction of the Settlement Class also confirms that the Settlement is a very favorable result. After an extensive notice program, not a single objection has been filed and only one individual Settlement Class Member who purchased 30 shares (and who represents only 0.003% of the mailed notices) has requested exclusion from the Settlement Class. Suppl. Mailing Decl. ¶¶ 8-9. The complete absence of objections and near total lack of opt-outs, along with the benefits provided to Settlement Class Members by the Settlement, support final approval of the Settlement by the Court.

Given the results achieved, the overwhelming support for the proposed Settlement from the Settlement Class, and the significant amount of time, expenses and risks that continued litigation would entail, the Court should approve the proposed Settlement as fair, reasonable and adequate, as well as finally certify the Settlement Class and approve the plan of allocation, the requested attorneys' fees and expenses, and the plaintiff compensatory awards.[4]

## II. The Absence of Objections Strongly Supports Final Approval of the Settlement, Plan of Allocation, and Fee and Expense Application

A small number of objections is "strong circumstantial evidence supporting the fairness of the settlement." *See, e.g.*, *In re Sears, Roebuck & Co. Front-loading Washer Prods. Liab. Litig.*, No. 06 C 7023, 2016 WL 772785, at *11 (N.D. Ill. Feb. 29, 2016) (characterizing three objections as a "small number") (citation omitted); *see also Swift v. Direct Buy, Inc.*, No. 2:11-CV-401-TLS, 2013 WL 5770633, at *6 (N.D. Ind. Oct. 24, 2013) (noting that "limited opposition to the Settlement Agreement among affected parties . . . also favors settlement") (citation omitted); *Mangone v. First USA Bank*, 206 F.R.D. 222, 227 (S.D. Ill. 2001) (approving settlement with 97 objections and approximately 19,637 optouts). Plaintiffs and Plaintiffs' Counsel respectfully submit that the total absence of objections is strong evidence of the fundamental fairness of the Settlement, Plan of Allocation, requests for attorneys' fees and litigation expenses, and requests for reimbursement awards to Plaintiffs.

Here, a robust notice program was implemented to reach as many absent Settlement Class Members as practicable and included mailing or emailing 2,374 letters to the Nominee Account Holders and Institutional Groups contained on SCS's master mailing list; mailing 14,702 Notice Packets to potential Settlement Class Members; emailing a direct link to the Notice Packet to 36

---

[4] Plaintiffs also submit the [Proposed] Final Judgment and Order of Dismissal with Prejudice, attached as **Exhibit B** to the Suppl. Van Decl.

5

email addresses provided by individuals or nominees; one nominee emailing 19,086 of its clients the link to the Notice Packet on the settlement webpage; and another nominee request for 260 Notice Packets to be mailed to them so they can notify their clients. Suppl. Mailing Decl. ¶ 4. In total, 34,084 potential Settlement Class Members and nominees were notified by either mailed Notice Packet or emailed direct link to the Notice Packet. *Id.* The Summary Notice was also transmitted on a national business newswire (ECF No. 183-1, ¶ 11 and Ex. C (confirming publication of Summary Notice)) and all documents relevant to the Settlement were published on the Claim's Administrator's website. Suppl. Mailing Decl. ¶ 7. The Notice provided here identified, among other things, the maximum amounts that would be sought for Attorneys' Fees and Litigation Expenses and for reimbursement awards to Plaintiffs, thus affording Settlement Class Members the opportunity to object if they considered any portion unreasonable.

No objections to any aspect of the Settlement, Plan of Allocation, Attorneys' Fees and Litigation Expenses, or Plaintiffs' requested reimbursement awards have been served on Plaintiffs' Counsel, the Claims Administrator, or filed with the Court. Courts in this Circuit have consistently recognized that a lack of objections supports final approval. *See, e.g.*, *Beesley v. Intl. Paper Co.*, No. 3:06-CV-703-DRH-CJP, 2014 WL 375432, at *1 (S.D. Ill. Jan. 31, 2014) (noting the lack of "any meaningful number of objections" is "an unmistakable sign of the Class's overwhelming support for Lead Counsel's Application."); *George v. Kraft Foods Glob., Inc.*, No. 1:07-CV-1713, 2012 WL 13089487, at *1 (N.D. Ill. June 26, 2012) (similar).

### III. The Near Total Absence of Exclusions Strongly Supports Final Approval of the Settlement, Plan of Allocation, and Fee and Expense Application

In addition, only one request to be excluded from the Settlement Class has been received. *See* Suppl. Mailing Decl. ¶ 8.[5] This constitutes an opt out rate of below 0.003% as compared the

---

[5] The exclusion is attached to the Suppl. Mailing Decl. as Exhibit A.

total number of notices mailed to potential Settlement Class Members. That nearly all eligible investors remain in the Settlement Class strongly supports final approval. *See, e.g.*, *Sears*, 2016 WL 772785, at *11 (describing as "minuscule" opposition to the settlement that included 59 opt-outs from 542,000 potential class members noticed); *Kaufman v. Am. Express Travel Related Servs.*, Co., No. 07-CV-1707, 2016 WL 806546, at *8 (N.D. Ill. Mar. 2, 2016), *aff'd sub nom. Kaufman v. Am. Express Travel Related Servs. Co., Inc.*, 877 F.3d 276 (7th Cir. 2017) (an opt out rate of 0.1% or 100 exclusions, was low and supported the settlement).

In sum, the Settlement Class Members' emphatically positive reaction strongly favors final approval of the Settlement, Plan of Allocation, and Plaintiffs' and Plaintiffs' Counsel's requests for attorneys' fees and expenses. The Settlement, Plan of Allocation, and requests for fees and expenses should also be approved for the reasons that Plaintiffs and Plaintiffs' Counsel explained in their opening papers in support of the Settlement, Plan of Allocation, and fee and expense requests. *See* ECF Nos. 179-183.

## IV. CONCLUSION

For all the foregoing reasons, and those set forth in their opening papers, Plaintiffs and Plaintiffs' Counsel respectfully request that the Court enter the proposed Judgment filed herewith approving the Settlement, the Plan of Allocation, and the Fee and Expense Application.

<mark>

Dated: September 17, 2024

Respectfully submitted,

**POMERANTZ LLP**

*/s/ Austin P. Van*
Jeremy A. Lieberman
Austin P. Van
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
avan@pomlaw.com

*Attorneys for Lead Plaintiffs*

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
Jeremy P. Robinson
Jasmine Cooper-Little
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
jeremy@blbglaw.com
jasmine.cooper-little@blbglaw.com

*Counsel for Consolidated Plaintiff City of Melbourne Firefighters' Retirement System*

**KLAUSNER, KAUFMAN, JENSEN & LEVINSON**
Robert D. Klausner
Bonni S. Jensen
7080 Northwest Fourth Street
Plantation, Florida 33315
Telephone: (954) 916-1202
Facsimile: (954) 916-1232
bob@robertdklausner.com
bonni@robertdklausner.com

*Additional Counsel for Consolidated Plaintiff City of Melbourne Firefighters' Retirement System*

## CERTIFICATE OF SERVICE

    I hereby certify that on September 17, 2024 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                            */s/ Austin P. Van*
                                            Austin P. Van