**Exhibit B**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| KEVIN BURBIGE and ZIYANG NIE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ATI PHYSICAL THERAPY, INC. f/k/a FORTRESS VALUE ACQUISITION CORP. II, LABEED DIAB, JOSEPH JORDAN, ANDREW A. MCKNIGHT, JOSHUA A. PACK, MARC FURSTEIN, LESLEE COWEN, AARON F. HOOD, CARMEN A. POLICY, RAKEFET RUSSAK-AMINOACH, and SUNIL GULATI,<br><br>Defendants. | Case No. 1:21-CV-04349 |

- 1 -

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| *In re ATI Physical Therapy, Inc.* *Shareholder Derivative Litigation* | Case No. 1:21-CV-06415 |

- 2 -

**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | |
|---|---|
| WENDELL ROBINSON, | Case No. 2023-0142-NAC |
| Plaintiff, | |
| v. | |
| FORTRESS ACQUISITION SPONSOR II, LLC, ANDREW A. MCKNIGHT, JOSHUA A. PACK, MARC FURSTEIN, LESLEE COWEN, AARON F. HOOD, CARMEN A. POLICY, RAKEFET RUSSAK-AMINOACH, SUNIL GULATI, DANIEL N. BASS, MICAH B. KAPLAN, and LABEED DIAB, | |
| Defendants. | |

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | |
|---|---|
| PHILLIP GOLDSTEIN,<br><br>                     Plaintiff,<br><br>   v.<br><br>FORTRESS ACQUISITION SPONSOR II, LLC, LABEED DIAB, JOSEPH JORDAN, CEDRIC COCO, RAY WAHL, JOHN L. LARSEN, JOHN MALDONADO, CARMINE PETRONE, JOANNE M. BURNS, CHRISTOPHER KRUBERT, JAMES E. PARISI, JOSHUA A. PACK, ANDREW A. MCKNIGHT, MARC FURSTEIN, AARON F. HOOD, CARMEN A. POLICY, SUNIL GULATI, LESLEE COWEN, RAKEFET RUSSAK-AMINOACH, DANIEL BASS, and MICAH KAPLAN,<br>                     Defendants,<br><br>     and<br><br>ATI PHYSICAL THERAPY, INC.,<br><br>           Nominal Defendant. | Case No. 2023-0582-NAC |

**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

WHEREAS, the above-captioned actions (collectively, the "Actions") are pending in this Court and the Delaware Chancery Court;

WHEREAS, (a) Lead Plaintiffs Phoenix Insurance Company Ltd. and The Phoenix Pension & Provident Funds ("Lead Plaintiffs"), Consolidated Plaintiff City of Melbourne Firefighters' Retirement System (together with Lead Plaintiffs, the "Securities Plaintiffs"); (b) Plaintiffs Vinay Kumar, Ziyang Nie, Julia Chang, and Brendan Reginbald (collectively, the "*Ghaith* Plaintiffs"); (c) Plaintiff Wendell Robinson; (d) Plaintiff Phillip Goldstein (together with the Securities Plaintiffs, the *Ghaith* Plaintiffs, and Plaintiff Wendell Robinson, "Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (e) Defendants ATI Physical Therapy, Inc. ("ATI" or the "Company")[1] f/k/a Fortress Value Acquisition Corp. II ("FVAC"), Labeed Diab, Joseph Jordan, Andrew A. McKnight, Joshua A. Pack, Marc Furstein, Leslee Cowen, Aaron F. Hood, Carmen A. Policy, Rakefet Russak-Aminoach, Sunil Gulati, John L. Larsen, John Maldonado, Carmine Petrone, Joanne M. Burns, Christopher Krubert, James E. Parisi, Micah B. Kaplan, Cedric Coco, Ray Wahl, Daniel N. Bass, Fortress Acquisition Sponsor II LLC, and Fortress Investment Group LLC (collectively, "Defendants," and collectively with Plaintiffs, the "Settling Parties"), have entered into a Stipulation and Agreement of Settlement dated May 13, 2024 (the "Stipulation") that provides for a complete dismissal with prejudice of the claims asserted against the Securities Defendants in the Securities Action and the putative class (direct) claims asserted against the defendants in the Multiplan Actions, on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated May 21, 2024 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of

---

[1] "ATI" or the "Company" also refers to Wilco Holdco, Inc., the private company predecessor to the current, publicly-traded ATI business following the consummation of a "de-SPAC" business combination between Wilco Holdco, Inc. and Fortress Value Acquisition Corp. II consummated on June 17, 2021 (the "Business Combination").

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on September 24, 2024 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing (i) the Securities Action with prejudice as against the Securities Defendants, and (ii) the putative class (direct) claims in the *Ghaith* Action with prejudice as against the *Ghaith* Defendants;

WHEREAS, after the Settlement and the settlement concerning all derivative claims in the *Ghaith* Action and the *Goldstein* Action become Final, the respective plaintiffs have agreed to dismiss the the Multiplan Actions with prejudice; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Securities Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Securities Action and the *Ghaith* Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2. **Incorporation Of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on May 13, 2024; and (b) the Notice and the Summary Notice, both of which were filed with the Court on May 13, 2024 as Exhibit A-1 and A-3 to the Stipulation, respectively.

3. **Class Certification For Settlement Purposes** – The Court hereby affirms its

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, a "Settlement Class" consisting of all persons or entities who: (i) purchased or otherwise acquired ATI Securities between February 22, 2021 and October 19, 2021, both dates inclusive, and/or beneficially owned and/or held shares of FVAC Class A common stock as of May 24, 2021 and were eligible to vote at FVAC's June 15, 2021 special meeting to vote on the Business Combination (the "Securities Subclass"); and/or (ii) beneficially owned and/or held FVAC Class A common stock as of the June 11, 2021 Redemption Date and were entitled to, but did not elect to, redeem their shares (the "*Multiplan* Subclass"). Excluded from the Settlement Class are (i) Defendants; (ii) current and former Officers and directors of the Company; (iii) members of the Immediate Family of each of Defendants; (iv) all subsidiaries and affiliates of the Company and the directors and Officers of such subsidiaries or affiliates; (v) all persons, firms, trusts, corporations, Officers, directors, and any other individual or entity in which any of Defendants has a controlling interest; and (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of all such excluded parties; *provided, however*, that any Investment Vehicle shall not be excluded from the Settlement Class. Also excluded from the Settlement Class are any persons or entities who timely and validly exclude themselves from the Class in accordance with the requirements set forth in the Notice and Rule 23 of the Federal Rules of Civil Procedure.

4. **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Actions, (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder), (iii) Plaintiffs' Counsel's motions for awards of attorneys' fees and reimbursement of Litigation Expenses, (iv) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Plaintiffs' Counsel's motions for awards of attorneys' fees and reimbursement of Litigation Expenses, (v) their right to exclude themselves from the Settlement

Class, and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

5. **Adequacy Of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Plaintiffs as class representatives for the Settlement Class and appointing Plaintiffs' Counsel as class counsel for the Settlement Class, and that Plaintiffs' Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Securities Action and the Multiplan Actions, and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

6. **Final Settlement Approval And Dismissal Of Claims** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby approves the Settlement set forth in the Stipulation and finds that:

(a) the Stipulation and the Settlement described therein are, in all respects, fair, reasonable, and adequate, and in the best interest of the Settlement Class;

(b) there was no collusion in connection with the Stipulation;

(c) the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

(d) the record is sufficiently developed and complete to have enabled Plaintiffs and Defendants to adequately evaluate and consider their positions.

7. Accordingly, the Court authorizes and directs implementation and performance of all of the terms and provisions of the Stipulation, as well as the terms and provisions hereof. The Securities Action and all claims contained therein are dismissed with prejudice. The *Ghaith* Action's putative class (direct) claims are dismissed with prejudice. The Settling Parties are to

bear their own costs, except as otherwise provided in the Stipulation.

8. The finality of this Judgment shall not be affected, in any manner, by rulings that the Court may make regarding (a) Plaintiffs' Counsel's applications for awards of attorneys' fees and reimbursement of Litigation Expenses or awards to Plaintiffs or (b) the Plan of Allocation for the Net Settlement Fund.

9. **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Settlement Fund), as well as their respective successors and assigns.

10. **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Upon the Effective Date, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their current and former subsidiaries, affiliates, parents, successors, predecessors, predecessors-in-interest, successors-in-interest, assigns, assignees, attorneys, heirs, executors, estates, or administrators, in their capacities as such, and any other person or entity who has the right, ability, standing, or capacity to assert, prosecute, or maintain on behalf of any Settlement Class Member any of the Released Plaintiffs' Claims (or to obtain the proceeds of any recovery therefrom) in their capacities as such, shall be deemed to have – and by operation of law and of this Judgment shall have – fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, dismissed, and discharged each and every Released Plaintiffs' Claim (as defined in Stipulation) against Defendants and Defendants' Releasees (as defined in the Stipulation), and shall be permanently and forever barred and enjoined from instituting, commencing, participating in, maintaining, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any Released Plaintiffs' Claims (including, without limitation, Unknown

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

Claims), as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Actions, against any of Defendants' Releasees. For the avoidance of doubt, Released Claims include any and all direct claims that are asserted in any of the Multiplan Actions.

(b) Upon the Effective Date, Defendants, on behalf of themselves and each of their current and former subsidiaries, affiliates, parents, successors, predecessors, predecessors-in-interest, successors-in-interest, assigns, assignees, attorneys, heirs, executors, estates, or administrators, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, dismissed, and discharged any and all Released Defendants' Claims (as defined in the Stipulation) against Plaintiffs and Plaintiffs' Releasees (as defined in the Stipulation), shall be permanently and forever barred and enjoined from instituting, commencing, participating in, maintaining, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any Released Defendants' Claims (including, without limitation, Unknown Claims), as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the direct claims in the Actions, against any of Plaintiffs' Releasees. Notwithstanding the above, nothing shall bar any action by any of the Settling Parties to enforce or effectuate the terms of the Stipulation, the Preliminary Approval Order, or this Judgment.

11. Notwithstanding the foregoing, nothing in this Judgment shall bar any action by any of the Settling Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

12. **Rule 11 Findings** – The Court finds and concludes that the Plaintiffs and Defendants and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Actions.

13. **Plan Of Allocation Approval** – The Court finds and concludes that the formula for the calculation of the claims of Claimants as set forth in the Plan of Allocation submitted by

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

Plaintiffs' Counsel, as described in the Notice and in accordance with the terms of the Stipulation, is hereby approved as fair, reasonable, and adequate. Any further orders or proceedings solely regarding the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall be considered separate and apart from this Judgment and shall not operate to terminate the Settlement or in any way disturb or affect this Judgment, the finality of this Judgment, or the release of the Released Claims. Any orders regarding the Plan of Allocation shall not affect or delay the Effective Date of the Settlement.

14. **No Admissions** – Neither this Judgment, the settlement agreements in principle, the facts and terms of the Settlement, the Stipulation (whether or not consummated), including the exhibits thereto, and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the settlement agreements in principle and the Stipulation, nor any act performed or proceedings taken pursuant to or in connection with the settlement agreements in principle, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

a) shall be offered against any of Defendants or Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of Defendants or Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in the Actions or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of Defendants or Defendants' Releasees or in any way referred to for any other reason as against any of Defendants or Defendants' Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

b) shall be offered against (a) Defendants or Defendants' Releasees as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Defendant or Defendants'

Releasees or (b) Plaintiffs or any of the other Settlement Class Members as evidence of any infirmity in the claims of Plaintiffs and the other Settlement Class Members;

c)        shall be construed against Defendants or Defendants' Releasees, Plaintiffs, or the other Settlement Class Members as an admission or concession that the consideration to be paid hereunder represents the amount that could be or would have been recovered after trial or that any damages potentially recoverable in the Actions would have exceeded or would have been less than the Settlement Amount; or

d)        shall be offered against any of Plaintiffs' Releasees as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of Plaintiffs' Releasees that any of their claims are without merit, that any of Defendants or Defendants' Releasees had meritorious defenses, or that damages recoverable under the complaints in the Actions would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of Plaintiffs' Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; *provided, however,* that if the Settlement (as embodied by the Stipulation) is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement, including, without limitation, to support a defense or claim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or claim under U.S. federal or state law or foreign law.

15.        **Retention Of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Settling Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement and Judgment, including any releases executed in connection therewith; (b) the disposition of the

Settlement Fund; (c) any motion for an award of attorneys' fees and/or reimbursement of Litigation Expenses by Lead Counsel in the Actions that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Actions.

16.    **Modification Of The Agreement Of Settlement** – Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that:  (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

17.    **Attorney Fees and Expenses** – The Court hereby awards the Securities Subclass Counsel attorneys' fees in the amount of 25% of the Securities Subclass Fund and expenses in an amount of $197,775.30, together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid.  The Court further awards the Multiplan Subclass Counsel attorneys' fees in the amount of 25% of the Multiplan Subclass Fund and expenses in an amount of $67,210.41, together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid.  The Court finds that the fees awarded are fair and reasonable in light of the time and labor required, the novelty and difficulty of the case, the skill required to prosecute the cases, the experience and ability of the attorneys, awards in similar cases, the contingent nature of the representation and the result obtained for the Settlement Class.

18.    **Plaintiffs' Expenses Related to Representation of the Settlement Class** – The Court hereby awards Plaintiffs their reasonable costs and expenses (including lost wages) directly related to their representation of the Settlement Class, as provided in 15 U.S.C. § 78u-4(a)(4), in the amount of $30,000.00 for Lead Plaintiffs Phoenix Insurance Company Ltd. and The Phoenix Pension & Provident Funds and $5,000.00 for Consolidated Plaintiff City of Melbourne

Firefighters' Retirement System.

19.     The awarded attorneys' fees and expenses, and interest earned thereon, as well as any costs or expenses awarded pursuant to the previous paragraph, shall be paid to Plaintiffs' Counsel (or to the class representatives described in the previous paragraph) from the Settlement Fund immediately after the date this Judgment is executed subject to the terms, conditions, and obligations of the Stipulation. Any awards of attorneys' fees and expenses, as well as any costs or expenses awarded pursuant to the previous paragraph, shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

20.     **Termination Of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members, and Defendants, the Securities Parties shall revert to their respective positions in the Securities Action as of January 22, 2024 (the date the Court entered its order adjourning all discovery deadlines in the Securities Action), and the parties to the Multiplan Actions shall revert to their respective positions concerning the putative class (direct) claims in those actions as of April 22, 2024 (the date the parties to the Multiplan Actions reached an agreement in principle to settle those actions) as provided in the Stipulation.

21.     **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Securities Action and as a final judgment for the putative class (direct) claims in the *Ghaith* Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Securities Action and the *Ghaith* Action.

SO ORDERED this _____ day of _____ , 20__

_____
The Honorable Edmond E. Chang
United States District Judge

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE