**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| *In re ATI Physical Therapy, Inc. Shareholder Derivative Litigation* | Case No. 1:21-cv-06415 |
| This Document Relates To: ALL ACTIONS | <u>DEMAND FOR JURY TRIAL</u> |

[Caption continued on the next page]

IN THE COURT OF CHANCERY
OF THE STATE OF DELAWARE

| | |
|---|---|
| PHILLIP GOLDSTEIN,<br><br>                      Plaintiff,<br><br>  v.<br><br>FORTRESS ACQUISITION SPONSOR II, LLC, LABEED DIAB, JOSEPH JORDAN, CEDRIC COCO, RAY WAHL, JOHN L. LARSEN, JOHN MALDONADO, CARMINE PETRONE, JOANNE M. BURNS, CHRISTOPHER KRUBERT, JAMES E. PARISI, JOSHUA A. PACK, ANDREW A. MCKNIGHT, MARC FURSTEIN, AARON F. HOOD, CARMEN A. POLICY, SUNIL GULATI, LESLEE COWEN, RAKEFET RUSSAK-AMINOACH, DANIEL BASS, and MICAH KAPLAN,<br><br>                      Defendants,<br><br>  and<br><br>ATI PHYSICAL THERAPY, INC.,<br><br>                      Nominal Defendant. | Case No. 2023-0582-NAC |

**<u>FINAL ORDER AND JUDGMENT</u>**

WHEREAS, the above-captioned actions (together, the "Derivative Actions") are pending in this Court and the Delaware Court of Chancery;

WHEREAS, (i) Plaintiffs Vinay Kumar, Ziyang Nie, Julia Chang, and Brendan Reginbald (collectively, the "*Ghaith* Plaintiffs"), each of whom commenced actions in the United States District Court for the Northern District of Illinois (the "Court"); (ii) Plaintiff Phillip Goldstein (together with the *Ghaith* Plaintiffs, "Plaintiffs"), who commenced an action in the Delaware Court of Chancery; (iii) Nominal Defendant ATI Physical Therapy, Inc. ("ATI" or the "Company")[1] f/k/a FVAC; (iv) Defendants Labeed S. Diab, Joseph Jordan, John L. Larsen, John Maldonado, Carmine Petrone, Joanne M. Burns, Christopher Krubert, James E. Parisi, Andrew A. McKnight, Joshua A. Pack, Marc Furstein, Leslee Cowen, Aaron F. Hood, Carmen A. Policy, Rakefet Russak-Aminoach, Sunil Gulati, Cedric Coco, Ray Wahl, Daniel Bass, Micah Kaplan, and Teresa Sparks (collectively, the "Individual Defendants"); and (v) Defendants Fortress Investment Group LLC and Fortress Acquisition Sponsor II, LLC (together, the "Entity Defendants," and collectively with the Individual Defendants, "Defendants," and together with Plaintiffs and ATI, the "Parties") have entered into the Stipulation and Agreement of Settlement, dated May 28, 2024 (the "Stipulation"), which (i) sets forth the terms and conditions for the settlement and resolution of the derivative claims in the Derivative Actions (the "Settlement"), (ii) fully, finally, and forever resolves, discharges, and settles the Released Claims, and (iii) provides for dismissal of the Derivative Actions with prejudice;

---

[1] "ATI" or the "Company" also refers to Wilco Holdco, Inc., the private company predecessor to the current, publicly-traded ATI business following the consummation of a "de-SPAC" business combination between Wilco Holdco, Inc. and Fortress Value Acquisition Corp. II ("FVAC"), consummated on June 17, 2021.

WHEREAS, by Order dated September 24, 2024 (the "Preliminary Approval Order"), this Court: (i) ordered that notice of the Settlement be provided to ATI stockholders; (ii) provided ATI stockholders with the opportunity to object to the Settlement, Plaintiffs' Counsel's Fee and Expense Amount, and/or the Service Awards; and (iii) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, on the 24th day of September, 2024, a hearing having been held before this Court pursuant to the Preliminary Approval Order, to consider, among other things: (i) approval of the Stipulation, and whether the Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to ATI; (ii) whether the Judgment should be entered dismissing the derivative claims in the *Ghaith* Action with prejudice against Defendants; (iii) whether Plaintiffs' Counsel's Fee and Expense Amount and the Service Awards should be approved; (iv) any objections to the Settlement, the Fee and Expense Amount, and/or the Service Awards; and (v) any other matters properly brought before the Court in connection with the Settlement;

WHEREAS, after the Settlement and the Direct Claims Settlement become Final, Plaintiff Goldstein in the *Goldstein* Action has agreed to file a notice and/or proposed order to dismiss that action with prejudice; and

WHEREAS, it appearing that due notice of the hearing has been given in accordance with the Preliminary Approval Order; the Parties having appeared by their respective attorneys of record; the Court having heard and considered evidence in support of the Settlement; the attorneys for the respective Parties having been heard; an opportunity to be heard having been given to all other persons or entities requesting to be heard in accordance with the Preliminary Approval Order; and the entire matter of the Settlement having been heard and considered by the Court;

**NOW, THEREFORE IT IS HEREBY ORDERED THAT**:

1.　　This Final Order and Judgment (the "Judgment") incorporates herein the Stipulation, including the exhibits thereto, which was filed with the Court on May 13, 2024, and the Notice, which was filed with the Court on August 20, 2024. All capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2.　　This Court has jurisdiction to enter this Judgment. This Court has jurisdiction over the subject matter of the *Ghaith* Action, including all matters necessary to effectuate the Settlement, as well as personal jurisdiction over all of the Parties for the purposes of enforcement of the Parties' obligations under the Stipulation. It is further determined that Plaintiffs, Defendants, ATI, and all Current ATI Stockholders, as well as their heirs, executors, successors, and assigns, are bound by this Judgment.

3.　　The record shows that notice has been given to all Current ATI Stockholders in the manner approved by the Court in the Preliminary Approval Order. The Court finds that such notice: (i) constitutes reasonable and the best notice practicable under the circumstances; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise all Current ATI Stockholders of the pendency of the Derivative Actions, the terms of the Settlement (including the Releases to be provided thereunder), Plaintiffs' Counsel's Fee and Expense Amount and the Service Awards, and Current ATI Stockholders' right to object to and to appear at the Settlement Hearing held on the 24th day of September, 2024; (iii) constitutes due, adequate, and sufficient notice to all Persons or entities entitled to receive notice in accordance with Rule 23.1 of the Federal Rules of Civil Procedure and the United States Constitution (including the Due Process Clause); and (iv) meets the requirements of due process and all other applicable law.

4. The Court hereby fully and finally approves the Settlement, pursuant to Federal Rule of Civil Procedure 23.1(c), as set forth in the Stipulation in all respects (including without limitation: the Releases, including the release of the Released Plaintiff Claims as against the Released Defendant Persons and the release of the Released Defendant Claims as against the Released Plaintiff Persons; and the dismissal with prejudice of the derivative claims asserted against Defendants in the *Ghaith* Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of ATI and its stockholders.

5. The Parties are hereby directed to implement and consummate the Settlement according to the terms and provisions of the Stipulation.

6. The derivative claims in the *Ghaith* Action, as well as all of the Released Claims, are dismissed on the merits and with prejudice. The Parties are to bear their own costs, except as otherwise provided in the Stipulation and in this Judgment.

7. The terms of the Stipulation and of this Judgment shall be forever binding on Plaintiffs (individually and derivatively on behalf of ATI), Defendants, ATI, ATI stockholders, the Released Persons, and their respective successors and assigns.

8. The Court finds and concludes that the Parties and their respective counsel have at all times complied with each requirement of Federal Rule of Civil Procedure 11 in connection with the institution, prosecution, defense, and/or settlement of the Derivative Actions.

9. The Releases set forth in ¶¶ 5.1–5.3 of the Stipulation, together with the definitions contained in Section 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to ¶ 10 below, upon the Effective Date of the Settlement, ATI, the Released Plaintiff Persons (individually and derivatively

on behalf of ATI), and each and every stockholder of ATI (solely in their capacities as ATI stockholders), derivatively on behalf of ATI, shall and hereby completely, fully, finally, and forever release, relinquish, settle, and discharge his, her, or its right to assert any or all of the Released Plaintiff Claims (including Unknown Claims) against any of the Released Defendant Persons, and shall be forever barred and enjoined from commencing, asserting, instituting, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, involving any of the Released Plaintiff Claims against any of the Released Defendant Persons.

(b) Without further action by anyone, and subject to ¶ 10 below, upon the Effective Date of the Settlement, ATI and the Released Defendant Persons each shall and hereby completely, fully, finally, and forever release, relinquish, settle, and discharge his, her, or its right to assert any or all of the Released Defendant Claims (including Unknown Claims) against any of the Released Plaintiff Persons, and shall be forever barred and enjoined from commencing, asserting, instituting, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, involving any of the Released Defendant Claims against any of the Released Plaintiff Persons.

(c) "Released Defendant Claims" means any and all claims, demands, rights, causes of action, sanctions, complaints, and liabilities whatsoever, whether based in law or equity, arising under federal, state, local, statutory, or common law, or other law, rule, or regulation, including both known claims and Unknown Claims, that arise out of or relate in any way to the institution, prosecution, or settlement of the Derivative Actions. The Released Defendant Claims do not include any claims to enforce the Settlement, any claims between or among Defendants and

Released Defendant Persons, and any claims between Defendants and Released Defendant Persons and their respective insurers.

(d) "Released Defendant Persons" means each and all of the following: (i) each and every Defendant in the Derivative Actions; (ii) such Defendants' respective present and former parents, affiliates, subsidiaries, divisions, general partners, limited partners, directors, officers, and any Person in which any such Defendant has or had a controlling interest; and (iii) the present and former members of the immediate family, heirs, principals, trustees, trusts, executors, administrators, predecessors, successors, assigns, members, agents, subsidiaries, employees, officers, managers, directors, general partners, limited partners, bankers, attorneys, accountants, auditors, representatives, estates, divisions, advisors, estate managers, indemnifiers, insurers, and reinsurers of each of the Persons listed in subparts (i) or (ii) of this definition.

(e) "Released Plaintiff Claims" means any and all manner of claims, demands, rights, liabilities, losses, obligations, duties, damages, costs, debts, expenses, interest, penalties, sanctions, fees, attorneys' fees, actions, potential actions, causes of action, suits, agreements, judgments, decrees, matters, counterclaims, offsets, issues, and controversies of any kind, nature, or description whatsoever, whether accrued or unaccrued, disclosed or undisclosed, apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or unsuspected, liquidated or not liquidated, fixed or contingent, whether based on state, local, federal, statutory, regulatory, common, or other law or rule, including known claims and Unknown Claims, that: (i) were asserted derivatively in the Derivative Actions, or (ii) Plaintiffs (individually or derivatively on behalf of ATI) or ATI ever had, now have, or hereafter can, shall, or may have that in any way arise out of, are based upon, relate to, or concern the claims, allegations, transactions, facts, circumstances, events, acts, disclosures, statements, representations, omissions, or failures to act

alleged, set forth, referred to, or involved in the Derivative Actions. For the avoidance of doubt, the Released Plaintiff Claims do not include, and the Settlement does not release or impair: (i) any direct claims that are asserted or could have been asserted in the Derivative Actions (which claims are being released in connection with the Direct Claims Settlement); and (ii) any claims to enforce the Settlement and this Stipulation.

        (f) "Released Plaintiff Persons" means Plaintiffs, Plaintiffs' Counsel, and their respective current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, immediate family members, insurers, reinsurers, and attorneys, in their capacities as such.

        (g) "Unknown Claims" means any of the claims that a Party does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to the Settlement. With respect to any and all Released Plaintiff Claims and Released Defendant Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, the Parties shall expressly waive any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

The Parties acknowledge that the foregoing waiver was separately bargained for and a key element of the Settlement. The Parties may hereafter discover facts in addition to or different from those

that they now know or believe to be true with respect to the Released Claims, but, upon the Effective Date, the Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, heretofore have existed, or may in the future exist, upon any theory of law or equity, without regard to the subsequent discovery or existence of such different or additional facts.

10. Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation or this Judgment.

11. As of the Effective Date, the Parties shall be finally and forever bound by the Settlement and this Judgment. This Judgment, including, without limitation, the Releases set forth in ¶ 9 above, shall have *res judicata*, collateral estoppel, and all other preclusive effects in all pending and future lawsuits, arbitrations, or other suits, actions, or proceedings involving any of the Released Defendant Persons and/or the Released Plaintiff Persons.

12. Neither this Judgment, the Stipulation, nor the fact or any terms of the Settlement, nor any negotiations or proceedings in connection therewith is or shall be deemed to be evidence of, or a presumption, admission, or concession by any Party or any Released Person of any fault, liability, or wrongdoing whatsoever, concerning the Derivative Actions or the facts and circumstances giving rise to the Derivative Actions. Neither this Judgment nor the Stipulation is a finding or evidence of the validity or invalidity of any claims or defenses in the Derivative Actions or any other actions or proceedings, or of any wrongdoing by any Defendant or of any damages or injury to Plaintiffs, ATI, or any ATI stockholder. Neither this Judgment, the Stipulation, nor the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation, and/or approval of the Settlement

(including any arguments proffered in connection therewith): (i) shall be offered against any of the Released Persons as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, proof, or admission by any of the Released Persons or with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted in the Derivative Actions or in any other litigation, or the deficiency of any defense that has been or could have been asserted in the Derivative Actions or in any other litigation, or of any liability, negligence, fault, injury, acts, omissions, or other wrongdoing of any kind by any of the Released Persons, or in any way referred to for any other reason as against any of the Released Persons, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate or enforce the Settlement; (ii) shall be offered against any of the Released Persons as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, proof, or admission by any of the Released Persons that any of their claims or defenses are without merit, or that damage recoverable for the Derivative Actions would not have exceeded the Settlement consideration, or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason against any of the Released Persons, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate or enforce the Settlement; nor (iii) shall otherwise be admissible, referred to, or used in any proceeding of any nature, for any purpose whatsoever; provided, however, that the Stipulation and/or this Judgment may be introduced in any proceeding, whether in the Court or otherwise, as may be necessary to argue that the Stipulation and/or the Judgment has *res judicata*, collateral estoppel, or other issue or claim preclusion effect, or to otherwise consummate or enforce the Stipulation and/or this Judgment.

13. The Court hereby approves the sum of $1,550,000.00 for the payment of Plaintiffs' Counsel's attorneys' fees and expenses in connection with the Settlement ("Fee and Expense Amount"), and finds that the Fee and Expense Amount is fair and reasonable. The Fee and Expense Amount shall be distributed in accordance with the terms of the Stipulation. Defendants shall have no responsibility for, and no liability with respect to, the allocation of the Fee and Expense Amount awarded among Plaintiffs' Counsel and/or to any other person who may assert some claim thereto. Any dispute regarding any allocation of fees or expenses among Plaintiffs' Counsel shall have no effect on the Settlement. No proceeding or court order with respect to the Fee and Expense Amount shall in any way disturb or affect this Judgment (including precluding it from being Final or otherwise being entitled to preclusive effect), and any such proceeding or court order shall be considered separate from this Judgment.

14. The Court hereby approves Service Awards in the amount of $2,500.00 to each of the Plaintiffs, to be paid out of the Fee and Expense Amount, in accordance with the Stipulation.

15. Payment of the Fee and Expense Amount and Service Awards made by the Defendants' Side A insurance carriers, as specified in ¶¶ 4.1–4.2 of the Stipulation, shall be immediately releasable from escrow upon the entry of this Judgment, notwithstanding the existence of any collateral attacks on the Settlement, the Fee and Expense Amount, and/or the Service Awards, including, without limitation, any objections or appeals, in accordance with the terms and conditions set forth in the Stipulation.

16. Without affecting the finality of this Judgment, the Court retains continuing and exclusive jurisdiction over all matters relating to administration, consummation, enforcement, and interpretation of the Stipulation, the Settlement, and of this Judgment, to protect and effectuate this Judgment, and for any other necessary purpose. Plaintiffs, Defendants, and each ATI stockholder

are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court for the purpose of any suit, action, proceeding, or dispute arising out of, or relating to, the Settlement or the Stipulation, including the exhibits thereto, and only for such purposes. Without limiting the generality of the foregoing, and without affecting the finality of this Judgment, the Court retains exclusive jurisdiction over any such suit, action, or proceeding.

17. In the event that the Settlement is terminated as provided in the Stipulation or the Effective Date does not occur, this Judgment shall be vacated, and all orders entered, and releases delivered, in connection with the Stipulation and this Judgment shall be null and void, except as otherwise provided for in the Stipulation, and the Parties shall be returned to their respective positions that existed as of April 22, 2024, as set forth in ¶ 8.4 of the Stipulation.

18. Without further order of the Court, the Parties to the Stipulation are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits thereto to effectuate the Settlement that: (i) are not materially inconsistent with this Judgment; and (ii) do not materially limit the rights of ATI and its stockholders in connection with the Settlement. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any provisions of the Stipulation or the Settlement.

19. This Judgment is a final judgment, and the Court finds that there is no just reason for delay in the entry of this Judgment in accordance with the Stipulation. Accordingly, the Clerk is hereby expressly directed to immediately enter this final judgment in the Derivative Actions forthwith in accordance with Rule 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED: 09/24/2024

THE HONORABLE EDMOND E. CHANG
United States District Court Judge

11