IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KEVIN BURBIGE, etc., et al.,          )
                                      )
              Plaintiffs,             )
                                      )   No. 21 CV 04349
              v.                      )   and related cases
                                      )
ATI PHYSICAL THERAPY, INC.,           )
et al.,                               )   Chicago, Illinois
                                      )   September 24, 2024
              Defendants.             )   12:153 p.m.

TRANSCRIPT OF PROCEEDINGS

BEFORE THE HONORABLE EDMOND E. CHANG

APPEARANCES:

For the Plaintiffs:          POMERANTZ LLP
                             BY:  MR. AUSTIN P. VAN
                             600 Third Avenue, Suite 2000
                             New York, New York 10016
                             (212) 661-1100
                             avan@pomlaw.com

                             BERNSTEIN LITOWITZ BERGER &
                             GROSSMANN LLP
                             BY:  MR. JEREMY P. ROBINSON
                             1251 Avenue of the Americas
                             New York, New York 10020
                             (212) 554-1492
                             jeremy@blbglaw.com


Court Reporter:              Judith A. Walsh, CSR, RDR, F/CRR
                             Official Court Reporter
                             219 South Dearborn Street, Room 2342
                             Chicago, Illinois 60604
                             (312) 702-8865
                             judith_walsh@ilnd.uscourts.gov

APPEARANCES (Continued):

For the derivative
Plaintiffs:                WOLF HALDENSTEIN ADLER FREEMAN
                           & HERZ LLC
                           BY:  MR. CARL V. MALSTROM
                           111 West Jackson Boulevard
                           Suite 1700
                           Chicago, Illinois 60604
                           (312) 984-0000
                           malstrom@whafh.com

                           ROBBINS LLP
                           BY:  MR. BRIAN J. ROBBINS
                           5060 Shoreham Place, Suite 300
                           San Diego, California 92122
                           (619) 525-3990
                           brobbins@robbinsllp.com

                           JOHNSON FISTEL, LLP
                           BY:  MR. MICHAEL I. FISTEL JR.
                           40 Powder Springs Street
                           Marietta, Georgia 30064
                           (470) 632-6000
                           michaelf@johnsonfistel.com

                           GLANCY PRONGAY & MURRAY LLP
                           BY:  MR. BENJAMIN I. SACHS-MICHAELS
                           712 Fifth Avenue, Suite 3100
                           New York, New York 10019
                           (212) 935-7400
                           bsachsmichaels@glancylaw.com

For Defendants ATI,        WEIL GOTSHAL & MANGES LLP
et al.:                    BY:  MR. JOSHUA S. AMSEL
                           767 Fifth Avenue
                           New York, New York 10153
                           (212) 735-4623
                           joshua.amsel@weil.com

For certain defendants:    SKADDEN ARPS SLATE MEAGHER &
                           FLOM, LLP
                           BY:  MS. LAURA BERNESCU
                           320 South Canal Street
                           Chicago, Illinois 60606
                           (312) 407-0700
                           laura.bernescu@skadden.com

APPEARANCES (Continued):

```
For the intervenors:        LEVI & KORSINSKY, LLP
                            BY:  MR. DONALD J. ENRIGHT
                            1101 Vermont Avenue, N.W.
                            Washington, D.C. 20005
                            (202) 524-4292
                            denright@zlk.com
```

(Proceedings heard in open court:)

THE CLERK: 21 C 4349, Burbige versus ATI Physical Therapy, and 21 C 6415, Ghaith versus ATI Physical Therapy.

THE COURT: All right. Good afternoon. I'll air traffic control a little bit for the attorney appearances. First, counsel for the lead plaintiffs in Burbige.

MR. VAN: Good afternoon, your Honor. Austin Van from Pomerantz Selby on behalf of lead plaintiffs. With me is Jeremy Robinson from Bernstein Litowitz on behalf of consolidated plaintiff Melbourne Firefighters.

THE COURT: Good afternoon. Yeah, you can stay seated. Just talk into the mikes. That's fine.

And for the ATI defendants.

MR. AMSEL: Good afternoon, your Honor. Josh Amsel from Weil Gotshal.

THE COURT: And for the FVAC defendants.

MS. BERNESCU: Good afternoon, your Honor. Laura Bernescu from Skadden.

THE COURT: And the derivative plaintiffs.

MR. ROBBINS: Good afternoon, your Honor. Brian Robbins on behalf of the derivative plaintiffs along with Carl Malstrom --

MR. MALSTROM: Good afternoon, your Honor.

MR. ROBBINS: -- Michael Fistel, and Ben Sachs-Michaels.

THE COURT: Okay. And then the intervenor plaintiffs.

MR. ENRIGHT: I'm sorry, your Honor?

THE COURT: The intervenor plaintiffs, or did you --

MR. ENRIGHT: That would be me, your Honor. Donald J. Enright with Levi & Korsinsky for the intervenors, Wendell Robinson and Levi & Korsinsky.

THE COURT: Good afternoon to you as well.

And I'll just pause in case there's anyone else who needs to announce an appearance. I don't think so.

Okay. All right. We're here on the motion for final approval of both the settlement pertaining to the direct claims as well as to the derivative claims in the Ghaith case. And there is obviously substantial overlap, but I'll just try to keep them somewhat separate.

And the first question is whether there were any other either opt-outs, which would be late, or objections, which would also be late, as to the direct settlement.

MR. VAN: There were none, your Honor.

THE COURT: And you can just stay seated. Just talk right into the mike. It's just as important to talk into the mike as it is to stand.

And then any objections that, again, would have been late, as to the derivative?

MR. ROBBINS: No objections, your Honor.

THE COURT: Okay. All right. Well, then let's just, we'll proceed to the motion for final approval on the direct claims. And as I previously found in granting the motion for preliminary approval, all of the Rule 23 requirements for settlement purposes have been met, and they continue to be met.

In terms of numerosity, there are thousands of class members. There are common questions of law and fact in that the same alleged misrepresentations were made to all of the class members and to the market generally.

The claims of the lead plaintiff and -- yeah, the lead plaintiffs are typical, and the same as the class members. There was no specific targeted defenses against them. And the plaintiffs and the attorneys have both diligently and adequately represented the class throughout.

Those common questions do predominate over individual ones. There's, in these kinds of cases, always the separate individual damages issues, but liability is central to the case. And given the number of class members, the common questions certainly predominate. And then for the same reasons, a class vehicle for settlement purposes is far superior than individual litigation.

And then in terms of the fairness, reasonableness, and adequacy of the proposed settlement, the proposal is for 18.9 million for the securities subclass, 6 million for the

multiplan subclass. And as I noted at the preliminary approval stage, and nothing has changed about this, the risks of litigation and the risk of practical recovery do weigh in favor of final approval just as they did with preliminary approval.

As I noted earlier, the concerns with just winning on liability, there are substantial concerns the defendants would have continued to argue that they had not made factual misrepresentations and only were offering opinions or forward-looking statements. There would have been, separate from liability, the usual arguments with regard to securities loss amounts and the typical battle of experts that would apply there. And then the multi-plan subclass was going to be facing another motion to dismiss, and those transcript pages from the oral argument did not bode very well.

Just as importantly is the concern over practical recovery and in this particular case given the defendant's financial condition, and so this is about as much water as can be squeezed from the stone. And the reasonableness, fairness, and adequacy of the proposed settlement is also enhanced by the fact that this was the product of substantial mediation and was at the recommendation of the mediator, and so that sort of supervision gives additional confidence.

The allocation of the fund amount to the class members is also reasonable given the -- that there's a damages

expert who came up with this calculation based on various factors. And so there's no particular favoritism for any category of class members.

And with regard to the multi-plan allocation, there was a sensible approach of distributing the multi-plan subclass fund amount on a pro rata basis based on the ownership on June 11th of 2021. Also giving confidence on the fairness, reasonableness, and adequacy of the proposed settlement is the fact that no objections have been filed either on time or not on time. And then I think there was the one opt-out of someone with 30 shares, if I'm remembering this correctly, and so that is obviously a very modest opt-out. And so that lends additional confidence to the proposed settlement.

On the fee amount, which is separate, there's a -- it's a separate motion, but on the proposed fees, the lead plaintiffs' net of expenses which I think as the Seventh Circuit directed in terms of calculating percentage, it's 26 percent which while substantial is well in line with other proposed contingency percentages.

And the expenses, while also substantial, actually did not set off any kind of alarm bells given the fact investigation that was required and the expert fees as well, the damages experts' fees in particular. And so given the substantial effort both by the attorneys and then in terms of

the reasonableness of the expense, expenses that were incurred, those are reasonable figures as to the lead plaintiffs.

The PSLRA awards for each lead plaintiff in the amount of $15,000 and then 5,000 for the consolidated plaintiff for Melbourne Firefighters Pension Fund, those are also reasonable given the amount of work that they put into the case, both litigation and mediation.

With regard to the multi-plan, so net of expenses, the amount is equivalent to 25 point, I think, 28 percent of the final net expenses. And there too, the attorneys did put substantial effort into crafting the pleadings and briefing and arguing the motion to dismiss in Delaware. And here too, the two named plaintiffs, the proposed award of $2500 for them is also reasonable.

All right. Before I move on to the derivative claims, anything anyone want to weigh in on?

MR. ENRIGHT: Your Honor, with your permission, we had, the multi-plaintiff subclass had a separate fee and expenses order that I'd be happy to hand up or email to chambers, whichever --

THE COURT: I think we got the email on August 20.

MR. ENRIGHT: Yes.

THE COURT: So there was a little bit of confusion because the first email -- and we'll walk through this

together off the record afterwards. But I think you've already emailed it.

MR. ENRIGHT: Yes. I believe -- I believe so, but I just wanted to make this as easy as possible.

THE COURT: Okay. Yeah, it's fine. We have the email. I think it was a second email that came on August 20. So we'll be -- we'll reach out if there's an issue.

MR. ENRIGHT: Thank you, your Honor.

THE COURT: But nothing changed from that, right?

MR. ENRIGHT: No, your Honor. The only thing -- no, I don't believe so. Obviously, interest has accrued on the fund since that time, but the order, the form of order anticipates that.

THE COURT: Right.

MR. ENRIGHT: So that the interest would be treated essentially split on the basis of the order at the time of the disbursement.

THE COURT: Yeah, I'll just let the generic terms of the order take care of that. We used to not care about interest as much, but nowadays it's important again.

All right. So the motion for final approval is granted as well as the motions for fees, expenses, and awards.

With regard to the derivative claims in Ghaith and the derivative claims in the Goldstein case in Delaware, so the analysis, obviously, there's quite a bit of overlap, but

under 23.1(c), I do need to examine it.

And as I said at the preliminary stage, the $6.45 million recovery here from the D & O insurance is again as much as can be reasonably squeezed out of -- for the purpose of these claims. The process, once again, it was the same expert mediator who did a marvelous job here and across multiple sessions, double-blind recommendation accepted by the parties.

The risks were very much the same, and then add on top of that the concerns over demand for futility that you see in many derivative claim cases. The motion to dismiss was going to be renewed, and damages would still be a battle of the experts and, as I said before, the practical risk of recovering from the defendant where you have the individual board members turning to the defendant for indemnity. So this is as best as can be reasonably accomplished in this kind of setting.

The fees, expense, and awards fund works out to 24 percent of the fund. And that's a reasonable figure, again in line with these kinds of cases. And the service awards for the plaintiffs here -- so that would be four plaintiffs in Ghaith and then Mr. Goldstein also?

MR. ROBBINS: Correct, your Honor.

THE COURT: Yeah. Okay. So five total. Okay. And that's a reasonable amount given the participation by those

named plaintiffs in the litigation and the mediation as well. Here too, no objections. And that does promote confidence in the proposal given that a substantial percentage of the shareholders are institutional shareholders, but we have not heard from them. So this motion too is granted as well as -- well, all components of that motion are granted.

Okay. Anything else for the plaintiffs' side?

MR. ROBBINS: No, your Honor. Thank you.

THE COURT: And anything for the defense?

MR. AMSEL: Nothing from us, your Honor.

THE COURT: Okay. All right. Well, we'll get the orders entered, and we'll reach out if we have some questions, but I think between the August 20 and September 17 emails, we'll be set. Thank you.

(Proceedings adjourned at 12:29 p.m.)

* * * * * * *

C E R T I F I C A T E

I, Judith A. Walsh, do hereby certify that the foregoing is a complete, true, and accurate transcript of the proceedings had in the above-entitled case before the Honorable EDMOND E. CHANG, one of the judges of said court, at Chicago, Illinois, on September 24, 2024.

/s/ *Judith A. Walsh, CSR, RDR, F/CRR*_____ October 11, 2024
Official Court Reporter
United States District Court
Northern District of Illinois
Eastern Division