**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KEVIN BURBIGE and ZIYANG NIE, Individually and on Behalf of All Other Persons Similarly Situated, <br> Plaintiffs <br> v. <br><br> ATI PHYSICAL THERAPY, INC. f/k/a FORTRESS VALUE ACQUISITION CORP. II, LABEED DIAB, JOSEPH JORDAN, ANDREW A. MCKNIGHT, JOSHUA A. PACK, MARC FURSTEIN, LESLEE COWEN, AARON F. HOOD, CARMEN A. POLICY, RAKEFET RUSSAK-AMINOACH, and SUNIL GULATI, <br> Defendants. | Case No.: 1:21-CV-04349 <br><br> Honorable Edmond E. Chang |

**PLAINTIFFS' MOTION FOR**
**APPROVAL OF DISTRIBUTION PLAN**

Lead Plaintiffs Phoenix Insurance Company Ltd. and The Phoenix Pension & Provident Funds ("Lead Plaintiffs") and Consolidated Plaintiff City of Melbourne Firefighters' Retirement System (together with Lead Plaintiffs, "Plaintiffs"), on behalf of themselves and the Settlement Class, by and through their attorneys, hereby move this Court for approval of their proposed distribution plan pursuant to Federal Rule of Civil Procedure 23(e) and this Court's Final Judgement and Order of Dismissal With Prejudice (ECF No. 191), and for entry of the accompanying [Proposed] Order Approving Distribution Plan ("Class Distribution Order"). This Motion is based upon (i) the Declaration of Josephine Bravata Concerning the Results of the Claims Administration Process ("Bravata Declaration"), submitted on behalf of the Court-authorized Claims Administrator, Strategic Claims Services ("SCS"); (ii) the Memorandum of

Law in Support of Plaintiffs' Motion for Approval of Distribution Plan ("Memorandum"); and (iii) all other papers and proceedings herewith.[1]

Among other things, the Class Distribution Order will: (i) approve SCS' administrative determinations accepting and rejecting the Claims submitted in connection with the Settlement; (ii) direct the Initial Distribution of the Net Settlement Fund (as divided into the Securities Subclass Fund and Multiplan Subclass Fund) to Claimants whose Claims are accepted by SCS as valid and approved by the Court ("Authorized Claimants"); (iii) direct that distribution checks state that the check must be cashed within 180 days after the issue date; (iv) direct that Authorized Claimants will forfeit all recovery from the Settlement if they fail to cash their distribution checks in a timely manner; (v) approve the recommended plan for any funds remaining after the Initial Distribution; (vi) release claims related to the administration process; and (vii) authorize the destruction of Claim Forms and supporting documents at an appropriate time.

As set forth in the Bravata Declaration, there are currently thirteen (13) Claimants with outstanding requests for Court review of SCS's administrative determination with respect to their Claims ("Disputed Claims"). Upon the filing of the Motion, the Claims Administrator will send each Claimant with a Disputed Claim a copy of this Motion, the Memorandum, the proposed Distribution Order and the Bravata Declaration, including the supporting documentation that relates to the Claimant's Disputed Claim. The Claims Administrator will inform these Claimants that they do not need to take any further action to have the Court consider their dispute; however, if these Claimants wish to make an additional submission, they should direct it to the Court's

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in the Bravata Declaration or the Stipulation and Agreement of Settlement, filed on May 13, 2024 (the "Stipulation") (ECF No. 162-1). Internal citations and quotations are omitted and emphasis is added unless otherwise noted.

attention with a copy to the Claims Administrator postmarked no later than May 9, 2025. If any such submission is made, Lead Counsel will submit a reply by May 16, 2025 addressing such submission.

Pursuant to the Stipulation, Defendants have no role in or responsibility for the administration of the Settlement Fund or processing of Claims, including determinations as to the validity of Claims or the distribution of the Net Settlement Fund. *See* Stipulation ¶¶ 19, 23, 25 ("No Defendant, nor any of Defendants' Releasees, shall be permitted to review, contest, or object to any Claim Form or any decision of the Claims Administrator or Plaintiffs' Counsel with respect to accepting or rejecting any Claim for payment by a Settlement Class Member.").

Dated:  April 25, 2025

Respectfully submitted,

**POMERANTZ LLP**

*/s/ Austin P. Van*
Jeremy A. Lieberman
Austin P. Van
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
avan@pomlaw.com

*Attorneys for Lead Plaintiffs*

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
Jeremy P. Robinson
1251 Avenue of the Americas
New York, New York   10020
Telephone:  (212) 554-1400
Facsimile:  (212) 554-1444
jeremy@blbglaw.com

*Counsel for Consolidated Plaintiff City of Melbourne Firefighters' Retirement System*

**KLAUSNER, KAUFMAN, JENSEN & LEVINSON**
Robert D. Klausner

Bonni S. Jensen

7080 Northwest Fourth Street
Plantation, Florida   33315
Telephone: (954) 916-1202
Facsimile:  (954) 916-1232
bob@robertdklausner.com
bonni@robertdklausner.com

*Additional Counsel for Consolidated Plaintiff City of Melbourne Firefighters' Retirement System*

4