**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| KEVIN BURBIGE and ZIYANG NIE, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>       Plaintiffs<br><br>  v.<br><br>ATI PHYSICAL THERAPY, INC. f/k/a FORTRESS VALUE ACQUISITION CORP. II, LABEED DIAB, JOSEPH JORDAN, ANDREW A. MCKNIGHT, JOSHUA A. PACK, MARC FURSTEIN, LESLEE COWEN, AARON F. HOOD, CARMEN A. POLICY, RAKEFET RUSSAK-AMINOACH, and SUNIL GULATI,<br>       Defendants. | Case No.:  1:21-CV-04349<br><br>Honorable Edmond E. Chang |

- 1 -

- 2 -

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| *In re ATI Physical Therapy, Inc.*<br>*Shareholder Derivative Litigation* | Case No. 1:21-CV-06415 |

- 3 -

**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | |
|---|---|
| WENDELL ROBINSON,<br><br>              Plaintiff,<br><br>    v.<br><br>FORTRESS ACQUISITION SPONSOR II, LLC, ANDREW A. MCKNIGHT, JOSHUA A. PACK, MARC FURSTEIN, LESLEE COWEN, AARON F. HOOD, CARMEN A. POLICY, RAKEFET RUSSAK-AMINOACH, SUNIL GULATI, DANIEL N. BASS, MICAH B. KAPLAN, and LABEED DIAB,<br><br>              Defendants. | Case No. 2023-0142-NAC |

- 3 -

**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | |
|---|---|
| PHILLIP GOLDSTEIN,<br><br>              Plaintiff,<br><br>    v.<br><br>FORTRESS ACQUISITION SPONSOR II, LLC, LABEED DIAB, JOSEPH JORDAN, CEDRIC COCO, RAY WAHL, JOHN L. LARSEN, JOHN MALDONADO, CARMINE PETRONE, JOANNE M. BURNS, CHRISTOPHER KRUBERT, JAMES E. PARISI, JOSHUA A. PACK, ANDREW A. MCKNIGHT, MARC FURSTEIN, AARON F. HOOD, CARMEN A. POLICY, SUNIL GULATI, LESLEE COWEN, RAKEFET RUSSAK-AMINOACH, DANIEL BASS, and MICAH KAPLAN,<br><br>              Defendants,<br><br>    and<br><br>ATI PHYSICAL THERAPY, INC.,<br><br>            Nominal Defendant. | Case No. 2023-0582-NAC |

**[PROPOSED] ORDER APPROVING DISTRIBUTION PLAN**

WHEREAS, on September 24, 2024, the Court entered the Final Judgement and Order of Dismissal With Prejudice (ECF No. 191) ("Final Approval Order"), which *inter alia*, approved the Settlement, the terms of which were set forth in the Stipulation and Agreement of Settlement, dated May 13, 2024 (the "Stipulation") (ECF No. 162-1), and the Plan of Allocation of settlement proceeds.

WHEREAS, in accordance with the recommendations of the Claims Administrator, Lead Counsel seek authorization to distribute the Net Settlement Fund to all Authorized Claimants entitled to receive such funds.

- 4 -

WHEREAS, having reviewed and considered all the materials and arguments submitted in support of the motion, including the Memorandum of Law in Support of Plaintiffs' Motion for Approval of Distribution Plan and the Declaration of Josephine Bravata Concerning the Results of the Claims Administration Process ("Bravata Declaration");

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation and the Bravata Declaration, and all terms used in this Order shall have the same meanings as defined in the Stipulation and the Bravata Declaration.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

3. Plaintiffs' proposed plan for distribution of the Net Settlement Fund to Authorized Claimants as set forth in the Bravata Declaration is APPROVED. Accordingly:

(a) The administrative determinations of the Court-authorized Claims Administrator, Strategic Claims Services ("SCS"), to accept the Timely Eligible Claims set forth in Exhibit B to the Bravata Declaration.

(b) The Claims Administrator's administrative determinations to reject the Rejected Claims, as set forth in Exhibits D and E to the Bravata Declaration, including the Disputed Claims discussed in paragraph 10(c)(1)-(8) of the Bravata Declaration and Exhibits G-N to the Bravata Declaration, are adopted.

(c) SCS is directed to conduct the Initial Distribution of the Net Settlement Fund after dividing the Net Settlement Fund into two pools: one for Authorized Claimants in the Securities Subclass ("the Securities Subclass Fund"), and another for Authorized Claimants in the Multiplan Subclass (the "Multiplan Subclass Fund"). 75.9% of the Net Settlement Fund will be allocated to the Securities Subclass Fund. The remainder of the Net Settlement Fund (approximately 24.1%) will be allocated to the Multiplan Subclass Fund. Specifically, as set forth in paragraph 12(b) of the Bravata Declaration:

    1. Per the Plan of Allocation, each Authorized Claimant shall receive a *pro rata* share of the Net Settlement Fund that each Authorized Claimant's Recognized

Claim divided by the total Recognized Claims of the 4,432 Authorized Claimants multiplied by the total amount in the Net Securities Subclass Fund. Also, an Authorized Claimant will be eligible to receive a *pro rata* payment from the Multiplan Subclass Fund equal to the product of (i) the number of Multiplan Eligible Shares held by the Authorized Claimant; and (ii) the "Per-Share Recovery" for the Multiplan Subclass Fund, which will be determined by dividing the total amount of the Multiplan Subclass Fund by the total number of Multiplan Eligible Shares held by all Authorized Claimants. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant. To the extent any monies remain in the fund six (6) months after the initial distribution, the remainder will be included in the Second Distribution described in subparagraph (f) below.

(d) To encourage Authorized Claimants to cash their distribution checks promptly, and to avoid or reduce future expenses relating to unpaid distribution checks, all checks should bear a notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." Similarly, all other checks issued in connection with subsequent distributions shall bear the same notation.

(e) Authorized Claimants who do not cash their distribution checks within the time allotted will irrevocably forfeit all recovery from the Settlement unless good cause is shown. The funds allocated to all such stale-dated checks will be available for re-distribution to other Authorized Claimants in subsequent distributions, if such distributions are determined to be economically feasible.

(f) To the extent any monies remain in the fund six (6) months after the initial distribution, if Plaintiffs' Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such redistribution, to Authorized Claimants who have cashed their

initial distributions and who would receive at least $10.00 from such re-distribution. Additional redistributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Plaintiffs' Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.

(g) No new claims may be accepted after October 21, 2024, and no responses to deficiency and/or rejection notices may be received after March 25, 2025.

4. The Court finds that the administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and Plan of Allocation approved by this Court and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members and other Claimants, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against the Net Settlement Fund, Lead Plaintiff, Lead Counsel, Plaintiff's Counsel, the Claims Administrator and it's agents/employees, the Escrow Agent, or any other agent retained by Lead Plaintiff or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund, or any other person released under the Settlement beyond the amounts allocated to them pursuant to the terms of the Distribution Order, provided that such released persons acted in accordance with the Stipulation, the Judgment, and the Distribution Order.

5. The Court orders that: (i) in no less than one (1) year after the distribution of the Net Settlement Fund, SCS may destroy the paper copies of the Claim Forms and all supporting documentation; and (ii) in no less than one (1) year after all funds have been distributed, SCS may destroy the electronic copies of the Claim Forms and all supporting documentation SCS may destroy the paper copies of the Claims and all supporting documentation.

6. This Court retains jurisdiction to consider any further applications concerning the

- 8 -

administration of the Settlement, and any other and further relief that this Court deems appropriate.

SO ORDERED this _____ day of _____ , 2025.

_____
The Honorable Edmond E. Chang
United States District Judge