**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KEVIN BURBIGE and ZYYANG NIE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ATI PHYSICAL THERAPY, INC. f/k/a FORTRESS VALUE ACQUISITION CORP. II, LABEED DIAB, JOSPEH JORDAN, ANDREW A. MCKNIGHT, JOSHUA A. PACK, MARC FURSTEIN, LESLEE COWEN, AARON F. HOOD, CARMEN A. POLICY, RAKEFET RUSSAK-AMINOACH, and SUNIL GULATI,<br><br>Defendants. | No. 1:21-cv-04349<br><br>Hon. Edmond E. Chang<br><br>**FORTRESS ACQUISITION SPONSOR II LLC'S OPPOSITION TO PLAINTIFFS' APPROVAL OF DISTRIBUTION PLAN AS TO DISPUTED CLAIM No. 50006** |

Fortress Acquisition Sponsor II LLC ("FAII") opposes Plaintiffs' Motion for Approval of

Distribution Plan (ECF No. 201) ("Motion") in so far as the Claims Administrator[1] and Plaintiffs

have denied FAII's claim for settlement No. 50006.

At issue here is whether Claim No. 50006 should be approved as part of the distribution

of the $24.9 million global settlement of four actions—the Securities Action (Stipulation at 1.ddd

(defining Securities Action as *Burbige, et al. v. ATI Physical Therapy, Inc., f/k/a Fortress Value

Acquisition Corp. II, et al.*, No. 1:21-cv-04349)) and three Multiplan Actions (Stipulation at 1.ff

---

[1]  Capitalized terms shall have the meaning ascribed to them in the Memorandum of Law in Support of Plaintiffs' Motion for Approval of Distribution Plan (ECF No. 202) ("Brief") unless otherwise defined herein.

(defining Multiplan Actions collectively as the *Ghaith* Action, the *Goldstein* Action, and the *Robinson* Action))—which is to be allocated as $18.9 million to the Securities Subclass and $6 million to the Multiplan Subclass.[2]

The Claims Administrator denied FAII's timely-submitted settlement claim on the basis that FAII is an excluded party to the settlement and its shares were not purchased within the Securities Subclass Settlement Class Period or on the correct exchange. (Br. 10.) Plaintiffs now advance these arguments and others to further justify denying FAII's settlement claim. (*See* Br. 10-15.) While ordinarily defendants are excluded from settlement classes, it is common, as here, to nevertheless permit "Investment Vehicles" advised by defendants to participate in settlements in recognition that investors in these Investment Vehicles should not be deprived of their settlement proceeds. That was precisely what was agreed to here. Now, contrary to the plain and unambiguous language of the Stipulation, Plaintiffs assert that FAII is not an Investment Vehicle expressly included as a member of the Settlement Class and insist that, even if FAII is an Investment Vehicle, its inclusion in the settlement would result in an irreconcilable conflict.[3] (*Id.*) Not so. For the reasons explained below, each of the justifications for denial provided by the Claims Administrator and Plaintiffs fail.

---

[2]   For the first time, Plaintiffs assert here that FAII's shares are ineligible for inclusion in the Multiplan Subclass because FAII did not have redemption rights as of June 11, 2021. (Br. 10.) In light of this new justification, FAII no longer pursues inclusion in the Multiplan Subclass.

[3]   Plaintiffs also try to preclude FAII from even contesting the determination as to its claim for settlement on the basis that a Defendant is prohibited from "review[ing], contest[ing], or object[ing] . . . any decision of the Claims Administrator or Plaintiffs' Counsel with respect to accepting or rejecting any claim for payment by a Settlement Class Member." (Br. 15 (quoting Stipulation ¶ 25).) Not only is Plaintiffs' argument wrong because it ignores that FAII is not, in fact, a defendant in the Securities Action here, but it is also circular since, based on its plain language, that Stipulation provision would only apply here if Plaintiffs concede that FAII is indeed a Settlement Class Member.

2

*First*, as an Investment Vehicle, FAII is explicitly included in the Settlement Class. The

Stipulation defines Investment Vehicle as follows:

> any investment company, separately managed account, or pooled investment
> fund . . . in which any Defendant has or may have a direct or indirect interest, or as
> to which that Defendant or its affiliates may act as an investment advisor or
> manager, but in which any Defendant alone or together with his, her, or its
> respective affiliates is not a majority owner or does not hold a majority beneficial
> interest.

(Stipulation ¶ 1.bb.) As FAII explained to the Claims Administrator and Plaintiffs conveniently

ignore, FAII is an investment company that squarely fits into the definition of Investment

Vehicle because no Defendant and/or its affiliates own a majority interest or a majority

beneficial interest in it. (Bravata Decl., Ex. G, at pdf pages 274-75, 278-79; *see also* Meisels

Decl., attached hereto as Ex. 1, at ¶ 3.) Rather, as reflected below, FAII is owned by several,

separate, advisory client funds, in which Defendants and/or their affiliates also do not own a

majority interest or majority beneficial interest, and whose investors include pension plans and

college endowments.

| Investors | Global Own % |
|---|---|
| DBSO TRG Fund (A) L.P. | 2.32674% |
| Drawbridge Special Opportunities Fund LP | 15.53073% |
| Drawbridge Special Opportunities Fund Ltd. | 8.19317% |
| FCO MA Centre Street II (ER) LP | 1.68488% |
| FCO MA Centre Street II (PF) LP | 1.44419% |
| FCO MA Centre Street II (TR) LP | 1.68488% |
| FCO MA J5 L.P. | 1.16337% |
| FCO MA MAPLE LEAF LP | 6.98023% |
| FCO MA MI II L.P. | 2.32674% |
| FCO MA V UB Securities LLC | 2.40698% |
| FCO V LSS SubCo LP | 1.16337% |
| FCOF V UB Investments L.P. | 45.25075% |
| Fortress Vintage Securities Fund L.P. | 4.07180% |
| FTS SIP II L.P. | 3.44542% |
| Super FCO MA III L.P. | 2.32674% |
| **Total** | 100.00000% |

(Meisels Decl. at ¶¶ 4-5; *see also* Bravata Decl. at pdf pages 278-79.)

3

This Court need not credit Plaintiffs' conclusory assertion to the contrary—that "FAII is the majority owner of itself" (Br. 12)—which is supported by neither facts nor law. Indeed, because FAII is not in fact owned by itself, Plaintiffs' other arguments also fail: (1) FAII would not recover funds or benefit from the settlement as any distribution would go to the advisory client funds that own FAII and (2) no irreconcilable conflict would exist here because there is no basis to conclude that the interests of the advisory client funds that own FAII are antagonistic to those of the other class members.[4] (Meisels Decl. at ¶¶ 6-7.)

*Second*, Plaintiffs' argument as to FAII's participation in the Securities Subclass fails for another simple reason: FAII is not and has never been a Defendant in the Securities Action. (Stipulation ¶1.ggg (defining Securities Defendants as "ATI, Labeed Diab, Joseph Jordan, Andrew A. McKnight, Joshua A. Pack, Marc Furstein, Leslee Cowen, Aaron F. Hood, Carmen A. Policy, Rakefet Russak-Aminoach, and Sunil Gulati").)

*Third*, because FAII is indisputably an Investment Vehicle, its status as a Defendant is irrelevant to its participation in the Settlement Class. Paragraph 1.jjj of the Stipulation makes clear that Defendants are excluded from the Settlement Class, "*provided, however*, that any Investment Vehicle shall not be excluded from the Settlement Class." The plain meaning of this provision is unambiguous and was intended for this precise situation: an Investment Vehicle is an explicit exception to the general exclusion of Defendants from the Settlement Class. Accordingly, the Court need look no further than the Stipulation to ascertain the parties' intent. *See Loberg Excavating, Inc. v. Cincinnati Ins. Co.*, 652 F. Supp. 3d 946, 950 (N.D. Ill. 2023)

---

[4]    FAII rejects Plaintiffs' assertion that it is attempting to claim funds "to be paid to the victims of the alleged wrongdoing that it and the other Defendants caused." (Br. 14.) As Plaintiffs are well aware, the Stipulation explicitly disavows and does not constitute any admission of wrongdoing. (Stipulation ¶¶ 38-39.)

("The 'best indication of the parties' intent is the language of the contract itself. Where the terms of a contract are clear and unambiguous, we construe the contract according to its literal terms.'" (citations omitted)).

Nor does Plaintiffs' desire to interpret this provision to mean something other than what it says evidence ambiguity. *Thompson v. Gordon*, 948 N.E.2d 39, 48 (Ill. 2011) ("[A] contract is not rendered ambiguous merely because the parties disagree on its meaning."). Indeed, adopting Plaintiffs' after-the-fact reading of what the Investment Vehicle carveout is meant to address flies in the face of bedrock principles of contract interpretation. Namely, that "[a] court will not interpret a contract in a manner that would nullify or render provisions meaningless, or in a way that is contrary to the plain and obvious meaning of the language used." *Romspen Mortg. Ltd. P'ship v. BGC Holdings LLC–Arlington Place One*, 20 F.4th 359, 371 (7th Cir. 2021) (quoting *Thompson*, 948 N.E.2d at 47). FAII is a proper member of the Settlement Class and the determination to deny its claim should be reversed.

*Finally*, Plaintiffs' argument that certain of FAII's shares are ineligible for the Securities Subclass because they were "purchased prior to the Securities Subclass Settlement Class Period and were purchased on the wrong market" has no merit. (*See* Br. 10-11.) Plaintiffs cite an SEC Form 4 filed by FAII on June 18, 2021, to contend that FAII's shares reflected on that form were acquired on February 21, 2021, a day prior to the Securities Subclass Settlement Period. (*Id.* at 10, n.6.) Plaintiffs are wrong. As that form clearly shows, the transactions at issue occurred on June 16, 2021 (*id.*), squarely within the February 22, 2021 to October 19, 2021 period required by the Stipulation. (Stipulation ¶ 1.jjj.)

Furthermore, Plaintiffs' reliance on the definition of ATI Securities to claim that certain shares that FAII acquired through a private placement or converted from Class F shares to Class

5

A common stock are ineligible for the Securities Subclass improperly conflates "traded on the NYSE" with a requirement that the shares be purchased on the NYSE. (*See* Br. 10-11.) Nothing in the definition of ATI Securities requires that the shares were purchased on the NYSE. (Stipulation ¶ 1.c.) Indeed, in defining the Securities Subclass, the Stipulation explicitly recognizes that eligible ATI Securities are ones that were "purchased or **otherwise acquired**" (emphasis added) during the Securities Subclass Settlement Period. (Stipulation ¶ 1.jjj.) Because FAII acquired the ATI Securities Plaintiffs contest during the Securities Subclass Settlement Class Period they are eligible for inclusion in the Securities Subclass.

For all these reasons, FAII respectfully requests that this Court deny Plaintiffs' Motion for Approval of Distribution Plan (ECF No. 201) as to FAII's claim for settlement No. 50006 and permit FAII to participate in the Securities Subclass.

Dated: May 9, 2025      Respectfully submitted,

*/s/ Laura Bernescu*
**SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP**
Laura Bernescu
320 South Canal St.
Chicago, Illinois 60606
Tel: (312) 407-0700
Fax: (312) 407-0411
laura.bernescu@skadden.com

Scott D. Musoff
One Manhattan West
New York, New York 10001
Tel: (212) 735-3000
Fax: (212) 735-2000
scott.musoff@skadden.com

*Counsel for Fortress Acquisition Sponsor II
LLC*