**POMERANTZ LLP**
Jeremy A. Lieberman (pro hac vice)
Austin P. Van (pro hac vice)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone:   (212) 661-1100
jalieberman@pomlaw.com
avan@pomlaw.com

*Attorneys for Lead Plaintiffs*

[Additional Counsel on Signature Page]

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| KEVIN BURBIGE and ZIYANG NIE, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>          Plaintiffs<br><br>      v.<br><br>ATI PHYSICAL THERAPY, INC. f/k/a FORTRESS VALUE ACQUISITION CORP. II, LABEED DIAB, JOSEPH JORDAN, ANDREW A. MCKNIGHT, JOSHUA A. PACK, MARC FURSTEIN, LESLEE COWEN, AARON F. HOOD, CARMEN A. POLICY, RAKEFET RUSSAK-AMINOACH, and SUNIL GULATI,<br><br>          Defendants. | Case No.:  1:21-CV-04349<br><br>**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR APPROVAL OF DISTRIBUTION PLAN**<br><br><u>**CLASS ACTION**</u> |

REPLY MEMORANDUM IN SUPPORT OF MOTION FOR ORDER OF DISTRIBUTION;
1:21-CV-04349

Court-appointed Lead Plaintiffs Phoenix Insurance Company Ltd. and The Phoenix Pension & Provident Funds ("Lead Plaintiffs") and Consolidated Plaintiff City of Melbourne Firefighters' Retirement System (together with Lead Plaintiffs, "Plaintiffs") submit this reply memorandum of law in further support of their motion ("Motion") (ECF No. 201) for entry of the [Proposed] Order Approving Distribution Plan ("Class Distribution Order") for the net proceeds of the Settlement in the above-captioned securities class action ("Action"). The proposed Distribution Plan is included in the previously filed Declaration of Josephine Bravata ("Bravata Declaration" or "Bravata Decl.") (ECF Nos. 202-1—202-3), submitted on behalf of the Court-authorized Claims Administrator, Strategic Claims Services ("SCS").[1] As explained in Plaintiffs' opening memorandum ("Memorandum"), (ECF No. 202), at 3, the Claims Administrator has completed processing the Claims received for the Settlement and, through the Motion, Plaintiffs seek the Court's approval to distribute the Net Settlement Fund to Settlement Class Members who submitted eligible Claims.

There are thirteen Claimants with outstanding requests for Court review of SCS's administrative determination to reject their Claims ("Disputed Claims"). Upon the filing of the Motion, the Claims Administrator sent each Claimant with a Disputed Claim a copy of the Motion, the Memorandum, the proposed Distribution Order, and the Bravata Declaration, including the supporting documentation that relates to the Claimant's Disputed Claim. The Claims Administrator informed these Claimants that they do not need to take any further action to have

---

[1] Unless otherwise indicated in this Memorandum, all terms with initial capitalization shall have the meanings ascribed to them in the Memorandum of Law in Support of Plaintiffs' Motion for Approval of Distribution Plan (ECF No. 202), Bravata Declaration or the Stipulation and Agreement of Settlement, filed on May 13, 2024 (the "Stipulation") (ECF No. 162-1). Internal citations and quotations are omitted and emphasis is added unless otherwise noted.

REPLY MEMORANDUM IN SUPPORT OF MOTION FOR ORDER OF DISTRIBUTION;
1:21-CV-04349

the Court consider their dispute, but that these Claimants could make an additional submission, directed to the Court's attention with a copy to the Claims Administrator postmarked no later than May 9, 2025.

After reviewing all 10,135 Claims received for this action, the Claims Administrator recommended 5,666 Claims for rejection. *See* Bravata Decl. ¶ 10(c). Of the 5,666 claims recommended for complete rejection, thirteen ineligible claimants contested the Claims Administrator's determination, *id.*, and were submitted to the Court for resolution in the Motion. These thirteen ineligible claimants filed oppositions to the Motion. For the reasons stated in the Memorandum and reiterated below, the Court should reject their claims.

## I. ALL REJECTED CLAIMS WERE PROPERLY DENIED

### A. FAII

Claimant Fortress Acquisition Sponsor II LLC ("FAII") submitted Claim No. 50006. SCS rejected this claim, Plaintiffs supported that rejection in their Motion, Memorandum at 9-15, and FAII filed an opposition to the Motion on May 9, 2025 ("FAII Opposition" or "FAII Opp.") (ECF No. 210). (FAII stated in its Opposition that it "no longer pursues inclusion in the Multiplan Subclass.")

To reiterate, in this claim, a *named Defendant*, FAII, seeks to recover almost *half of the settlement* value of the Securities and Multiplan Subclasses for itself.[2] The parties manifestly did not intend the settlement to return to Defendants almost half of the settlement value. Plaintiffs

---

[2] Based on SCS's research and conversation with Skadden, the estimated recognized claim amount total $114,418,500 for the Securities Subclass (42.3%) and 16,025,000 shares for the Multiplan Subclass (44.9%).

REPLY MEMORANDUM IN SUPPORT OF MOTION FOR ORDER OF DISTRIBUTION;
1:21-CV-04349

continue to support SCS's rejection of these claims for three reasons, each explained in Plaintiffs' opening Memorandum. *See* Memorandum at 9-15.

### 1. FAII Claimants Are Excluded Parties

FAII is ineligible to participate in the Settlement because FAII is a named Defendant, and the Stipulation expressly excludes "Defendants" from the "Settlement Class." The Stipulation defines "Defendants" as including the "*Ghaith* Defendants," Stipulation ¶ 1(l), and defines *Ghaith* Defendants as including FAII, Stipulation ¶ 1(u).[3] The Stipulation states, "Excluded from the Settlement Class are (i) Defendants." Stipulation ¶ 1(jjj).

In their Opposition, FAII Claimants continue to argue that FAII is an "Investment Vehicle," and that under the Stipulation, "any Investment Vehicle shall not be excluded from the Settlement Class." FAII Opp. at 4-5. As explained in Plaintiffs opening Memorandum, Memorandum at 11-14, this argument fails.

The Stipulation expressly excludes Defendants like FAII from the definition of "Investment Vehicle." Stipulation ¶ 1(bb). The Stipulation defines "Investment Vehicle" as:

> [A]ny investment company . . . in which any Defendant has or may have a direct or indirect interest, . . . *but in which any Defendant* alone or together with his, her, or its respective affiliates *is not a majority owner or does not hold a majority beneficial interest.*

Stipulation ¶ 1(bb) (emphasis added). That is, any company in which a Defendant is a "majority owner" or "hold[s] a majority beneficial interest" is not an Investment Vehicle. If, as Defendants concede, a company that is majority owned by a Defendant is not an Investment Vehicle, then *a*

---

[3] FAII was one of the named defendants in each of the *Multiplan* Actions: *In re ATI Physical Therapy, Inc. S'holder Deriv. Litig.*, Case No. 1-21-cv-06415 (EEC) (N.D. Ill.) (the "*Ghaith* Action"); *Robinson v. Fortress Acquisition Sponsor II, LLC*, No. 2023- 0142-NAC (Del. Ch.); and *Goldstein v. Fortress Acquisition Sponsor II, LLC*, No. 2023-0582- NAC (Del. Ch.).

REPLY MEMORANDUM IN SUPPORT OF MOTION FOR ORDER OF DISTRIBUTION;
1:21-CV-04349

*fortiori* a company that *is itself* a Defendant is excluded. This is true not only because any other reading of the provision is nonsensical, but also because companies own and hold majority beneficial interests in themselves. FAII is a named Defendant, and FAII is the majority owner of itself—FAII owns 100% of FAII. Thus, FAII is 100% (i.e., "majority") owned by a Defendant, FAII, and cannot be an "Investment Vehicle" under the terms of that carveout.

In their Opposition, FAII argues that "FAII is not in fact owned by itself." FAII Opp. at 4. Defendants misunderstand the meaning of legal ownership. The Stipulation does not define "owner," so that term should be given its ordinary legal meaning. *See Page v. Alliant Credit Union*, 52 F.4th 340, 346 (7th Cir. 2022) ("Undefined terms will be given their plain, ordinary, and popular meaning; i.e., they will be construed with reference to the average, ordinary, normal, reasonable person."); *Wood v. Employers' Liab. Assurance Corp.*, 41 F.2d 573, 575 (7th Cir. 1930) ("In interpreting and construing contracts, . . . language must be given its ordinary meaning unless a technical or special meaning is clearly intended."). To have legal ownership of something is to hold a "bundle of rights" with respect to that thing. *See King v. Fed. Bureau of Prisons*, 415 F.3d 634, 638 (7th Cir. 2005) ("bundle of rights . . . constitute[s] ownership"); *United States v. Ben-Hur*, 20 F.3d 313, 317-18 (7th Cir. 1994) (ownership best defined through the "ubiquitous metaphor" of the "bundle of sticks or rights"); *Polenz v. Parrott*, 883 F.2d 551, 557 (7th Cir. 1989) ("Ownership includes 'the right of use—one of the bundle of rights attendant to ownership under the laws of property in all states.'"). FAII holds all legal rights with respect to FAII that a 100% owner of FAII would hold over it—for example, the rights to sell itself, to appoint its board, to engage in lines of business, etc. Accordingly, FAII is a 100% "owner" of itself as that term is generally understood and as that term is used in the Stipulation.

- 5 -

Indeed, FAII's arguments prove too much. If, as FAII asserts, FAII Opp. at 3, FAII does not own itself and no Defendant owns any part of FAII, then FAII is not an "Investment Vehicle" for the additional reason that FAII is not an entity "in which any Defendant has or may have a direct or indirect interest." Stipulation ¶ 1(bb). FAII cannot have it both ways.

FAII also argues that "FAII would not recover funds or benefit from the settlement as any distribution would go to the advisory client funds that own FAII." FAII Opp. at 4. That is false. FAII filed a Claim in its own name, so any distribution will go to FAII in the first instance. FAII argues that FAII is not named as a Defendant in the Securities Action. *Id.* This fact is irrelevant under the terms of the Stipulation, which globally settled all Actions, and which unambiguously defined the "Defendants" excluded from the Settlement as including FAII. Stipulation ¶ 1(l).

While the language of the Stipulation unambiguously excludes Defendants, even if it were somehow ambiguous, the Stipulation should be interpreted in light of the principle that Defendants cannot be included in the class because their interests are antagonistic to other class members, and their inclusion in the class would create an irreconcilable conflict. *See, e.g.*, *Baranski v. Vaccariello*, 896 F.2d 1095, 1097-98 (7th Cir. 1990) (in a commodities fraud class action, the Seventh Circuit found that, despite the lack of *any* express exclusion in the class definition, the named defendants must be excluded from the class because their interests "were in conflict with the rest of the class."); *Chesemore v. All. Holdings, Inc.*, 276 F.R.D. 506, 510 (W.D. Wis. 2011) (exclusion of defendants from class was appropriate, given "the obvious conflict between these

- 6 -

REPLY MEMORANDUM IN SUPPORT OF MOTION FOR ORDER OF DISTRIBUTION;
1:21-CV-04349

defendants and the rest of the class").[4]  In their Opposition, FAII Claimants argue that "there is no basis to conclude that the interests of the advisory client funds . . . are antagonistic to those of the other class members."  FAII Opp. at 4.  FAII Claimants ignore the principle illustrated in the above cases that the interests of defendants in a settlement are inherently in conflict with the rest of the class with whom they are settling.

### 2. FAII Claimants' Shares Are Not ATI Securities Because They Were Not Traded on NYSE

FAII's claims are also ineligible because its shares were not purchased on the New York Stock Exchange ("NYSE") and are therefore not ATI Securities.  The Stipulation defines "ATI Securities" as "ATI Physical Therapy, Inc.'s common stock trading on the New York Stock Exchange ('NYSE') under the ticker symbol 'ATIP' or FVAC common stock that traded on the NYSE under the ticker symbol FAII."  The Stipulation includes in the "Settlement Class" only those who "purchased or otherwise acquired *ATI Securities*."  Stipulation ¶ 1(jjj) (emphasis added).  As ATI Securities are only those that were traded on NYSE, shares that were not traded on NYSE are ineligible to participate in the Settlement.  FAII admits that its shares were acquired through a private placement and through conversion of shares from Class F shares to Class A common stock, FAII Op. at 5-6.  FAII does not dispute that these shares were not traded on NYSE.  Therefore, these shares are not ATI Securities and are ineligible.

---

[4] *See also Gamino v. KPC Healthcare Holdings, Inc.*, No. 5:20-CV-01126-SB-SHK, 2021 WL 7081190, at *2 (C.D. Cal. Aug. 6, 2021) ("The class definition is limited by the typical exclusions to avoid conflicts of interest . . . .  'Excluded from the Class are . . . Defendants'"); *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, No. 17-MD-2785-DDC-TJJ, 2020 WL 1180550, at *8 (D. Kan. Mar. 10, 2020) ("This exclusion is needed to avoid the potential conflict that otherwise could arise by including entities in the classes who allegedly . . . benefited from defendants' [misconduct].").

REPLY MEMORANDUM IN SUPPORT OF MOTION FOR ORDER OF DISTRIBUTION;
1:21-CV-04349

FAII argues that the Settlement Class includes all claimants who "purchased *or otherwise acquired*" ATI Securities, and argue that this language suggests that claimants who acquired shares through agreement are included in the Settlement Class. Yet the Settlement Class includes only those who "purchased or otherwise acquired *ATI Securities*," and ATI Securities are defined to include only securities that were traded on NYSE. As FAII's shares were not traded on NYSE, they are not "ATI Securities" and are ineligible.

### 3. The Stipulation Prohibits FAII from Contesting Claims Determinations

Even if the Stipulation did not expressly exclude Defendant FAII from the defined "Settlement Class" (it does), FAII, as a Defendant, is expressly prohibited from contesting the Claims Administrators' determinations as to any claim for payment by a Settlement Class Member:

> No Defendant . . . shall be permitted to review, contest, or object to any Claim Form or any decision of the Claims Administrator or Plaintiffs' Counsel with respect to accepting or rejecting any Claim for payment by a Settlement Class Member.

Stipulation ¶ 25.

In its Opposition, FAII argues that it is not a defendant in the Securities Action, FAII Opp. at 4, but as noted above, that fact is irrelevant—the provision above excludes any "Defendant," and FAII does not contest that it is a "Defendant" as defined in the Stipulation. FAII also argues that this provision only applies if FAII is a Settlement Class Member. FAII Opp. at 2, n3. Indeed, this argument is properly phrased as an argument in the alternative: even if FAII were a Settlement Class Member, FAII's claim would still ineligible because the Claims Administrator denied FAII's claim, and the Stipulation prohibits FAII from contesting that determination.

### B. Dakota Claimants

Claimants Dakota Holdco, LLC ("Dakota"), Robert McKenzie, Gregory Steil (on behalf of himself, Gregory F. Steil Descendants Trust, and Willowbrook Holdings Inc.), Dylan Bates (on

REPLY MEMORANDUM IN SUPPORT OF MOTION FOR ORDER OF DISTRIBUTION;
1:21-CV-04349

behalf of himself, Bates Enterprises, LLC, and Bates Investment LLC), Brent Mack, Jason Hafner, Lisa Gutierrez, and Christopher Orr ("Dakota Claimants") submitted Claim Nos. 565, 566, 220, 221, 222, 227, 305,227, 228, 229, 170, and 214, respectively. SCS rejected these claims, Plaintiffs supported that rejection in their Motion, and Dakota Claimants filed an opposition to the Motion on May 9, 2025 ("Dakota Opposition" or "D. Opp.") (ECF No. 211).

Plaintiffs continue to support SCS's rejection of these claims for two reasons, both explained in Plaintiffs' opening Memorandum. *See* Memorandum at 16-20.

### 4. Dakota Claimants Are Excluded Parties

Dakota Claimants' claims are ineligible because the Stipulation expressly excludes, "(iv) all subsidiaries and affiliates of the Company and the directors and Officers of such subsidiaries or affiliates." Stipulation ¶ 1(jjj). Dakota Claimants now admit in their opposition that each of them was a director or Officer of a subsidiary or affiliate of the Company. D. Opp. at 2-4. Therefore, Dakota Claimants are excluded under Section 1(jjj) of the Stipulation.

In their Opposition, Dakota Claimants argue that the Stipulation does not exclude *former* directors or officers of affiliate or subsidiary companies. But the language of the stipulation does not place a temporal limit on the exclusion of directors or officers of affiliates or subsidiaries—the exclusion includes, "all subsidiaries and affiliates of the Company and the directors and Officers of such subsidiaries or affiliates." Stipulation ¶ 1(jjj). If this language were ambiguous (it is not), then the Court should look to the intention of the parties, both from within the document and without. *See Tech. Sec. Integration, Inc. v. Epi Techs., Inc.*, 126 F.4th 557, 560 (7th Cir. 2025) ("[W]e attempt to give effect to the parties' intent by looking to the plain language of the contract. If the contract is unclear, we can consider extrinsic evidence to determine the parties' intent."). Just as the parties did not intend Defendants themselves to benefit from the settlement, the parties

- 9 -

REPLY MEMORANDUM IN SUPPORT OF MOTION FOR ORDER OF DISTRIBUTION; 1:21-CV-04349

did not intend for former officers of the ATI subsidiary responsible for the alleged misconduct at issue to benefit.

### 5. Dakota Claimants' Shares Are Not ATI Securities Because They Were Not Traded on NYSE

As with FAII's claim, Dakota Claimants' claims are also ineligible because their shares were not purchased on the NYSE and are therefore not ATI Securities. As Dakota Claimants admit, D. Opp. at 6-7, they acquired their shares upon the consummation of the Amended and Restated Registration Rights Agreement with Fortress Acquisition Sponsor II LLC (the "Dakota Agreement"). Therefore, these shares were not traded on NYSE and are ineligible.

Like FAII Claimants, Dakota Claimants argue that the Settlement Class includes all claimants who "purchased *or otherwise acquired*" ATI Securities, and argue that this language suggests that claimants who acquired shares through agreement are included in the Settlement Class. Yet as explained above, the Settlement Class includes only those who "purchased or otherwise acquired *ATI Securities*," and ATI Securities are defined to include only securities that were traded on NYSE. As Dakota Claimants securities were not traded on NYSE, they are not "ATI Securities" and are ineligible.

## II. CONCLUSION

Lead Counsel respectfully requests that the Court enter the proposed class distribution order (ECF No. 202-4): (a) approving the Claims Administrator's determinations concerning the acceptance and rejection of the Claims submitted; (b) directing payment of the Net Settlement Fund to Authorized Claimants with a 180-day period for cashing checks; and (c) permitting the Claims Administrator to destroy Claim Forms and supporting documentation one year after the distribution.

REPLY MEMORANDUM IN SUPPORT OF MOTION FOR ORDER OF DISTRIBUTION;
1:21-CV-04349

Dated:  May 16, 2025

Respectfully submitted,

**POMERANTZ LLP**

*/s/ Austin P. Van*
Jeremy A. Lieberman
Austin P. Van
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
avan@pomlaw.com

*Attorneys for Lead Plaintiffs*

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
Jeremy P. Robinson
1251 Avenue of the Americas
New York, New York   10020
Telephone:  (212) 554-1400
Facsimile:  (212) 554-1444
jeremy@blbglaw.com

*Counsel for Consolidated Plaintiff City of Melbourne Firefighters' Retirement System*

**KLAUSNER, KAUFMAN, JENSEN & LEVINSON**
Robert D. Klausner
Bonni S. Jensen
7080 Northwest Fourth Street
Plantation, Florida   33315
Telephone: (954) 916-1202
Facsimile:  (954) 916-1232
bob@robertdklausner.com
bonni@robertdklausner.com

*Additional Counsel for Consolidated Plaintiff City of Melbourne Firefighters' Retirement System*

- 11 -

REPLY MEMORANDUM IN SUPPORT OF MOTION FOR ORDER OF DISTRIBUTION;
1:21-CV-04349

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Austin P. Van
Austin P. Van

REPLY MEMORANDUM IN SUPPORT OF MOTION FOR ORDER OF DISTRIBUTION;
1:21-CV-04349