**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KEVIN BURBIGE and ZIYANG NIE, Individually and on Behalf of All Other Persons Similarly Situated, | Case No.: 1:21-CV-04349 |
| *Plaintiffs*, v. | **AMENDED MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR APPROVAL OF DISTRIBUTION PLAN** |
| ATI PHYSICAL THERAPY, INC. f/k/a FORTRESS VALUE ACQUISITION CORP. II, LABEED DIAB, JOSEPH JORDAN, ANDREW A. MCKNIGHT, JOSHUA A. PACK, MARC FURSTEIN, LESLEE COWEN, AARON F. HOOD, CARMEN A. POLICY, RAKEFET RUSSAK-AMINOACH, and SUNIL GULATI, *Defendants*. | **CLASS ACTION** Judge: Honorable Edmond E. Chang Courtroom: 2341 |

## I.    INTRODUCTION

Claimants Dakota Holdco, LLC ("Dakota"), Robert McKenzie, Gregory Steil (on behalf of himself, Gregory F. Steil Descendants Trust, and Willowbrook Holdings Inc.), Dylan Bates (on behalf of himself, Bates Enterprises, LLC, and Bates Investment LLC), Brent Mack, Jason Hafner, Lisa Gutierrez, and Christopher Orr (collectively "Individual Claimants" and with Dakota "Claimants") hereby oppose Plaintiff's Motion for Approval of Distribution Plan, ECF No. 201. Claimants respectfully request that they be permitted to join the settlement class in this action.  In support of their request, Claimants submit the following opposition.

## II.    FACTUAL BACKGROUND

The background of how the ATI Physical Therapy family of companies evolved into their present organizational structure is a bit complex, but ultimately shows why Claimants should be included in the class.  In May 2016, Individual Claimants were members of ATI Physical Therapy Holdings, LLC k/n/a Aspire Holdco, LLC ("Aspire"), the then-ultimate parent of ATI Holdings Acquisition, Inc., when affiliates of Advent International, a private equity firm, acquired ATI Holdings Acquisition, Inc. and its subsidiaries and affiliates from affiliates of KRG Capital Partners, another private equity firm.  *See* Amend. Decl. of Robert McKenzie in Support of Claimants' Amended Opposition to Plaintiffs' Motion for Approval of Distribution Plan ("Amend. McKenzie Decl.") at ¶ 6.  At that time, Individual Claimants had the opportunity to sell substantially all of their indirect ownership interest in ATI Holdings Acquisition, Inc. to a preselected buyer **for cash**, but, instead, all of them except for Lisa Gutierrez chose to invest a portion of their proceeds in the **then extant** ATI Physical Therapy family of companies and become limited partners in Wilco Acquisition, LP, a holding company established by affiliates of Advent International to become the ultimate parent company of the ATI Physical Therapy family of companies upon the May 2016 transaction's closing.  *See id.* at ¶ 7.  Wilco Acquisition, LP

2

became the holder of all the common stock of Wilco Holdco, Inc., which affiliates of Advent International also formed to facilitate the May 2016 transaction. *See id.* at ¶ 8.

As additional consideration in the May 2016 transaction, Aspire received preferred stock in Wilco Holdco, Inc. As members of Aspire, the Individual Claimants were indirect owners of the preferred stock of Wilco Holdco, Inc. *See* Amend. McKenzie Decl. at ¶ 9. Shortly after the closing of the May 2016 transaction, KRG Capital Partners located a purchaser for all of the preferred stock of Wilco Holdco, Inc. held by Aspire; Aspire offered the Individual Claimants the opportunity to sell all of their indirect ownership interest in the preferred stock of Wilco Holdco, Inc. **for cash**, but, the Individual Claimants declined and, instead (together with certain other similarly situated members of Aspire) formed Dakota as a limited liability company to hold their preferred stock of Wilco Holdco, Inc.; Gregory F. Steil, Dylan Bates, Brent Mack and Robert McKenzie were appointed as the managers of Dakota. *See id.* at ¶ 10; ECF No. 202-1 at 546-55 (Dakota 2018 IRS Form 1065).

The ATI Physical Therapy family of companies then underwent a change in leadership. Gregory F. Steil, who founded the ATI Physical Therapy family of companies and served as CEO for many years, resigned all of his then remaining leadership positions with the family of companies upon the consummation of the May 2016 transaction. *See* Amend. McKenzie Decl. at ¶ 11. Dylan Bates resigned as CEO in 2018, Robert McKenzie resigned all roles in 2018, Brent Mack resigned all roles in or about 2019, Jason Hafner resigned all roles in or about 2020, and Christopher Orr resigned all roles in or about 2020. *See id.* at ¶ 12. Lisa Gutierrez, who had served in various roles within the ATI Physical Therapy family of companies, including Senior Vice President of Human Resources, resigned all of her roles in or about 2014. *See id.* at ¶ 13. As of December 31, 2020, and thereafter, none of McKenzie, Steil, Bates, Mack, Hafner, Gutierrez, and

3

Orr was an officer or employee of ATI Holdings, LLC d/b/a ATI Physical Therapy, its parent companies, or its subsidiaries. *See id.* at ¶ 14; Kantz Decl. at ¶ 4.

In 2021, Wilco Holdco, Inc. and a newly formed, wholly owned, subsidiary of defendant ATI Physical Therapy, Inc. f/k/a Fortress Value Acquisition Corp. II ("ATI"), a special purpose acquisition company, merged. Wilco Holdco, Inc. survived the merger. ATI was renamed ATI Physical Therapy, Inc. in connection with the merger. To complete the transaction, ATI purchased Dakota's interest in Wilco Holdco, Inc., for 3,038,197 shares of common stock of ATI valued at $10 per share ($30,381,970 in cost basis) plus other consideration.[1] Wilco Acquisition, LP, for its part, received 130,300,000 shares of common stock of ATI Physical Therapy, Inc. valued at $10 per share in exchange for its interest in Wilco Holdco, Inc. and distributed those shares proportionally to its limited partners. *See* Amend. McKenzie Decl. at ¶¶ 14, 15. The merger closed on or about June 16 or June 17, 2021.[2] Dakota's shares were deposited with Continental Stock Transfer & Trust on or about June 23, 2021. *See* ECF No. 202-1 at 282 (June 30, 2021 Continental Transfer.) None of McKenzie, Steil, Bates, Mack, Hafner, Gutierrez, or Orr was ever a director or officer of ATI. *See* Kantz Decl. ¶ 5.

On August 16, 2021, Plaintiffs Kevin Burbige and Ziyang Nie initiated a class action lawsuit against ATI and certain of its officers and directors ("Securities Defendants"), alleging that they made material misrepresentations regarding the company's business and operations, particularly concerning therapist attrition and labor market competition. *See* ECF No. 1, Compl. On May 21, 2024, the Court preliminarily approved a settlement agreement resolving this dispute

---

[1] ATI Physical Therapy, Inc., Form S-1, July 9, 2021, (available at https://www.sec.gov/Archives/edgar/data/1815849/000119312521211848/d122377ds1.htm).

[2] *Compare id.* (defining closing date as June 16, 2021) *with* ECF No. 162-1, Settlement Agreement at 5 n.1 (discussing "Business Combination" on June 17, 2021).

4

and ordered notice be served on class members. *See* ECF No. 171. On September 24, 2024, the Court issued final approval of the settlement agreement and entered a final judgment and order approving an allocation plan. *See* ECF No. 189.

The Stipulation and Agreement of Settlement ("Settlement Agreement") approved by the Court contains several provisions that are key to Claimants' position. Importantly, the Settlement Agreement defined the "Settlement Class" in relevant part as "all persons and entities who: (a) purchased *or otherwise acquired* ATI Securities between February 22, 2021 and October 19, 2021, both dates inclusive." *See* ECF No. 162-1 at p. 23 (emphasis added). "ATI Securities," in turn, the Settlement Agreement defined as "ATI Physical Therapy, Inc.'s common stock trading on the New York Stock Exchange ("NYSE") under the ticker symbol 'ATIP' or FVAC common stock that traded on the NYSE under the ticker symbol FAII." *Id.* at 13. The Settlement Agreement excludes from the class "current and former Officers and directors of the Company" as well as "all subsidiaries and affiliates of the Company and the directors and Officers of such subsidiaries or affiliates." *Id.* at 23. The class action notice similarly defines "Company" and "ATI" as "ATI Physical Therapy, Inc."[3]

Over the next several months, Claimants submitted Claim Forms demonstrating their acquisition of ATI Securities during the settlement period. *See* ECF No. 202, Mem. of Law in Support of Plaintiff's Mot. for Approval of Distribution Plan, at 13-20, Ex. H-N. The claims, respectively, were:

- Dakota (Claim No. 565): 3,038,197 shares
- Robert McKenzie (Claim No. 566): 85,852 shares

---

[3] Notice of (I) Pendency of Class Actions, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, available at https://www.strategicclaims.net/wp-content/uploads/2024/06/ATI-Final-Long-Notice-and-Claim-Form2.pdf.

- Gregory F. Steil Descendants Trust, Willowbrook Holdings Inc., and Gregory F. Steil (Claim Nos. 220, 221, and 222, respectively): collectively, 1,077,987 shares
- Lisa Gutierrez (Claim No. 277): 22,626 shares
- Jason Hafner (Claim No. 305): 195,597 shares
- Bates Enterprises, LLC, Bates Investment, LLC and Dylan Bates (Claim Nos. 227, 228, and 229, respectively): collectively, 3,981,802 shares
- Christopher Orr (Claim No. 170): 53,724 shares
- Brent Mack (Claim No. 214): 378,989 shares

Plaintiffs do not contest these submissions' timeliness, authenticity, or accuracy.

Still, claims administrator Strategic Claims Solutions, denied the claims. Strategic Claims Solutions gave three substantially identical reasons for the decision:

(1) "ATI Securities" means ATI Physical Therapy, Inc.'s common stock trading on the New York Stock Exchange ("NYSE") under the ticker symbol "ATIP" or FVAC common stock that traded on the NYSE under the ticker symbol FAII. Equity conversions, or private shares of "old" ATI do not classify as a purchase or acquisition based upon the language of the Stipulation of Settlement;

(2) Per the ATI IPO Filing and Prospectus, these shares were held prior to the Settlement Class Period dates making them ineligible; and,

(3) Claimants are excluded parties as defined in the Settlement Agreement.

*See* ECF No. 202, Exs. H-N.

Claimants contested the administrator's decision. Claimants responded to Strategic Claims Solutions, explaining that the shares that they own were not "'old' ATI" stock nor a conversion, but rather reflected a purchase or acquisition of ***newly*** issued stock in exchange for them giving up directly, or as beneficial owners, their rights in so-called "old" stock of Wilco Holdco, Inc. *See, e.g.*, ECF No. 202-1 at 301, Ex. H, Mar. 20, 2025 Email from B. McKenzie to J. Facciolla (Strategic Claims Solutions). As Mr. Steil explained, if there had been a "conversion . . . there would have been no exchange of any prior equity interest for new equity interests, but instead . . . the Steil Parties would have retained their as-converted original equity interest." *See* ECF No. 202-1 at 852, Ex. J, Mar. 25, 2025 email from G. Steil to J. Facciolla.

As it regards Dakota, Mr. McKenzie directed Strategic Claims Solutions to the *Amended and Restated Registration Rights Agreement* included in the Definitive proxy statement relating to the merger or acquisition filed with the SEC on May 14, 2021 which showed that Dakota was a "New Holder" as confirmed by its signature page within the Agreement. *See, e.g.*, ECF No. 202-1 at 301. The Claimants similarly pointed out that the *Amended and Restated Registration Rights Agreement* showed that Wilco Acquisition, LP was a "New Holder," such that they acquired new ATI Physical Therapy, Inc. stock in connection with the merger transaction and within the class period as evidenced by the proxy statement relating to the merger. *See, e.g.*, *id.* The administrator invited Claimants to make their arguments to the Court in response to Plaintiffs' Motion for Distribution.

In its Motion, Class Counsel expands on the administrator's reasons for excluding Claimants from the class. It states its belief that the Individual Claimants were "former Officers of ATI." *See* ECF No. 202, at 16. Specifically, counsel states that Mr. Steil was a founder and Chief Executive Officer, Dylan Bates was the Chief Executive Officer, Brent Mack was Vice President of Operations then Chief Operating Officer, and Mr. McKenzie was General Counsel for ATI. *Id.* at 16-17. In addition, counsel continues, Lisa Gutierrez "worked in HR at ATI" and "[h]er role in HR assisted ATI in acquisitions," Jason Hafner "was the Division President of ATI," and Christopher Orr was "Senior Vice President of Real Estate and Clinic Development for ATI." *Id.* at 18-20. In support of these assertions, Class counsel cites to "research" and an online Bloomberg profile for Mr. McKenzie. *Id.* at 16-20. Class Counsel also reiterates that the claims should be denied because Claimants did not acquire their shares via the New York Stock Exchange and did not acquire them during the Settlement Period.

### III.    LEGAL STANDARD

Approval and administration of class action settlements "involve special duties for the court" to protect the interests of "absent class members." *Helms v. Local 705 Intern. Broth. Of Teamsters Pension Plan*, 1999 WL 965230, at \*18 (N.D. Ill. Sept. 30, 1999); *see also Plummer v. Chemical Bank,* 668 F.2d 654, 659-660 n. 4 (2d Cir. 1982). There is a "longstanding practice of allowing nonnamed class members to object" before a court finalizes a class action settlement. *Devlin v. Scardelletti*, 536 U.S. 1, 11 (2002). "Filing a proof of claim to the settlement fund is one way . . . for an objector to demonstrate that he is a member of the class." *Shah v. Zimmer Biomet Holdings, Inc.*, 2020 WL 5627171, at \*8 (N.D. Ind. Sept. 18, 2020) (citing *Union Asset Mgmt. Holding A.G. v. Dell, Inc.,* 669 F.3d 632, 638-39 (5th Cir. 2012). Courts must hear "aggrieved class member[s]." *In Re Transpacific Passenger Air Transportation Antitrust Litig*, 2024 WL 810703 (9th Cir. Feb. 27, 2024); *In Re Disposable Contact Lens Antitrust Litig.*, 2024 WL 3988972, at \*2 (M.D. Fla. Feb. 29, 2024) (same); *In Re Tremont Securities Law, State Law and Ins. Litig.*, 2015 WL 3540723, \*1-9 (S.D.N.Y. June 5, 2015) (finding the court has a duty to protect absent class members in light of objections).

### IV.    ARGUMENT

Claimants are members of the Settlement Class, and they should be entitled to their fair share of the settlement proceeds. Class counsel has erroneously excluded Claimants from the class on the grounds that they did not acquire their shares on the New York Stock Exchange, did not acquire their shares during the settlement period, and were excluded former officers of defendant ATI which, for the avoidance of doubt, **Plaintiffs' counsel defines as ATI Physical Therapy, Inc. f/k/a Fortress Value Acquisition Corp. II.** *See* ECF No. 202, at 5. However, in interpreting the Settlement Agreement, the Court is bound by its terms and "is not free to revisit the issue." *In Re McKesson HBOC, Inc. Sec. Litig.*, 2009 WL 10696112, at \*2 (N.D. Cal. Mar. 6, 2009). The

8

Settlement Agreement at issue here is clear that the Settlement Class includes entities and individuals that "purchased or otherwise acquired" ATI stock. Moreover, the documentary evidence submitted in support of Claimants' claims shows that they acquired their shares within the Class Period. Finally, the Individual Claimants never held excluded positions with ATI. Absent any proper basis for exclusion, they should be admitted into the class.

### A. THE SETTLEMENT AGREEMENT DOES NOT SUPPORT COUNSEL'S NARROW INTERPRETATION THAT ATI SHARES HAD TO BE PURCHASED ON THE NYSE

Claimants did not need to acquire their shares via the NYSE as Class counsel suggests. The Settlement Agreement covers all claimants who "purchased *or otherwise acquired*" shares of ATI. Courts read settlement agreements to define classes broadly. *See, e.g.*, *McKesson*, 2009 WL 10696112, at *3 (analyzing class that included "all persons and entities" owning stock). Class counsel does not dispute that Claimants own shares of ATI Securities, and if they own them, then they must have acquired them. Whether they acquired them through purchase "or otherwise" is, by the Settlement Agreement's own definition, irrelevant.

The Settlement Agreement's reference to the NYSE does not require shares to have been purchased on that market. The Settlement Agreement defines ATI Securities as "ATI Physical Therapy, Inc.'s common stock trading on the New York Stock Exchange ('NYSE') under the ticker symbol 'ATIP.'" *See* Settlement Agreement § 1(c). The reference to "*trading* on the [NYSE]" must be read with the entire phrase "under the ticker symbol 'ATIP,'" and thus is used to describe the securities. That description, however, does not support Class counsel's artificial requirement that the securities were "*traded*" on the stock exchange as a means of acquisition.

What is more, had the parties wanted to exclude those who did not buy ATI Physical Therapy, Inc. stock from the NYSE, they would have used language that is typically seen to secure

9

that result. In *W. Alton Jones Foundation v. Chevron*, 97 F.3d 29, at \*31-32 (2d Cir. 1996), for example, the parties required that claimants show that they purchased their stock "on the open market" in the Proof of Claim and Release Form. This is the type of language one would expect to see if the parties had intended the restrict the Settlement Class in the way that Class counsel proposes, and it is not in the Settlement Agreement.

Claimants should be in the class because they suffered the same injuries based on the same events as the other class members regardless of how they came to acquire their shares in ATI Securities. This suit is based on claims that ATI publicly overestimated the growth and potential returns of the merger. Claimants and other class members alike agreed to acquire shares at a set price based on information available to them. The fact that Claimants paid for those shares by giving up their rights to equity in other entities instead of through a purchase via the NYSE, or for any other form of consideration, does not impact the nature or extent of the injuries they sustained.

For these reasons, Counsel's narrow interpretation of the Settlement Class requiring shares of ATI to be purchased on the NYSE, which is not supported by the case law nor the terms of the Agreement, should be rejected.

### B. CLAIMANTS ACQUIRED THEIR ATI SHARES DURING THE CLASS PERIOD

Class counsel's position that Claimants acquired their shares before the class period is simply incorrect. The Settlement Period is defined as February 22, 2021 through October 19, 2021. According to Class counsel, "[Dakota's] shares were part of the First Amendment to the Amended and Restated Registration Rights Agreement with Fortress Acquisition Sponsor II LLC (the "Dakota Agreement") entered on February 21, 2021," and the Individual Claimant's shares are derived from that agreement. Mot. at 16-20. But Claimants could not have acquired the shares until the merger's closing — "[t]he consummation of a deal or transaction." *See* CLOSING,

10

Black's Law Dictionary (12th ed. 2024). On February 21, 2021, all that Wilco Holdco, Inc. and ATI did was agree that a wholly owned subsidiary of ATI would merge with Wilco Holdco, Inc. at some future date, subject certain contingencies. The transaction did not close until on or about June 16 or 17, 2021, which is within the Settlement Period. Moreover, Dakota did not actually receive its shares until June 23, 2021, which is also within the Settlement Period. *See* ECF No. 202-1 at 282.

Therefore, Claimants acquired their shares during the Class Period, and Class counsel's assertion otherwise is not a proper basis to exclude them from the class.

### C. THE INDIVIDUAL CLAIMANTS SHOULD NOT BE EXCLUDED AS FORMER DIRECTORS OR OFFICERS OF ATI

Class counsel has not presented any evidence to support the decision to exclude Claimants on the grounds that they were former directors or officer of ATI because none exists. Factual findings supporting exclusions must be supported with evidence. *See McKesson*, 2009 WL 10696112, at *5 (stating "concern" that the settlement administrator was not "verify[ing] whether claimants were or were not officers" of the issuer-defendant's entities and requesting more information). Here, Class counsel at most cites unspecified "research" as grounds to exclude Individual Claimants as former officers of ATI, and a single online profile to support the same conclusion with respect to Mr. McKenzie, specifically. That is plainly insufficient, and also false. None of the Claimants ever worked at ATI, which did not exist and/or was not affiliated with the ATI Physical Therapy family of companies when they held their positions with the ATI Physical Therapy family of companies. *See* Kantz Decl. ¶¶ 4-5. Even the one cited online profile identifies Mr. McKenzie as having worked for ATI Holdings LLC, which is an indirect subsidiary of Wilco Holdco, Inc. that existed for many years before ATI's wholly owned subsidiary merged with Wilco Holdco, Inc., in other words, **not ATI**. Indeed, they all relinquished their positions with the ATI

11

Physical Therapy family of companies by 2020. Accordingly, Claimants should not be excluded as former directors or officers of ATI.

Nor should they be excluded as former directors or officers of the Company's affiliates or subsidiaries. The Settlement Agreement excludes *former* directors and officers of the Company, and it excludes directors and officers of affiliate or subsidiary companies, but it **does not exclude** former directors or officers of affiliate or subsidiary companies. As a result, Claimants cannot be excluded as former directors and officers of ATI Holdings, LLC or any of the Company's other affiliates or subsidiaries. Dakota should not be excluded for the additional reason that it was an entity not controlled by Defendants. *See McKesson*, 2009 WL 10696112, at *5.

The equitable purpose of the exclusions does not support keeping Claimants from inclusion within the class. Read as a whole, the Settlement Agreement excludes "former" officers and directors from the class because they were responsible for the events giving rise to the suit or benefited from them. Claimants, however, all stopped working for ATI's predecessor between 2014 and 2020, well before the merger was negotiated. They were not responsible for any false or misleading statements, nor did they benefit from them. They are not culpable, and this Court should not treat them as such.

## V.    CONCLUSION

For these reasons, Claimants respectfully request that this Court admit them to the class.

12

**Dated: May 19, 2025**                     Respectfully Submitted by:

Dakota Holdco, LLC
Robert McKenzie
Gregory F. Steil Descendants Trust
Willowbrook Holdings, Inc.
Gregory Steil
Bates Investment, LLC
Bates Enterprises, LLC
Dylan Bates
Brent Mack
Jason Hafner
Lisa Gutierrez
Christopher Orr

By Their Attorneys,

/s/ *Gerald L. Maatman, Jr.*
Gerald L. Maatman, Jr.
Jennifer Riley
Jeremy Salinger
Duane Morris, LLP
190 South LaSalle Street, Suite 3700
Chicago, IL  60603
(312) 499-6711
GMaatman@duanemorris.com
JARiley@duanemorris.com
JSalinger@duanemorris.com

Shannon Noelle (*pro hac vice* pending)
Duane Morris, LLP
30 South 17th Street
Philadelphia, PA 19103
(215) 979-1000
SNoelle@duanemorris.com

13

**CERTIFICATE OF SERVICE**

I hereby certify that on May 19, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Gerald L. Maatman, Jr.*
Gerald L. Maatman, Jr.