

**UNITED STATES DISTRICT COURT**
Northern District of Illinois
219 South Dearborn Street
Chicago, Illinois 60604

**THOMAS G. BRUTON**
CLERK

312-435-5670

Date:

Re:
USDC Case Number:
Judge:

The attached copy of the Notice of Appeal is being mailed to all parties pursuant to F.R.A.P.3(d). Circuit Rule 10 provides that the entire record be electronically accessible to the Court of Appeals. Counsel must ensure that Trial Exhibits to be included in the record which are not listed on the District Court docket and/or in the possession of the District Court Clerk are furnished to the Clerk on or before                              , together with an exhibit list.

F.R.A.P. 10(b) requires that within fourteen (14) days of the filing of the Notice of Appeal, the appellant order a transcript of such parts of the proceedings not already on file which he/she deems necessary for the record. Should appellant order less than the entire transcript, he/she is required to file and serve on appellee a description of the parts he/she intends to order. Under such circumstances, appellee has fourteen (14) days after service within which to order any additional parts of the transcript.

In the event it becomes necessary to supplement, modify, correct, or strike documents that are to be considered as part of the record on appeal, a court order must be issued and sent to the Court of Appeals.

Sincerely yours,
Thomas G. Bruton, Clerk
By: /s/
    Deputy Clerk

Enclosure

Rev. 06/20/2018

APPEAL,KIM,TERMED

# United States District Court
## Northern District of Illinois - CM/ECF NextGen 1.8 (rev. 1.8.3) (Chicago)
## CIVIL DOCKET FOR CASE #: 1:21-cv-04349
## Internal Use Only

Burbige et al v. ATI Physical Therapy, Inc.
Assigned to: Honorable Edmond E. Chang
related Cases: 1:21-cv-06415
              1:22-cv-02466
Cause: 15:78m(a) Securities Exchange Act

Date Filed: 08/16/2021
Date Terminated: 09/24/2024
Jury Demand: Both
Nature of Suit: 850 Securities/Commodities
Jurisdiction: Federal Question

**Plaintiff**

**Kevin Burbige**
*Individually and On Behalf of All Others
Similarly Situated*

represented by **J. Alexander Hood , II**
Pomerantz Llp
600 Third Avenue, Floor 20
New York, NY 10016
(212) 661-1100
Fax: Not a member
Email: ahood@pomlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Louis Carey Ludwig**
Pomerantz LLP
10 S. LaSalle Street
Suite 3505
Chicago, IL 60603
312-377-1181
Fax: Not a member
Email: lcludwig@pomlaw.com
*ATTORNEY TO BE NOTICED*

**Jeremy Alan Lieberman**
Pomerantz LLP
600 Third Avenue
20th Fl
New York, NY 10016
(212) 661-1100
Email: jalieberman@pomlaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Ziyang Nie**
*Individually and On Behalf of All Others
Similarly Situated*

represented by **J. Alexander Hood , II**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Louis Carey Ludwig**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Jeremy Alan Lieberman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **Melbourne Firefighters' Retirement System** | represented by | **Jasmine Cooper-Little** |

Bernstein Litowitz Berger & Grossmann LLP
1251 Avenue of the Americas
New York, NY 10020
(212) 554-1400
Fax: Pro Hac Vice
Email: jasmine.little@blbglaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeremy P. Robinson**
Bernstein Litowitz Berger & Grossmann LLP
1251 Avenue of the Americas
New York, NY 10020
(212) 554-1492
Fax: Pro Hac Vice
Email: Jeremy@blbglaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Austin Patrick Van**
Pomerantz Llp
600 Third Avenue
20th Floor
New York, NY 10016
(212) 661-1100
Fax: Not a member
Email: avan@pomlaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

| | | |
|---|---|---|
| **ATI Physical Therapy, Inc.**<br>*formerly known as*<br>Fortress Value Acquisition Corp. II | represented by | **John Aaron Neuwirth** |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000
Fax: Pro Hac Vice
Email: john.neuwirth@weil.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joshua Sanders Amsel**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
(212) 735-4623
Fax: Pro Hac Vice
Email: joshua.amsel@weil.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joshua Mayer Glasser**
Labaton Keller Sucharow LLP
140 Broadway
New York, NY 10005
212-907-0700
Email: JGlasser@labaton.com
*TERMINATED: 08/10/2023*
*LEAD ATTORNEY*
*PRO HAC VICE*

**Stefania Di Trolio Venezia**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000
Fax: Pro Hac Vice
Email: Stefania.Venezia@weil.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Tanner S. Stanley**
Weil, Gotshal & Manges, LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8546
Fax: Pro Hac Vice
Email: tanner.stanley@weil.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jason M. Rosenthal**
Much Shelist, P.C.
191 North Wacker Drive
Suite 1800
Chicago, IL 60606
(312) 521-2437
Fax: Active
Email: jrosenthal@muchlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Labeed Diab**                          represented by **John Aaron Neuwirth**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joshua Sanders Amsel**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stefania Di Trolio Venezia**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Tanner S. Stanley**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jason M. Rosenthal**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Joseph Jordan**                          represented by **John Aaron Neuwirth**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joshua Sanders Amsel**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stefania Di Trolio Venezia**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Tanner S. Stanley**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jason M. Rosenthal**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Andrew A. McKnight**                    represented by    **Charles F. Smith , Jr.**
Skadden Arps Slate Meagher & Flom, LLP
CH
155 North Wacker Drive
Suite 2700
Chicago, IL 60606-1720
312-407-0700
Email: cfsmith@skadden.com
*ATTORNEY TO BE NOTICED*

**Laura Bernescu**
Skadden, Arps, Slate, Meagher & Flom LLP
320 S. Canal St.
Ste 47th Floor
Chicago, IL 60606-5707
312-407-0700
Fax: 312-407-0711
Email: laura.bernescu@skadden.com
*ATTORNEY TO BE NOTICED*

**Michael M. Powell**
Gish PLLC
41 Madison Avenue
New York, NY 10010
212-735-2000
Email: michael@gishpllc.com
*TERMINATED: 02/17/2023*
*PRO HAC VICE*

**Scott D. Musoff**
Skadden, Arps, Slate, Meagher & Flom LLP
One Manhattan West
New York, NY 10001
(212) 735-3000
Fax: Pro Hac Vice
Email: scott.musoff@skadden.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Joshua A. Pack**                    represented by    **Charles F. Smith , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Laura Bernescu**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael M. Powell**
(See above for address)
*TERMINATED: 02/17/2023*
*PRO HAC VICE*

**Scott D. Musoff**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Marc Furstein**                    represented by    **Charles F. Smith , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Laura Bernescu**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael M. Powell**
(See above for address)
*TERMINATED: 02/17/2023*
*PRO HAC VICE*

**Scott D. Musoff**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Leslee Cowen**                    represented by    **Charles F. Smith , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Laura Bernescu**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael M. Powell**
(See above for address)
*TERMINATED: 02/17/2023*
*PRO HAC VICE*

**Scott D. Musoff**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Aaron F. Hood**                    represented by    **Charles F. Smith , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Laura Bernescu**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael M. Powell**
(See above for address)
*TERMINATED: 02/17/2023*
*PRO HAC VICE*

**Scott D. Musoff**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Carmen A. Policy**                     represented by     **Charles F. Smith , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Laura Bernescu**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael M. Powell**
(See above for address)
*TERMINATED: 02/17/2023*
*PRO HAC VICE*

**Scott D. Musoff**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Rakefet Russak-Aminoach**              represented by     **Charles F. Smith , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Laura Bernescu**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael M. Powell**
(See above for address)
*TERMINATED: 02/17/2023*
*PRO HAC VICE*

**Scott D. Musoff**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Sunil Gulati**                         represented by     **Charles F. Smith , Jr.**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Laura Bernescu**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael M. Powell**
(See above for address)
*TERMINATED: 02/17/2023*
*PRO HAC VICE*

**Scott D. Musoff**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Claimant**

| | | |
|---|---|---|
| **Dakota Holdco, LLC** | represented by | **Gerald L. Maatman , Jr.** |

Duane Morris LLP
190 S. LaSalle Street
Suite 3700
Chicago, IL 60603
312-499-6710
Fax: Active
Email: gmaatman@duanemorris.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Shannon Noelle**
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103-4196
(215) 979-1310
Fax: Pro Hac Vice
Email: snoelle@duanemorris.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jennifer Ann Riley**
Duane Morris LLP
190 S. LaSalle Street
Suite 3700
Chicago, IL 60603
312-499-6711
Fax: 312-279-6767
Email: jariley@duanemorris.com
*ATTORNEY TO BE NOTICED*

**Jeremy Hillel Salinger**
Duane Morris LLP
190 S. LaSalle Street
Ste 3700
Chicago, IL 60603

312-499-6706
Fax: 312-277-0942
Email: jsalinger@duanemorris.com
*ATTORNEY TO BE NOTICED*

**Claimant**

**ROBERT MCKENZIE**                    represented by    **Gerald L. Maatman , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Shannon Noelle**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jennifer Ann Riley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeremy Hillel Salinger**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Claimant**

**Gregory Steil**                    represented by    **Gerald L. Maatman , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Shannon Noelle**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jennifer Ann Riley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeremy Hillel Salinger**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Claimant**

**Gregory F. Steil Descendants Trust**                    represented by    **Gerald L. Maatman , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Shannon Noelle**
(See above for address)
*LEAD ATTORNEY*

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jennifer Ann Riley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeremy Hillel Salinger**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Claimant**

**Willowbrook Holdings Inc.**                 represented by     **Gerald L. Maatman , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Shannon Noelle**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jennifer Ann Riley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeremy Hillel Salinger**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Claimant**

**Dylan Bates**                               represented by     **Gerald L. Maatman , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Shannon Noelle**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jennifer Ann Riley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeremy Hillel Salinger**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Claimant**

**Bates Enterprises, LLC**                    represented by     **Gerald L. Maatman , Jr.**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Shannon Noelle**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jennifer Ann Riley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeremy Hillel Salinger**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Claimant**

**Bates Investment LLC**                  represented by   **Gerald L. Maatman , Jr.**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Shannon Noelle**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *PRO HAC VICE*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Jennifer Ann Riley**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Jeremy Hillel Salinger**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Claimant**

**Brent Mack**                  represented by   **Gerald L. Maatman , Jr.**
                                                 (See above for address)
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

                                                 **Shannon Noelle**
                                                 (See above for address)
                                                 *LEAD ATTORNEY*
                                                 *PRO HAC VICE*
                                                 *ATTORNEY TO BE NOTICED*

                                                 **Jennifer Ann Riley**
                                                 (See above for address)
                                                 *ATTORNEY TO BE NOTICED*

                                                 **Jeremy Hillel Salinger**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Claimant**

**Jason Hafner**                    represented by  **Gerald L. Maatman , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Shannon Noelle**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jennifer Ann Riley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeremy Hillel Salinger**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Claimant**

**Lisa Gutierrez**                  represented by  **Gerald L. Maatman , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Shannon Noelle**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jennifer Ann Riley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeremy Hillel Salinger**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Claimant**

**Christopher Orr**                 represented by  **Gerald L. Maatman , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Shannon Noelle**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jennifer Ann Riley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeremy Hillel Salinger**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Claimant**

**Fortress Acquisition Sponsor II LLC**          represented by **Laura Bernescu**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott D. Musoff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Phillip Goldstein**          represented by **Katrina Carroll**
Lynch Carpenter LLP
111 West Washington Street
Suite 1240
Chicago, IL 60602
(312) 750-1265
Fax: Not a member
Email: katrina@csclassactions.com
*ATTORNEY TO BE NOTICED*

**Movant**

**The Freedom and Justice Foundation**          represented by **Katrina Carroll**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**David Turk**          represented by **Carl V. Malmstrom**
Wolf Haldenstein Adler Freeman & Herz
LLC
111 W. Jackson Blvd.
Suite 1700
Chicago, IL 60604
312-984-0000
Fax: 212-686-0114
Email: malmstrom@whafh.com
*ATTORNEY TO BE NOTICED*

**Movant**

**Brent Gatacre**          represented by **Lori Ann Fanning**
Miller Law LLC
53 W Jackson Boulevard
Suite 1320
Chicago, IL 60604
312-332-3400

Email: LFanning@MillerLawLLC.com
*ATTORNEY TO BE NOTICED*

**Movant**

**The Phoenix Insurance Company Ltd.**        represented by **Austin Patrick Van**
Pomerantz LLP
600 Third Avenue
20th Floor
New York, NY 10016
(212) 661-1100
Fax: Pro Hac Vice
Email: avan@pomlaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Movant**

**The Phoenix Pension & Provident Funds**        represented by **Austin Patrick Van**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Movant**

**New York City District Council of**        represented by **Avi Josefson**
**Carpenters Pension Fund**                Bernstein, Litowitz, Berger & Grossmann
LLP
875 North Michigan Avenue
Suite 3100
Chicago, Il 60611
312-373-3880
Fax: Not a member
Email: avi@blbglaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**Construction Industry Laborers Pension**        represented by **Danielle S. Myers**
**Fund**                Robbins Geller Rudman & Dowd LLP
655 W Broadway
Suite 1900
San Diego, CA 92101
(619) 231-1058
Fax: Not a member
Email: dmyers@rgrdlaw.com
*TERMINATED: 01/02/2024*

**Movant**

**Local 353, I.B.E.W. Pension Fund**        represented by **Danielle S. Myers**
(See above for address)
*TERMINATED: 01/02/2024*

**Movant**

**Local 295 IBT Employer Group Pension Trust and Welfare Funds**

represented by **Danielle S. Myers**
(See above for address)
*TERMINATED: 01/02/2024*

**Movant**

**Hamza Ghaith**

V.

**Intervenor**

**Wendell Robinson**

represented by **Carl V. Malmstrom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Donald J Enright**
Levi & Korsinsky, LLP
1101 Vermont Ave., NW
Washington, DC 20005
(202) 524-4292
Fax: Not a member
Email: denright@zlk.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/16/2021 | 1 | COMPLAINT filed by Ziyang Nie, Kevin Burbige; Jury Demand. Filing fee $ 402, receipt number 0752-18569103. (Attachments: # 1 Certification and Schedule A - Kevin Burbige, # 2 Certification and Schedule A - Ziyang Nie)(Lieberman, Jeremy) (Entered: 08/16/2021) |
| 08/16/2021 | 2 | CIVIL Cover Sheet (Lieberman, Jeremy) (Entered: 08/16/2021) |
| 08/16/2021 | | CASE ASSIGNED to the Honorable Edmond E. Chang. Designated as Magistrate Judge the Honorable Young B. Kim. Case assignment: Random assignment. (crl, ) (Entered: 08/16/2021) |
| 08/17/2021 | | SUMMONS Issued as to Defendants ATI Physical Therapy, Inc. f/k/a Fortress Value Acquisition Corp. II, Leslee Cowen, Labeed Diab, Marc Furstein, Sunil Gulati, Aaron F. Hood, Joseph Jordan, Andrew A. McKnight, Joshua A. Pack, Carmen A. Policy, Rakefet Russak-Aminoach (mxo, ) (Entered: 08/17/2021) |
| 08/17/2021 | 3 | ATTORNEY Appearance for Plaintiffs Kevin Burbige, Ziyang Nie by J. Alexander Hood, II (Hood, J. Alexander) (Entered: 08/17/2021) |
| 08/25/2021 | 4 | MINUTE entry before the Honorable Edmond E. Chang: Initial tracking status hearing set for 10/08/2021 at 8:30 a.m. to track the case only (no appearance is required, the case will not be called). Instead, the Court will set the case schedule after reviewing the written status report. The parties must file a joint initial status report with the content described in the attached status report requirements by 09/29/2021. Plaintiff must still file the report even if Defendant has not responded to requests to craft a joint report. If not all Defendants have been served, then Plaintiff must complete the part of the report on the progress of service. Also, counsel (or the parties, if proceeding pro se) must carefully review Judge Chang's Case Management Procedures, available online at ilnd.uscourts.gov (navigate to |

| | | | |
|---|---|---|---|
| | | | Judges / District Judges / Judge Edmond E. Chang). Because the Procedures are occasionally revised, counsel (or the party, if proceeding pro se) must read them anew even if the counsel or the party has appeared before Judge Chang in other cases. Emailed notice (Attachments: # 1 Status Report Requirements) (mw, ) (Entered: 08/25/2021) |
| 10/07/2021 | | 5 | MINUTE entry before the Honorable Edmond E. Chang: The Plaintiffs did not file a status report, missing the deadline of 09/29/2021. R. 4. The deadline is reset to 10/14/2021. If no report is filed, then the case might be dismissed for lack of prosecution. The tracking status hearing of 10/08/2021 is reset to 10/22/2021 at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called). Emailed notice (mw, ) (Entered: 10/07/2021) |
| 10/07/2021 | | 6 | ATTORNEY Appearance for Defendants Leslee Cowen, Marc Furstein, Sunil Gulati, Aaron F. Hood, Andrew A. McKnight, Joshua A. Pack, Carmen A. Policy, Rakefet Russak-Aminoach by Charles F. Smith, Jr (Smith, Charles) (Entered: 10/07/2021) |
| 10/07/2021 | | 7 | MOTION by Defendants Leslee Cowen, Marc Furstein, Sunil Gulati, Aaron F. Hood, Andrew A. McKnight, Joshua A. Pack, Carmen A. Policy, Rakefet Russak-Aminoach for extension of time to file response/reply *to Plaintiffs' Complaint (Joint)* (Attachments: # 1 Exhibit Joint Stipulation and Proposed Order)(Smith, Charles) (Entered: 10/07/2021) |
| 10/08/2021 | | 8 | ATTORNEY Appearance for Plaintiffs Kevin Burbige, Ziyang Nie by Louis Carey Ludwig (Ludwig, Louis) (Entered: 10/08/2021) |
| 10/08/2021 | | 9 | STATUS Report *(Joint)* by Kevin Burbige, Ziyang Nie (Ludwig, Louis) (Entered: 10/08/2021) |
| 10/15/2021 | | 10 | MOTION by Movants Phillip Goldstein, The Freedom and Justice Foundation to consolidate cases *, for Appointment as Lead Plaintiff and for Approval of Lead Plaintiff's Selection of Lead Counsel* (Carroll, Katrina) (Entered: 10/15/2021) |
| 10/15/2021 | | 11 | MEMORANDUM by Phillip Goldstein, The Freedom and Justice Foundation in support of motion to consolidate cases 10 (Attachments: # 1 Exhibit Morris Declaration, # 2 Exhibit A to Morris Declaration - Notice, # 3 Exhibit B to Morris Declaration - Loss Report, # 4 Exhibit C to Morris Declaration - Goldstein Certification, # 5 Exhibit D to Morris Declaration - Goldstein Declaration, # 6 Exhibit E to Morris Declaration - Block & Leviton Resume, # 7 Exhibit F to Morris Declaration - Morris Kandinov Resume, # 8 Exhibit G to Morris Declaration - Carlson Lynch Resume)(Carroll, Katrina) (Entered: 10/15/2021) |
| 10/15/2021 | | 12 | MOTION by Movant David Turk for Consolidation of Related Actions; Appointment as Lead Plaintiff; and Approval of Lead Plaintiff's Selection of Counsel (Malmstrom, Carl) (Entered: 10/15/2021) |
| 10/15/2021 | | 13 | MEMORANDUM by David Turk in support of motion for miscellaneous relief 12 *(Memorandum of Law in Support of Motion of David Turk for Consolidation of Related Cases; Appointment of Lead Plaintiff; and Approval of Lead Plaintiff's Selection of Counsel)* (Malmstrom, Carl) (Entered: 10/15/2021) |
| 10/15/2021 | | 14 | ATTORNEY Appearance for Movant David Turk by Carl V. Malmstrom (Malmstrom, Carl) (Entered: 10/15/2021) |
| 10/15/2021 | | 15 | DECLARATION of Carl V. Malmstrom regarding motion for miscellaneous relief 12 , memorandum in support of motion, 13 *(Declaration of Carl V. Malmstrom in Support of Motion of David Turk for Consolidation of Related Cases; Appointment* |

| | | |
|---|---|---|
| | | *as Lead Plaintiff; and Approval of Lead Plaintiff's Selection of Counsel)* (Attachments: # 1 Exhibit 1, # 2 2, # 3 3, # 4 4, # 5 5)(Malmstrom, Carl) (Entered: 10/15/2021) |
| 10/15/2021 | 16 | NOTICE by Brent Gatacre *of Filing Motion for (1) Consolidation; (2) Appointment as Lead Plaintiff; and (3) Approval of Lead Counsel and Liaison Counsel* (Fanning, Lori) (Entered: 10/15/2021) |
| 10/15/2021 | 17 | MOTION by Movant Brent Gatacre to consolidate cases *; Appointment as Lead Plaintiff; and Approval of Lead Counsel and Liaison Counsel* (Attachments: # 1 Text of Proposed Order)(Fanning, Lori) (Entered: 10/15/2021) |
| 10/15/2021 | 18 | MEMORANDUM by Brent Gatacre in support of motion to consolidate cases 17 (Fanning, Lori) (Entered: 10/15/2021) |
| 10/15/2021 | 19 | DECLARATION of Lori A. Fanning regarding motion to consolidate cases 17 (Attachments: # 1 Exhibit A - First Notice of Pendency of a Class Action, # 2 Exhibit B - Gatacre's PSLRA Certification, # 3 Exhibit C - Firm Resume of Faruqi & Faruqi, LLP, # 4 Exhibit D - Women's Business Enterprise National Council Certificate, # 5 Exhibit E - Firm Resume of Miller Law LLC)(Fanning, Lori) (Entered: 10/15/2021) |
| 10/15/2021 | 20 | NOTICE by Brent Gatacre *of Filing Motion for Briefing Schedule Regarding Competing Motions for: (1) Consolidation; (2) Appointment as Lead Plaintiff; and (3) Approval of Lead Counsel and Liaison Counsel* (Fanning, Lori) (Entered: 10/15/2021) |
| 10/15/2021 | 21 | MOTION by Movant Brent Gatacre to set a briefing schedule *regarding competing motions for: (1) Consolidation; (2) Appointment as Lead Plaintiff; and (3) Approval of Lead Counsel and Liaison Counsel* (Attachments: # 1 Text of Proposed Order)(Fanning, Lori) (Entered: 10/15/2021) |
| 10/15/2021 | 22 | MOTION by Movants The Phoenix Insurance Company Ltd., The Phoenix Pension & Provident Funds to consolidate cases , MOTION by Movants The Phoenix Insurance Company Ltd., The Phoenix Pension & Provident Funds FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL (Lieberman, Jeremy) (Entered: 10/15/2021) |
| 10/15/2021 | 23 | MEMORANDUM by The Phoenix Insurance Company Ltd., The Phoenix Pension & Provident Funds in support of motion to consolidate cases,, motion for miscellaneous relief, 22 (Lieberman, Jeremy) (Entered: 10/15/2021) |
| 10/15/2021 | 24 | MOTION by Movant New York City District Council of Carpenters Pension Fund for Appointment as Lead Plaintiff, Approval of Its Selection of Lead Counsel, and Consolidation of Related Actions (Attachments: # 1 Text of Proposed Order) (Josefson, Avi) (Entered: 10/15/2021) |
| 10/15/2021 | 25 | DECLARATION of Jeremy A. Lieberman regarding motion to consolidate cases,, motion for miscellaneous relief, 22 (Attachments: # 1 Exhibit A - Loss Chart, # 2 Exhibit B - Press Release, # 3 Exhibit C - Certification, # 4 Declaration D - Joint Declaration, # 5 Exhibit E - Firm Resume)(Lieberman, Jeremy) (Entered: 10/15/2021) |
| 10/15/2021 | 26 | MEMORANDUM by New York City District Council of Carpenters Pension Fund in support of motion for miscellaneous relief, 24 (Josefson, Avi) (Entered: 10/15/2021) |
| 10/15/2021 | 27 | ATTORNEY Appearance for Movants Construction Industry Laborers Pension Fund, Local 353, I.B.E.W. Pension Fund, Local 295 IBT Employer Group Pension |

| | | | |
|---|---|---|---|
| | | | Trust and Welfare Funds by Danielle S. Myers (Myers, Danielle) (Entered: 10/15/2021) |
| 10/15/2021 | | 28 | MOTION by Movants Construction Industry Laborers Pension Fund, Local 295 IBT Employer Group Pension Trust and Welfare Funds, Local 353, I.B.E.W. Pension Fund for Appointment as Lead Plaintiff and for Approval of Lead Plaintiff's Selection of Lead Counsel (Attachments: # 1 Exhibit A - PSLRA Notice, # 2 Exhibit B - Certifications, # 3 Exhibit C - Estimate of losses, # 4 Exhibit D-Joint Declaration, # 5 Text of Proposed Order)(Myers, Danielle) (Entered: 10/15/2021) |
| 10/15/2021 | | 29 | MEMORANDUM by Construction Industry Laborers Pension Fund, Local 295 IBT Employer Group Pension Trust and Welfare Funds, Local 353, I.B.E.W. Pension Fund in support of motion for miscellaneous relief, 28 (Myers, Danielle) (Entered: 10/15/2021) |
| 10/15/2021 | | 30 | DECLARATION of Avi Josefson regarding motion for miscellaneous relief, 24 (Attachments: # 1 Exhibit A - Certification, # 2 Exhibit B - Loss Chart, # 3 Exhibit C - Notice of Burbige Action, # 4 Exhibit D - Notice of City of Melbourne Action, # 5 Exhibit E - Bernstein Litowitz Resume, # 6 Exhibit F - Symantec Order, # 7 Exhibit G - Exxon Order, # 8 Exhibit H - James River Order)(Josefson, Avi) (Entered: 10/15/2021) |
| 10/15/2021 | | 31 | ATTORNEY Appearance for Movant New York City District Council of Carpenters Pension Fund by Avi Josefson (Josefson, Avi) (Entered: 10/15/2021) |
| 10/20/2021 | | 32 | MINUTE entry before the Honorable Edmond E. Chang: This entry is being posted in both Case No. 1:21-cv-04349 (Burbige) and Case No. 1:21-cv-05345 (Melbourne). Future filings should be posted only on the Burbige docket, unless solely specific to the Melbourne case. In Burbige, the defense's unopposed motion 7 to suspend the answer deadline is granted, given the pending decision on a lead plaintiff and the associated possibility of an amended complaint. The 60-day period for filing competing motions for appointment as lead plaintiff under the PSLRA, 15 U.S.C. 78u-4(a)(3), ended on 10/15/2021 (based on the 08/16/2021 notice date). On the competing motions 10 12 17 22 24 28 for appointment, any cross-responses shall be filed on 10/29/2021. Any cross-replies are due on 11/05/2021. To track the case only (no appearance is required, the case will not be called), a tracking status hearing is set for 11/19/2021 at 8:30 a.m. on both of the dockets. R. 21 is terminated as unnecessary given the setting of the schedule. In 1:21-cv-05345, R. 5 and R. 9 are terminated without prejudice in light of R. 17 on the Burbige docket and the setting of the schedule. Emailed notice (mw, ) (Entered: 10/20/2021) |
| 10/26/2021 | | 33 | NOTICE by Phillip Goldstein, The Freedom and Justice Foundation *Notice of Non-Opposition* (Carroll, Katrina) (Entered: 10/26/2021) |
| 10/29/2021 | | 34 | Notice by David Turk *of Non-Opposition to the Competing Motions for 1) Consolidation of Related Actions; 2) Appointment as Lead Plaintiff; and 3) Approval of Lead Plaintiff's Selection of Counsel* (Malmstrom, Carl) (Entered: 10/29/2021) |
| 10/29/2021 | | 35 | RESPONSE by Construction Industry Laborers Pension Fund, Local 295 IBT Employer Group Pension Trust and Welfare Funds, Local 353, I.B.E.W. Pension Fund to MOTION by Movant New York City District Council of Carpenters Pension Fund for Appointment as Lead Plaintiff, Approval of Its Selection of Lead Counsel, and Consolidation of Related Actions 24 , MOTION by Movant David Turk for Consolidation of Related Actions; Appointment as Lead Plaintiff; and |

| | | |
|---|---|---|
| | | Approval of Lead Plaintiff's Selection of Counsel 12 , MOTION by Movant Brent Gatacre to consolidate cases *; Appointment as Lead Plaintiff; and Approval of Lead Counsel and Liaison Counsel* 17 , MOTION by Movants Phillip Goldstein, The Freedom and Justice Foundation to consolidate cases *, for Appointment as Lead Plaintiff and for Approval of Lead Plaintiff's Selection of Lead Counsel* 10 , MOTION by Movants The Phoenix Insurance Company Ltd., The Phoenix Pension & Provident Funds to consolidate cases MOTION by Movants The Phoenix Insurance Company Ltd., The Phoenix Pension & Provident Funds FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL 22 (Myers, Danielle) (Entered: 10/29/2021) |
| 10/29/2021 | 36 | Notice of Non-Opposition by New York City District Council of Carpenters Pension Fund (Josefson, Avi) (Entered: 10/29/2021) |
| 10/29/2021 | 37 | MEMORANDUM motion to consolidate cases 17 , motion to consolidate cases,, motion for miscellaneous relief, 22 by The Phoenix Insurance Company Ltd., The Phoenix Pension & Provident Funds *Memorandum of Law: (1) in Further Support of Motion of the Phoenix Insurance Company Ltd. and the Phoenix Pension & Provident Funds for Consolidation, Appointment as Lead Plaintiffs, and Approval of Lead Counsel; and (2) in Opposition to Competing Motion* (Lieberman, Jeremy) (Entered: 10/29/2021) |
| 10/29/2021 | 38 | NOTICE by Brent Gatacre *of Non-Opposition to Competing Lead Plaintiff Motions* (Fanning, Lori) (Entered: 10/29/2021) |
| 11/08/2021 | 39 | Notice of Non-Opposition to Motion of The Phoenix Insurance Company Ltd. and The Phoenix Pension & Provident Funds for Consolidation, Appointment as Lead Plaintiffs, and Approval of Lead Counsel by The Phoenix Insurance Company Ltd., The Phoenix Pension & Provident Funds (Lieberman, Jeremy) (Entered: 11/08/2021) |
| 11/18/2021 | 40 | MINUTE entry before the Honorable Edmond E. Chang: This entry is being posted in both Case No. 1:21-cv-04349 (Burbige) and Case No. 1:21-cv-05345 (Melbourne). The motion 22 of Movant Phoenix Insurance Company Ltd. and The Phoenix Pension & Provident Funds to consolidate the cases is granted in light of the overlap of the factual and legal issues presented by the two cases. Also, Phoenix Insurance and Phoenix Pension are together deemed the Lead Plaintiffs given their financial interest, which exceeds that of any other proposed lead plaintiff. 15 U.S.C. 78u-4(a)(3)(B)(iii). Phoenix Insurance and Phoenix Pension also otherwise satisfy the requirements of Civil Rule 23 as applicable at this point. Their choice of experienced lead counsel, Pomerantz LLP, is also approved. Accordingly, 1:21-cv-05345 is consolidated into 1:21-cv-04349; Phoenix Insurance and Phoenix Pension are deemed the Lead Plaintiffs; and Pomerantz LLP is deemed the Lead Counsel. All of the prior competing motions are denied. The Lead Plaintiffs shall confer with the Defendants and file the joint initial status report by 12/06/2021. The report shall propose a deadline for the filing of a Consolidated Amended Complaint and a response schedule. All filings shall be posted only on the Burbige docket (1:21-cv-04349), and the Melbourne case docket is terminated without prejudice to the claims in that case (which will be superseded by the Consolidated Amended Complaint). The tracking status hearing of 11/19/2021 is reset to 12/10/2021 at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called). Instead, the Court will review the status report and set the schedule. Emailed notice (mw, ) (Entered: 11/18/2021) |
| 11/30/2021 | 41 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752-18918824. (Van, Austin) (Entered: 11/30/2021) |

| 12/01/2021 | 42 | MINUTE entry before the Honorable Edmond E. Chang: Austin Van's motion to appear pro hac vice for for The Phoenix Insurance Company Ltd. and The Phoenix Pension & Provident Funds 41 is granted. Emailed notice (mw, ) (Entered: 12/01/2021) |
|---|---|---|
| 12/06/2021 | 43 | STATUS Report *Joint Initial Status Report* by The Phoenix Insurance Company Ltd., The Phoenix Pension & Provident Funds (Van, Austin) (Entered: 12/06/2021) |
| 12/09/2021 | 44 | MINUTE entry before the Honorable Edmond E. Chang: On review of the status report, R. 43, the operative pleading (whether a consolidated amended complaint or designation of an existing complaint) is due from the Lead Plaintiffs on 02/08/2022. The defense's dismissal motion or other response is due on 04/11/2022. The Lead Plaintiffs' response to the anticipated dismissal motion is due on 06/10/2022. The defense reply is due on 07/25/2022. The tracking status hearing of 12/10/2021 is reset to 02/18/2022 at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called). Emailed notice (mw, ) (Entered: 12/09/2021) |
| 12/14/2021 | 45 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752-18968582. (Powell, Michael) (Entered: 12/14/2021) |
| 12/14/2021 | 46 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752-18968757. (Musoff, Scott) (Entered: 12/14/2021) |
| 12/15/2021 | 47 | MINUTE entry before the Honorable Edmond E. Chang: Michael Powell's and Scott Musoff's motions to appear pro hac vice for Defendants McKnight, Pack, Furstein, Cowen, Hood, Policy, Russak-Aminoach, and Gulati 45 , 46 are granted. Emailed notice (mw, ) (Entered: 12/15/2021) |
| 12/15/2021 | 48 | ATTORNEY Appearance for Defendants Leslee Cowen, Marc Furstein, Sunil Gulati, Aaron F. Hood, Andrew A. McKnight, Joshua A. Pack, Carmen A. Policy, Rakefet Russak-Aminoach by Scott D. Musoff (Musoff, Scott) (Entered: 12/15/2021) |
| 12/15/2021 | 49 | ATTORNEY Appearance for Defendants Leslee Cowen, Marc Furstein, Sunil Gulati, Aaron F. Hood, Andrew A. McKnight, Joshua A. Pack, Carmen A. Policy, Rakefet Russak-Aminoach by Michael M. Powell (Powell, Michael) (Entered: 12/15/2021) |
| 02/01/2022 | 50 | MOTION by Movant Hamza Ghaith to reassign case *Pursuant to Local Rule 40.4 (Joint)* (Attachments: # 1 Exhibit A)(Malmstrom, Carl) (Entered: 02/01/2022) |
| 02/03/2022 | 51 | MEMORANDUM by The Phoenix Insurance Company Ltd., The Phoenix Pension & Provident Funds in Opposition to motion to reassign case 50 (Van, Austin) (Entered: 02/03/2022) |
| 02/04/2022 | 52 | MINUTE entry before the Honorable Edmond E. Chang: On the reassignment motion of the parties in Ghaith v. Diab, et al., 1:21-cv-06415, the Lead Plaintiffs filed its response in opposition. The Ghaith parties may file a reply by 02/09/2022. The tracking status hearing of 02/18/2022 remains in place. Emailed notice (mw, ) (Entered: 02/04/2022) |
| 02/04/2022 | 53 | ATTORNEY Appearance for Defendants ATI Physical Therapy, Inc., Labeed Diab, Joseph Jordan by Jason M. Rosenthal (Rosenthal, Jason) (Entered: 02/04/2022) |
| 02/07/2022 | 54 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752-19128464. (Neuwirth, John) (Entered: 02/07/2022) |

| 02/07/2022 | 55 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752-19128564. (Venezia, Stefania) (Entered: 02/07/2022) |
|---|---|---|
| 02/07/2022 | 56 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752-19128631. (Amsel, Joshua) (Entered: 02/07/2022) |
| 02/08/2022 | 57 | MINUTE entry before the Honorable Edmond E. Chang: John Neuwirth's, Stefania Venezia's, and Joshua Amsel's motions for leave to appear pro hac vice for Defendants ATI Physical Therapy, Inc., Labeed Diab, and Joseph Jordan 54 , 55 , 56 are granted. Emailed notice (mw, ) (Entered: 02/08/2022) |
| 02/08/2022 | 58 | *Consolidated* AMENDED complaint by The Phoenix Pension & Provident Funds, The Phoenix Insurance Company Ltd., Melbourne Firefighters' Retirement System against ATI Physical Therapy, Inc., Leslee Cowen, Labeed Diab, Marc Furstein, Sunil Gulati, Aaron F. Hood, Joseph Jordan, Andrew A. McKnight, Joshua A. Pack, Carmen A. Policy, Rakefet Russak-Aminoach (Attachments: # 1 Exhibit A - Certification)(Van, Austin) (Entered: 02/08/2022) |
| 02/09/2022 | 59 | REPLY by Hamza Ghaith to memorandum in opposition to motion 51 *(Joint Reply in Support of Motion to Reassign Case Pursuant to L.R. 40.4)* (Malmstrom, Carl) (Entered: 02/09/2022) |
| 02/10/2022 | 60 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752-19142265. (Robinson, Jeremy) (Entered: 02/10/2022) |
| 02/11/2022 | 61 | MINUTE entry before the Honorable Edmond E. Chang: Jeremy P. Robinson's motion to appear pro hac vice for Plaintiff Melborne Firefighters' Retirement System 60 is granted. Emailed notice (mw, ) (Entered: 02/11/2022) |
| 02/17/2022 | 62 | MINUTE entry before the Honorable Edmond E. Chang: On the Local Rule 40.4 reassignment motion 50 , the tracking status hearing of 02/18/2022 is reset to 03/04/2022 at 8:30 a.m., but to track this motion only (no appearance is required, the case will not be called). The Court will endeavor to decide the motion before the next tracking status hearing. Emailed notice (mw, ) (Entered: 02/17/2022) |
| 03/03/2022 | 63 | MINUTE entry before the Honorable Edmond E. Chang: The Court has the Local Rule 40.4 reassignment motion 50 under consideration. The tracking status hearing of 03/04/2022 is reset to 03/18/2022 at 8:30 a.m., but to track this motion only (no appearance is required, the case will not be called). Emailed notice (mw, ) (Entered: 03/03/2022) |
| 03/17/2022 | 64 | MINUTE entry before the Honorable Edmond E. Chang: The Local Rule 40.4 reassignment motion 50 remains under consideration. The tracking status hearing of 03/14/2022 is reset to 04/01/2022 at 8:30 a.m., but to track this motion only (no appearance is required, the case will not be called). Emailed notice (mw, ) (Entered: 03/17/2022) |
| 03/31/2022 | 65 | MINUTE entry before the Honorable Edmond E. Chang: The Court is still considering the Local Rule 40.4 reassignment motion 50 , and thanks the parties for their patience. The tracking status hearing of 04/01/2022 is reset to 04/15/2022 at 8:30 a.m., but to track this motion only (no appearance is required, the case will not be called). Emailed notice (mw, ) (Entered: 03/31/2022) |
| 04/04/2022 | 66 | MOTION by Defendants ATI Physical Therapy, Inc., Labeed Diab, Joseph Jordan for leave to file excess pages *UNOPPOSED MOTION FOR LEAVE TO FILE OVERSIZE BRIEF IN SUPPORT OF THE ATI DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT* (Rosenthal, Jason) (Entered: 04/04/2022) |

| 04/07/2022 | 67 | MINUTE entry before the Honorable Edmond E. Chang: Defendants ATI Physical Therapy, Inc, Labeed Diab, and Joseph Jordan's unopposed motion for leave to brief in support of their motion to dismiss in excess of 15 pages but no more than 30 pages and for Plaintiffs' to be given leave to file their opposition brief in excess of 15 pages but not more than 30 pages 66 is granted. Emailed notice (mw, ) (Entered: 04/07/2022) |
|---|---|---|
| 04/11/2022 | 68 | MOTION by Defendants ATI Physical Therapy, Inc., Labeed Diab, Joseph Jordan to dismiss *THE ATI DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT* (Rosenthal, Jason) (Entered: 04/11/2022) |
| 04/11/2022 | 69 | MEMORANDUM by ATI Physical Therapy, Inc., Labeed Diab, Joseph Jordan in support of motion to dismiss 68 *MEMORANDUM OF LAW IN SUPPORT OF THE ATI DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT* (Rosenthal, Jason) (Entered: 04/11/2022) |
| 04/11/2022 | 70 | DECLARATION of STEFANIA D. VENEZIA regarding motion to dismiss 68 *DECLARATION OF STEFANIA D. VENEZIA IN SUPPORT OF THE ATI DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Rosenthal, Jason) (Entered: 04/11/2022) |
| 04/11/2022 | 71 | MOTION by Defendants Carmen A. Policy, Joshua A. Pack, Sunil Gulati, Andrew A. McKnight, Leslee Cowen, Rakefet Russak-Aminoach, Marc Furstein, Aaron F. Hood to dismiss *the Amended Complaint* (Smith, Charles) (Entered: 04/11/2022) |
| 04/11/2022 | 72 | MEMORANDUM by Leslee Cowen, Marc Furstein, Sunil Gulati, Aaron F. Hood, Andrew A. McKnight, Joshua A. Pack, Carmen A. Policy, Rakefet Russak-Aminoach in support of motion to dismiss 71 (Smith, Charles) (Entered: 04/11/2022) |
| 04/11/2022 | 73 | DECLARATION of Charles F. Smith regarding memorandum in support of motion 72 , motion to dismiss 71 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10)(Smith, Charles) (Entered: 04/11/2022) |
| 04/14/2022 | 74 | MINUTE entry before the Honorable Edmond E. Chang: The Local Rule 40.4 reassignment motion 50 remains under advisement, so the tracking status hearing of 04/15/2022 is reset to 05/06/2022 at 8:30 a.m., but to track this motion only (no appearance is required, the case will not be called). Emailed notice (mw, ) (Entered: 04/14/2022) |
| 05/05/2022 | 75 | MINUTE entry before the Honorable Edmond E. Chang: The Local Rule 40.4 reassignment motion 50 remains under advisement. The tracking status hearing of 05/06/2022 is reset to 05/27/2022 at 8:30 a.m., but to track this motion only (no appearance is required, the case will not be called). Emailed notice (mw, ) (Entered: 05/05/2022) |
| 05/26/2022 | 76 | MINUTE entry before the Honorable Edmond E. Chang: With the dismissal-motion briefing schedule in progress, and the reassignment motion under consideration (the Court is actively reviewing it), the tracking status hearing of 05/27/2022 is reset to 06/17/2022 at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called). Emailed notice (mw, ) (Entered: 05/26/2022) |

| 06/07/2022 | 77 | MOTION by Plaintiff Melbourne Firefighters' Retirement System, Movants The Phoenix Insurance Company Ltd., The Phoenix Pension & Provident Funds - Unopposed Motion for Leave to File Omnibus Brief in Support of Plaintiffs' Opposition to Defendants' Motions to Dismiss the Consolidated Amended Class Action Complaint (Van, Austin) (Entered: 06/07/2022) |
|---|---|---|
| 06/10/2022 | 78 | MEMORANDUM by Melbourne Firefighters' Retirement System, The Phoenix Insurance Company Ltd., The Phoenix Pension & Provident Funds in Opposition to motion to dismiss 68 , motion to dismiss 71 *Omnibus Opposition to the ATI Defendants' and Mr. McKnight's and the FVAC Defendants' Motions to Dismiss the Consolidated Amended Class Action Complaint* (Van, Austin) (Entered: 06/10/2022) |
| 06/16/2022 | 79 | MINUTE entry before the Honorable Edmond E. Chang: The Plaintiffs' motion 77 to use 45 pages in the omnibus response brief is granted. The reassignment motion remains under consideration. The tracking status hearing of 06/17/2022 is reset to 07/01/2022 at 08:30 a.m., but to track the case only (no appearance is required, the case will not be called).Emailed notice (Chang, Edmond) (Entered: 06/16/2022) |
| 06/30/2022 | 80 | ORDER signed by the Honorable Edmond E. Chang. For the reasons stated in the Order, the motion to reassign Ghaith v. Diab et al., No. 1:21-cv-06415, to the calendar of Judge Chang is granted. The reassignment will be processed with the Executive Committee. The tracking status hearing of 07/01/2022 is reset to 09/09/2022 at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called). Mailed notice (lma, ) (Entered: 06/30/2022) |
| 07/25/2022 | 81 | REPLY by Defendant ATI Physical Therapy, Inc. to motion to dismiss 68 *MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE ATI DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT* (Rosenthal, Jason) (Entered: 07/25/2022) |
| 07/25/2022 | 82 | REPLY by Defendants Leslee Cowen, Marc Furstein, Sunil Gulati, Aaron F. Hood, Andrew A. McKnight, Joshua A. Pack, Carmen A. Policy, Rakefet Russak-Aminoach to motion to dismiss 71 *Memorandum of Law in Support of Defendants' Motion to Dismiss the Amended Consolidated Complaint* (Smith, Charles) (Entered: 07/25/2022) |
| 08/12/2022 | 83 | MINUTE entry before the Honorable Edmond E. Chang: To coincide the tracking status hearing in this case with the related derivative action, 21-cv-6415, the tracking status hearing of 09/09/2022 is reset to 10/21/2022 at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called). Emailed notice (mw, ) (Entered: 08/12/2022) |
| 10/19/2022 | 84 | MINUTE entry before the Honorable Edmond E. Chang: The motion to dismiss 68 is under advisement. The tracking status hearing of 10/21/2022 is reset to 12/09/2022 at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called). Emailed notice (mw, ) (Entered: 10/19/2022) |
| 12/08/2022 | 85 | MINUTE entry before the Honorable Edmond E. Chang: The motion to dismiss 68 remains under advisement. The tracking status hearing of 12/09/2022 is reset to 02/24/2023 at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called). Emailed notice (mw, ) (Entered: 12/08/2022) |
| 12/29/2022 | 86 | ANNUAL REMINDER: Pursuant to Local Rule 3.2 (Notification of Affiliates), any nongovernmental party, other than an individual or sole proprietorship, must file a statement identifying all its affiliates known to the party after diligent review or, if the party has identified no affiliates, then a statement reflecting that fact must |

| | | |
|---|---|---|
| | | be filed. An affiliate is defined as follows: any entity or individual owning, directly or indirectly (through ownership of one or more other entities), 5% or more of a party. The statement is to be electronically filed as a PDF in conjunction with entering the affiliates in CM/ECF as prompted. As a reminder to counsel, parties must supplement their statements of affiliates within thirty (30) days of any change in the information previously reported. This minute order is being issued to all counsel of record to remind counsel of their obligation to provide updated information as to additional affiliates if such updating is necessary. If counsel has any questions regarding this process, this LINK will provide additional information. Signed by the Executive Committee on 12/29/2022: Mailed notice. (tg, ) (Entered: 12/29/2022) |
| 01/20/2023 | 87 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by ATI Physical Therapy, Inc. *NOTICE OF AFFILIATES AND CORPORATE DISCLOSURE STATEMENT OF DEFENDANT ATI PHYSICAL THERAPY, INC.* (Rosenthal, Jason) (Entered: 01/20/2023) |
| 01/20/2023 | 88 | ATTORNEY Appearance for Defendants ATI Physical Therapy, Inc., Labeed Diab, Joseph Jordan by John Aaron Neuwirth (Neuwirth, John) (Entered: 01/20/2023) |
| 01/20/2023 | 89 | ATTORNEY Appearance for Defendants ATI Physical Therapy, Inc., Labeed Diab, Joseph Jordan by Joshua Sanders Amsel (Amsel, Joshua) (Entered: 01/20/2023) |
| 01/20/2023 | 90 | ATTORNEY Appearance for Defendants ATI Physical Therapy, Inc., Labeed Diab, Joseph Jordan by Stefania Di Trolio Venezia (Venezia, Stefania) (Entered: 01/20/2023) |
| 01/20/2023 | 91 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-20261204. (Glasser, Joshua) (Entered: 01/20/2023) |
| 01/23/2023 | 92 | MINUTE entry before the Honorable Edmond E. Chang: Joshua Mayer Glasse's motion for leave to appear pro hac vice for ATI Physical Therapy, Inc., Labeed Diab, and Joseph Jordan 91 is granted. ; Attorney r for ATI Physical Therapy, Inc. added. Emailed notice (mw, ) (Entered: 01/23/2023) |
| 02/09/2023 | 93 | MOTION by Attorney Michael M. Powell to withdraw as attorney for Leslee Cowen, Marc Furstein, Sunil Gulati, Aaron F. Hood, Andrew A. McKnight, Joshua A. Pack, Carmen A. Policy, Rakefet Russak-Aminoach. No party information provided (Powell, Michael) (Entered: 02/09/2023) |
| 02/17/2023 | 94 | MINUTE entry before the Honorable Edmond E. Chang: Defendants Andrew A. McKnight, Joshua A. Pack, Marc Furstein, Leslee Cowen, Aaron F. Hood, Carmen A. Policy, Rakefet Russak-Aminoach, and Sunil Gulati's motion for leave to withdraw appearance of Michael M. Powell 93 is granted. Mailed notice (cn). (Entered: 02/17/2023) |
| 02/17/2023 | 95 | MINUTE entry before the Honorable Edmond E. Chang: The motion to dismiss 68 remains under advisement, so the tracking status hearing of 02/24/2023 is reset to 04/07/2023 at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called). Mailed notice (cn). (Entered: 02/17/2023) |
| 04/06/2023 | 96 | MINUTE entry before the Honorable Edmond E. Chang: The motion to dismiss 68 is still under consideration. The tracking status hearing of 04/07/2023 is reset to 05/05/2023 at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called). Emailed notice (mw, ) (Entered: 04/06/2023) |
| 05/04/2023 | 97 | MINUTE entry before the Honorable Edmond E. Chang: The motion to dismiss 68 remains under consideration, so the tracking status hearing of 05/05/2023 is reset |

| | | |
|---|---|---|
| | | to 06/12/2023 at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called). Emailed notice (mw, ) (Entered: 05/04/2023) |
| 06/07/2023 | 98 | MINUTE entry before the Honorable Edmond E. Chang: The motion to dismiss 68 remains under advisement. The tracking status hearing of 06/12/2023 is reset to 07/07/2023 at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called). Emailed notice (mw, ) (Entered: 06/07/2023) |
| 07/06/2023 | 99 | MINUTE entry before the Honorable Edmond E. Chang: The motion to dismiss 68 remains under advisement, so the tracking status hearing of 07/07/2023 is reset to 08/11/2023 at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called). Mailed notice. (kp, ) (Entered: 07/06/2023) |
| 08/08/2023 | 100 | MOTION by Attorney Joshua M. Glasser to withdraw as attorney for ATI Physical Therapy, Inc., Labeed Diab, Joseph Jordan. No party information provided<br><br>(Rosenthal, Jason) (Entered: 08/08/2023) |
| 08/08/2023 | 101 | NOTICE of Motion by Jason M. Rosenthal for presentment of motion to withdraw as attorney 100 before Honorable Edmond E. Chang on 8/15/2023 at 08:30 AM. (Rosenthal, Jason) (Entered: 08/08/2023) |
| 08/10/2023 | 102 | MINUTE entry before the Honorable Edmond E. Chang: Joshua Mayer Glasser's motion to withdraw as attorney for Defendants ATI Physical Therapy, Inc. f/k/a Fortress Value Acquisition Corp. II, LabeedDiab, and Joseph Jordan 100 is granted. Emailed notice (mw, ) (Entered: 08/10/2023) |
| 08/10/2023 | 103 | MINUTE entry before the Honorable Edmond E. Chang: The motion to dismiss 68 remains under advisement. The tracking status hearing of 08/11/2023 is reset to 09/15/2023 at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called). Emailed notice (mw, ) (Entered: 08/10/2023) |
| 09/06/2023 | 104 | MEMORANDUM Opinion and Order signed by the Honorable Edmond E. Chang. For the reasons stated in the Opinion, The Defendants' motions 68 , 71 to dismiss are granted in part and denied in part. Specifically, for Count 1, the Section 10(b) claims against ATI, Diab, and Jordan survive, but the same claim against McKnight is dismissed. Similarly, for related Count 2, the Section 20(a) claims against Diab and Jordan survive, but the claim against McKnight is dismissed. For Count 3, the Section 14(a) claims against all Defendants survive. For Count 4, the Section 20(a) claims against Diab and Jordan survive, but are dismissed as to all other Defendants. The parties shall confer and file a status report, on or before 09/20/2023, proposing an answer deadline and a discovery schedule. The tracking status hearing of 09/15/2023 is reset to 09/29/2023 at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called). Emailed notice (mw, ) (Entered: 09/06/2023) |
| 09/20/2023 | 105 | STATUS Report *(Joint)* by ATI Physical Therapy, Inc., Labeed Diab, Joseph Jordan<br><br>(Rosenthal, Jason) (Entered: 09/20/2023) |
| 09/26/2023 | 106 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-21150155.<br><br>(Cooper-Little, Jasmine) (Entered: 09/26/2023) |
| 09/27/2023 | 107 | MINUTE entry before the Honorable Edmond E. Chang: On review of the status report, R. 105, discovery shall proceed on the merits of the individual Plaintiffs' |

| | | |
|---|---|---|
| | | claims and the propriety of class certification. Rule 26(a)(1) disclosures are due on 10/12/2023. The answers to the complaint shall be filed on 10/19/2023. Rule 16(b) deadline to add parties or to amend pleading is 04/12/2024. The parties shall conduct any initial mediation by 05/03/2024. With regard to the filing of the class-certification motion, the schedule shall be set later but the motion shall not be filed and briefing shall **not** commence until **all** discovery needed to fully brief the certification motion is complete, including expert discovery relevant to the certification motion. There will be no interspersed certification discovery in the midst of briefing certification. Discovery supervision is referred to the magistrate judge (including the authority to adjust all discovery deadlines). No summary judgment motion may be filed before the close of merits discovery without prior leave of Court. The tracking status hearing of 09/29/2023 is reset to 12/15/2023 at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called). Mailed notice (lp, ) (Entered: 09/27/2023) |
| 09/27/2023 | 108 | Pursuant to Local Rule 72.1, this case is hereby referred to the calendar of Honorable Young B. Kim for the purpose of holding proceedings related to: discovery supervision.(lp, )Mailed notice. (Entered: 09/27/2023) |
| 09/29/2023 | 109 | MINUTE entry before the Honorable Young B. Kim: A status hearing is scheduled for October 6, 2023, at 1:00 p.m. in courtroom 1019. The purpose of the hearing is to discuss discovery. Mailed notice (ec) (Entered: 09/29/2023) |
| 09/29/2023 | 110 | MINUTE entry before the Honorable Edmond E. Chang: Jasmine Cooper-Little's motion to appear pro hac vice for Melbourne Firefighters' Retirement System 106 is granted. Emailed notice (mw, ) (Entered: 09/29/2023) |
| 10/02/2023 | 111 | MOTION by Defendants ATI Physical Therapy, Inc., Labeed Diab, Joseph Jordan Agreed Motion to Adjourn Status Hearing and Enter Discovery Scheduling Order<br><br>Presented before Magistrate Judge<br><br>(Rosenthal, Jason) (Entered: 10/02/2023) |
| 10/02/2023 | 112 | NOTICE of Motion by Jason M. Rosenthal for presentment of motion for miscellaneous relief 111 before Honorable Edmond E. Chang on 10/5/2023 at 11:00 AM. (Rosenthal, Jason) (Entered: 10/02/2023) |
| 10/03/2023 | 113 | MINUTE entry before the Honorable Young B. Kim: Parties' agreed motion to adjourn status hearing 111 is denied. Appearance on October 5, 2023, is not required to present this motion. Parties may discuss the discovery schedule they propose in the motion and explain the need for this extended schedule during the status hearing. Mailed notice (ec) (Entered: 10/03/2023) |
| 10/06/2023 | 114 | MINUTE entry before the Honorable Young B. Kim: Status hearing held and continued to November 17, 2023, at 10:00 a.m. (CST) by phone. The conference call number for the status hearing is (877) 336-1839 and the passcode is 4333213. Based on discussion held today, Defendants are to respond to Plaintiffs' requests to produce documents and serve their own requests to produce by October 20, 2023. Plaintiffs then have until November 17, 2023, to respond to Defendants' document requests. At the next status hearing, the parties will be expected to update the court on their discussions about Defendants' responses to Plaintiffs' document requests, stipulations on search protocols, and any disputes the court needs to address. Emailed notice (yt) (Entered: 10/06/2023) |
| 10/09/2023 | 115 | ATTORNEY Appearance for Defendants Leslee Cowen, Marc Furstein, Sunil Gulati, Aaron F. Hood, Andrew A. McKnight, Joshua A. Pack, Carmen A. Policy, |

| | | | |
|---|---|---|---|
| | | | Rakefet Russak-Aminoach by Laura Bernescu (Bernescu, Laura) (Entered: 10/09/2023) |
| 10/19/2023 | | 116 | ANSWER to amended complaint *for Violations of the Federal Securities Laws* by Leslee Cowen, Marc Furstein, Sunil Gulati, Aaron F. Hood, Andrew A. McKnight, Joshua A. Pack, Carmen A. Policy, Rakefet Russak-Aminoach(Smith, Charles) (Entered: 10/19/2023) |
| 10/19/2023 | | 117 | *THE ATI Defendants'* ANSWER to Complaint *Answer to Plaintiffs' Consolidated Amended Class Action Complaint* by ATI Physical Therapy, Inc., Labeed Diab, Joseph Jordan(Rosenthal, Jason) (Entered: 10/19/2023) |
| 11/01/2023 | | 118 | MOTION by Movants The Phoenix Insurance Company Ltd., The Phoenix Pension & Provident Funds for order *Agreed Confidentiality Order*<br><br>Presented before Magistrate Judge<br><br>(Attachments: # 1 Redline of Proposed Agreed Confidentiality Order)(Van, Austin) (Entered: 11/01/2023) |
| 11/02/2023 | | 119 | MINUTE entry before the Honorable Young B. Kim: Defendants' motion for the entry of an agreed confidentiality order 118 is granted. Enter Agreed Confidentiality Order. Defendants are reminded that this court requires each motion to be noticed for presentment, even if filed jointly, agreed, or uncontested, so that the motion may be heard in a timely manner if necessary. (See https://www.ilnd.uscourts.gov/judge-info.aspx?SUYYUADI1Y4=.) Mailed notice (ec) (Entered: 11/02/2023) |
| 11/02/2023 | | 120 | AGREED CONFIDENTIALITY ORDER. Signed by the Honorable Young B. Kim on 11/2/2023. Mailed notice (ec) (Entered: 11/02/2023) |
| 11/17/2023 | | 121 | MINUTE entry before the Honorable Young B. Kim: Status hearing held and continued to December 19, 2023, at 12:30 p.m. (CST) by phone. Parties are to use the same call-in information. At the next status hearing, Defendants will be expected to update the court on Plaintiffs' discovery responses. Plaintiffs report today that Defendants responded to their discovery requests on October 20, 2023, but produced approximately 80,000 documents just recently. As such, Plaintiffs need time to review these documents to determine whether there are discovery deficiencies. Plaintiffs are ordered to complete the document review and determine whether there are discovery issues by January 19, 2024. Parties are to then meet and confer on those issues by February 2, 2024. If the parties are able to resolve all or some of the issues Plaintiffs identify, they are to file a joint status report by February 16, 2024, explaining the agreement and a specific deadline for supplementing if Defendants have agreed to do so. However, if issues remain unresolved, Plaintiffs are ordered to file a motion to compel by the same deadline. The court will not extend the time period for meeting and conferring. If a motion to compel is timely filed, Defendants have until March 1, 2024, to file a response. Parties may not serve supplemental interrogatories or requests to produce. If they wish to serve supplemental written discovery requests, the parties must seek leave of court by filing a motion and attaching the proposed set of supplemental requests as an exhibit to the motion. That said, the parties are permitted to serve subpoenas for documents and may proceed with depositions if they wish to do so before completing written discovery. Mailed notice (ec) (Entered: 11/17/2023) |
| 12/01/2023 | | 122 | TRANSCRIPT OF PROCEEDINGS held on October 6, 2023 before the Honorable Young B. Kim. Order Number: 47097. Transcriber Contact Information: Annette Montalvo, annette.montalvo@gmail.com. |

| | | |
|---|---|---|
| | | IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 12/22/2023. Redacted Transcript Deadline set for 1/1/2024. Release of Transcript Restriction set for 2/29/2024. (Montalvo, Annette) (Entered: 12/01/2023) |
| 12/14/2023 | 123 | MINUTE entry before the Honorable Edmond E. Chang: In light of the ongoing referral to the magistrate judge, the tracking status hearing of 12/15/2023 for Judge Chang is reset to 02/23/2024 at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called). Emailed notice (mw, ) (Entered: 12/14/2023) |
| 12/19/2023 | 124 | MINUTE entry before the Honorable Young B. Kim: Status hearing held. Parties report that they have not completed production of responsive discovery. Parties are ordered to complete their discovery responses and production of responsive documents by no later than February 2, 2024. If there are deficiencies, the parties have until February 16, 2024, to file motions to compel. If motions are timely filed, the opposing side has until March 1, 2024, to file a response. A hearing on the motions is scheduled for March 15, 2024, at 11:00 a.m. in courtroom 1019. Mailed notice (ec) (Entered: 12/19/2023) |
| 12/20/2023 | 125 | MINUTE entry before the Honorable Young B. Kim: In light of the order entered yesterday (R. 124), the schedule the court entered on November 17, 2023, (R. 121), is stricken. Also, the parties are ordered to file by December 22, 2023, their Rule 26(a)(1) disclosures they were ordered to serve on the others by October 12, 2023, (see R. 107). Mailed notice (ags) (Entered: 12/20/2023) |
| 12/20/2023 | 126 | MOTION by Attorney Danielle S. Myers to withdraw as attorney for Construction Industry Laborers Pension Fund, Local 295 IBT Employer Group Pension Trust and Welfare Funds, Local 353, I.B.E.W. Pension Fund. No party information provided<br><br>Presented before District Judge<br><br>(Myers, Danielle) (Entered: 12/20/2023) |
| 12/21/2023 | 127 | FVAC Defendants' Rule 26(a)(1) Initial Disclosures by Leslee Cowen, Marc Furstein, Sunil Gulati, Aaron F. Hood, Andrew A. McKnight, Joshua A. Pack, Carmen A. Policy, Rakefet Russak-Aminoach (Smith, Charles) (Entered: 12/21/2023) |
| 12/21/2023 | 128 | The ATI Defendants' Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1) by ATI Physical Therapy, Inc., Labeed Diab, Joseph Jordan (Rosenthal, Jason) (Entered: 12/21/2023) |
| 12/21/2023 | 129 | Plaintiffs' Initial Disclosure Statement Pursuant to Federal Rule of Civil Procedure 26 (A)(1) STATEMENT by Melbourne Firefighters' Retirement System, The Phoenix Insurance Company Ltd., The Phoenix Pension & Provident Funds (Van, Austin) (Entered: 12/21/2023) |
| 12/21/2023 | 130 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-21448489. |

| | | Presented before District Judge (Stanley, Tanner) (Entered: 12/21/2023) |
|---|---|---|
| 12/26/2023 | 131 | MINUTE entry before the Honorable Young B. Kim: The court, having reviewed the parties' October 12, 2023 Rule 26(a)(1) disclosures, (R. 127; R. 128; R. 129) orders the parties to amend their initial disclosures as ordered herein by January 12, 2024: (1) Plaintiffs are ordered to identify the individual external investment managers responsible for making the investment decisions relevant to the claims in this case on Plaintiffs' behalf and their contact information; (2) Plaintiffs are ordered to fully comply with Rule 26(a)(1)(A)(iii) so that Defendants are able to secure the underlying documents they are using to compute their damages and to investigate the underlying basis for their computation during fact discovery; (3) FVAC Defendants are ordered to be more specific with "a description by category and location---of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its... defenses because their current Rule 26(a)(1)(A)(ii) disclosure is wholly inadequate; and (4) Defendants are ordered to produce a copy of "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment[,]" but if they do not have any such agreements to be produce, they must note, "None." Mailed notice (ec) (Entered: 12/26/2023) |
| 12/28/2023 | 132 | ANNUAL REMINDER: Pursuant to Local Rule 3.2 (Notification of Affiliates), any nongovernmental party, other than an individual or sole proprietorship, must file a statement identifying all its affiliates known to the party after diligent review or, if the party has identified no affiliates, then a statement reflecting that fact must be filed. An affiliate is defined as follows: any entity or individual owning, directly or indirectly (through ownership of one or more other entities), 5% or more of a party. The statement is to be electronically filed as a PDF in conjunction with entering the affiliates in CM/ECF as prompted. As a reminder to counsel, parties must supplement their statements of affiliates within thirty (30) days of any change in the information previously reported. This minute order is being issued to all counsel of record to remind counsel of their obligation to provide updated information as to additional affiliates if such updating is necessary. If counsel has any questions regarding this process, this LINK will provide additional information. Signed by the Executive Committee on 12/28/2023: Mailed notice. (tg, ) (Entered: 12/28/2023) |
| 01/02/2024 | 133 | MINUTE entry before the Honorable Edmond E. Chang: Tanner S. Stanley's motion to appear pro hac vice for ATI Physical Therapy, Inc., Labeed Diab, and Joseph Jordan 130 is granted. Emailed notice (mw, ) (Entered: 01/02/2024) |
| 01/02/2024 | 134 | MINUTE entry before the Honorable Edmond E. Chang: Danielle S. Myers' motion to withdraw as counsel for Construction Industry Laborers Pension Fund, Local 353, I.B.E.W.Pension Fund, and Local 295 IBT Employer Group Pension Trust and Welfare Funds 126 is granted. Emailed notice (mw, ) (Entered: 01/02/2024) |
| 01/12/2024 | 135 | FVAC Defendants' Amended Rule 26(a)(1) Initial Disclosures by Leslee Cowen, Marc Furstein, Sunil Gulati, Aaron F. Hood, Andrew A. McKnight, Joshua A. Pack, Carmen A. Policy, Rakefet Russak-Aminoach (Smith, Charles) (Entered: 01/12/2024) |

| | | |
|---|---|---|
| 01/12/2024 | 136 | MOTION by Plaintiff Melbourne Firefighters' Retirement System, Movants The Phoenix Insurance Company Ltd., The Phoenix Pension & Provident Funds to seal document *Plaintiffs Amended Initial Disclosures*<br><br>Presented before Magistrate Judge<br><br>(Van, Austin) (Entered: 01/12/2024) |
| 01/12/2024 | 137 | NOTICE of Motion by Austin Patrick Van for presentment of motion to seal document, 136 before Honorable Young B. Kim on 1/18/2024 at 11:00 AM. (Van, Austin) (Entered: 01/12/2024) |
| 01/12/2024 | 138 | SEALED DOCUMENT by Plaintiff Melbourne Firefighters' Retirement System, Movants The Phoenix Insurance Company Ltd., The Phoenix Pension & Provident Funds (Van, Austin) (Entered: 01/12/2024) |
| 01/12/2024 | 139 | Plaintiffs'Amended Initial Disclosure Statement Pursuant To Federal Rule Of Civil Procedure 26(A)(1) (Public Version) by Melbourne Firefighters' Retirement System, The Phoenix Insurance Company Ltd., The Phoenix Pension & Provident Funds (Van, Austin) (Entered: 01/12/2024) |
| 01/13/2024 | 140 | MINUTE entry before the Honorable Young B. Kim: Plaintiffs' motion for leave to file under seal 136 is denied as moot. Appearance on January 18, 2024, is not required to present this motion. Parties filed their Rule 26(a)(1) disclosures on December 21, 2023 (R. 127; R. 128; R. 129) because the court ordered them to do so, (R. 125; see LR 26.3 ("Except as provided by this rule, discovery materials... shall not be filed with the court.").) On December 26, 2023, the court ordered the parties to amend their disclosures---for the benefit of the other parties---but did not order these amended disclosures to be filed with the court. (See R. 131.) As such, Plaintiffs and FVAC Defendants did not need to file their amended disclosures. The clerk's office is directed to remove Document Nos. 135, 138, and 139 from the docket. Mailed notice (Kim, Young) (Entered: 01/13/2024) |
| 01/22/2024 | 141 | MOTION by Plaintiff Melbourne Firefighters' Retirement System, Movants The Phoenix Insurance Company Ltd., The Phoenix Pension & Provident Funds to stay *Joint Motion to Stay all Deadlines and Proceedings Based on Settlement*<br><br>Presented before Magistrate Judge<br><br>(Van, Austin) (Entered: 01/22/2024) |
| 01/22/2024 | 142 | MINUTE entry before the Honorable Young B. Kim: Parties' joint motion to stay discovery 141 is granted. The discovery schedule the court entered on December 19, 2023 (R. 124), is stricken and the motion hearing scheduled for March 15, 2024, is cancelled. Parties are ordered to file a joint status report by February 9, 2024, updating the court on the settlement documents. Mailed notice (ec) (Entered: 01/22/2024) |
| 02/08/2024 | 143 | TRANSCRIPT OF PROCEEDINGS held on 12-19-23 before the Honorable Young B. Kim. Order Number: 47624. Court Reporter Contact Information: Sandra M. Tennis, sandra_tennis@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, |

| | | |
|---|---|---|
| | | see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 2/29/2024. Redacted Transcript Deadline set for 3/11/2024. Release of Transcript Restriction set for 5/8/2024. (Tennis, Sandra) (Entered: 02/08/2024) |
| 02/09/2024 | 144 | STATUS Report by ATI Physical Therapy, Inc., Labeed Diab, Joseph Jordan<br><br>Presented before Magistrate Judge<br><br>(Rosenthal, Jason) (Entered: 02/09/2024) |
| 02/10/2024 | 145 | MINUTE entry before the Honorable Young B. Kim: In light of the parties' joint status report (R. 144), they are to file another status report by February 19, 2024, with more specificity on the status of the settlement documents. Mailed notice (Kim, Young) (Entered: 02/10/2024) |
| 02/19/2024 | 146 | STATUS Report *(Joint)* by ATI Physical Therapy, Inc., Labeed Diab, Joseph Jordan<br><br>Presented before Magistrate Judge<br><br>(Rosenthal, Jason) (Entered: 02/19/2024) |
| 02/20/2024 | 147 | MINUTE entry before the Honorable Young B. Kim: In light of the joint status report (R. 146), this court will lift the discovery stay unless the parties file their motion for preliminary approval of class settlement by March 19, 2024. Mailed notice (ec) (Entered: 02/20/2024) |
| 02/22/2024 | 148 | MINUTE entry before the Honorable Edmond E. Chang: In light of the ongoing referral to the magistrate judge, and based on the active negotiations set forth in the status report, R. 146, the tracking status hearing of 02/23/2024 for Judge Chang is reset to 03/29/2024 at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called). Emailed notice (mw, ) (Entered: 02/22/2024) |
| 03/19/2024 | 149 | STATUS Report *(Joint)* by ATI Physical Therapy, Inc., Labeed Diab, Joseph Jordan<br><br>Presented before Magistrate Judge<br><br>(Rosenthal, Jason) (Entered: 03/19/2024) |
| 03/20/2024 | 150 | MINUTE entry before the Honorable Young B. Kim: Parties' joint status report 149 , treated as a motion for extension of time, is granted. Parties now have until April 9, 2024, to file their motion for preliminary approval of class settlement with the presiding District Judge. The stay of discovery remains for now. Mailed notice (ec) (Entered: 03/20/2024) |
| 03/28/2024 | 151 | MINUTE entry before the Honorable Edmond E. Chang: On review of the status report, R. 149, the parties shall file the motion for preliminary approval on 04/09/2024. The tracking status hearing of 03/29/2024 for Judge Chang is reset to 04/19/2024 at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called). Emailed notice (mw, ) (Entered: 03/28/2024) |
| 04/09/2024 | 152 | MOTION by Defendants ATI Physical Therapy, Inc., Labeed Diab, Joseph Jordan for extension of time *to File Motion for Preliminary Approval of Class Settlement* |

| | | |
|---|---|---|
| | | Presented before Magistrate Judge<br><br>(Rosenthal, Jason) (Entered: 04/09/2024) |
| 04/09/2024 | 153 | NOTICE of Motion by Jason M. Rosenthal for presentment of extension of time 152 before Honorable Young B. Kim on 4/16/2024 at 11:00 AM. (Rosenthal, Jason) (Entered: 04/09/2024) |
| 04/10/2024 | 154 | MINUTE entry before the Honorable Young B. Kim: On March 20, 2024, this court ordered the parties to file their motion for preliminary approval of class settlement by April 9, 2024. (R. 150.) The presiding District Judge also ordered the parties to do the same by the same deadline. (R. 151.) As such, this court defers to the presiding District Judge to rule on Defendants' unopposed motion for "a final 10-day extension, through and including April 19, 2024, for the Parties to finalize and submit their formal settlement documentation and a motion for preliminary approval of the settlement." (R. 152.) Appearance before this court on April 16, 2024, is not required to present this motion. The discovery stay remains in place for now, and this court will enter a follow-up order once the pending motion is resolved. Mailed notice (ec) (Entered: 04/10/2024) |
| 04/10/2024 | 155 | MINUTE entry before the Honorable Edmond E. Chang: The Defendants' unopposed extension motion to file for preliminary approval of the settlement 152 is granted to 04/19/2024, given the moving pieces and progress. The tracking status hearing of 04/19/2024 for Judge Chang is reset to 04/26/2024 at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called). The parties need not notice the motion for hearing. Instead, after the motion for preliminary approval is filed, the Court will set a hearing date and time for the week of 04/22/2024 or early in the week of 04/29/2024 (the Court is presiding over a jury trial those weeks but will find a slot). Emailed notice (mw, ) (Entered: 04/10/2024) |
| 04/20/2024 | 156 | MINUTE entry before the Honorable Young B. Kim: Even after being granted their "final 10-day extension," the parties failed to file their motion for preliminary approval by April 19, 2024. As such, the schedule the court entered on December 19, 2024, (R. 124), which the court stayed on January 22, 2024, is reinstated. Parties are ordered to complete their discovery responses and production of responsive documents by no later than May 3, 2024. If there are deficiencies, the parties have until May 17, 2024, to file motions to compel. If motions are timely filed, the opposing side has until May 31, 2024, to file a response. A hearing on the motions is scheduled for June 14, 2024, at 1:00 p.m. in courtroom 1019. Mailed notice (Kim, Young) (Entered: 04/20/2024) |
| 04/24/2024 | 157 | MOTION by Plaintiff Melbourne Firefighters' Retirement System, Movants The Phoenix Insurance Company Ltd., The Phoenix Pension & Provident Funds to stay regarding text entry,,, 156 *Joint Motion to Reinstate Temporary Stay of All Deadlines and Proceedings Based on Global Settlement*<br><br>Presented before Magistrate Judge<br><br>(Van, Austin) (Entered: 04/24/2024) |
| 04/25/2024 | 158 | MINUTE entry before the Honorable Edmond E. Chang: In light of the ongoing referral to the magistrate judge, the tracking status hearing of 04/26/2024 for Judge Chang is reset to 05/10/2024 at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called). Emailed notice (mw, ) (Entered: 04/25/2024) |

| | | |
|---|---|---|
| 04/26/2024 | 159 | MINUTE entry before the Honorable Young B. Kim: Parties' joint motion to reinstate discovery stay 157 is denied. However, the court extends the schedule it issued on April 20, 2024, (R. 156), by three weeks. As such, the parties are ordered to complete their discovery responses and production of responsive documents by no later than May 24, 2024. If there are deficiencies, the parties have until June 7, 2024, to file motions to compel. This extension is final, and the parties are barred from filing another motion to stay or to continue this schedule. If motions to compel are not timely filed, the parties are deemed to have waived their written discovery issues. If motions are timely filed, the opposing side has until June 21, 2024, to file a response. This extension is also final. If responses are not filed, the parties are deemed to have waived their discovery objections. A hearing on the motions is rescheduled from June 14, 2024, to July 8, 2024, at 1:00 p.m. in courtroom 1019. This hearing date is firm. If a joint motion for preliminary approval of class settlement is filed, this court will strike only the unexpired deadlines. If the presiding District Judge grants the motion, this court will terminate the referral and return this case to the presiding District Judge. If the motion is denied, this court will reset the deadlines stricken. Mailed notice (ec) (Entered: 04/26/2024) |
| 05/09/2024 | 160 | MINUTE entry before the Honorable Edmond E. Chang: To align this case's schedule with 1:21-cv-06415, the tracking status hearing of 05/10/2024 for Judge Chang is reset to 06/07/2024 at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called). Emailed notice (mw, ) (Entered: 05/09/2024) |
| 05/13/2024 | 161 | MOTION by Plaintiff Melbourne Firefighters' Retirement System, Movants The Phoenix Insurance Company Ltd., The Phoenix Pension & Provident Funds for settlement - *Notice of Motion and Motion for Preliminary Approval of Class Action Settlement*<br><br>Presented before District Judge<br><br>(Van, Austin) (Entered: 05/13/2024) |
| 05/13/2024 | 162 | DECLARATION of Austin P. Van in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement - regarding motion for settlement, 161 (Attachments: # 1 Stipulation and Agreement of Settlement, # 2 Exhibit A - [Proposed] Order Preliminarily Approving Settlement and Providing for Notice, # 3 Exhibit A-1 - Notice of (I) Pendency of Class Actions, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, # 4 Exhibit A-2 - Proof of Claim and Release, # 5 Exhibit A-3 - Summary Notice of (I) Pendency of Class Actions, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, # 6 Exhibit B - [Proposed] Final Judgment and Order of Dismissal With Prejudice, # 7 Exhibit 2 - NERA 2022 Report, # 8 Exhibit 3 - NERA 2021 Report, # 9 Exhibit 4 - Levi & Korsinsky, LLP Firm Resume, # 10 Exhibit 5 - Symantec Order)(Van, Austin) (Entered: 05/13/2024) |
| 05/14/2024 | 163 | MINUTE entry before the Honorable Young B. Kim: In light of the motion for preliminary approval of class settlement (R. 161), the schedule the court entered on April 26, 2024, (R. 159), is stricken. The July 8, 2024 hearing date to stand. Mailed notice (Kim, Young) (Entered: 05/14/2024) |

| 05/14/2024 | 164 | MINUTE entry before the Honorable Edmond E. Chang: This docket entry is posted in both Burbige v. ATI Physical Therapy, Inc., 21-cv-04349, and In re ATI Physical Therapy, Inc., 21-cv-06415. On the Plaintiffs' motion for preliminary approval of settlement 161 , the motion hearing is set for 05/21/2024 at 10:30 a.m. To save expenses, out-of-town counsel may participate by phone and will be provided dial-in information. Emailed notice (mw, ) (Entered: 05/14/2024) |
|---|---|---|
| 05/17/2024 | 165 | MOTION by Intervenor Wendell Robinson to intervene *(Multiplan Intervenors' Unopposed Motion to Intervene)*<br><br>Presented before District Judge<br><br>(Malmstrom, Carl) (Entered: 05/17/2024) |
| 05/17/2024 | 166 | MEMORANDUM by Wendell Robinson in support of motion to intervene 165 (Attachments: # 1 Exhibit A (Redacted Delaware Complaint))(Malmstrom, Carl) (Entered: 05/17/2024) |
| 05/17/2024 | 167 | NOTICE of Motion by Carl V. Malmstrom for presentment of motion to intervene 165 before Honorable Edmond E. Chang on 5/23/2024 at 08:30 AM. (Malmstrom, Carl) (Entered: 05/17/2024) |
| 05/18/2024 | 168 | MINUTE entry before the Honorable Edmond E. Chang: The hearing on the Multiplan Intervenors' motion to intervene 165 is reset from 05/23/2024 to 05/21/2024 at 10:30 a.m. to coincide with the preliminary-approval hearing.Emailed notice (eec) (Entered: 05/18/2024) |
| 05/19/2024 | 169 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-21982308.<br><br>Presented before District Judge<br><br>(Enright, Donald) (Entered: 05/19/2024) |
| 05/20/2024 | 170 | MINUTE entry before the Honorable Edmond E. Chang: Donald J. Enright's motion to appear pro hac vice for Wendell Robinson 169 is granted. Emailed notice (mw, ) (Entered: 05/20/2024) |
| 05/21/2024 | 171 | MINUTE entry before the Honorable Edmond E. Chang: This entry is posted on both 21-cv-04349 and 21-cv-06415. Motion and status hearing held. Defense counsel appeared in person and counsel for the Plaintiffs appeared by telephone. (1.) In Ghaith, 21-cv-06415, the written settlement agreement on the derivative claims should be fully executed in a few days. (2.) In Burbige, 21-cv-04349, the Multiplan Intervenors' unopposed motion to intervene 165 is granted on the specific basis of permissive intervention under Civil Rule 24(b). There is no need to decide whether as-of-right intervention is proper under Civil Rule 24(a). (3.) As discussed on the record, Rule 23(a) and Rule 23(b)(3) requirements, as well as Rule 23(e) requirements, have all been met for settlement-class and preliminary-approval purposes, so the joint motion for preliminary approval of class settlement 161 is granted. Counsel for the Plaintiff shall email the courtroom deputy, michael_wing@ilnd.uscourts.gov, the specific deadline dates as discussed. The preliminary-approval order will be entered separately. Final approval hearing set for 09/24/2024 at 12:15 p.m. The Plaintiffs shall wait on sending the notices out until after the Court rules on the preliminary approval for the derivative claims. The plan is for the derivative-claim approval motion to be noticed to coincided with the next status hearing. (4.) Status hearing set for 06/11/2024 at 12:15 p.m. Out-of-state counsel may participate by telephone. ON 06/10/2024, before the |

| | | |
|---|---|---|
| | | hearing, counsel shall email the courtroom deputy with the names of counsel who will be participating by telephone and the parties that they represent. Tracking status set for 06/07/2024 is terminated. Emailed notice (mw, ) (Entered: 05/21/2024) |
| 05/21/2024 | 172 | ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE Signed by the Honorable Edmond E. Chang on 05/21/2024. Emailed notice (mw, ) (Entered: 05/21/2024) |
| 05/21/2024 | 173 | MINUTE entry before the Honorable Young B. Kim: In light of the preliminary approval of the class settlement, all matters relating to the referral of this action have been concluded for now. The referral is closed and the case is returned to the presiding District Judge. The hearing scheduled for July 8, 2024, is cancelled. Mailed notice (ec) (Entered: 05/21/2024) |
| 05/23/2024 | 174 | STATUS Report *(Defendants')* by ATI Physical Therapy, Inc., Labeed Diab, Joseph Jordan<br><br>(Rosenthal, Jason) (Entered: 05/23/2024) |
| 05/31/2024 | 175 | NOTICE by Charles F. Smith, Jr of Change of Address (Smith, Charles) (Entered: 05/31/2024) |
| 06/05/2024 | 176 | NOTICE by Laura Bernescu of Change of Address (Bernescu, Laura) (Entered: 06/05/2024) |
| 06/11/2024 | 177 | MINUTE entry before the Honorable Edmond E. Chang: This entry is posted on the dockets of both 21-cv-04349 and 21-cv-06415. Motion and status hearing held. FVAC defense counsel appeared in person and counsel for the various Plaintiffs and ATI Defendants appeared by telephone. (1.) In Ghaith, 21-cv-06415, as discussed on the record, Rule 23.1(c) requirements are met, so the joint motion for preliminary approval of the derivative settlement 141 is granted. The preliminary-approval order will be entered separately. (2.) Final approval hearing set for 09/24/2024 at 12:15 p.m. Out-of-state counsel may participate by telephone. By 09/20/2024, before the hearing, counsel shall email the courtroom deputy with the names of counsel who will be participating by telephone and the parties that they represent. Emailed notice (mw, ) (Entered: 06/11/2024) |
| 06/11/2024 | 178 | ORDER PRELIMINARILY APPROVING SETTLEMENT Signed by the Honorable Edmond E. Chang on 6/11/2024: As to 21 C 6415 Ghaith v. ATI Physical Therapy. Emailed notice (mw, ) (Entered: 06/11/2024) |
| 08/20/2024 | 179 | MOTION by Plaintiff Melbourne Firefighters' Retirement System, Movants The Phoenix Insurance Company Ltd., The Phoenix Pension & Provident Funds for settlement *Notice of Motion and Motion for Final Approval of Settlement and Plan of Allocation, and Final Certification of Settlement Class*<br><br>(Van, Austin) (Entered: 08/20/2024) |
| 08/20/2024 | 180 | MEMORANDUM by Melbourne Firefighters' Retirement System, The Phoenix Insurance Company Ltd., The Phoenix Pension & Provident Funds in support of motion for settlement, 179 *Memorandum of Points and Authorities In Support of Motion for Final Approval of Settlement and Plan of Allocation, and Final Certification of Settlement Class* (Van, Austin) (Entered: 08/20/2024) |
| 08/20/2024 | 181 | MOTION by Plaintiff Melbourne Firefighters' Retirement System, Movants The Phoenix Insurance Company Ltd., The Phoenix Pension & Provident Funds for |

| | | |
|---|---|---|
| | | attorney fees *Notice of Motion and Motion for Award of Attorneys Fees and Expenses and PSLRA Awards to Plaintiffs* <br><br> (Van, Austin) (Entered: 08/20/2024) |
| 08/20/2024 | 182 | MEMORANDUM by Melbourne Firefighters' Retirement System, The Phoenix Insurance Company Ltd., The Phoenix Pension & Provident Funds in support of motion for attorney fees, 181 *Memorandum of Points and Authorities in Support of Motion For Award of Attorneys' Fees and Expenses and Award to Plaintiffs* (Van, Austin) (Entered: 08/20/2024) |
| 08/20/2024 | 183 | DECLARATION of Austin P. Van in support of Notice of Motion and Motion for Final Approval of Settlement and Plan of Allocation, and Final Certification of Settlement Class and Notice of Motion and Motion for Award of Attorneys Fees and Expenses and PSLRA Awards to Plaintiffs - regarding motion for settlement, 179 , motion for attorney fees, 181 (Attachments: # 1 Exhibit A - Bravata Mailing Declaration, # 2 Exhibit B - BLB&G Fee Declaration, # 3 Exhibit C - Klausner Fee Declaration, # 4 Exhibit D - Neeman Declaration, # 5 Exhibit E - Jones Declaration)(Van, Austin) (Entered: 08/20/2024) |
| 08/20/2024 | 184 | MOTION by Intervenor Wendell Robinson for attorney fees *(Intervenors' Motion for an Award of Attorneys' Fees, Service Awards, and Reimbursement of Litigation Expenses)* <br><br> (Malmstrom, Carl) (Entered: 08/20/2024) |
| 08/20/2024 | 185 | MEMORANDUM by Wendell Robinson in support of motion for attorney fees 184 *(Intervenor's Memorandum of Law in Support of Motion for an Award of Attorneys' Fees, Service Awards, and Reimbursement of Litigation Expenses)* (Malmstrom, Carl) (Entered: 08/20/2024) |
| 08/20/2024 | 186 | DECLARATION of Donald J. Enright regarding memorandum in support of motion, 185 , motion for attorney fees 184 *(Declaration of Donald J. Enright in Support of Intervenors' Motion for an Award of Attorneys' Fees, Service Awards, and Reimbursement of Litigation Expenses)* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Malmstrom, Carl) (Entered: 08/20/2024) |
| 09/09/2024 | 187 | DECLARATION of Robert Cormio *of Kroll Settlement Administration LLC Regarding Class Action Fairness Act Notice* (Rosenthal, Jason) (Entered: 09/09/2024) |
| 09/17/2024 | 188 | REPLY by Plaintiff Melbourne Firefighters' Retirement System, Movants The Phoenix Insurance Company Ltd., The Phoenix Pension & Provident Funds to motion for settlement, 179 , motion for attorney fees, 181 *Reply Memorandum of Points and Authorities in Further Support of Plaintiffs' Unopposed Motions for: (I) Final Approval of Settlement and Plan of Allocation; and (II) Award of Attorneys' Fees and Expenses and PSLRA Awards to Plaintiffs* (Attachments: # 1 Supplemental Declaration of Austin P. Van, # 2 Exhibit A - Supplemental Mailing Declaration, # 3 Exhibit B - [Proposed] Final Judgement and Order)(Van, Austin) (Entered: 09/17/2024) |
| 09/24/2024 | 189 | MINUTE entry before the Honorable Edmond E. Chang: This entry is posted on the dockets of both 21-cv-04349 and 21-cv-06415. (1.) In 21-cv-04349, in-person hearing held on the motions for final approval 179 , and for fees, expenses, and service awards 181 , 184 . Counsel for the parties appeared. No one else appeared at the hearing. Counsel reported that there have been no other opt-outs and no |

| | | | |
|---|---|---|---|
| | | | objections at all to the proposed settlement. As articulated on the record, all Rule 23 requirements have been met for settlement purposes. The joint motion for final approval of class settlement and for fees, expenses, and awards <u>179</u> , <u>181</u> , <u>184</u> are granted. Counsel for the Plaintiff shall file a status report, by 12/20/2024, reporting on the implementation of the agreement. A tracking status hearing is set for 01/06/2025 at 8:30 a.m. to track the case only (no appearance is required, the case will not be called). Civil case terminated. (2.) In 21-cv-06415, in-person hearing held on the motions <u>149</u> for final approval, and for fees, expenses, and service awards <u>150</u> , <u>152</u> . Counsel for the parties appeared. No one else appeared at the hearing. Counsel reported that there have been no objections to the proposed settlement. Under Civil Rule 23.1(c), the derivative-claims settlement was approved. The parties shall file a status report, by 12/20/2024, reporting on the implementation of the agreement. A tracking status hearing is set for 01/06/2025 at 8:30 a.m. to track the case only (no appearance is required, the case will not be called). Civil case terminated. Emailed notice (mw, ) (Entered: 09/26/2024) |
| 09/24/2024 | | <u>190</u> | FINAL ORDER AND JUDGMENT Signed by the Honorable Edmond E. Chang on 09/24/2024. Emailed notice (mw, ) (Entered: 09/26/2024) |
| 09/24/2024 | | <u>191</u> | FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE Signed by the Honorable Edmond E. Chang on 09/24/2024. Emailed notice (mw, ) (Entered: 09/26/2024) |
| 09/24/2024 | | <u>192</u> | ORDER FOR ATTORNEYS' FEES, SERVICE AWARDS, AND EXPENSES AND REIMBURSEMENT OF LITIGATION EXPENSES Signed by the Honorable Edmond E. Chang on 09/24/2024. Emailed notice (mw, ) (Entered: 09/26/2024) |
| 10/11/2024 | 🔓 | <u>193</u> | TRANSCRIPT OF PROCEEDINGS held on 09/24/2024 before the Honorable Edmond E. Chang. Order Number: 49874. Court Reporter Contact Information: Judith A. Walsh, CSR, RDR, F/CRR, judith_walsh@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 11/1/2024. Redacted Transcript Deadline set for 11/11/2024. Release of Transcript Restriction set for 1/9/2025. (Walsh, Judy) (Entered: 10/11/2024) |
| 12/20/2024 | | <u>194</u> | STATUS Report *pursuant to the Courts September 24, 2024 Docket Entry (Dkt. No. 189).* by Melbourne Firefighters' Retirement System, The Phoenix Insurance Company Ltd., The Phoenix Pension & Provident Funds<br><br>(Attachments: # <u>1</u> Exhibit 1 Bravata Declaration)(Van, Austin) (Entered: 12/20/2024) |

| 12/20/2024 | 195 | MINUTE entry before the Honorable Edmond E. Chang: This entry is posted on the dockets of both 21-cv-04349 and 21-cv-06415. On review of the respective status reports, the implementation of the settlement agreements are proceeding as anticipated. The tracking status hearing of 01/06/2025 is reset to 04/11/2025 at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called). Instead, the parties shall file a status report by 04/04/2025. Emailed notice (cn). (Entered: 12/20/2024) |
|---|---|---|
| 04/04/2025 | 196 | STATUS Report *on the implementation of the settlement agreement pursuant to the Courts December 20, 2024 Docket Entry (Dkt. No. 195)* by Melbourne Firefighters' Retirement System, The Phoenix Insurance Company Ltd., The Phoenix Pension & Provident Funds<br><br>(Van, Austin) (Entered: 04/04/2025) |
| 04/08/2025 | 197 | MINUTE entry before the Honorable Edmond E. Chang: On review of the status report, R. 196, the claims-review process is substantially complete, though the parties dispute Defendant Fortress Acquisition II's claim submission. The parties shall file a status report no later than 04/18/2025 proposing a litigation schedule to resolve the dispute. The tracking status hearing of 04/11/2025 is reset to 04/25/2025 at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called). Emailed notice (mw, ) (Entered: 04/08/2025) |
| 04/18/2025 | 198 | STATUS Report *on the implementation of the settlement agreement pursuant to the Court's April 8, 2025 Docket Entry (Dkt. No. 197)* by Melbourne Firefighters' Retirement System, The Phoenix Insurance Company Ltd., The Phoenix Pension & Provident Funds<br><br>(Van, Austin) (Entered: 04/18/2025) |
| 04/21/2025 | 199 | MINUTE entry before the Honorable Edmond E. Chang: On review of the status report, R. 198, the Plaintiffs' motion to approve distribution is due on 04/25/2025, and will explain why the Plaintiffs support the Claims Administrator's determinations. Any briefs in opposition by disputing Claimants shall be filed by 05/09/2025. Any reply from the Plaintiffs is due on 05/16/2025. The tracking status hearing of 04/25/2025 is reset to 05/23/2025 at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called). Emailed notice (mw, ) (Entered: 04/21/2025) |
| 04/25/2025 | 200 | MOTION by Plaintiff Melbourne Firefighters' Retirement System, Movants The Phoenix Insurance Company Ltd., The Phoenix Pension & Provident Funds for disbursement of funds<br><br>(Van, Austin) (Entered: 04/25/2025) |
| 04/25/2025 | 201 | MOTION by Plaintiff Melbourne Firefighters' Retirement System, Movants The Phoenix Insurance Company Ltd., The Phoenix Pension & Provident Funds for disbursement of funds *Plaintiffs Motion For Approval Of Distribution Plan*<br><br>(Van, Austin) (Entered: 04/25/2025) |
| 04/25/2025 | 202 | MEMORANDUM by Melbourne Firefighters' Retirement System, The Phoenix Insurance Company Ltd., The Phoenix Pension & Provident Funds in support of motion for disbursement of funds, 201 (Attachments: # 1 Exhibit 1 - Part 1, # 2 Exhibit 1 - Part 2, # 3 Exhibit 1 - Part 3, # 4 Text of Proposed Order)(Van, Austin) (Entered: 04/25/2025) |

| 04/25/2025 | 203 | NOTICE of Motion by Austin Patrick Van for presentment of motion for disbursement of funds, 201 before Honorable Edmond E. Chang on 5/23/2025 at 08:30 AM. (Van, Austin) (Entered: 04/25/2025) |
|---|---|---|
| 05/07/2025 | 204 | ATTORNEY Appearance for Claimants Dakota Holdco, LLC, ROBERT MCKENZIE, Gregory Steil, Gregory F. Steil Descendants Trust, Willowbrook Holdings Inc., Dylan Bates, Bates Enterprises, LLC, Bates Investment LLC, Brent Mack, Jason Hafner, Lisa Gutierrez, Christopher Orr by Gerald L. Maatman, Jr (Maatman, Gerald) (Entered: 05/07/2025) |
| 05/07/2025 | 205 | ATTORNEY Appearance for Claimants Dylan Bates, Bates Enterprises, LLC, Bates Investment LLC, Dakota Holdco, LLC, Gregory F. Steil Descendants Trust, Lisa Gutierrez, Jason Hafner, ROBERT MCKENZIE, Brent Mack, Christopher Orr, Gregory Steil, Willowbrook Holdings Inc. by Jennifer Ann Riley (Riley, Jennifer) (Entered: 05/07/2025) |
| 05/08/2025 | 206 | ATTORNEY Appearance for Claimants Dylan Bates, Bates Enterprises, LLC, Bates Investment LLC, Dakota Holdco, LLC, Gregory F. Steil Descendants Trust, Lisa Gutierrez, Jason Hafner, ROBERT MCKENZIE, Brent Mack, Christopher Orr, Gregory Steil, Willowbrook Holdings Inc. by Jeremy Hillel Salinger (Salinger, Jeremy) (Entered: 05/08/2025) |
| 05/09/2025 | 207 | ATTORNEY Appearance for Claimant Fortress Acquisition Sponsor II LLC by Laura Bernescu (Bernescu, Laura) (Entered: 05/09/2025) |
| 05/09/2025 | 208 | ATTORNEY Appearance for Claimant Fortress Acquisition Sponsor II LLC by Scott D. Musoff (Musoff, Scott) (Entered: 05/09/2025) |
| 05/09/2025 | 209 | MOTION for Leave to Appear Pro Hac Vice on behalf of Dylan Bates, Bates Enterprises, LLC, Bates Investment LLC, Dakota Holdco, LLC, Gregory F. Steil Descendants Trust, Lisa Gutierrez, Jason Hafner, ROBERT MCKENZIE, Brent Mack, Christopher Orr, Gregory Steil, Willowbrook Holdings Inc. by Shannon Noelle; Filing fee $ 150, receipt number AILNDC-23464802.<br><br>(Noelle, Shannon) (Entered: 05/09/2025) |
| 05/09/2025 | 210 | MEMORANDUM by Fortress Acquisition Sponsor II LLC in Opposition to motion for disbursement of funds, 201 *as to Disputed Claim No. 50006* (Attachments: # 1 Declaration of David Meisels Concerning FAII's Claim for Settlement No. 50006)(Bernescu, Laura) (Entered: 05/09/2025) |
| 05/09/2025 | 211 | MEMORANDUM by Dylan Bates, Bates Enterprises, LLC, Bates Investment LLC, Dakota Holdco, LLC, Gregory F. Steil Descendants Trust, Lisa Gutierrez, Jason Hafner, ROBERT MCKENZIE, Brent Mack, Christopher Orr, Gregory Steil, Willowbrook Holdings Inc. in Opposition to motion for disbursement of funds, 201 *for Approval of Distribution Plan* (Attachments: # 1 Declaration of Robert McKenzie In Support, # 2 Declaration of Erik Kantz In Support)(Maatman, Gerald) (Entered: 05/09/2025) |
| 05/13/2025 | 212 | MINUTE entry before the Honorable Edmond E. Chang: Shannon Noelle's motion to appear pro hac vice for claimants Dakota Holdco, LLC,; Robert McKenzie, Gregory Steil; Gregory F. Steil Descendants Trust; Willowbrook Holdings, Inc.; Dylan Bates; Bates Enterprise, LLC; Bates Investment LLC; Brent Mack; Jason Hafner; Lisa Gutierrez; and Christopher Orr 209 is granted. Emailed notice (mw, ) (Entered: 05/13/2025) |
| 05/14/2025 | 213 | MINUTE entry before the Honorable Edmond E. Chang: The Plaintiffs noticed their motion for approval of the proposed distribution, R. 200, 201, for 05/23/2025 |

| | | |
|---|---|---|
| | | at 8:30 a.m. After the reply is filed on 05/16/2025, see R. 199, the Court will take the motion under advisement and will set, if needed, a separate argument date. So the 05/23/2025 notice of motion is vacated. The tracking status hearing of the same date remains in place just to track the case. Emailed notice (mw, ) (Entered: 05/14/2025) |
| 05/16/2025 | 214 | REPLY by Plaintiff Melbourne Firefighters' Retirement System, Movants The Phoenix Insurance Company Ltd., The Phoenix Pension & Provident Funds to motion for disbursement of funds, 201 (Van, Austin) (Entered: 05/16/2025) |
| 05/19/2025 | 215 | MOTION by Claimants Dylan Bates, Bates Enterprises, LLC, Bates Investment LLC, Dakota Holdco, LLC, Gregory F. Steil Descendants Trust, Lisa Gutierrez, Jason Hafner, ROBERT MCKENZIE, Brent Mack, Christopher Orr, Gregory Steil, Willowbrook Holdings Inc. for leave to file *Amended Memo of Law In Opposition To Plaintiffs' Motion For Approval Of Distribution Plan And Supporting Declaration Instanter*<br><br>(Attachments: # 1 Amended Memo in Opp. to Plaintiffs' Motion for Distribution, # 2 Amended Decl. in Opp. to Plaintiffs' Motion for Distribution (Executed)) (Maatman, Gerald) (Entered: 05/19/2025) |
| 05/22/2025 | 216 | MINUTE entry before the Honorable Edmond E. Chang: The Plaintiffs' motion 201 to approve distribution plan is under advisement. The tracking status hearing of 05/23/2025 is reset to 06/20/2025 at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called). Emailed notice (mw, ) (Entered: 05/22/2025) |
| 05/23/2025 | 217 | MINUTE entry before the Honorable Edmond E. Chang: The unopposed motion 215 by the Dakota-related Claimants to file corrected filings is granted. The filings attached to R. 215 are accepted. Emailed notice (mw, ) (Entered: 05/23/2025) |
| 06/18/2025 | 218 | MINUTE entry before the Honorable Edmond E. Chang: The Plaintiffs' motion 201 to approve distribution plan remains under advisement. The tracking status hearing of 06/20/2025 is reset to 07/11/2025 at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called). Emailed notice (mw, ) (Entered: 06/18/2025) |
| 07/08/2025 | 219 | MINUTE entry before the Honorable Edmond E. Chang: The Plaintiffs' motion 201 to approve distribution plan remains under advisement, so the tracking status hearing of 07/11/2025 is reset to 08/08/2025 at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called). Emailed notice (mw, ) (Entered: 07/08/2025) |
| 08/07/2025 | 220 | MINUTE entry before the Honorable Edmond E. Chang: The Plaintiffs' motion 201 to approve distribution plan remains under advisement. The tracking status hearing of 08/08/2025 is reset to 08/22/2025 at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called). Emailed notice (mw, ) (Entered: 08/07/2025) |
| 08/08/2025 | 221 | MEMORANDUM Opinion and Order signed by the Honorable Edmond E. Chang on 8/8/2025: For the reasons explained in the Opinion, the Plaintiffs' motion for disbursement of funds 201 is granted in part and denied in part. The Court approves disbursement of settlement funds for the authorized claims and for the Individual Claimants and the Dakota Claimants (Claim Nos. 170, 214, 220, 221, 222, 227, 228, 229, 277, 305, 565 and 566). The Court disallows disbursement of settlement funds to Fortress Acquisition Sponsor II LLC (Claim No. 50006). Emailed notice(eec) (Entered: 08/08/2025) |

| 08/08/2025 | 222 | MINUTE entry before the Honorable Edmond E. Chang: In light of the Opinion issued today on the Plaintiffs' motion for disbursement of funds, the tracking status hearing of 08/22/2025 is reset to 08/29/2025 at 8:30 a.m., but to track the case only (no appearance is needed, the case will not be called). Instead, the parties shall file a status report on the disbursement plan and timing.Emailed notice (eec) (Entered: 08/08/2025) |
|---|---|---|
| 08/26/2025 | 223 | NOTICE of appeal by Fortress Acquisition Sponsor II LLC regarding orders 221 Filing fee $ 605, receipt number AILNDC-23948793. Receipt number: n (Musoff, Scott) (Entered: 08/26/2025) |
| 08/27/2025 | 224 | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal 223 (bi,) (Entered: 08/27/2025) |

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KEVIN BURBIGE and ZIYANG NIE, Individually and On Behalf of All Others Similarly Situated, | |
| Plaintiffs, | No. 1:21-CV-04349 |
| v. | Judge Edmond E. Chang |
| ATI PHYSICAL THERAPY, INC. f/k/a FOR-TRESS VALUE ACQUISITION CORP. II, *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

In June 2021, Fortress Value Acquisition Corp. II, a special-purpose acquisition company (commonly known in the financial industry as a SPAC) completed a merger with ATI Physical Therapy, which converted ATI from a publicly held outpatient physical-therapy company into a privately held company.[1] The transaction led to a class action lawsuit in which the Plaintiffs alleged violations of federal securities laws under Sections 10(b), 14(a), and 20(a) of the Securities Exchange Act of 1934.[2] The ATI Defendants filed two motions to dismiss the Plaintiffs' complaint, arguing that the Plaintiffs failed to plausibly allege several elements of each of their fraud claims. This Court granted the motions in part and allowed other claims against

---

[1]Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number.

[2]This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

certain defendants to proceed to discovery. *See Phoenix Ins. Co. v. ATI Physical Therapy, Inc.*, 690 F. Supp. 3d 862 (N.D. Ill. 2023). The discovery phase came to an early close May 2024 when the parties jointly moved for preliminary approval of the class action settlement and the Court ordered final approval of the settlement a few months later. R. 161, Joint Mot. Preliminary Approval; R. 190, 09/24/2024 Order.

The Plaintiffs ask this Court to approve the distribution plan as recommended by the claims administrator. R. 201, Pls.' Mot. to Disburse Funds. But several defendants, on behalf of 13 rejected claims, dispute the claims administrator's decisions on their claims. *See* R. 210, FAII's Resp.; R. 211, Disputed Claimants' Resp. After a review of the disputed claims, the Court approves disbursement of settlement funds for the authorized claims and for the Individual Claimants and Dakota Claimants (Claim Nos. 170, 214, 220, 221, 222, 227, 228, 229, 277, 305, 565 and 566), and denies disbursement of settlement funds to Fortress Acquisition Sponsor II LLC (Claim No. 50006).

## I. Background

### A. Factual & Procedural Background

The prior proceedings in this case are described in the Court's opinions in *Phoenix Ins. Co. v. ATI Physical Therapy, Inc.*, 690 F. Supp. 3d 382 (N.D. Ill. 2023), and in a related suit, *In re ATI Physical Therapy, Inc. S'holder Derivative Litig.*, 2024 WL 1376068 (N.D. Ill. Mar. 31, 2024). For the reader's convenience, the relevant facts are discussed in this Opinion.

ATI is a provider of physical-therapy services. This lawsuit arises from a 2021 SPAC transaction to take ATI public.[3] A SPAC is a shell company with no independent operations; instead, it raises money through an initial public offering for the purpose of acquiring or merging with an existing privately held company. *In re ATI Physical Therapy, Inc. S'holder Derivative Litig.*, 2024 WL 1376068, at *1. The combined company then trades publicly, taking the place of the SPAC on a public exchange. *Id.*. Here, Fortress Investment Group LLC formed two companies to undertake a SPAC transaction: a SPAC called Fortress Value Acquisition Corp. II (FVAC for short), and an LLC called Fortress Acquisition Sponsor II LLC (for convenience's sake, FAII). *Id.*. The alleged purpose of the second, "sponsor" company FAII was to carry out a merger for FVAC, and to buy and hold the "founders shares" that entitled it to elect all FVAC board directors prior to a successful SPAC combination. *Id.*.

FVAC completed its initial public offering on August 14, 2020, selling 34.5 million "units"[4] to investors at $10 each. *In re ATI Physical Therapy, Inc. S'holder Derivative Litig.*, 2024 WL 1376068, at *1. Eventually, on June 17, 2021, ATI became a publicly traded company after merging with FVAC. Consolidated Am. Compl. ¶¶ 5, 62. A few weeks later, in late July 2021, ATI issued its second-quarter results for

---

[3]For readability, this Opinion will refer to both the pre-merger, private form and post-merger, public form of the Company as "ATI." When necessary, the Opinion will clarify if it is referring to the pre-merger or post-merger form.

[4]According to the consolidated complaint, "ach unit consisted of one share of FVAC Class A common stock and one-fifth of one redeemable public warrant of FVAC Each public warrant entitled the holder to purchase one share of FVAC Class A common stock at an exercise price of $11.50 per share." R. 58, Consolidated Am. Compl. ¶ 52.

2021. *Id.* ¶ 111. The post-merger company disclosed increased attrition among its therapists. *Id.* So it reduced its projections for revenue and new-store openings. *Id.* But ATI had not previously disclosed any problems with its retention or hiring. *See id.* ¶¶ 105–09. The mismatch between expectations and reality allegedly caused the company's stock price to fall over a couple of days to close at $3.82 per share on July 27. *Id.* ¶ 113. Then, about three months later, ATI once again reduced revenue guidance. *Id.* ¶¶ 118–22. The Plaintiffs allege that the Defendants knew or should have known before the merger about the physical therapist hiring-and-retention problems but waited to disclose them until after the transaction closed. *Id.* ¶¶ 1–10. The Defendants allegedly had personal incentives to force through the merger, regardless of their obligations to the company. *Id.* ¶ 184.

The Plaintiffs brought claims against the Defendants for securities fraud under Section 10(b) of the Securities Exchange Act and accompanying SEC Rule 10b-5, Section 20(a), and for misstatements or missions in proxy statements under Section (14)(a). Am. Compl. ¶¶ 204–20, 231–56. In an earlier opinion, this Court held that the Section 10(b) claims against ATI, Diab, and Jordan survived, but the same claim against McKnight was dismissed. Similarly, for related Count 2, the Section 20(a) claims against Diab and Jordan survived, but the claim against McKnight was dismissed. *Phoenix Ins. Co.*, 690 F. Supp. 382 at 897. The Section 14(a) claims against all of the Defendants survived. *Id.* And finally, the Section 20(a) claims against Diab and Jordan survived, but were dismissed as to all other Defendants. *Id.*

### B. The Settlement

4

After the briefing on the motion to dismiss concluded, the case headed into fact discovery. *See* R. 107, 9/27/2023 Minute Entry (setting the discovery schedule and other deadlines). But discovery came to an early close in January 2024, when the parties asked to stay all deadlines in light of a proposed settlement. R. 141, Joint Mot. to Stay Based on Settlement. The magistrate judge granted the stay, R. 142, 01/22/2024 Minute Entry, and a few months later, the parties submitted their proposed Settlement Agreement. R. 161. Joint Mot. for Preliminary Approval; R. 162, Van Decl. The proposed Settlement Agreement laid out the details of the settlement, such as who is included as Plaintiffs and Defendants, definitions of key terms used in the agreement, a description of the use of the settlement fund, and a description of how the settlement is to be administered. R. 162-1, Settlement Agreement. The parties also expressed their intention to "fully, finally, and forever compromise, settle, release, resolve, and dismiss with prejudice the … claims asserted [] or that could have been asserted" in this case. *Id.* at 5. The Court entered final approval of the settlement on September 24, 2024, and dismissed the case with prejudice. *See* 09/24/2024 Order; R. 191, 09/24/2024 Dismissal Order.

### B. Claims Process

The final approval of the settlement set in motion the claims-submission process. Potential claimants were permitted to submit their claims for settlement funds to the claims administrator for ATI securities acquired between February 22, 2021, through October 19, 2021. R. 172, Preliminary Approval Order at 6. The claims administrator received 10,135 Claim Forms, and 4,432 of them were deemed by the

5

Claims Administrator to meet the criteria for payment. R. 202-1, Bravata Decl. ¶¶ 9–10. Only 13 of the ineligible claimants (out of the thousands that were rejected) object to or contest the Claims Administrator's determination. *Id.* ¶ 10(c).

The contested claims are divided into two categories. First, FAII contests the rejection of its claim, Claim No. 50006. FAII Resp. The Claims Administrator recommends rejection of this claim because FAII is an "excluded party for the Securities Subclass and Multiplan Subclass"; FAII purchased its shares prior to the time period covered by the Securities Subclass; and its shares were not "purchased on the New York Stock Exchange for the Securities Subclass." Bravata Decl. ¶ 10(c)(1). The remaining 12 contested claims, brought by claimants Dakota Holdco, LLC, Robert McKenzie, Gregory Steil (on behalf of himself, Gregory F. Steil Descendants Trust, and Willowbrook Holdings Inc.), Dylan Bates (on behalf of himself, Bates Enterprises, LLC, and Bates Investment LLC), Brent Mack, Jason Hafner, Lisa Gutierrez, and Christopher Orr,[5] were rejected because those claims were also filed by an excluded party; the claimants' shares were acquired "with an agreement which was entered prior to the Securities Subclass"; and the shares were not purchased on the New York Stock Exchange. *Id.* ¶¶ 10(c)(2)–(8).

The Plaintiffs agree with the Claims Administrator's rejection of the disputed claims and ask the Court to disburse the settlement funds according to the Administrator's recommendation. Pls.' Mot. to Disburse Funds. The 13 opposing claimants

---

[5]For convenience, this Opinion will refer to the "Individual Claimants" and the Dakota Claimant Defendants collectively as the "Disputed Claimants."

6

ask the Court to approve their claims for disbursement as well. FAII's Resp; Disputed Claimants' Resp.

## II. Analysis

### A. Excluded Party

#### 1. FAII

FAII argues that it should *not* be excluded as a named defendant because it is an investment vehicle that is permitted to file a claim for settlement funds under the terms of the settlement agreement. FAII Resp. at 3–6. The Plaintiffs respond that FAII is a named defendant, so the Settlement Agreement's carveout for investment vehicles does not apply to FAII regardless of its investors. Pls.' Mot. to Disburse Funds at 11–15. The Plaintiffs are correct: the terms of the Settlement Agreement clearly exclude FAII from recovering from the settlement fund.

The starting point is that "Defendants," as defined in the Settlement Agreement, are excluded from the Settlement Class. Settlement Agreement¶ 1(jjj) ("Excluded from the Settlement Class are … Defendants"). With that premise in place, two other definitions in the settlement agreement show why FAII's claim must be rejected. First, FAII is explicitly listed as a named defendant in the "Overview of the *Ghaith* Action." That paragraph provides, in relevant part:

> On November 21, 2022, Plaintiffs Kumar, Nie, Chang, and Reginbald (collectively, the "*Ghaith* Plaintiffs") filed a consolidated amended stockholder derivative action against Nominal Defendants ATI and Defendants Fortress Investment Group LLC, *Fortress Acquisition Sponsor II*, LLC, … (collectively the "*Ghaith* Defendants") in the Court, asserting claims for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, unjust enrichment, contribution, indemnification, and violations of Section 14(a) of the Exchange Act.

Settlement Agreement at 7–8 (emphasis added). Then, in the definitions section in the Agreement, the parties agreed that "'Defendants means, collectively, the Securities Defendants, the *Ghaith* Defendants, the *Robinson* Defendants, and the *Goldstein* Defendants (and each individually, a "Defendant"). *Id.* ¶ 1(*l*). Put another way, any time the Settlement Agreement refers to a "Defendant," that includes the "*Ghaith* Defendants," which in turn includes FAII. The plain meaning of these two definitions clearly shows that the parties characterized FAII as a "Defendant" for purposes of the Settlement Agreement—thus excluding it from the Settlement Class. This makes perfect sense because FAII was the investment vehicle that brought ATI public, thus enabling it to engage in the alleged fraud.

Against this, FAII points to a provision in the Settlement Agreement that explicitly permits investment vehicles to claim settlement funds so long as they are not majority owned or controlled by a named defendant. That provision states:

> Excluded from the Settlement Class are (i) Defendants; (ii) current and former Officers and directors of the Company; (iii) members of the Immediate Family of each of Defendants; (iv) all subsidiaries and affiliates of the Company and the directors and Officers of such subsidiaries or affiliates; (v) all persons, firms, trusts, corporations, Officers, directors, and any other individual or entity in which any of Defendants has a controlling interest; and (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of all such excluded parties; *provided, however*, that any Investment Vehicle shall not be excluded from the Settlement Class."

Settlement Agreement ¶ 1(jjj) (emphasis in original). In turn, "Investment Vehicle" is defined as "any investment company … in which any Defendant has or may have a direct or indirect interest, … but in which any Defendant alone or together

8

with … its respective affiliates is not a majority owner or does not hold a majority beneficial interest." *Id.* ¶ 1(bb).

The exclusion provision, by its terms, excludes all Defendants (including the *Ghaith* Defendants and thus FAII) from the Settlement Class, along with other kinds of persons involved in the allegedly fraudulent transactions. It is true that the definition goes on to save defined "Investment Vehicles" as part of the Settlement Class. But the investment-vehicle exception itself contains an exception: the definition of "Investment Vehicle" makes clear that *not all* investment vehicles qualify for the exception. Any investment vehicle in which a Defendant is a majority "owner" is carved out from the definition of "Investment Vehicle." Settlement Agreement ¶ 1(bb). FAII asserts that it is not "owned by itself," FAII Resp. at 4, pointing out that certain advisory client funds possess the ownership interest in FAII, *id.* at 3. But that drapes the term "owner" with a meaning that runs far astray from plain meaning. It is the equivalent of saying that Walmart is not an entity that has legal rights and legal obligations just because thousands of separate shareholders "own" the company. What's more, consider the Settlement Agreement's context: FAII is explicitly listed as a "Defendant" excluded from the class, ¶¶ 1(*l*), 1(u), 1(jjj)—but then the parties agreed to usher FAII through the recovery backdoor via the general definition of "Investment Vehicle"? When walking through the backdoor results in more than 40% of the settlement proceeds being funneled to FAII? To ask those questions is to answer them.

9

The Plaintiffs are also right that if FAII were correct—that is, if FAII does not own itself and that no Defendant owns part of FAII—then FAII would no longer be an Investment Vehicle as defined by the Settlement Agreement. R. 214, Pls.' Reply at 6. Remember that an Investment Vehicle is defined as an investment company "in which any Defendant has or may have a direct or indirect interest." Settlement Agreement ¶ 1(bb). To FAII's way of thinking, it does not have an ownership interest in itself—but if that is right, then it is *not* an Investment Vehicle under the Settlement Agreement. R. 210-1, Meisels Decl. ¶ 4 (list of advisory client funds with ownership interest). And if FAII is not an Investment Vehicle, then it does not enjoy the benefit of being included in the Settlement Class via that category.

Lastly, the Plaintiffs are right that this is the only way to interpret the Settlement Agreement "in light of the principle that Defendants cannot be included in the class because their interests are antagonistic to other class members, and their inclusion in the class would create an irreconcilable conflict." Pls.' Reply at 6 (citing *Baranski v. Vaccariello*, 896 F.2d 1095, 1097–98 (7th Cir. 1990)). FAII was a named defendant in the action and allegedly committed the misconduct that caused the damages to the Settlement Class. For FAII—or those entities that have an ownership interest in FAII—to tap into the settlement funds is the equivalent of recovering damages that FAII itself caused. That is the height of an antagonistic interest to class members. Indeed, in all the cases that the Court's independent research found using the same carveout for investment vehicles, there was no mention of a named-defendant investment vehicle even submitting a claim. *See, e.g.*, *In re Refco, Inc. Sec. Litig.*,

10

2010 WL 11586941 (S.D.N.Y. May 11, 2010); *In re Wachovia Equity Sec. Litig.*, 2012 WL 2774969 (S.D.N.Y. June 12, 2012); *Hill v. State St. Corp.*, 2015 WL 127728 (D. Mass. Jan. 8, 2015); *Hefler v. Wells Fargo & Co.*, 2018 WL 6619983 (N.D. Cal. Dec. 18, 2018), *aff'd sub nom. Hefler v. Pekoc*, 802 F. App'x 285 (9th Cir. 2020); *Shah v. Zimmer Biomet Holdings, Inc.*, 2020 WL 2570050 (N.D. Ind. May 21, 2020); *Machniewicz v. Uxin Ltd.*, 2021 WL 9409860 (E.D.N.Y. Sept. 8, 2021); *Rodriguez v. CPI Aerostructures, Inc.*, 2021 WL 9032223 (E.D.N.Y. Nov. 10, 2021); *In re JPMorgan Precious Metals Spoofing Litig.*, 2021 WL 5998410 (S.D.N.Y. Dec. 20, 2021); *In re PPDAI Grp. Inc. Sec. Litig.*, 2022 WL 198491 (E.D.N.Y. Jan. 21, 2022); *Derr v. Ra Med. Sys., Inc.*, 2022 WL 21306534 (S.D. Cal. Sept. 23, 2022); *In re 2U, Inc. Sec. Class Action*, 2022 WL 22839218 (D. Md. Dec. 9, 2022); *In re Honest Co. Sec. Litig.*, 2023 WL 3190506 (C.D. Cal. May 1, 2023); *Nacif v. Athira Pharma, Inc.*, 2024 WL 643513 (W.D. Wash. Feb. 15, 2024); *Doyle v. Reata Pharms., Inc.*, 2024 WL 4579610 (E.D. Tex. Mar. 29, 2024); *Bilinsky v. Gatos Silver, Inc.*, 2024 WL 4494290 (D. Colo. Oct. 15, 2024). The silence speaks volumes: FAII is not part of the Settlement Class.

## 2. Individual Claimants

The Plaintiffs also ask the Court to exclude the Individual Claimants from the Settlement Class because they were former directors or officers of ATI. R. 202, Pls.' Br. at 16. The Individual Claimants argue that they should not be excluded because the Plaintiffs do not offer evidence that the Individual Claimants were directors or officers of *ATI*. Disputed Claimants Resp. at 11. The Individual Claimants further explain that "[n]one of the Claimants ever worked at ATI, which did not exist and/or

11

was not affiliated with the ATI Physical Therapy family of companies" when the Individual Claimants held positions with the ATI Physical Therapy family of companies. *Id.* And to extent any of the Individual Claimants worked for an ATI Physical Therapy company, they left their position by 2020. *Id.*

The Settlement Agreement excludes from the Settlement Class the current and former directors of the "Company." Settlement Agreement ¶ 1(jjj) (excluding current and former Officers and directors of "the Company"). In turn, the "Company" is defined as "ATI Physical Therapy, Inc.," and "Wilco Holdco, Inc." *Id.* ¶ 1(b). So not every ATI-related entity is covered by the definition of the "Company." According to the sworn declaration of Erik Kantz, the Chief Legal Officer of ATI, none of the Individual Claimants was ever an officer or director of ATI Physical Therapy, Inc., nor were they a director or officer of one of its parent companies or subsidiaries. R. 211-2, Kantz Decl. ¶¶ 4–5. Against this, the Plaintiffs only assert in their brief that Gregory Steil, Dylan Bates, Brent Mack, and Robert McKenzie were "former officers" of ATI Physical Therapy, Inc. Pls.' Br. at 16–17. But the Plaintiffs offer no evidence for that proposition. And there is no evidence suggesting that any of the Individual Claimants were officers or directors of Wilco Holdco, Inc. Without sufficient (or any) evidence from the Plaintiffs, the Court concludes that the Individual Claimants are not disqualified as purported former officers or directors of ATI Physical Therapy, Inc., or Wilco Holdco, Inc.

## B. Purchased on the NYSE[6]

The Disputed Claimants also challenge the Claims Administrator's finding that certain of their shares are ineligible for the Securities Subclass because they were "purchased on the wrong market." Disputed Claimants' Resp. at 9–10. The claimants assert that the definition of "ATI Securities" does not require that the shares were purchased on the New York Stock Exchange, but instead only requires that the shares be more generally traded on the New York Stock Exchange. Disputed Claimants' Resp. at 9–10.

The Settlement Agreement defines "ATI Securities" as "ATI Physical Therapy, Inc.'s common stock trading on the New York Stock Exchange ('NYSE') under the ticker symbol 'ATIP.'" Settlement Agreement ¶ 1(c). The key phrase is "trading on." The present-tense version (present participle, to be precise) of the phrase describes the shares as they are, not by how (or where) they were obtained. Note too that the Settlement Agreement covers all claimants who "purchased or otherwise *acquired*" shares of ATI. Settlement Agreement ¶ 1(jjj) (emphasis added).The phrase "otherwise acquired" further supports the understanding that the settlement agreement refers merely to shares that were trading on the New York Stock Exchange at the time that they were acquired, not where they were purchased. Understood this way, the

---

[6]FAII's argument explaining that qualifying shares need only be traded on the NYSE rather than purchased directly from the NYSE does not meaningfully differ from the Disputed Defendants' argument. FAII's Resp. at 5. Though the Court agrees with this position, FAII is excluded from the Settlement Class because it is a named defendant, as explained earlier in this Opinion.

13

claimants are correct to acknowledge that their claims "should be in the class because they suffered the same injuries based on the same events as the other class members regardless of how they came to acquire their shares in ATI Securities." Disputed Claimants Resp. at 10. The securities of the Disputed Claimants qualify as "ATI Securities."

### C. Acquisition Period[7]

Finally, the Disputed Claimants challenge the Claims Administrator's finding that their shares are ineligible for the Securities Subclass because the Disputed Claimants acquired the shares "prior to the Securities Subclass Settlement Class Period." Disputed Claimants' Resp. at 9–10. The Settlement Class Period is defined as February 22, 2021, through October 19, 2021. Settlement Agreement ¶ 1(jjj). The Plaintiffs contend that the Dakota Claimants obtained their shares when they entered into an agreement with Fortress Acquisition Sponsor II LLC on February 21, 2021, and that the Individual Claimant's shares are derived from that agreement. Pls.' Mot. to Disburse Funds at 16–20. This would mean that the shares were acquired one day before the Settlement Class Period, making the Disputed Claimants ineligible to recover from the Settlement Fund.

But as the claimants point out, February 21, 2021, represents the date that the merger occurred. Disputed Claimants' Resp. at 10–11. The transaction did not *close*

---

[7]FAII argues that its shares should not be disqualified because they were purchased within the Settlement Period. But FAII is excluded from the class as a named defendant, so the Court will not consider this argument.

until June 17, 2021. Settlement Agreement at 5. Because the closing date of the transaction marks the date that the Dakota Claimants acquired their shares, the shares were acquired within the Settlement Class Period. This too is not a basis to reject the Dakota Claimants' claims.

### III. Conclusion

The Plaintiffs' motion for disbursement of funds, R. 201, is granted in part and denied in part. The Court approves disbursement of settlement funds for the authorized claims and for the Individual Claimants and the Dakota Claimants (Claim Nos. 170, 214, 220, 221, 222, 227, 228, 229, 277, 305, 565 and 566). The Court disallows disbursement of settlement funds to Fortress Acquisition Sponsor II LLC (Claim No. 50006).

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: August 8, 2025

15

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KEVIN BURBIGE and ZIYANG NIE, Individually and On Behalf of All Others Similarly Situated,<br><br>         Plaintiffs,<br><br>         v.<br><br>ATI PHYSICAL THERAPY, INC. f/k/a FORTRESS VALUE ACQUISITION CORP. II, LABEED DIAB, JOSPEH JORDAN, ANDREW A. MCKNIGHT, JOSHUA A. PACK, MARC FURSTEIN, LESLEE COWEN, AARON F. HOOD, CARMEN A. POLICY, RAKEFET RUSSAK-AMINOACH, and SUNIL GULATI,<br><br>         Defendants. | No. 1:21-cv-04349<br><br>Hon. Edmond E. Chang |

**FORTRESS ACQUISITION SPONSOR II LLC'S NOTICE OF APPEAL**

Notice is hereby given that Fortress Acquisition Sponsor II LLC ("FAII") hereby appeals to the United States Court of Appeals for the Seventh Circuit from the Memorandum Opinion and Order denying disbursement of settlement funds to FAII (Claim No. 50006), entered on August 8, 2025. (Dkt. 221).

Dated: August 26, 2025

Respectfully submitted,

*/s/ Scott Musoff*
**SKADDEN, ARPS, SLATE,**
**MEAGHER & FLOM LLP**

Scott D. Musoff
One Manhattan West
New York, New York 10001
Tel: (212) 735-3000
Fax: (212) 735-2000
scott.musoff@skadden.com

Laura Bernescu
320 South Canal St.
Chicago, Illinois 60606
Tel: (312) 407-0700
Fax: (312) 407-0411
laura.bernescu@skadden.com

*Counsel for Fortress Acquisition Sponsor II LLC*

2